Gary L. Eastman (CA BAR# 182518)
401 West "A" Street, Suite 1785
San Diego, CA 92101
Phone: 619.230.1144
Facsimile: 619.230.1194
Attorney for Plaintiff
Dr. Greens, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Greens, Inc. a California Corporation<br><br>          Plaintiff,<br><br>-v-<br><br>James Matthew Stephens, an individual, and Spectrum Laboratories, LLC, an Ohio Limited Liability Company,<br><br>          Defendants. | Case No.: **'11 CV 0638 JAH CAB**<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, PATENT INVALIDITY, MISUSE OF PATENT, FEDERAL STATUTORY UNFAIR COMPETITION, COMMON LAW UNFAIR COMPETITION, INTERFERENCE WITH BUSINESS RELATIONS, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, AND DEMAND FOR JURY TRIAL |

Plaintiff Alleges:

### Jurisdiction

1.      Plaintiff DR. GREENS, INC. (Hereinafter "DR. GREENS"), is and at all times herein mentioned was, is and at all times relevant hereto was, a corporation of the state of California and doing business in the County of San Diego, State of California.

2.       Plaintiffs are informed and believe, and on the basis of such information and belief allege, Defendant JAMES MATTHEW STEPHENS (hereinafter referred to as "STEPHENS") is an individual residing in Cincinnati, Ohio, and doing business as Spectrum Laboratories.

3.       Plaintiffs are informed and believe, and on the basis of such information and belief allege, Defendant SPECTRUM LABORATORIES, LLC (hereinafter referred to as "SPECTRUM LLC") is a limited liability company formed in accordance with the laws of the State of Ohio and having a principal place of business of 550 Reading Road, Cincinnati, Ohio 45202.

4.       Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant STEPHENS is, and was at all times relevant hereto, an officer, director, and/or managing agent of SPECTRUM LLC.

5.       Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant STEPHENS is, and was at all times relevant hereto, a resident of the State of Ohio.

6.       Defendants STEPHENS, SPECTRUM and SPECTRUM LLC collectively referred to as "Defendants".

7.       The court has jurisdiction of this action because this litigation arises under the Patent Laws of the United States of America, namely *35 U.S.C. § 1 et seq.* The Court has jurisdiction over this action under *28 U.S.C. § 1331* (federal question), and *28 U.S.C. § 1338(a)* (patents).

8.   The court has jurisdiction of this action for related
     state law claims arising out of this litigation.  The court
     has jurisdiction over this action under *28 U.S.C. § 1367(a)*
     (supplemental jurisdiction).

9.   This Court has personal jurisdiction over the Defendants
     because, on information and belief, Defendants conduct
     business in the State of California and within this
     district, including contracts with California corporations
     and the advertising and sale of products within this State
     and through the Internet to California residents.

10.  Venue is proper in this district under *28 U.S.C. §§
     1391(b)* and *1391(c)*.

## General Allegations

11.  At all relevant times, Plaintiff DR. GREEN marketed, and
     distributed a synthetic urine product known as "DR. GREEN'S
     AGENT X".

12.  On or about January 8th, 2004, defendant STEPHENS applied
     for a United States Patent for a "Synthetic Urine and
     Method Of Manufacturing Same."

13.  On or about March 20, 2007, patent number 7,192,776 for a
     "Synthetic Urine and Method Of Manufacturing Same." was
     issued to Defendant STEPHENS by the United States Patent
     and Trademark Office.

14.  The registration of the patent number 7,192,776,
     "Synthetic Urine and Method Of Manufacturing Same" (herein
     after "7,192,776 Patent" or "'776 Patent"), is attached

1    hereto as exhibit "A" and is incorporated herein by
2    reference the same as if set forth verbatim.

3  15.    Plaintiff is informed and believes, and on the basis of
4         such information and belief alleges, that on or about July
5         22, 2009 Defendants, through legal counsel Mr. Cupar, sent
6         a cease and desist letter to Plaintiff DR. GREEN.

7  16.    The cease and desist letter received by Plaintiff DR.
8         GREEN from Defendant's Attorney is attached hereto as
9         exhibit "B" and is incorporated herein by reference the
10        same as if set forth verbatim.

