EXHIBIT "C"

# GARY L. EASTMAN, APLC

Focusing on Start-Up and
Emerging Company Counseling
Patent, Trademark, Copyright
and Related Litigation

401 West "A" Street, Suite 1785
San Diego, California 92101
Telephone (619) 230-1144
Facsimile (619) 230-1194

GARY L. EASTMAN, Esq.
Registered Patent Attorney

garyeastman@sbcglobal.net

August 3, 2009

David B. Cupar, Esq.
McDonald Hopkins, LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114

RE:   Spectrum Laboratories adv. Dr. Greens, Inc.
      United States Patent No. 7,192,776

Dear Mr. Cupar:

I represent Mr. Matt Green and Dr. Greens, Inc., in their intellectual property matters. I have been forwarded your letter dated July 22, 2009. Please direct all future communications regarding this matter to me at the address and telephone indicated above.

I have reviewed the allegations of patent infringement made in your July 22, 2009, letter, and have reviewed both United States Patent No. 7,192,776, and its rather substantial file history. While I have not yet finished my analysis of the claims for the '776 patent, it is my preliminary assessment that each of the independent claims includes an element or process step which is not included in any product of Dr. Greens, Inc., and particularly not in the AGENT X product. Thus, on first impression, it is my belief that Dr. Greens in no way infringes any claims of the '776 patent.

In addition to the technical aspects of an infringement analysis of the claims which lead me to an impression of non-infringement, my investigation has also revealed that the alleged inventor Mr. Stephens and Spectrum Laboratories had sold the solution specified in the '776 patent long before the January 24, 2004 filing date. As you may know, under 35 U.S.C. §102, any offer for sale or public disclosure more than one year before the earliest filing date renders any invention unpatentable. It is our strong belief that for this, and other, reasons the '776 patent is invalid.

Mr. Cupar
August 3, 2009
Page -2-

    It has also been brought to my attention that your clients have been publicizing their bold claim that Agent X infringes the '776 patent. Specifically, many of Dr. Greens' existing clients have notified Dr. Greens that they had been warned of the "infringement" by Spectrum Laboratories, and instructed not to purchase any AGENT X product from Dr. Greens. As you know, your clients' mischaracterization of Dr. Greens' AGENT X product constitutes Federal Unfair Competition under *15 U.S.C. §1125(a), commonly known as §42(a) of the Lanham Act*, as well as many other related causes of action for misuse of patents, common law unfair competition, and interference with prospective economic advantage. More seriously, however, is that this gross mischaracterization has already resulted in lost sales and substantial harm to Dr. Greens' business.

    Please provide us with a listing of all customers, potential customers, businesses and individuals that have been contacted by Spectrum Laboratories, and/or Mr. Stephens, regarding these claims of patent infringement. We will also require an immediate retraction be sent by Spectrum Laboratories to each of these contacts in order to avoid any further economic harm to Dr. Greens. Please provide the list of contacts to me no later than Friday, August 7, 2009.

    It is our sincere hope that this matter may be resolved amicably. To this end, should you have any details which might support your allegations of patent infringement, please feel free to forward them to me as I will be finalizing my evaluation of your infringement claims. Dr. Greens and Matt Green specifically reserve all rights and remedies, and this letter shall not be construed as a waiver of any kind.

    I look forward to your early response.

Very truly yours,

Gary L. Eastman

GLE: