J. CHRISTOPHER JACZKO (149317)
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone:    (858) 404-9205
Facsimile:    (858) 225-3500
cjaczko@jaczkogoddard.com

DAVID B. CUPAR (to be admitted Pro Hac Vice)
MATTHEW J. CAVANAGH (to be admitted Pro Hac Vice)
MCDONALD HOPKINS LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
Telephone:    (216)348-5730
Facsimile:    (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>    Defendant.<br><br>SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>    Counterclaimant,<br><br>v.<br><br>DR. GREENS, INC., a California corporation,<br><br>    Counterclaim-Defendant. | No.   11cv0638 JAH (CAB)<br><br>**DEFENDANT SPECTRUM LABORATORIES, LLC's ANSWER AND COUNTERCLAIMS**<br><br>**JURY DEMAND**<br><br><br><br><br><br><br><br><br><br>JUDGE: Hon. John A. Houston<br>FILED:  March 29, 2011<br>TRIAL:  None Set |

Defendant Spectrum Laboratories, LLC, by and through its attorneys, in response to the Complaint filed herein by Plaintiff Dr. Greens, Inc., states as follows:

**JURISDICTION**

1. Spectrum denies the allegations of paragraph 1 of the complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

2. Spectrum admits that James Matthew Stephens is an individual residing in Cincinnati, Ohio, and denies all other allegations in paragraph 2 of the complaint.

3. Spectrum admits that it is an Ohio limited liability company and that its principal place of business is in Ohio, and it otherwise denies the allegations in paragraph 3 of the complaint.

4. Spectrum admits that Stephens is its managing member, and otherwise denies the allegations in paragraph 4 of the complaint.

5. Spectrum admits that Stephens is a resident of Ohio, and otherwise denies the allegations in paragraph 5 of the complaint.

6. Spectrum objects to the complaint referring to Spectrum and Stephens collectively as "Defendants" because they are each a separate and distinct person under the law, and it objects to the reference to an unidentified entity called "SPECTRUM." Spectrum otherwise denies the allegations in paragraph 6 of the complaint.

7. Spectrum admits that the Court has subject matter jurisdiction over this action, and otherwise denies the allegations in paragraph 7 of the complaint.

8. Spectrum admits that the Court has subject matter jurisdiction over this action, and otherwise denies the allegations in paragraph 8 of the complaint.

9. Spectrum admits that it has some business contacts with California, and otherwise denies the allegations in paragraph 9 of the complaint.

10. Spectrum denies the allegations in paragraph 10 of the complaint.

## GENERAL ALLEGATIONS

11. Spectrum admits that Dr. Greens sells a synthetic urine product called "Agent X" and otherwise denies the allegations in paragraph 11 of the complaint.

12. Spectrum admits that Stephens applied for a United States Patent for a "SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME," and otherwise denies the allegations in paragraph 12 of the complaint.

13. Spectrum admits the allegations in paragraph 13 of the complaint.

14. Spectrum admits that the copy of U.S. Patent No. 7,192,776 ("the '776 patent") attached to the complaint appears accurate, and otherwise denies the allegations in paragraph 14 of the complaint.

15. Spectrum admits that its attorney, David Cupar, sent a July 22, 2009, letter to Dr. Greens. Insofar as Dr. Greens construes that letter, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 15 of the complaint.

16. Insofar as Dr. Greens construes the July 22, 2009, letter attached to its complaint as Exhibit B, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 16 of the complaint.

17. Insofar as Dr. Greens construes the July 22 letter, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 17 of the complaint.

18. Insofar as Dr. Greens construes the July 22 letter, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 18 of the complaint.

19. Insofar as Dr. Greens construes the August 3, 2009, letter attached to its complaint as Exhibit C, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 19 of the complaint.

20.     Spectrum admits that its attorney, David Cupar, sent an August 6, 2009, e-mail to counsel for Dr. Greens. Insofar as Dr. Greens construes the August 6, 2009, e-mail attached to its complaint as Exhibit D, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 20 of the complaint.

