J. CHRISTOPHER JACZKO (149317)
JACZKO LAW GROUP, APC
4401 Eastgate Mall
San Diego, CA 92121
Telephone:   (858) 404-9205
Facsimile:   (858) 225-3500
chris@jaczkolaw.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
Telephone:   (216)348-5730
Facsimile:   (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC and
Defendant JAMES MATTHEW STEPHENS

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company, <br><br> Defendant. <br><br> SPECTRUM LABORATORIES, LLC, an Ohio limited liability company, <br><br> Counterclaimant, <br><br> v. <br><br> DR. GREENS, INC., a California corporation, <br><br> Counterclaim-Defendant. | No.   11cv0638 JAH (CAB) <br><br> **JAMES MATTHEW STEPHENS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS** <br><br> DATE:  December 12, 2011 <br> TIME:  2:30 p.m. <br> COURTOOM:  11 <br><br><br> JUDGE: Hon. John A. Houston <br> FILED: March 29, 2011 <br> TRIAL: None Set |

## I. Introduction

This is nothing more than a patent dispute between two incorporated businesses: Dr. Greens, Inc. (a seller of an accused product) and Spectrum Laboratories, LLC (a patent owner). In an apparent effort to harass Spectrum's managing member, James Matthew Stephens, Dr. Greens tries to make the dispute personal by naming Stephens as an individual defendant.

But Dr. Greens has no factual or legal basis for suing Stephens as an individual. First, Dr. Greens seeks a declaratory judgment on the '776 patent, yet it is undisputed that Stephens has no legal interest in that patent. He assigned his interest to Spectrum in March 2008, which is confirmed by a publicly available assignment document recorded with the USPTO. Second, Dr. Greens seeks money damages for a "Legal Action Notification" document sent by *Spectrum*, not by Stephens. Because it is undisputed that Spectrum is a limited liability company, by statute, Stephens cannot be held individually liable for Spectrum's actions or for any notices allegedly published by Spectrum. Dr. Greens' complaint lacks any factual allegations that would plausibly suggest that Stephens committed any act that could subject him to personal liability or permit a piercing of the corporate veil protecting him.

Consequently, Dr. Greens' claims against Stephens are legally and factually baseless and violate Rule 11 of the Federal Rules of Civil Procedure. As a sanction for violating Rule 11, the Court should order Dr. Greens and its attorney to compensate Stephens for the attorneys' fees he has incurred in responding to this baseless lawsuit.

## II. Factual Background

Spectrum and Dr. Greens are competitors in the synthetic urine market. Spectrum sells "Quick Fix," and Dr. Greens sells the competing "Agent X" product. (*See* Compl. ¶ 11.) Spectrum owns U.S. Patent No. 7,192,776 ("the '776 patent"), which claims a "synthetic urine solution" and a method for manufacturing synthetic urine. (*See id.*) (Compl., ¶ 13-14, Ex. 1.)

On March 29, 2011, Dr. Greens filed this lawsuit naming as defendants both Spectrum and its managing member Stephens, individually. Dr. Greens asserts (a) declaratory claims regarding the '776 patent (Counts I.a, I.b, and II); and (b) and Lanham Act and tort claims seeking money damages (Counts III-VI). Dr. Greens bases its declaratory claims upon several letters and e-mails

from Spectrum's attorney, asserting the '776 patent on Spectrum's behalf. (*See* Compl. ¶ 15-30.) Those letters do not mention or even allude to Stephens. While Stephens was the named inventor of the '776 patent, he assigned his ownership to Spectrum on March 4, 2008, which is confirmed by a "Nunc Pro Tunc Patent Assignment" document recorded with the USPTO. (**Ex. A**, attached.)

Dr. Greens' money damage claims (Counts III-VI) rest entirely upon a "Legal Action Notification" (the "Notice") allegedly received by an unnamed Dr. Greens' "customer." (Compl. ¶ 23.) Dr. Greens attached a copy of the Notice to its complaint as Exhibit E. The Notice, addressed to "Valued Retailer," warned that synthetic urine products "similar" to Spectrum's product "potentially violate Spectrum's U.S. Patent No. 7,192,776." (Compl., Ex. E.) The Notice did not name Dr. Greens or its Agent X product. (*See id.*) On its face, the Notice identified "Spectrum Labs" as the author. It says nothing about Stephens. The Notice closed by stating, "To avoid potential liability, please avoid offering for sale, or selling, any potentially infringing products." (*Id.*) According to Dr. Greens, the Notice is actionable because it "mischaracterized Plaintiff's products as an infringement of the 7,192,776 Patent." (*Id.* ¶ 54-58.)

