# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>　　　　　Defendant.<br>_____<br><br>SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>　　　　　Counterclaimant,<br><br>v.<br><br>DR. GREENS, INC., a California corporation,<br><br>　　　　　Counterclaim-Defendant. | No.   11cv0638 JAH (CAB)<br><br>**PROTECTIVE ORDER**<br>[Doc. No. 35] |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.　　　The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories,

1  responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial
2  testimony and depositions, including data, summaries, and compilations derived therefrom that is
3  deemed to be Confidential Information by any party to which it belongs.

4      2.    The term "materials" will include, but is not be limited to: documents;
5  correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material
6  that identify customers or potential customers; price lists or schedules or other matter identifying
7  pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books
8  of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts;
9  recordings; photographs; motion pictures; compilations from which information can be obtained and
10 translated into reasonably usable form through detection devices; sketches; drawings; notes
11 (including laboratory notebooks and records); reports; instructions; disclosures; other writings;
12 models and prototypes and other physical objects.

13     3.    The term "counsel" will mean outside counsel of record, and other attorneys,
14 paralegals, secretaries, and other support staff employed by the law firms of McDonald Hopkins
15 LLC or Gary L. Eastman, APLC.

16 GENERAL RULES

17     4.    Each party to this litigation that produces or discloses any materials, answers to
18 interrogatories, responses to requests for admission, trial testimony, deposition testimony, and
19 transcripts of trial testimony and depositions, or information that the producing party believes should
20 be subject to this Protective Order may designate the same as "CONFIDENTIAL" or
21 "CONFIDENTIAL - FOR COUNSEL ONLY" OR "CONFIDENTIAL -  OUTSIDE ATTORNEY
22 EYES ONLY" OR "CONFIDENTIAL -  OUTSIDE ATTORNEY EYES ONLY."

23     a.    Designation as "CONFIDENTIAL": Any party may designate information as
24 "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted
25 disclosure of such information could be potentially prejudicial to the business or operations of such
26 party.

27     b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY" OR
28 "CONFIDENTIAL -  OUTSIDE ATTORNEY EYES ONLY" OR "CONFIDENTIAL -  OUTSIDE

1 ATTORNEY EYES ONLY": Any party may designate information as "CONFIDENTIAL - FOR
2 COUNSEL ONLY" OR "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY" OR
3 "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY" only if, in the good faith belief of
4 such party and its counsel, the information is among that considered to be most sensitive by the
5 party, including but not limited to trade secret or other confidential research, development, financial
6 or other commercial information.

7      5.     In the event the producing party elects to produce materials for inspection, no
8 marking need be made by the producing party in advance of the initial inspection. For purposes of
9 the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR
10 COUNSEL ONLY" OR "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY," and must be
11 treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials
12 for copying by the inspecting party, the producing party must, within a reasonable time prior to
13 producing those materials to the inspecting party, mark the copies of those materials that contain
14 Confidential Information with the appropriate confidentiality marking.

15      6.     Whenever a deposition taken on behalf of any party involves a disclosure of
16 Confidential Information of any party:

17      a.     the deposition or portions of the deposition must be designated as containing
18            Confidential Information subject to the provisions of this Order; such designation
19            must be made on the record whenever possible, but a party may designate portions of
20            depositions as containing Confidential Information after transcription of the
21            proceedings; [A] party will have until fourteen (14) days after receipt of the
22            deposition transcript to inform the other party or parties to the action of the portions
23            of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR
24            COUNSEL ONLY" OR "CONFIDENTIAL - OUTSIDE ATTORNEY EYES
25            ONLY."
26      b.     the disclosing party will have the right to exclude from attendance at the deposition,
27            during such time as the Confidential Information is to be disclosed, any person other
28

1        than the deponent, counsel (including their staff and associates), the court reporter,
2        and the person(s) agreed upon pursuant to paragraph 8 below; and
3    c.   the originals of the deposition transcripts and all copies of the deposition must bear
4        the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" OR
5        "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY," as appropriate, and
6        the original or any copy ultimately presented to a court for filing must not be filed
7        unless it can be accomplished under seal, identified as being subject to this Order, and
8        protected from being opened except by order of this Court.
9    7.   All Confidential Information designated as "CONFIDENTIAL" or
10   "CONFIDENTIAL -FOR COUNSEL ONLY" must not be disclosed by the receiving party to
11   anyone other than those persons designated within this order and must be handled in the manner set
12   forth below and, in any event, must not be used for any purpose other than in connection with this
13   litigation, unless and until such designation is removed either by agreement of the parties, or by
14   order of the Court.
15   8.   Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" OR
16   "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY" must be viewed only by counsel (as
17   defined in paragraph 3) of the receiving party, and by independent experts under the conditions set
18   forth in this Paragraph. The right of any independent expert to receive any Confidential Information
19   will be subject to the advance approval of such expert by the producing party or by permission of the
20   Court. The party seeking approval of an independent expert must provide the producing party with
21   the name and curriculum vitae of the proposed independent expert, and an executed copy of the form
22   attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing
23   party to the expert. Any objection by the producing party to an independent expert receiving
24   Confidential Information must be made in writing within fourteen (14) days following receipt of the
25   identification of the proposed expert. Confidential Information may be disclosed to an independent
26   expert if the fourteen (14) day period has passed and no objection has been made. The approval of
27   independent experts must not be unreasonably withheld.
28

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" OR "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The

1  materials at issue must be treated as Confidential Information, as designated by the designating
2  party, until the Court has ruled on the objection or the matter has been otherwise resolved.

