Gary L. Eastman, Esq. (SBN 182518)
GARY L. EASTMAN, APLC
401 West A. Street, Ste. 1785
San Diego, CA 92101
Telephone: 619-230-1144
Facsimile: 619-230-1194

Attorney for Plaintiff Dr. Greens, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC. a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 11cv0638 JAH (KSC)<br><br>**PLAINTIFF DR. GREENS, INC.'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT SPECTRUM LABORATORIES, LLC's COUNTERCLAIM** |

     Plaintiff and Counter-Defendant DR. GREENS, INC. ("DR. GREENS") submits its Answer to the Counterclaim ("Complaint") served by SPECTRUM LABORATORIES, LLC ("SPECTRUM"), in correspondingly numbered paragraphs, as follows:

### Parties

   1.  DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and on this basis denies the same.

2. DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and on this basis denies the same.

3. DR. GREENS admits that it is a California corporation that does business in California.

4. DR. GREENS admits the allegations in paragraph 4 of the Complaint.

**Jurisdiction**

5. DR. GREENS admits the allegations in paragraph 5 of the Complaint.

6. DR. GREENS admits the allegations in paragraph 6 of the Complaint.

**Facts**

**I. The '776 Patent**

7. DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and on this basis denies the same.

8. DR. GREENS admits that the '776 patent claims a synthetic urine solution two methods of manufacturing synthetic urine. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 8 of the Complaint.

9. DR. GREENS denies the allegations of Paragraph 9 of the Complaint.

10. DR. GREENS denies the allegations of Paragraph 10 of the Complaint.

11. DR. GREENS admits that Exhibit 1 purportedly reflects a document filed with the USPTO by Stephen's personal attorney David Cupar. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 11 of the Complaint.

**II. Spectrum's Business**

12. DR. GREENS admits that Spectrum Laboratories, LLC markets and sells a synthetic urine product called "Quick Fix." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 12 of the Complaint.

13. DR. GREENS admits that Quick Fix was offered for sale in 2001 by someone operating under the name Spectrum Laboratories. Except as so admitted, DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and on this basis denies the same.

14. DR. GREENS admits that Spectrum Laboratories, LLC markets and sells a synthetic urine product called "Quick Fix." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 14 of the Complaint.

15. DR. GREENS admits the allegations in paragraph 15 of the Complaint.

16. DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and on this basis denies the same.

### III.   Dr. Greens' Business Relationship With Spectrum

17. DR. GREENS admits that it regularly purchased Quick Fix from STEPHENS operating under the name Spectrum Laboratories and/or Spectrum Laboratories, Inc. operating under the name Spectrum Laboratories. Except as so admitted, DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and on this basis denies the same.

18. DR. GREENS admits the allegations in paragraph 18 of the Complaint.

19. DR. GREENS admits that at the outset of its relationship with Spectrum Laboratories, Inc. and STEPHENS, DR. GREENS was the exclusive distributor for an entity operating under the name Spectrum Laboratories. Except as so admitted, DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and on this basis denies the same.

20. DR. GREENS admits the allegations in paragraph 20 of the Complaint.

21. DR. GREENS admits the allegations in paragraph 21 of the Complaint.

22. DR. GREENS denies the allegations of Paragraph 22 of the Complaint.

23. DR. GREENS denies the allegations of Paragraph 23 of the Complaint.

24. DR. GREENS admits that Matt Green makes some litigation decisions and business decisions of DR. GREENS. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 24 of the Complaint.

25. DR. GREENS admits that it served its Rule 26(a)(1) Initial Disclosures on October 26, 2011. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 25 of the Complaint.

26. DR. GREENS admits that it served its Rule 26(a)(1) Initial Disclosure that included the assertion that Matt Green had knowledge regarding "Mr. Green's personal experiences as a sales representative of Defendant Stephens, and his sales of defendant Stephen's products, including Quick Fix, prior to and including 2001…" Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 26 of the Complaint.