11 17.    In the letter attached hereto as Exhibit "B" Defendants
12        allege that Plaintiff's product DR. GREEN'S AGENT X is
13        within the scope of the 7,192,776 Patent.

14 18.    Defendants further allege that the manufacture of DR.
15        GREEN'S AGENT X infringes the 7,192,776 Patent.

16 19.    On August 3, 2009, Plaintiff, through counsel, responded
17        to Defendants' attorney Mr. Cupar denying any infringement,
18        and also raised substantive issues surrounding the
19        questionable validity of the '776 Patent.  A copy of the
20        denial letter to Mr. Cupar is attached as Exhibit "C".

21 20.    On August 6, 2009, counsel for Defendant Mr. Cupar
22        responded that he had been out of town, but that he "… will
23        work with you regarding this mater over the next few
24        weeks."  A copy of the letter from Mr. Cupar, counsel for
25        Defendant, is attached as Exhibit "D"

26 21.    On or about August 2009, Plaintiff filed suit in this
27        Court for Declaratory Judgment of Non Infringement and

28

1      other related causes of action against Spectrum Labs, Inc.,

2      Spectrum Labs, LLC, and James Stephens.

3   22.   Plaintiff further alleges that Defendants have sent

4      written notices to Plaintiff's current and prospective

5      business customers claiming that the AGENT X infringes

6      Defendants' 7,192,776 patent.

7   23.   Plaintiff also received a letter that its customer

8      received from Defendants alleging that Spectrum Labs has a

9      patent on the synthetic urine products, and all others are

10     infringing the '776 patent.  A copy of this letter is

11     attached as Exhibit "E".

12  24.   On September 19, 2009, counsel for Plaintiff sent Mr.

13     Cupar, attorney for Defendants, a follow up letter to

14     Plaintiff's August 3rd letter, again requesting specifics of

15     the allegations of infringement and further warning of

16     Defendants' patent misuse and unfair competition through

17     the mailing of false claims to Plaintiff's current and

18     potential customers.  A copy of this letter is attached as

19     Exhibit "F".

20  25.   On September 21, 2009, Mr. Cupar, counsel for Defendant,

21     responded, requesting information regarding the basis for

22     non-infringement, and specific proof of letters sent to

23     Plaintiff's customers regarding the threats of

24     infringement.  A copy of this E-mail letter is attached as

25     Exhibit "G".

26  26.   On September 23, 2009, counsel for Plaintiff responded to

27     Mr. Cupar with specifics regarding a 35 U.S.C. §102 basis

28     for the non-infringement, namely, that the patent is

invalid based on a prior sale of the product by Defendants more than a year before the earliest filing date of the application for patent.  Also, Plaintiff provided Mr. Cupar with a copy of the "Legal Action Notification" letter that had been received by Plaintiff's customers.  A copy of this Response is attached as Exhibit "H".

27.   Plaintiff served prior defendant Spectrum Labs, Inc. with the prior Complaint; however, service was never made on Defendants Stephens or Spectrum, LLC.

28.   On October 23, 2009, counsel for Plaintiff sent a letter to follow up on the September 23, 2009 letter that had provided a complete response to Defendant's request, and demanded that Defendants provide the identities of companies that had received Defendants "Legal Action Notification".  A copy of Plaintiff's letter is attached as Exhibit "I".

29.   Plaintiff received no further correspondence from Defendant or its Attorney, nor did Spectrum Labs, Inc. file an Answer.  Since the passage of nearly 17 months and no further action by Defendants, Plaintiff believed the misguided allegations of infringement had been abandoned by Defendants.  Based on this belief, Plaintiff dismissed the prior action without prejudice on November 17, 2010.

30.   On February 11, 2011, Counsel for Plaintiffs received a renewed demand alleging patent infringement of the '776 patent.  A copy of the February 11, 2011 letter is attached as Exhibit "J".

## Claim for Relief

### COUNT I.a. PATENT NON-INFRINGEMENT.

31.   Plaintiff re-alleges and incorporates herein by reference, the same as if set forth verbatim, the allegations contained in paragraphs 1 through 31.