21.     Insofar as Dr. Greens construes the Court's docket, it speaks for itself. Otherwise, Spectrum admits that Dr. Greens filed a lawsuit against it in 2009, and it denies the other allegations in paragraph 21 of the complaint.

22.     Spectrum denies the allegations in paragraph 22 of the complaint.

23.     Insofar as Dr. Greens construes the "Legal Action Notification" attached to its complaint as Exhibit E, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 23 of the complaint.

24.     Insofar as Dr. Greens construes the September 19, 2009, letter attached to its complaint as Exhibit F, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 24 of the complaint.

25.     Spectrum admits that its attorney, David Cupar, sent a September 21 2009, e-mail to counsel for Dr. Greens. Insofar as Dr. Greens construes the September 21, 2009, e-mail attached to its complaint as Exhibit G, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 26 of the complaint.

26.     Insofar as Dr. Greens construes the September 23, 2009, letter attached to its complaint as Exhibit H, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 26 of the complaint.

27.     Spectrum admits it was never served in Dr. Greens' prior lawsuit against, and otherwise denies the allegations in paragraph 27 because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

28. Insofar as Dr. Greens construes the October 23, 2009, letter attached to its complaint as Exhibit I, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 28 of the complaint.

29. Insofar as Dr. Greens construes the Court's docket, it speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 29 of the complaint.

30. Insofar as Dr. Greens construes the February 11, 2011, letter attached to its complaint as Exhibit J, the document speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 30 of the complaint.

## **COUNT I.a – PATENT NON-INFRINGEMENT**

31. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

32. Insofar as Dr. Greens construes the written documents attached to the complaint, those documents speak for themselves. Otherwise, Spectrum admits that Dr. Greens is infringing the '776 patent, admits that it previously told Dr. Greens it "likely infringes," and denies the other allegations in paragraph 32 of the complaint.

33. Insofar as Dr. Greens construes the complaint or the written documents attached to it, those documents speak for themselves. Otherwise, Spectrum denies that Dr. Greens does not infringe the '776 patent, and denies the other allegations in paragraph 33 of the complaint.

34. Insofar as Dr. Greens construes the complaint or the written documents attached to it, those documents speak for themselves. Otherwise, Spectrum denies that Dr. Greens does not infringe the '776 patent, and denies the other allegations in paragraph 34 of the complaint.

35. Insofar as Dr. Greens construes the complaint or the written documents attached to it, those documents speak for themselves. Otherwise, Spectrum denies the allegations in paragraph 35 of the complaint.

36. Spectrum denies the allegations in paragraph 36 of the complaint.

37. Insofar as Dr. Greens construes the complaint, it speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 37 of the complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## COUNT I.b – PATENT INVALIDITY

38. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

39. Insofar as Dr. Greens construes the written documents attached to the complaint, those documents speak for themselves. Otherwise, Spectrum admits that the '776 patent is valid and infringed by Dr. Greens, admits that it previously told Dr. Greens it "likely infringes," and denies the other allegations in paragraph 39 of the complaint.

40. Spectrum denies the allegations in paragraph 40 of the complaint.

41. Spectrum denies the allegations in paragraph 41 of the complaint.

42. Spectrum denies the allegations in paragraph 42 of the complaint.

43. Insofar as Dr. Greens construes the complaint or the written documents attached to it, those documents speak for themselves. Otherwise, Spectrum denies the allegations in paragraph 43 of the complaint.

44. Spectrum denies the allegations in paragraph 44 of the complaint.

45. Insofar as Dr. Greens construes the complaint, it speaks for itself. Otherwise, Spectrum denies the allegations in paragraph 45 of the complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

46. Spectrum denies the allegations in paragraph 46 of the complaint, and denies that Dr. Greens is entitled to "an award of Punitive Damages" for the reasons stated in Spectrum's motion to dismiss.