On August 15, 2011, Stephens moved to dismiss all of Dr. Greens' claims against him on various grounds. (ECF # 10.) Spectrum separately moved to dismiss all of the claims except for the claims seeking declaratory relief against Spectrum. (ECF # 7.) Spectrum also counterclaimed against Dr. Greens for patent infringement and for other causes of action arising out of a false magazine advertisement published by Dr. Greens. (ECF # 8.) On September 23, 2011, Dr. Greens filed an untimely answer to the counterclaim without seeking the necessary leave to do so. (*See* ECF # 12.)[1]

On August 31, 2011, Stephens' counsel wrote to Dr. Greens' counsel and further explained how Dr. Greens' claims against Stephens individually were factually and legally baseless. (*See* Aug. 31, 2011, letter from D. Cupar, **Ex. B**, attached.) Among other things, Stephens' attorney advised that (1) the USPTO's assignment records proved that Stephens had assigned his entire interest in the '776 patent years ago; and (2) because Spectrum is a limited liability company, Stephens cannot be

---

[1] Because Spectrum filed its counterclaim on August 15, 2011, Dr. Greens' answer was due on September 8, 2011.

liable for Spectrum's actions. Stephens' attorney urged Dr. Greens to dismiss Stephens from the case, and he warned that Stephens would serve a Rule 11 motion if Dr. Greens refused to do so. (*Id.*) When Dr. Greens ignored that request, as required by Rule 11, Stephens' attorney served but did not file this motion for sanctions on October 7, 2011. (Oct. 7, 2011, letter from D. Cupar, **Ex. C**, attached.) Twenty one days have expired since service of that motion, yet Dr. Greens still has not dismissed Stephens. Thus, Stephens now files this motion to recoup the attorneys' fees he has needlessly incurred in defending himself against Dr. Greens' baseless claims.

**III.     Law and Argument**

      **A.     Frivolous Claims Violate Rule 11**

To curb the filing of baseless lawsuits, Rule 11 penalizes a party and its attorney who file a complaint without factual and legal support. Rule 11 functions by requiring plaintiff's attorney to sign the complaint to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2), (3). "An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).

When determining whether a complaint violates Rule 11(b), the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective; and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Both questions are objective. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991). The "reasonable inquiry" test asks "whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate*, 425

F.3d at 677. The Ninth Circuit "use[s] the word 'frivolous' 'to denote a filing that is *both* baseless *and* made without a reasonable competent inquiry.'" *Id.* at 676. The current Rule 11 standard is "more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation." Fed. R. Civ. P. 11, Advisory Committee Notes, 1983 Amendment.

"Filing a complaint in federal court is no trifling undertaking." *Christian*, 286 F.3d at 1127. Thus, a complaint that violates Rule 11(b) subjects the lawyer and the party to sanctions, including payment of the reasonable attorneys' fees incurred because of the violation. Fed. R. Civ. P. 11(c)(4); *Lloyd v. Schlag*, 884 F.2d 409, 414 (9th Cir. 1989) (affirming sanction award of attorneys' fees). Monetary sanctions for violating Rule 11(b)(2) by asserting legally unsupported claims, however, are levied against the lawyer only. Fed. R. Civ. P. 11(c)(5)(A). Rule 11 is intended to be applied "vigorously" by district courts to curb the abuse of filing frivolous pleadings. *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir.1987). Therefore, sanctions are mandatory when a violation occurs. *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 559 (9th Cir.), cert. denied, 108 S.Ct. 83 (1987).

**B. Dr. Greens' Declaratory Judgment Claims Against Stephens Are Frivolous And Violate Rule 11**

Dr. Greens' complaint asserts three declaratory judgment claims that seek a finding of non-infringement (Count I.a), invalidity (Count I.b), and patent misuse (Count II). Dr. Greens asserts those claims against Spectrum (the owner of the '776 patent), but it also asserts them against Stephens as an individual. (*See* Compl. ¶ 31-52 (addressing claims jointly against "Defendants").) It is fundamental, however, that one cannot seek a declaratory judgment against one – such as Stephens – who has no legal interest in the patent at issue. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (holding that, for declaratory action to exist, the parties must have "adverse legal interests").

Here, there is no factual or legal basis for suing Stephens because he has no legal interest in the '776 patent. Dr. Greens' complaint does not identify any legal interest in the '776 patent held by Stephens. After all, it cannot be disputed that Stephens assigned his entire interest to Spectrum in

March 2008. Dr. Greens and its attorney knew (or should have known) that undeniable fact before filing the complaint because all of the correspondence from Spectrum's attorney – which Dr. Greens says create the judiciable controversy – identify "Spectrum" as the party owning and asserting the '776 patent. (*See* Compl., Ex. B, G, I.) Moreover, USPTO's publicly-available assignment records confirm that Stephens assigned his ownership to Spectrum years ago, which any reasonable attorney's pre-filing investigation would have discovered prior to filing suit. (*See* **Ex. A**.)