3      14.    All Confidential Information must be held in confidence by those inspecting or
4  receiving it, and must be used only for purposes of this action. Counsel for each party, and each
5  person receiving Confidential Information must take reasonable precautions to prevent the
6  unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed
7  to any person other than a person authorized by this Order, the party responsible for the unauthorized
8  disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the
9  attention of the other parties and, without prejudice to any rights and remedies of the other parties,
10  make every effort to prevent further disclosure by the party and by the person(s) receiving the
11  unauthorized disclosure.

12      15.    No party will be responsible to another party for disclosure of Confidential
13  Information under this Order if the information in question is not labeled or otherwise identified as
14  such in accordance with this Order.

15      16.    If a party, through inadvertence, produces any Confidential Information without
16  labeling or marking or otherwise designating it as such in accordance with this Order, the
17  designating party may give written notice to the receiving party that the document or thing produced
18  is deemed Confidential Information, and that the document or thing produced should be treated as
19  such in accordance with that designation under this Order. The receiving party must treat the
20  materials as confidential, once the designating party so notifies the receiving party. If the receiving
21  party has disclosed the materials before receiving the designation, the receiving party must notify the
22  designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually
23  acceptable manner of labeling or marking the inadvertently produced materials as
24  "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" OR "CONFIDENTIAL -
25  OUTSIDE ATTORNEY EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

26      17.    Nothing within this order will prejudice the right of any party to object to the
27  production of any discovery material on the grounds that the material is protected as privileged or as
28  attorney work product.

1  18. Nothing in this Order will bar counsel from rendering advice to their clients with
2  respect to this litigation and, in the course thereof, relying upon any information designated as
3  Confidential Information, provided that the contents of the information must not be disclosed.
4  19. This Order will be without prejudice to the right of any party to oppose production of
5  any information for lack of relevance or any other ground other than the mere presence of
6  Confidential Information. The existence of this Order must not be used by either party as a basis for
7  discovery that is otherwise improper under the Federal Rules of Civil Procedure.
8  20. Nothing within this order will be construed to prevent disclosure of Confidential
9  Information if such disclosure is required by law or by order of the Court.
10  21. Upon final termination of this action, including any and all appeals, counsel for each
11  party must, upon request of the producing party, return all Confidential Information to the party that
12  produced the information, including any copies, excerpts, and summaries of that information, or
13  must destroy same at the option of the receiving party, and must purge all such information from all
14  machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party
15  may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that
16  refer to or incorporate Confidential Information, and will continue to be bound by this Order with
17  respect to all such retained information. Further, attorney work product materials that contain
18  Confidential Information need not be destroyed, but, if they are not destroyed, the person in
19  possession of the attorney work product will continue to be bound by this Order with respect to all
20  such retained information.
21  22. The restrictions and obligations set forth within this order will not apply to any
22  information that: (a) the parties agree should not be designated Confidential Information; (b) the
23  parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court
24  rules, has become public knowledge other than as a result of disclosure by the receiving party, its
25  employees, or its agents in violation of this Order; or (d) has come or will come into the receiving
26  party's legitimate knowledge independently of the production by the designating party. Prior
27  knowledge must be established by preproduction documentation.
28

1     23.     The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

    24.     Transmission by facsimile is acceptable for all notification purposes within this order.

    25.     This Order may be modified by agreement of the parties, subject to approval by the Court.

    26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED**, subject to public policy, and further court order, <u>nothing shall be filed under seal</u>, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

Date:   January 13, 2012

                                                  United States Magistrate Judge

EXHIBIT A

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>   Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>   Defendant.<br>_____<br>SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>   Counterclaimant,<br><br>v.<br><br>DR. GREENS, INC., a California corporation,<br><br>   Counterclaim-Defendant. | No.   11cv0638 JAH (CAB)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

  I, _____ , declare and say that:

  1. I am employed as _____ by _____.

  2. I have read the Protective Order entered in _____v. _____, Case No. _____, and have received a copy of the Protective Order.

  3. I promise that I will use any and all "Confidential" or "CONFIDENTIAL - FOR COUNSEL ONLY" or "CONFIDENTIAL - OUTSIDE ATTORNEY EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

1        4.      I promise that I will not disclose or discuss such "Confidential" or "CONFIDENTIAL
2   - FOR COUNSEL ONLY" or "CONFIDENTIAL -  OUTSIDE ATTORNEY EYES ONLY"
3   information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective
4   Order.
5        5.      I acknowledge that, by signing this agreement, I am subjecting myself to the
6   jurisdiction of the United States District Court for the Southern District of California with respect to
7   enforcement of the Protective Order.
8        6.      I understand that any disclosure or use of "Confidential" or "CONFIDENTIAL - FOR
9   COUNSEL ONLY" or "CONFIDENTIAL -  OUTSIDE ATTORNEY EYES ONLY" information in
10  any manner contrary to the provisions of the Protective Order may subject me to sanctions for
11  contempt of court.

13        I declare under penalty of perjury that the foregoing is true and correct.

15        Date:_____

17                              _____