27. DR. GREENS admits that Matt Green has obtained personal knowledge about some characteristics of Quick Fix and other synthetic urine products from 2002 to the present. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 27 of the Complaint.

28. DR. GREENS admits that Matt Green testified in a declaration that he has "known James Matthew Stephens and his company Spectrum Laboratories for more than a decade." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 28 of the Complaint.

29. DR. GREENS admits that at times Matt Green received complaints about Quick Fix, including complaints that there were "floaties" in certain batches of Quick Fix. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 29 of the Complaint.

30. DR. GREENS admits that at times Matt Green participated in resolving complaints about Quick Fix, including complaints that there were "floaties" in certain batches of Quick Fix. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 30 of the Complaint.

31. DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and on this basis denies the same.

32. DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and on this basis denies the same.

33. DR. GREENS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and on this basis denies the same.

34. DR. GREENS denies the allegations of Paragraph 34 of the Complaint.

35. DR. GREENS denies the allegations of Paragraph 35 of the Complaint.

36. DR. GREENS denies the allegations of Paragraph 36 of the Complaint.

37. DR. GREENS admits that the '776 patent claims a closed list of biocides. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 37 of the Complaint.

**IV. Spectrum's Investigation Of Dr. Greens' Agent X Product**

38. DR. GREENS admits that it has sold its own privately-labeled synthetic urine products under the brand names "Agent X," "Super Hero," and "Field Kit". Except as so admitted, DR. GREENS denies the remaining allegations of paragraph 38 of the Complaint.

39. The identity of any DR. GREENS' supplier is a closely guarded trade secret subject to protection under an existing protective order.

40. The method of manufacture of any synthetic urine sold by Dr. Greens is a closely guarded trade secret subject to protection under an existing protective order.

41. DR. GREENS admits that it sells a powder version of Agent X, however, the method of manufacture of any synthetic urine sold by Dr. Greens is a closely guarded trade secret subject to protection under an existing protective order.

42. DR. GREENS admits that it sells Super Hero and Field Kit in a liquid form. The method of manufacture of any synthetic urine sold by Dr. Greens is a closely guarded trade secret subject to protection under an existing protective order.

43. The formula for all synthetic urine sold by Dr. Greens is subject to protection under an existing protective order. Notwithstanding said protection and expressly subject thereto, DR. GREENS admits that it possesses information that each and every synthetic sold by Dr. GREENS under the names Super Hero, Field Kit, Agent X does not infringe any claim of the '776 patent.

44. DR. GREENS admits that David Cupar wrote a letter on July 22, 2009 to numerous synthetic suppliers, including DR. GREENS, and demanding DR. GREENS to provide "any basis for which you do not believe that you infringe." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 44 of the Complaint.

45. DR. GREENS admits that it denies the baseless claims of infringement made against it by defendants and their attorneys. DR. GREENS also admits that it has not provided the entire formula for any synthetic urine sold by it to Defendants, however, DR. GREENS has identified the biocide used in its synthetic urine products to said Defendants. Said biocide is the only information necessary to determine that there is no possibility of infringement of any claim of the '776 Patent by any synthetic urine sold by DR. GREENS. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 45 of the Complaint.

46. DR. GREENS admits that David Cupar has repeatedly demanded the formula of DR. GREENS' synthetic urines. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 46 of the Complaint.

47. DR. GREENS admits that it has not provided the entire formula for any synthetic urine sold by it to Defendants, however, DR. GREENS has identified the biocide used in its synthetic urine products. Said biocide is the only information necessary to determine that there is no possibility of infringement of any claim of the '776 Patent by any synthetic urine sold by DR. GREENS. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 47 of the Complaint.

1    48. DR. GREENS admits that on or about February 11, 2011, David Cupar sent DR.