32.   Defendants have alleged that the 7,192,776 Patent is infringed by Plaintiff's DR. GREEN'S AGENT X product.

33.   Plaintiff, however, asserts that Plaintiff's products do not infringe the claims of the 7,192,776 Patent.

34.   Plaintiff asserts that the DR. GREEN'S AGENT X product manufactured by Plaintiff does not fall within any of the claims of the 7,192,776 Patent.

35.   There is a continuing judicable controversy between Plaintiff and Defendants as to Defendants' right to threaten or maintain suit for infringement of the 7,192,776 Patent, and as to the scope and enforceability thereof, and as to whether any of Plaintiffs' products infringes any valid claim thereof.

36.   Plaintiffs have not infringed, willfully infringed, contributorily infringed, or induced others to infringe, any claim of the 7,192,776 Patent.

37.   Plaintiffs desire a judicial determination of their rights and duties, and declarations by this Court of non-infringement of the 7,192,776 Patent.

### COUNT I.b. PATENT INVALIDITY

38.   Plaintiff re-alleges and incorporates herein by reference, the same as if set forth verbatim, the allegations contained in paragraphs 1 through 37.

39.  Defendants have asserted that the 7,192,776 Patent is valid and infringed by one or more of Plaintiff's products.

40.  On information and belief, Plaintiffs assert that Defendants manufactured and sold product covered by one or more claims of the 7,192,776 patent long before the filing date of the 7,192,776 patent, and hence in violation of 35 U.S.C. §102, resulting in any issued patent being invalid on its face.

41.  Plaintiff further asserts that the solutions described in the 7,192,776 patent are well known in the industry, and thus, would be obvious in light of the prior art which results in the claims for the 7,192,776 Patent being anticipated and thus not patentable under 35 U.S.C §103.

42.  Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the claims of the 7,192,776 Patent are invalid and therefore cannot be infringed by any of Plaintiff's products.

43.  There is a continuing judicable controversy between Plaintiffs and Defendants as to Defendants' right to threaten or maintain suit for infringement of the 7,192,776 Patent, and as to the validity and enforceability thereof.

44.  Plaintiff asserts that the 7,192,776 Patent is invalid for failing to comply with the patent laws of the United States, including but not limited to *35 U.S.C. §§ 102, 103, 112*, and/or *132*.

45.  Plaintiffs desire a judicial determination of their rights and duties, and declarations by this Court of invalidity of the 7,192,776 Patent.

46.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants knew, or should have known, that the '776 patent is invalid and unenforceable, and as a result, such actions were willful and without a reasonable basis, and therefore entitles Plaintiff to an award of Punitive Damages.

**COUNT II. MISUSE OF PATENT**

47.     Plaintiff re-alleges and incorporates herein by reference, the same as if set forth verbatim, the allegations contained in paragraphs 1 through 46.

48.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants threatened legal action against Plaintiff DR. GREEN in order to remove Plaintiff's DR. GREEN'S AGENT X product from the marketplace.

49.     Plaintiff asserts that Defendants letters attached hereto as Exhibits "B" and "D" are attempting to prevent Plaintiff from all advertising, distribution and sale of the non-infringing DR. GREEN'S AGENT X product demonstrates an attempt by Defendants to remove competition from the marketplace through the unlawful use of the 7,192,776 Patent.

50.     Plaintiff asserts that the "Legal Action Notification" attached as Exhibit "E" sent by Defendants to Plaintiff's customers constitutes patent misuse because Defendants knew, or should have known, that the '776 patent is invalid and unenforceable under at least 35 U.S.C. §102.

51.    Plaintiffs desire a judicial determination of their rights and duties, and declarations by this Court of unenforceability of the 7,192,776 Patent under the doctrine of patent misuse.

52.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants knew, or should have known, that the '776 patent is invalid and unenforceable, and as a result, such actions were willful and without a reasonable basis, and therefore entitles Plaintiff to an award of Punitive Damages.

### COUNT III. FEDERAL STATUTORY UNFAIR COMPETITION

53.    Plaintiff re-alleges and incorporates herein by reference, the same as if set forth verbatim, the allegations contained in paragraphs 1 through 52.