## COUNT II – MISUSE OF PATENT

47. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

48. Spectrum denies the allegations in paragraph 48 of the complaint.

49. Spectrum denies the allegations in paragraph 49 of the complaint.

50. Spectrum denies the allegations in paragraph 50 of the complaint.

51. Insofar as Dr. Greens construes the complaint, it speaks for itself. Otherwise, Spectrum denies that the patent misuse defense applies, denies that the '776 patent is unenforceable, and denies all other allegations in paragraph 51 of the complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

52. Spectrum denies the allegations in paragraph 52 of the complaint, and denies that Dr. Greens is entitled to "an award of Punitive Damages" for the reasons stated in Spectrum's motion to dismiss.

## COUNT III – FEDERAL STATUTORY UNFAIR COMPETITION

53. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

54. Spectrum denies the allegations in paragraph 54 of the complaint.

55. Spectrum denies the allegations in paragraph 55 of the complaint.

56. Spectrum denies the allegations in paragraph 56 of the complaint.

57. Spectrum denies the allegations in paragraph 57 of the complaint.

58. Spectrum denies the allegations in paragraph 58 of the complaint.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

59. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

60. Spectrum denies the allegations in paragraph 60 of the complaint.

61. Spectrum denies the allegations in paragraph 61 of the complaint.

62. Spectrum denies the allegations in paragraph 62 of the complaint.

63. Spectrum denies the allegations in paragraph 63 of the complaint.

64. Spectrum denies the allegations in paragraph 64 of the complaint.

## **COUNT V – INTERFERENCE WITH BUSINESS RELATIONS**

65. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

66. Spectrum denies the allegations in paragraph 66 of the complaint.

67. Spectrum denies the allegations in paragraph 67 of the complaint.

68. Spectrum denies the allegations in paragraph 68 of the complaint.

69. Spectrum denies the allegations in paragraph 69 of the complaint.

70. Spectrum denies the allegations in paragraph 70 of the complaint.

71. Spectrum denies the allegations in paragraph 71 of the complaint.

72. Spectrum denies the allegations in paragraph 72 of the complaint.

73. Spectrum denies the allegations in paragraph 73 of the complaint.

## **COUNT VI – INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

74. Spectrum re-alleges and incorporates herein by reference, the same as if set forth verbatim, the responses contained in the preceding paragraphs.

75. Spectrum denies the allegations in paragraph 75 of the complaint.

76. Spectrum denies the allegations in paragraph 76 of the complaint.

77. Spectrum denies the allegations in paragraph 77 of the complaint.

78. Spectrum denies the allegations in paragraph 78 of the complaint.

79. Spectrum denies the allegations in paragraph 79 of the complaint.

80. Spectrum denies the allegations in paragraph 80 of the complaint.

81. Spectrum denies the allegations in paragraph 81 of the complaint.

## PRAYER FOR RELIEF

82. Spectrum denies that Dr. Greens is entitled to any of the relief demanded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

**83.** Dr. Greens fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (LACHES, ESTOPPEL AND WAIVER)

84. Dr. Greens' claims are barred by the doctrines of laches, estoppel, and waiver.

### THIRD AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

85. Dr. Greens' claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY FAULT)

86. Dr. Greens' damages, if any, were caused or contributed to by its own action or inaction or by the action or inaction of third-persons over whom Spectrum has no ownership or control.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

87. Dr. Greens' claims are barred, in whole or in part, by its failure to mitigate its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE
### (PRIVILEGE)

88. Dr. Greens' claims are barred because the Patent Act gives Spectrum has a statutory privilege to give potential infringers notice of Spectrum's patent rights.

## SEVENTH AFFIRMATIVE DEFENSE
### (NO ENTITLEMENT TO PUNITIVE DAMAGES)

89. Dr. Greens' demand for punitive damages is barred by the Due Process Clause of the Fifth Amendment to the United States Constitution and similar provisions of any applicable state constitution.

## EIGHTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES)

90. Dr. Greens reserves the right to assert any additional affirmative defenses which it might discover during the pendency of this action.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum prays that the Court dismiss Dr. Greens' complaint and grant such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

## SPECTRUM'S COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Spectrum hereby asserts its counterclaim as follows:

## PARTIES

1. Spectrum Laboratories, LLC is an Ohio limited liability company with a principal place of business in Ohio.

2. According to its complaint, Dr. Greens, Inc. is a California corporation, "doing business" in California.

## JURISDICTION

3. To the extent the claims asserted in Dr. Greens' complaint are within this Court's subject matter jurisdiction, this counterclaim is also within that subject matter jurisdiction.

4. This Court has personal jurisdiction over Dr. Greens because it is incorporated and does business in California.

## RELEVANT FACTS

### I. The '776 Patent

5. On March 4, 2008, the inventor of the '776 patent, James Matthew Stephens, assigned his ownership of that patent to Spectrum.

6. The '776 patent claims synthetic urine and a method for manufacturing synthetic urine.

7. On January 4, 2010, Stephens executed a nunc pro tunc assignment document that memorialized the assignment. The nunc pro tunc assignment was recorded with the USPTO on February 15, 2010. A true copy of the nunc pro tunc assignment and the USPTO's record of that assignment are attached as Exhibit 1.

### II. Spectrum's Business

8. Spectrum owns, markets, and sells a synthetic urine product called "Quick Fix."

9. In connection with its advertising, promoting, marketing, and selling its Quick Fix product owns and uses the trademarks QUICK FIX, URN LUCK, and SPECTRUM, and it has registered the URN LUCK mark with the U.S. Trademark Office (Registration No. 3,334,957).

10. Spectrum has devoted substantial amounts of money and effort to promote, market, and provide its goods in association with its trademarks for many years, and it has enjoyed

substantial sales of products incorporating those trademarks, such that customers now associate those distinctive trademarks with Spectrum.

11. As a result of its efforts, Spectrum's trademarks have been, and continue to be, intellectual property of tremendous value to Spectrum.

12. Due to its proven track record as a quality synthetic urine supplier, Spectrum's business and its products enjoy a high level of goodwill in the marketplace.

### III. Spectrum's Investigation Of Dr. Greens' Agent X Product

13. Spectrum discovered that Dr. Greens' was selling a synthetic urine product called "Agent X" that likely infringes its '776 patent.

14. To confirm infringement, Spectrum's attorney wrote to Dr. Greens' on July 22, 2009, asking it to provide "any basis for which you do not believe that you infringe." (Compl., Ex. B.)

15. Dr. Greens responded with a general denial and baseless accusations and threats against Spectrum, but it refused to produce the formula it used to manufacture Agent X. (*See* Compl., Ex. C, F.)

16. Spectrum's attorney responded by specifically asking for the "formulation" of Agent X, which he offered to keep confidential under an "attorney's eyes only" designation. (Compl., Ex. G.)

17. Again, Dr. Greens refused to produce the formula. (*See* Compl., Ex. H, I.)

18. On February 11, 2011, Spectrum's attorney again asked Dr. Greens to "please provide the formula and method used to manufacture that product so we can test the accuracy of that contention in accordance with 35 U.S.C. § 295." (Compl., Ex. J.)

19. Rather than produce the formula, Dr. Greens filed this lawsuit against Spectrum and its managing member, Stephens, demanding declaratory relief and money damages.

20. Dr. Greens bases its money damage claims (Compl., Counts III-VI) entirely upon a "Legal Notification Letter" from Spectrum (the "Notice"), which warned retailers that other synthetic urine products "potentially infringe" the '776 patent.