Therefore, asserting declaratory claims against Stephens – when he assigned away his ownership in the '776 patent years ago – is legally and factually baseless and no attorney, after conducting a reasonable inquiry, could conclude otherwise. Dr. Greens' declaratory claims against Stephens, therefore, violate Rule 11. The Court should sanction Dr. Greens and its attorney accordingly by ordering them to pay the reasonable attorneys' fees incurred by Stephens in preparing his motion to dismiss and this motion for sanctions.[2] The Court should do so regardless of whether it rules the other claims against Stephens are frivolous. *See Holgate*, 425 F.3d at 677 ("'the mere existence of one non-frivolous claim' in a complaint does not immunize it from Rule 11 sanctions").

### C. Dr. Greens' Lanham Act And Tort Claims Against Stephens Also Are Frivolous And Violate Rule 11

Dr. Greens' Lanham Act and tort claims against Stephens also are frivolous and therefore sanctionable under Rule 11. Dr. Greens bases those damage claims entirely upon a "Legal Action Notification" allegedly given to one or more unnamed "customers." (*See* Compl. ¶¶ 23, 57, 62, 69, 75.) According to Dr. Greens, that notice is actionable against Stephens and Spectrum because it "mischaracterized Plaintiff's products as an infringement of the 7,192,776 Patent." (*See id.* ¶¶ 54, 61, 66, 75.)

It is fundamental, however, that a member of a limited liability company, such as Stephens, cannot be liable for the acts of his company. *See* Cal. Code § 17101 ("no member of a limited liability company shall be personally liable under any judgment of a court, or in any other manner, for any debt, obligation, or liability of the limited liability company, whether that liability or

---

[2] If the Court grants this motion, Stephens will provide the Court with an itemization of the reasonable attorneys' fees incurred.

obligation arises in contract, tort, or otherwise"); *see also J & J Sports Productions, Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *6 (N.D. Cal. Mar. 4, 2011) (dismissing shareholders of limited liability company).

Here, there is no legal or factual basis for suing Stephens as an individual because Dr. Greens has not alleged, and cannot allege, that Stephens personally did anything that could plausibly give rise to personal liability separate from Spectrum. Indeed, all of the notices and correspondence on which Dr. Greens bases its claims identify "Spectrum," not Stephens, as the entity owning and asserting the '776 patent. None of those documents even mention Stephens. Therefore, Dr. Greens has no legal or factual basis for suing Stephens as an individual and no attorney, after conducting a reasonable inquiry, could conclude otherwise.

Claims against corporate officers in their individual capacities are frivolous under Rule 11 when, as here, plaintiff does not allege any meaningful personal conduct by the individual. *See Med. Supply Chain, Inc. v. Gen. Elec. Co.*, 144 Fed. Appx. 708, 716 (10th Cir. 2005) (finding naming of individual defendant was frivolous and violated Rule 11, reversing trial court); *cf. Harden v. Peck*, 686 F. Supp. 1254, 1263 (N.D. Ill. 1988) (ordering sanctions under Rule 11 where plaintiff used "'Bubba Smith' approach to litigation" by naming multiple defendants with only his belief that one of them committed the compensable act).

Like Dr. Greens' declaratory claims, therefore, its Lanham Act and tort claims against Stephens also violate Rule 11. The Court should sanction Dr. Greens and its attorney accordingly by ordering them to pay the reasonable attorneys' fees incurred by Stephens in preparing his motion to dismiss and this motion for sanctions.[3] Again, the Court should do so regardless of whether it finds the other claims against Stephens are frivolous. *See Holgate*, 425 F.3d at 677.

## IV.  Conclusion

For the foregoing reasons, the Court should find that Dr. Greens and its attorney violated Rule 11, and it should order monetary sanctions against both to compensate Stephens for the attorneys' fees he unnecessarily incurred in moving to dismiss and moving for sanctions.

---

[3] If the Court grants this motion, Stephens will provide the Court with an itemization of the reasonable attorneys' fees incurred.

| | | |
|---|---|---|
| 1 | DATED: November 1, 2011 | JACZKO GODDARD LLP |
| 2 | | MCDONALD HOPKINS LLC |
| 3 | | By:   /s/ Matthew J. Cavanagh |
| 4 | |       Matthew J. Cavanagh |
| 5 | | Attorneys for Defendant and Counterclaimant |
| 6 | | SPECTRUM LABORATORIES, LLC and Defendant JAMES MATTHEW STEPHENS |