2    GREENS' counsel, as well as counsel for numerous other synthetic urine suppliers, a

3    letter containing the language "please provide the formula and method used to

4    manufacture that product so we can test the accuracy of that contention in accordance

5    with 35 U.S.C. § 295." Except as so admitted, DR. GREENS denies the remaining

6    allegations of Paragraph 48 of the Complaint.

7    **V. Dr. Greens Files This Baseless Lawsuit Against Spectrum And Mr. Stephens**

8    49. The identity of any DR. GREENS' supplier is a closely guarded trade secret

9    subject to protection under an existing protective order. DR. GREENS also admits that it

10   has not provided the entire formula for any synthetic urine sold by it to Defendants,

11   however, DR. GREENS has identified the biocide used in its synthetic urine products.

12   Said biocide is the only information necessary to determine that there is no possibility of

13   infringement of any claim of the '776 Patent by any synthetic urine sold by DR.

14   GREENS. Dr. GREENS also admits that it filed this lawsuit against Spectrum

15   Laboratories, LLC and James Matthew Stephens. Except as so admitted, DR. GREENS

16   denies the remaining allegations of Paragraph 49 of the Complaint.

17   50. DR. GREENS admits that Matt Green participated in the decision to file this

18   lawsuit and to name James Matthew Stephens personally. Except as so admitted, DR.

19   GREENS denies the remaining allegations of Paragraph 50 of the Complaint.

20   51. DR. GREENS admits the amended complaint seeks a declaration that the '776

21   patent is invalid on multiple grounds, including based upon the allegation that

22   "Defendants manufactured and sold product covered by one or more claims of the '776

23   Patent years before the filing date of the '776 Patent, and hence in violation of 35 U.S.C.

24   § 102(b), resulting in any issued patent being invalid on its face." Except as so admitted,

25   DR. GREENS denies the remaining allegations of Paragraph 51 of the Complaint.

26   52. DR. GREENS denies the allegations of Paragraph 52 of the Complaint.

27   53. DR. GREENS denies the allegations of Paragraph 53 of the Complaint.

28

54. DR. GREENS admits that James Matthew Stephens provided a verified discovery response claiming that Spectrum Laboratories, Inc.'s (Spectrum Inc.") pre-2003 product was chemically distinct from present-day Quick Fix and the former lacked any of the biocides claimed in the '776 patent." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 54 of the Complaint.

55. DR. GREENS denies the allegations of Paragraph 55 of the Complaint.

56. DR. GREENS admits the allegations of Paragraph 56 of the Complaint.

57. DR. GREENS denies the allegations of Paragraph 57 of the Complaint.

58. The formula for all synthetic urine sold by Dr. Greens is subject to protection under an existing protective order. Notwithstanding the protective order, DR. GREENS admits that Matt Green knew the biocide used in DR. GREENS' synthetic urine products. Said biocide is the only information necessary to determine that there is no possibility of infringement of any claim of the '776 Patent by any synthetic urine sold by DR. GREENS. Except as so admitted and subject to the protective order, DR. GREENS denies the remaining allegations of Paragraph 58 of the Complaint.

59. DR. GREENS denies the allegations of Paragraph 59 of the Complaint.

60. DR. GREENS admits that its claims for monetary damage include damages sustained by DR. GREENS resulting from the Legal Action Notification letter being widely circulated by Defendants. Except as so admitted, Dr. Greens denies the remaining allegations of Paragraph 60 of the Complaint.

61. DR. GREENS admits that Paragraph 111 of the First Amended Complaint alleges that "Defendants have mischaracterized Plaintiff's products as an infringement of the '776 Patent in a deliberate effort to coerce Dr. GREENS into disclosing the formula for its synthetic urine." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 61 of the Complaint.

62. DR. GREENS denies the allegations of Paragraph 62 of the Complaint.

63. DR. GREENS admits that it alleged that Spectrum Laboratories, LLC and James Matthew Stephens widely circulated the Legal Action Notification Letter in bad faith.

Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 63 of the Complaint.