54.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants have mischaracterized Plaintiff's products as an infringement of the 7,192,776 Patent.

55.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants' mischaracterization of Plaintiff's products has and will continue to lead to the loss of reputation and goodwill associated with Plaintiff's products.

56.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, Defendants' mischaracterization of Plaintiff's DR. GREEN'S AGENT X product constitutes Federal Unfair Competition under *15*

1     *U.S.C. §1125(a)*, commonly known as *§42(a) of the Lanham*

2     *Act*.

3 57.     Plaintiff is informed and believes, and on the basis of

4     such information and belief alleges, Defendants' creation

5     and transmission of the "Legal Action Notification"

6     attached as Exhibit "E" constitutes Federal Unfair

7     Competition under *15 U.S.C. §1125(a)*, commonly known as

8     *§42(a) of the Lanham Act.*

9 58.     Plaintiff is informed and believes, and on the basis of

10     such information and belief alleges, that Defendants knew,

11     or should have known, that the '776 patent is invalid and

12     unenforceable, and as a result, such actions were willful

13     and without a reasonable basis, and therefore entitles

14     Plaintiff to an award of Punitive Damages.

15

16               **COUNT IV. COMMON LAW UNFAIR COMPETITION**

17 59.     Plaintiff re-alleges and incorporates herein by

18     reference, the same as if set forth verbatim, the

19     allegations contained in paragraphs 1 through 58.

20 60.     Plaintiff is informed and believes, and on the basis of

21     such information and belief alleges, that Defendants have

22     mischaracterized Plaintiff's products as an infringement of

23     the 7,192,776 Patent.

24 61.     Plaintiff is informed and believes, and on the basis of

25     such information and belief alleges, that Defendants'

26     mischaracterization of Plaintiff's products has and will

27     continue to lead to the loss of reputation and goodwill

28     associated with Plaintiff's products.

62.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, Defendants' creation and transmission of the "Legal Action Notification" attached as Exhibit "E" constitutes Common Law Unfair Competition.

63.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, Defendants' mischaracterization of Plaintiff's DR. GREEN'S AGENT X product constitutes Common Law Unfair Competition.

64.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants knew, or should have known, that the '776 patent is invalid and unenforceable, and as a result, such actions were willful and without a reasonable basis, and therefore entitles Plaintiff to an award of Punitive Damages.

**COUNT V. INTERFERENCE WITH BUSINESS RELATIONS**

65.   Plaintiff re-alleges and incorporates herein by reference, the same as if set forth verbatim, the allegations contained in paragraphs 1 through 64.

66.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants have mischaracterized Plaintiff's products as an infringement of the 7,192,776 Patent.

67.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that some number of Plaintiff's current and prospective customers were among

1   those to whom Defendants mischaracterized Plaintiff's

2   products and services.

3   68.   Plaintiff is informed and believes, and on the basis of

4   such information and belief alleges, that Defendants were

5   aware the mischaracterizations of Plaintiff's products and

6   services were reaching current and prospective customers of

7   Plaintiff.

8   69.   Plaintiff is informed and believes, and on the basis of

9   such information and belief alleges, Defendants' creation

10   and transmission of the "Legal Action Notification"

11   attached as Exhibit "E" was for the sole purpose of

12   damaging Plaintiff's business by discouraging Plaintiff's

13   customers from doing business with Plaintiff under the

14   false fear of patent infringement litigation by Defendants.

15   70.   Plaintiff is informed and believes, and on the basis of

16   such information and belief alleges, that Defendants

17   intended the mischaracterizations of Plaintiff's products

18   to discourage current customers from using Plaintiff's

19   products.

20   71.   Plaintiff is informed and believes, and on the basis of

21   such information and belief alleges, that some of

22   Plaintiff's current customers were discouraged from using

23   Plaintiff's products by Defendants' mischaracterization of

24   Plaintiff's products and services.

25   72.   Plaintiff is informed and believes, and on the basis of

26   such information and belief alleges, that

27   mischaracterizations by Defendants of Plaintiff's products

28

1    by the defendants were the cause of some number of lost

2    sales by Plaintiff.