21. According to Dr. Greens' that notice "mischaracterized" Agent X as infringing the '776 patent. (*See* Compl. ¶ 54.)

22. Spectrum sent that Notice in a good faith effort to enforce its patent rights in accordance with the Patent Act, which requires patentees to notify potential infringers to recover infringement damages. 35 U.S.C. 287(a).

## IV. Dr. Greens' False Ad

23. In July 2011, Spectrum discovered that Dr. Greens had published a false magazine ad in the nationally-distributed "Headquest Magazine," and perhaps in other publications (the "Ad"). A true copy of the Ad is attached as Exhibit 2.

24. The Ad claims that Dr. Greens "invented detox!," which is untrue.

25. The Ad also claims that Dr. Greens has been in business for "20 YRS," which also may be untrue. The California Secretary of State records show that Dr. Greens incorporated on March 22, 2011, and an apparent predecessor (which is in "suspended" status) formed on December 17, 1999.

26. The Ad also depicts, what appear to be, several crumpled boxes of Spectrum's Quick Fix product at the feet of the Agent X product.

27. Spectrum did not permit Dr. Greens to use its Quick Fix box or the various Spectrum-owned trademarks adorning the Quick Fix box.

/ / /

/ / /

/ / /

# COUNT ONE

## PATENT INFRINGEMENT UNDER THE PATENT ACT, 35 U.S.C. § 271

28. Spectrum incorporates by reference all allegations in all preceding paragraphs of this counterclaim as if fully rewritten herein.

29. Dr. Greens has directly infringed, and continues to directly infringe, one or more claims of the '776 patent by making, using, selling, and offering to sell synthetic urine products covered by the '776 patent; including, but not limited to, its Agent X product.

30. To the extent Dr. Greens has directed others to manufacture its synthetic urine products, it has actively induced infringement of the '776 patent under 35 U.S.C. § 271(b).

31. Dr. Greens' infringement of the '776 patent was, and continues to be, willful and deliberate, and Dr. Greens likely will continue its infringing activities unless restrained by this Court.

32. Spectrum has made a reasonable effort to determine the process by which Dr. Greens manufactures its Agent X product by, among other things, repeatedly asking Dr. Greens to disclose, in confidence, its formula.

33. But because Dr. Greens have refused to divulge its process, Spectrum has been unable to determine the process with certainty, and therefore the Agent X product is presumed to have been made in an infringing manner. *See* 35 U.S.C. § 295.

34. Dr. Greens' infringement of the '776 patent is exceptional under 35 U.S.C. § 285.

35. Dr. Greens' activities were done with an intent to, and in fact did allow Dr. Greens to, derive benefit from use of Spectrum's '776 patent.

36. Dr. Greens has profited, and will continue to profit, by its infringing activities.

37. Spectrum has been damaged by Dr. Green's infringing activities and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

/ / /

# COUNT TWO

## FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(A)(1)(B)

38. Spectrum incorporates by reference all allegations in all preceding paragraphs of this counterclaim as if fully rewritten herein.

39. Dr. Greens authored and published the Ad in a nationally-distributed magazine, and thereby placed it in interstate commerce.

40. The Ad contains several false statements; including, but not limited to, stating that Dr. Greens "invented detox." Dr. Greens did not invent detox.

41. The Ad's false statements are both literally false and create a false impression.

42. The false and misleading representations in the Ad have deceived, and are likely to deceive, actual or potential buyers of synthetic urine products.

43. The false and misleading representations in the Ad have affected, and are likely to affect, the purchasing decisions of synthetic urine buyers.

44. Dr. Greens has made the false and misleading representations willfully and in bad faith, knowing or expecting they would be material to actual or potential buyers of synthetic urine and would likely deceive those customers.

45. As a direct and proximate result of Dr. Greens' false advertising, Spectrum has suffered damages in an amount to be determined at trial.

46. As a direct and proximate result of Dr. Greens' false advertising, Spectrum will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court.