64. DR. GREENS admits that it alleged that James Matthew Stephens was responsible for the creation and transmission of the Legal Action Notification. DR. GREENS admits that it alleged that James Matthew Stephens either personally authored or otherwise authorized as the president of SPECTRUM INC or manager of SPECTRUM LLC the Legal Action Notification letter. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 64 of the Complaint.

65. DR. GREENS admits that James Matthew Stephens provided a discovery response stating "Stephens did not author the notice. While Stephens thinks one or more persons in Spectrum's Marketing Department created the notice, he does not know the specific person or persons who authored it." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 65 of the Complaint.

66. DR. GREENS admits that it has asserted declaratory relief claims against James Matthew Stephens. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 66 of the Complaint.

67. DR. GREENS denies the allegations of Paragraph 67 of the Complaint.


**VI. Dr. Green's False Ad**

68. DR. GREENS admits that Exhibit 2 is a copy of DR. GREENS' ad as published in "Headquest Magazine." Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 68 of the Complaint.

69. DR. GREENS admits the Ad claims that "we invented detox!" Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 69 of the Complaint.

70. DR. GREENS admits the Ad states that DR. GREENS has been in business for "20 YRS." DR. GREENS also admits that the California Secretary of State records show that Dr. Greens incorporated on March 22, 2011 and another Dr. Greens, Inc. is in suspended

form. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 70 of the Complaint.

71. DR. GREENS admits that the Ad depicts crumpled boxes of Quick Fix, along with crushed boxes of other DR. GREENS' competitor's products, beneath a box of Agent X. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 71 of the Complaint.

72. DR. GREENS admits that it did not seek permission from Spectrum Laboratories, LLC to use an image of Quick Fix boxes. Except as so admitted, DR. GREENS denies the remaining allegations of Paragraph 72 of the Complaint.

**Count One**

*Patent Infringement Under the Patent Act, 35 U.S.C. § 271*

73. DR. GREENS hereby repeats and incorporates herein its response to Paragraphs 1 through 72 as though set forth fully herein.

74. DR. GREENS denies the allegations of Paragraph 74 of the Complaint.

75. DR. GREENS denies the allegations of Paragraph 75 of the Complaint.

76. DR. GREENS denies the allegations of Paragraph 76 of the Complaint.

77. DR. GREENS denies the allegations of Paragraph 77 of the Complaint.

78. DR. GREENS denies the allegations of Paragraph 78 of the Complaint.

79. DR. GREENS denies the allegations of Paragraph 79 of the Complaint.

80. DR. GREENS denies the allegations of Paragraph 80 of the Complaint.

81. DR. GREENS denies the allegations of Paragraph 81 of the Complaint.

82. DR. GREENS denies the allegations of Paragraph 82 of the Complaint.

**Count Two**

*False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)*

83. DR. GREENS hereby repeats and incorporates herein its response to Paragraphs 1 through 82 as though set forth fully herein.

84. DR. GREENS admits the allegations of Paragraph 84 of the Complaint.

85. DR. GREENS admits the allegations of Paragraph 85 of the Complaint.

86. DR. GREENS denies the allegations of Paragraph 86 of the Complaint.

87. DR. GREENS denies the allegations of Paragraph 87 of the Complaint.

88. DR. GREENS denies the allegations of Paragraph 88 of the Complaint.

89. DR. GREENS denies the allegations of Paragraph 89 of the Complaint.

90. DR. GREENS denies the allegations of Paragraph 90 of the Complaint.

91. DR. GREENS denies the allegations of Paragraph 91 of the Complaint.

92. DR. GREENS denies the allegations of Paragraph 92 of the Complaint.

### Count Three

*Violations of Ohio's Deceptive Trade Practices Act,*

*Ohio Rev. Code §4165.01-04*

93. DR. GREENS hereby repeats and incorporates herein its response to Paragraphs 1 through 92 as though set forth fully herein.

94. DR. GREENS denies the allegations of Paragraph 94 of the Complaint.

95. DR. GREENS denies the allegations of Paragraph 95 of the Complaint.

96. DR. GREENS denies the allegations of Paragraph 96 of the Complaint.

### Count Four

*Violations of California's Unfair Competition Law,*

*Cal. Bus. & Profs. Code § 17200*

97. DR. GREENS hereby repeats and incorporates herein its response to Paragraphs 1 through 96 as though set forth fully herein.

98. DR. GREENS denies the allegations of Paragraph 98 of the Complaint.

99. DR. GREENS denies the allegations of Paragraph 99 of the Complaint.

100.     DR. GREENS denies the allegations of Paragraph 100 of the Complaint.

101.     DR. GREENS denies the allegations of Paragraph 101 of the Complaint.

102.     DR. GREENS denies the allegations of Paragraph 102 of the Complaint.

### Count Five

*Unfair Competition under Ohio Common Law*

103.     DR. GREENS hereby repeats and incorporates herein its response to Paragraphs 1 through 102 as though set forth fully herein.

104.     DR. GREENS denies the allegations of Paragraph 104 of the Complaint.

105.     DR. GREENS denies the allegations of Paragraph 105 of the Complaint.

106.     DR. GREENS denies the allegations of Paragraph 106 of the Complaint.

107.     DR. GREENS denies the allegations of Paragraph 107 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

108.     The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

109.     Spectrum Laboratories, LLC lacks sufficient right, title, or interest in the '776 Patent to maintain this suit.

## THIRD AFFIRMATIVE DEFENSE

110.     DR. GREENS does not infringe, and has not infringed (either directly, contributorily, by inducement, jointly, literally, or under the doctrine of equivalents) any valid and/or enforceable claim of the '776 Patent.

## FOURTH AFFIRMATIVE DEFENSE

111.     One of more claims of the '776 Patent is invalid or void for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and 112.

## FIFTH AFFIRMATIVE DEFENSE

112.     SPECTRUM's claims for relief are barred, in whole or in part, by failure of SPECTRUM and/or its licensees to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

113.     The relief sought by SPECTRUM is barred in whole or in part by prosecution history estoppels and/or under the doctrine of laches, including without limitations laches during prosecution of the '776 Patent in the U.S. Patent and Trademark Office.

### SEVENTH AFFIRMATIVE DEFENSE

114.     SPECTRUM's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286, 287. SPECTRUM's recovery of costs is limited under 35 U.S.C. § 288.

### EIGHTH AFFIRMATIVE DEFENSE

115.     SPECTRUM's claims for relief, including its assertion of the '776 Patent against DR. GREENS are each barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

116.     Upon information and belief, the relief sought by SPECTRUM is barred in whole or in part pursuant to an express and/or implied license.

### TENTH AFFIRMATIVE DEFENSE

117.     Upon information and belief, SPECTRUM is barred in whole or in part by the doctrines of patent exhaustion, patent misuse, and/or the first sale doctrine from enforcing the '776 Patent against DR. GREENS.

### ELEVENTH AFFIRMATIVE DEFENSE

118.     The relief sought by SPECTRUM is barred in whole or in part by the active engagement of fraud on the Patent Office by intentionally failing to disclose known prior art during the prosecution of the patent application for the '776 Patent in the U.S. Patent and Trademark Office.

### TWELFTH AFFIRMATIVE DEFENSE

119.     SPECTRUM is barred in whole or in part by the doctrines of estoppels, acquiescence, and wavier from enforcing the '776 Patent against DR. GREENS.

### THIRTEENTH AFFIRMATIVE DEFENSE

1     120.     The relief sought by SPECTRUM is barred in whole or in part by the

2 SPECTRUM's and/or Defendant Stephens' own prior sale of products embodying one or

3 more claims of the '776 Patent more than one year prior to the earliest priority date for the

4 '776 Patent.

5                    **FOURTEENTH AFFIRMATIVE DEFENSE**

6     121.     SPECTRUM's claims are barred, in whole or in part, because it has not

7 suffered detriment, injury or damage.

8                    **FIFTEENTH AFFIRMATIVE DEFENSE**

9     122.     If SPECTRUM has suffered any injury or damage, then it failed to mitigate

10 those damages.

11                **SIXTEENTH AFFIRMATIVE DEFENSE**

12     123.     SPECTRUM failed to comply with the requirements of Rule 11 in the

13 United States Code of Civil Procedure, which require a person who sues a party under the

14 patent laws to conduct a reasonable pre-filing investigation prior to bringing suit against

15 another party.  SPECTRUM failed to perform such investigation and is therefore in

16 violation of Rule 11.

17             **SEVENTEENTH AFFIRMATIVE DEFENSE**

18     124.     SPECTRUM's claims are barred because the allegedly false, defamatory or

19 disparaging statement or statements set forth in the Complaint are statements of opinion.

20             **EIGHTEENTH AFFIRMATIVE DEFENSE**

21     125.     SPECTRUM's claims are barred because the allegedly defamatory or

22 disparaging statement or statements are true.

23             **NINETEENTH AFFIRMATIVE DEFENSE**

24     126.     SPECTRUM's claims are barred because the allegedly false, defamatory or

25 disparaging statement or statements are statements of opinion, which DR. GREENS

26 believed, as a matter of DR. GREENS' opinion, to be true.

27               **TWENTIETH AFFIRMATIVE DEFENSE**

28

127.     SPECTRUM's claims are barred because the allegedly false, defamatory or disparaging statement or statements set forth in the Complaint are rhetorical hyperbole or puffery.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

128.     Some or all of SPECTRUM's claims are barred by the First Amendment and the state and federal constitutional protections afforded free speech.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

129.     SPECTRUM's claims are barred because SPECTRUM has suffered no harm, to its reputation, its business or otherwise, as a result of the alleged false, defamatory or disparaging statement or statements set forth in the Complaint or as a result of any other conduct set forth in the Complaint.

130.     DR. GREENS reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, DR. GREENS prays for relief as follows:

1. Judgment that DR. GREENS has not infringed any valid claim of the '776 Patent;

2. Judgment that the asserted claims of the '776 Patent are not valid;

3. Judgment that the asserted claims of the '776 Patent are not enforceable;

4. Judgment that SPECTRUM takes nothing by this action;

5. Judgment that this action be declared an exceptional case under 35 U.S.C. § 285, and that DR. GREENS be awarded its costs, including reasonable attorney's fees; and

6. For such other relief as the Court deems just and proper.


Dated: May 29, 2012 Gary L. Eastman, APLC




By   _/s/ Gary L. Eastman_____
    Gary L. Eastman, Esq.
    Attorney for Plaintiff

**PROOF OF SERVICE**

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served SPECTRUM LABORATORIES, LLC and JAMES MATTHEW STEPHENS the following documents:

PLAINTIFF DR. GREENS, INC.'S ANSWER TO DEFENDANT AND
COUNTERCLAIMANT SPECTRUM LABORATORIES, LLC's COUNTERCLAIM

in the following manner: (check one)

1. _____        By personally delivering copies to the person served.

2. _____        By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3. _____        By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4. _____        By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at 401 West A Street, Suite 1785, San Diego, CA 92101 on December 22, 2011.

5. __X__        By ECF Filing Service by filing the above-identified documents with the Court via ECF electronic filing to attorneys of record in the case.

| David B. Cupar | J. Christopher Jaczko |
|---|---|
| Matthew J. Cavanagh | Jaczko Goddard LLP |
| McDonald Hopkins, LLP | 4401 Eastgate Mall |
| 600 Superior Avenue East | San Diego, CA 92121 |
| Cleveland, OH 44114 | |

Executed on May 29, 2012, at San Diego, California.

_/s/ Gary L. Eastman_____
Gary L. Eastman, Esq.

PROOF OF SERVICE

i