3    73.    Plaintiff is informed and believes, and on the basis of

4    such information and belief alleges, that Defendants knew,

5    or should have known, that the '776 patent is invalid and

6    unenforceable, and as a result, such actions were willful

7    and without a reasonable basis, and therefore entitles

8    Plaintiff to an award of Punitive Damages.

9

10   **COUNT VI. INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

11   74.    Plaintiff re-alleges and incorporates herein by

12   reference, the same as if set forth verbatim, the

13   allegations contained in paragraphs 1 through 73.

14   75.    Plaintiff is informed and believes, and on the basis of

15   such information and belief alleges, that Defendants have

16   mischaracterized Plaintiff's products as an infringement of

17   the 7,192,776 Patent.

18   76.    Plaintiff is informed and believes, and on the basis of

19   such information and belief alleges, that some number of

20   Plaintiff's potential future customers were among those to

21   whom Defendants mischaracterized Plaintiff's products.

22   77.    Plaintiff is informed and believes, and on the basis of

23   such information and belief alleges, that Defendants were

24   aware the mischaracterizations of Plaintiff's products were

25   reaching potential future customers of Plaintiff.

26   78.    Plaintiff is informed and believes, and on the basis of

27   such information and belief alleges, that Defendants

28   intended the mischaracterizations of Plaintiff's products

1    to discourage potential future customers from using

2    Plaintiff's products.

3  79.    Plaintiff is informed and believes, and on the basis of

4    such information and belief alleges, that some of

5    Plaintiff's potential future customers were discouraged

6    from using Plaintiff's products by Defendants'

7    mischaracterization of Plaintiff's products.

8  80.    Plaintiff is informed and believes, and on the basis of

9    such information and belief alleges, that

10    mischaracterizations by Defendants of Plaintiff's products

11    by the defendants were the cause of some number of lost

12    sales by Plaintiff.

13  81.    Plaintiff is informed and believes, and on the basis of

14    such information and belief alleges, that Defendants knew,

15    or should have known, that the '776 patent is invalid and

16    unenforceable, and as a result, such actions were willful

17    and without a reasonable basis, and therefore entitles

18    Plaintiff to an award of Punitive Damages.

19

20        **WHEREFORE, plaintiff prays for relief as follows:**

21  a.          The Court declare that United States Patent number

22    7,192,776, and each claim thereof, is invalid;

23  b.          The Court declare that United States Patent number

24    7,192,776, and each claim thereof, is not infringed by

25    Plaintiff;

26  c.          The Court declare that United States Patent number

27    7,192,776 is unenforceable;

28

d.         A preliminary and permanent injunction issue against Defendants' further assertion of allegations of patent infringement against Plaintiff;

e.         Plaintiff be awarded damages in an amount to be determined by the Court;

f.         Plaintiff be awarded its attorneys' fees.

g.         Plaintiff be awarded its costs of suit herein;

h.         That a determination be made that Defendants have acted intentionally, knowingly, and willfully to mislead the public and customers of Plaintiff, entitling Plaintiff to an award of punitive damages to discourage future like conduct;

i.         That a determination be made that this is an exceptional case and that Plaintiff be awarded its reasonable attorneys' fees and costs; and

j.         Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: March 29, 2011

_____
Gary L. Eastman (CA BAR# 182518)
Attorney for Plaintiff Dr. Greens, Inc.

## JURY TRIAL DEMANDED

Plaintiff hereby requests trial by jury on all counts of this complaint.

Dated: March 29, 2011

_____
Gary L. Eastman (CA BAR# 182518)
Attorney for Plaintiff Dr. Greens, Inc.

JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dr. Greens, Inc. | James Matthew Stephens, an individual, and Spectrum Laboratories, LLC, an Ohio Limited Liability Company |

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gary L. Eastman, Esq.          619-230-1144
401 W. A Street, Suite 1785, San Diego CA 92191

Attorneys (If Known)

**'11CV0638 JAH CAB**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 35 USC 8 101 et seq.
Brief description of cause:
Non-Infringement of Patent

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 03/28/2011

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____