/ / /

/ / /

/ / /

/ / /

## COUNT THREE

### VIOLATIONS OF OHIO'S DECEPTIVE TRADE PRACTICES ACT,

### OHIO REV. CODE § 4165.01-04

47. Spectrum incorporates by reference all allegations in all preceding paragraphs of this counterclaim as if fully rewritten herein.

48. By, among other things, stating falsely in the Ad that Dr. Greens "invented detox," Dr. Greens violated Ohio's Deceptive Trade Practices Act, R.C. 4165.01-.04.

49. Dr. Greens' deceptive acts have damaged, and are likely to continue damaging, Spectrum in an amount to be determined at trial.

50. As a direct and proximate result of Dr. Greens' deceptive acts, Spectrum has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

## COUNT FOUR

### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### CAL. BUS. & PROF. CODE § 17200, ET. SEQ.

51. Spectrum incorporates by reference all allegations in all preceding paragraphs of this counterclaim as if fully rewritten herein.

52. By, among other things, stating falsely in the Ad that Dr. Greens "invented detox," Dr. Greens violated California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200.

53. Dr. Greens' unfair competition has damaged, and is likely to continue damaging, Spectrum in an amount to be determined at trial.

54. As a direct and proximate result of Dr. Greens' unfair competition, Spectrum has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

///

# COUNT FIVE

## MALICIOUS LITIGATION UNDER OHIO COMMON LAW

55. Spectrum incorporates by reference all allegations in all preceding paragraphs of this counterclaim as if fully rewritten herein.

56. Dr. Greens' Lanham Act and state tort claims (Counts III-VI) against Spectrum are objectively baseless.

57. The Notice on which Dr. Greens sues is judicially privileged under the Patent Act, and Dr. Greens fails to adequately allege "bad faith" against Spectrum to overcome that privilege.

58. It is clear that Dr. Greens asserted those claims with the malicious intent to embarrass, harass, and harm Spectrum – a Dr. Greens' competitor – in violation of Ohio common law.

59. That Dr. Greens also named Stephens as an individual defendant, despite his lack of personal involvement in the dispute, is further proof of Dr. Greens' malicious intent.

60. Dr. Greens' malicious litigation has damaged, and is likely to continue damaging, Spectrum in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Spectrum prays for judgment against Dr. Greens as follows:

(1) A finding that Dr. Greens has infringed one or more claims of the '776 patent.

(2) Preliminary and permanent injunctive relief enjoining Dr. Greens, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with it, and all others aiding, abetting, or acting in concert or active participation therewith, from continuing to infringe the '776 patent.

(3) Preliminary and permanent injunctive relief enjoining Dr. Greens, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with it, and all others aiding, abetting, or acting in

concert or active participation therewith, from stating or implying that Dr. Greens invented detox.

  (4)  A declaratory judgment that Dr. Greens' statement that it "invented detox" is false and misleading, and a violation of the Lanham Act, Ohio's Deceptive Trade Practices Act, and California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200.

  (5)  Compensatory damages according to proof;

  (6)  Treble damages;

  (7)  Punitive damages;

  (8)  An accounting and disgorgement of all sales, revenues, and profits derived from Dr. Greens' wrongful conduct;

  (9)  Attorneys' fees to the extent allowable by law;

  (10)  Pre-judgment and post-judgment interest to the maximum extent allowed;

  (11)  Costs of the action; and

  (12)  Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated: August 15, 2011      JACZKO GODDARD LLP
                MCDONALD HOPKINS LLC

                By:  /s/ J. Christopher Jaczko
                    J. Christopher Jaczko

                Attorneys for Defendant and Counterclaimant
                SPECTRUM LABORATORIES, LLC

# JURY DEMAND

Defendant and Counterclaimant Spectrum Laboratories, LLC hereby demands a trial by jury on all issues so triable.

Dated: August 15, 2011

JACZKO GODDARD LLP

MCDONALD HOPKINS LLC

By: /s/ J. Christopher Jaczko
J. Christopher Jaczko

Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC