**EXHIBIT 2**



UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 03/20/2007 | 7192776 | 25692-00003 | 3396 |

33772        7590        02/28/2007

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

James Matthew Stephens, Cincinnati, OH;

EXHIBIT 1 PAGE 2

IR103 (Rev. 11/05)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or <u>Fax</u> (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

33772    7590    11/24/2006

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

02/08/2007 FMETEKI2 00000067 10766165
01 FC:2501          700.00 OP
02 FC:1504          300.00 OP

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

Marian E. Vasquez _____ (Depositor's name)

_Marian Vasquez_ _____ (Signature)

February 5, 2007 _____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

TITLE OF INVENTION: SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 02/26/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| WALLENHORST, MAUREEN | 1743 | 436-008000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

**2. For printing on the patent front page, list**

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 McDonald Hopkins LLC

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)**

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

**4a. The following fee(s) are submitted:**

☒ Issue Fee

☒ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☒ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number 13-0265 (enclose an extra copy of this form).

**5. Change in Entity Status (from status indicated above)**

☒ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.        ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____        Date February 5, 2007

Typed or printed name David B. Cupar        Registration No. 47,510

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

EXHIBIT 1 PAGE 3

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application:  James Matthew Stevens      Group Art Unit:  1743

Serial No.:  10/766,165      Examiner:  Wallenhorst, Maureen

Filing Date: January 28, 2004      Docket No.:  25692-00003

Title:  SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

Mail Stop Issue Fee
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## CERTIFICATE OF MAILING UNDER 37 C.F.R. 1.8

Dear Sir:

I hereby certify that these papers are being deposited with the United States Postal Service with sufficient postage as first class mail on the date below and in an envelope addressed to: Mail Stop Issue Fee, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*FEBRUARY 5, 2007*
Date of Deposit

*MARIAN E. VASQUEZ*
(Typed or Printed Name)

*Marian E Vasquez*
Signature

Documents Enclosed:

1.    Issue Fee Transmittal (1 page)
2.    Check in the amount of $1,000.00
3.    Return Receipt Postcard

{1096439:}

EXHIBIT 1 PAGE 4

# BEST AVAILABLE COPY

PTO/SB/08A (02-03)
Approved for use through 04/30/2003, OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

## INFORMATION DISCLOSURE
## STATEMENT BY APPLICANT
(Use as many sheets as necessary)

Sheet | 1 | of | 1

**Complete if Known**

| | |
|---|---|
| Application Number | 10/766,165 |
| Filing Date | Jan. 28, 2004 |
| First Named Inventor | James M. Stephens |
| Art Unit | Not yet assigned 1743 |
| Examiner Name | Not yet assigned (Wallenhorst) |
| Attorney Docket Number | 25692-00003 |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.¹ | Document Number — Number-Kind Code² (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| mw | | US- 4,146,644 | 3/79 | Griffith | |
| mw | | US- 5,036,013 | 7/91 | Wood, et al. | |
| mw | | US- 5,328,954 | 7/94 | Sarangapani | |
| mw | | US- 5,489,281 | 2/96 | Watanabe, et al. | |
| mw | | US- 6,306,422 | 10/01 | Batich, et al. | |
| mw | | US- 2002/016807 | 8/02 | Novinski, et al. | |
| | | US- 20020106807 | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

MR
1-3-7

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.¹ | Foreign Patent Document — Country Code³ Number⁴ Kind Code⁵ (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T⁶ |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | Maureen Wallenhorst | Date Considered | 1-18-05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

EXHIBIT 1 PAGE 5

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 33772 7590 11/24/2006 | **EXAMINER** | |
| MCDONALD HOPKINS CO., LPA | WALLENHORST, MAUREEN | |
| 2100 BANK ONE CENTER | **ART UNIT** | **PAPER NUMBER** |
| 600 SUPERIOR AVENUE, E. | 1743 | |
| CLEVELAND, OH 44114-2653 | DATE MAILED: 11/24/2006 | |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

TITLE OF INVENTION: SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 02/26/2007 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.

EXHIBIT 1 PAGE 6

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**
Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

33772      7590      11/24/2006

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

TITLE OF INVENTION: SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 02/26/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| WALLENHORST, MAUREEN | 1743 | 436-008000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

EXHIBIT 1 PAGE 7

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.      OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

33772    7590    11/24/2006

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

| EXAMINER |
|---|
| WALLENHORST, MAUREEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | |

DATE MAILED: 11/24/2006

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 0 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 0 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.                    EXHIBIT 1 PAGE 8

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 10/766,165 | STEPHENS, JAMES MATTHEW |
| | Examiner | Art Unit | |
| | Maureen M. Wallenhorst | 1743 | |

## -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendment received on September 18, 2006*.

2. ☒ The allowed claim(s) is/are *1-2, 4, 6-8, 10, 12, 21, 13-14, 20, 19 (renumbered 1-13)*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

       1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☒ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☒ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

## EXAMINER'S AMENDMENT

1.    An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with David Cupar on October 3, 2006.

On line 10 of claim 1, line 7 of claim 7 and line 8 of claim 13, the word "guanides," was deleted.

2.    The following is an examiner's statement of reasons for allowance: Application serial no. 10/766,165 is being allowed since none of the prior art of record teaches or fairly suggests a synthetic urine composition comprising water having a pH of between 3 and 10, creatinine, an ionic compound dissolved in the composition so as to give the composition a specific gravity of between 1.005 and 1.025 g/cm3, and a biocide selected from one of the specific biocides recited in independent claims 1, 7 and 13. Specifically, none of the prior art of record teaches or fairly suggests a synthetic or artificial urine solution that mimics urine and has one of the recited biocides therein.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

EXHIBIT 1 PAGE 10

3.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Maureen M. Wallenhorst whose telephone number is 571-272-

1266.  The examiner can normally be reached on Monday-Thursday from 6:00 AM to 4:30 PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Jill Warden, can be reached on 571-272-1267.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

                                                          Maureen M. Wallenhorst
                                                          Primary Examiner
                                                          Art Unit 1743

mmw

October 4, 2006

                                    Maureen M. Wallenhorst
                                    MAUREEN M. WALLENHORST
                                    PRIMARY EXAMINER
                                    GROUP 1700

EXHIBIT 1 PAGE 11

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/766,165 | STEPHENS, JAMES MATTHEW |
| | Examiner | Art Unit | |
| | Maureen M. Wallenhorst | 1743 | |

**All Participants:**                          **Status of Application:** _____

  (1) <u>Maureen M. Wallenhorst</u>.              (3) _____.

  (2) <u>David Cupar</u>.                        (4) _____.

**Date of Interview:** <u>3 October 2006</u>              **Time:** _____

**Type of Interview:**
☒ Telephonic
☐ Video Conference
☐ Personal (Copy given to: ☐ Applicant    ☐ Applicant's representative)

Exhibit Shown or Demonstrated: ☐ Yes    ☒ No
  If Yes, provide a brief description:

**Part I.**

Rejection(s) discussed:
*none*

Claims discussed:
*1, 7, 13*

Prior art documents discussed:
*Dorn*

**Part II.**

SUBSTANCE OF INTERVIEW DESCRIBING THE GENERAL NATURE OF WHAT WAS DISCUSSED:
*It was agreed to delete the guanide biocide from claims 1, 7 and 13 in order to define over the reference to Dorn and place the application in condition for allowance. See Examiner's Amendment.*

**Part III.**

☒ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview directly resulted in the allowance of the application. The examiner will provide a written summary of the substance of the interview in the Notice of Allowability.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview did not result in resolution of all issues. A brief summary by the examiner appears in Part II above.

_____          _____
(Examiner/SPE Signature)                   (Applicant/Applicant's Representative Signature – if appropriate)

| Issue Classification | Application/Control No. 10/766,165 | Applicant(s)/Patent under Reexamination STEPHENS, JAMES MATTHEW |
|---|---|---|
| | Examiner Maureen M. Wallenhorst | Art Unit 1743 |

# ISSUE CLASSIFICATION

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | NON-CLAIMED | | | | |
| 436 | 8 | G | 0 | 1 | N31 | /00 | G | 0 | 1 | N31 | /00 |

| CROSS REFERENCES | | | | |
|---|---|---|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | / |
| 436 | 18 | 98 | | / |
| 252 | 408.1 | | | / |
| 424 | 545 | | | / |
| | | | | / |
| | | | | / |

| (Assistant Examiner)    (Date) | MAUREEN M. WALLENHORST PRIMARY EXAMINER GROUP 1600 1700 Maureen M. Wallenhorst Maureen M. Wallenhorst (Primary Examiner)    (Date) 10-4-06 | Total Claims Allowed: 13 | |
|---|---|---|---|
| (Legal Instruments Examiner)    (Date) | | O.G. Print Claim(s) 1 | O.G. Print Fig. none |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | (1) | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| 2 | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| 3 | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| 4 | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| 5 | (7) | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| 6 | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| 7 | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| 8 | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| 10 | (13) | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| 11 | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| 13 | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| 12 | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| 9 | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

EXHIBIT 1 PAGE 13

## *Search Notes*

| Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|
| 10/766,165 | STEPHENS, JAMES MATTHEW |
| **Examiner** | **Art Unit** | |
| Maureen M. Wallenhorst | 1743 | |

**SEARCHED**

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 436 | 8,18,19,98 | 10/3/2006 | MW |
| 252 | 408.1 | | |
| 424 | 545 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SEARCH NOTES (INCLUDING SEARCH STRATEGY)**

| | DATE | EXMR |
|---|---|---|
| search updated--see EAST, WEST and STN printouts | 10/3/2006 | MW |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**INTERFERENCE SEARCHED**

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 436 | 8,18,19, | 10/3/2006 | MW |
| 436 | 98 | | |
| 252 | 408.1 | | |
| 424/545 | | | |

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# *BIBDATASHEET*

Bib Data Sheet

**CONFIRMATION NO. 3396**

| SERIAL NUMBER 10/766,165 | FILING DATE 01/28/2004 RULE | CLASS 436 | GROUP ART UNIT 1743 | ATTORNEY DOCKET NO. 25692-00003 |
|---|---|---|---|---|

**APPLICANTS**

James Matthew Stephens, Cincinnati, OH;

** CONTINUING DATA ***********************
VmW

** FOREIGN APPLICATIONS ********************
VmW

IF REQUIRED, FOREIGN FILING LICENSE GRANTED ** 04/03/2004

** SMALL ENTITY **

| Foreign Priority claimed | ☐ yes ☒ no | STATE OR | SHEETS | TOTAL | INDEPENDENT |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met | ☐ yes ☒ no ☐ Met after Allowance | COUNTRY | DRAWING | CLAIMS | CLAIMS |
| Verified and Acknowledged mW | Examiner's Signature    Initials | OH | | 20 | 3 |

**ADDRESS**
33772
MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND , OH
44114-2653

**TITLE**
Synthetic urine and method of manufacturing same

| | | |
|---|---|---|
| FILING FEE RECEIVED 450 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

EXHIBIT 1 PAGE 15

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 287 | guanide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 13:57 |
| L2 | 76 | l1 same biguanide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 13:57 |
| L3 | 0 | l2 same urine | US-PGPUB; USPAT | OR | OFF | 2006/10/03 13:57 |
| L4 | 3 | l2 same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 13:58 |
| L5 | 3 | l2 same antibacterial$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:05 |
| L6 | 38 | guanide$1 near5 biguanide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:21 |
| L7 | 167221 | @pd>"20060607" | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:21 |
| L8 | 4434 | urine same (artificial$2 or synthetic$4 or man-made or (man adj made)) | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:22 |
| L9 | 8 | l7 and 436/8.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:22 |
| L10 | 2 | l9 and l8 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:23 |
| L11 | 5 | l7 and 436/18.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:23 |
| L12 | 0 | l11 and l8 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:23 |
| L13 | 3 | l7 and 436/98.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:23 |
| L14 | 1 | l13 and l8 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:24 |
| L15 | 3 | l7 and 252/408.1.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:24 |
| L16 | 0 | l15 and l8 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:24 |
| L17 | 0 | l7 and 424/545.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:24 |
| L18 | 6 | stephens-james-matthew-.in. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:26 |
| L19 | 0 | stephens-james-matthew-$.in. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:26 |
| L20 | 0 | stephens-james-m-$.in. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:26 |
| L21 | 4 | stephens-james-m-.in. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:27 |

# EAST Search History

| L22 | 4 | I21 not I18 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:26 |
|-----|---|-------------|-----------------|-----|-----|------------------|
| L23 | 2 | stephens-james-.in. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:27 |
| L24 | 146 | stephens-james-$.in. | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:27 |
| L25 | 240 | I8 and creatinine | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:27 |
| L26 | 26 | I25 and (biocide$1 or antibacterial$1 or antiseptic$1) | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:39 |
| L27 | 1382 | (artificial adj urine) or (synthetic$4 near3 urine) | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:40 |
| L28 | 14 | I27 same (biocide$1 or antiseptic$4 or antibacterial$1) | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:40 |
| L29 | 54146 | I28 nt I26 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:40 |
| L30 | 7 | I28 not I26 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:42 |
| L31 | 5061258 | (2-bromo-4-hydroxyacetophenone) or bronopol$1 or carbamate$1 or chlorothioether$1 or (2-2-dibromo-3-nitrilopropionamide) or (2-(decylthio)ethanamine) or glutaraldehyde$1 or guanide$1 or isothiazoline$1 or (methylene adj bis(thiocyanate)) or polyquat or (alkyldimethylbenzylammonium adj chloride) or sulfone$1 or (bis(tributyltin) adj oxide) or tertbuthylazine$1 or (tetra-2,4, 6-cyano-3-benzonitrile) or (2(thiocyanomethylthio)benzothiazole) or thione$1 or (tetrakish(hydroxymethyl)phosphoniu m adj sulfate) or (tributyltetradecylphosphonium adj chloride) or peroxide$1 or hypochlorite$1 or (super adj oxide$1) | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:59 |
| L32 | 1382 | I31 and I27 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:54 |
| L33 | 4434 | I31 and I8 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:58 |
| L34 | 594 | I31 same I27 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 14:59 |

| L35 | 464692 | hydroxyacetophenone or bronopol$1 or carbamate$1 or chlorothioether$1 or nitrilopropionamide or (decylthio)ethanamine or glutaraldehyde$1 or guanide$1 or isothiazoline$1 or (methylene adj bis(thiocyanate)) or polyquat or (alkyldimethylbenzylammonium adj chloride) or sulfone$1 or (bis(tributyltin) adj oxide) or tertbuthylazine$1 or benzonitrile or (2(thiocyanomethylthio)benzothiazole) or thione$1 or (tetrakish(hydroxymethyl)phosphonium adj sulfate) or (tributyltetradecylphosphonium adj chloride) or peroxide$1 or hypochlorite$1 or (super adj oxide$1) | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:01 |
|-----|--------|---|---|---|---|---|
| L36 | 682 | l35 and l27 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:03 |
| L37 | 92 | carbamate$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:04 |
| L38 | 24 | bronopol near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:04 |
| L39 | 0 | chlorothioether$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:04 |
| L40 | 1 | chlorothioether$1 same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:05 |
| L41 | 0 | chlorothioether$1 same antibacterial$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:05 |
| L42 | 0 | chlorothioether$1 same antiseptic$4 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:05 |
| L43 | 218 | glutaraldehyde$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:06 |
| L44 | 57 | isothiazoline$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:08 |
| L45 | 53 | sulfone$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:09 |
| L46 | 228 | peroxide$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:09 |
| L47 | 172 | hypochlorite$1 near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:10 |
| L48 | 0 | (super adj oxide$1) near10 biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:11 |
| L49 | 6 | (super adj oxide$1) same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/10/03 15:11 |

# WEST Search History

Hide Items | Restore | Clear | Cancel

DATE: Tuesday, October 03, 2006

| Hide? | Set Name | Query | Hit Count |
|---|---|---|---|
| | | *DB=EPAB,JPAB,DWPI,TDBD; PLUR=YES; OP=ADJ* | |
| ☐ | L13 | L12 not l9 | 10 |
| ☐ | L12 | l7 and antibiotic$1 | 13 |
| ☐ | L11 | L10 not l9 | 4 |
| ☐ | L10 | l7 and antiseptic$4 | 6 |
| ☐ | L9 | l7 and antibacterial$2 | 17 |
| ☐ | L8 | L7 and biocide$1 | 1 |
| ☐ | L7 | urine and (artificial$2 or synthetic$4 or manmade or man-made or (man adj made)) | 862 |
| ☐ | L6 | stephens-james-$.in. | 7 |
| ☐ | L5 | stephens-james-.in. | 0 |
| ☐ | L4 | stephens-james-m-.in. | 0 |
| ☐ | L3 | stephens-james-m-$.in. | 0 |
| ☐ | L2 | stephens-james-matthew-$.in. | 0 |
| ☐ | L1 | stephens-james-matthew-.in. | 0 |

END OF SEARCH HISTORY

EXHIBIT 1 PAGE 19

d his

(FILE 'HOME' ENTERED AT 16:08:28 ON 03 OCT 2006)

FILE 'CAPLUS, CAOLD, MEDLINE, BIOSIS' ENTERED AT 16:08:52 ON 03 OCT 2006
                     E STEPHENS JAMES MATTHEW/AU
L1          6 S E2-E3
L2          5 DUP REMOV L1 (1 DUPLICATE REMOVED)
L3        860 S (SYNTHETIC URINE) OR (ARTIFICIAL URINE) OR (MANMADE URINE) OR
L4        860 S (SYNTHETIC? URINE) OR (ARTIFICIAL? URINE) OR (MANMADE URINE)
L5          5 S L4 AND BIOCIDE?
L6          3 DUP REMOV L5 (2 DUPLICATES REMOVED)
L7         18 S L4 AND ANTIBACTERIAL?
L8         13 DUP REMOV L7 (5 DUPLICATES REMOVED)
L9         15 S L4 AND ANTIBIOTIC?
L10         8 DUP REMOV L9 (7 DUPLICATES REMOVED)

FILE 'STNGUIDE' ENTERED AT 16:47:45 ON 03 OCT 2006

FILE 'CAPLUS, CAOLD, MEDLINE, BIOSIS' ENTERED AT 16:48:30 ON 03 OCT 2006
L11         3 S L4 AND ANTISEPTIC?
L12         3 DUP REMOV L11 (0 DUPLICATES REMOVED)
L13     50794 S URINE AND CREATININE
L14       726 S L13 AND (ARTIFICIAL? OR SYNTHETIC?)
L15         0 S L14 AND SPECIFIC GRAVITY
L16        17 S L14 AND (BIOCIDE? OR ANTIBACTERIAL? OR ANTIBIOTIC? OR ANTISEP
L17        11 DUP REMOV L16 (6 DUPLICATES REMOVED)

EXHIBIT 1 PAGE 20



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |

Title:    SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

### AMENDMENT AND RESPONSE

Dear Sir:

In response to the June 7, 2006 Office Action, Applicant submits the following Amendment and Response.  As this Response is being filed under a Certificate of Mailing dated September 14, 2006, Applicant encloses herewith a petition for a one-month extension of time and a check in the amount of $60.00 for the corresponding fee.  If, however, any additional fees are required regarding the filing of this Response, please charge such fees to our Deposit Account No. 13-0265.  Please amend the application as follows.

# CLAIMS

1.    (Presently Amended)    A synthetic urine solution comprising:

water having a pH between 3 and 10;

creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis;

at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$; and

wherein said biocide is selected from the group consisting of ~~BHAP~~ 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, ~~DBNPA~~ 2-2-Dibromo-3-nitrilopropionamide, ~~DTEA, DTEA II~~ 2-(Decylthio)ethanamine, guanides, ~~biguanides,~~ glutaraldehydes, isothiazolines, ~~MBT~~ Methylene bis(thiocyanate), polyquat, ~~ADBAC~~ Alkyldimethylbenzylammonium chloride, sulfones, ~~TBTO~~ Bis(tributyltin) oxide, tertbuthylazines, ~~TCCBN~~ Tetrachloro-2, 4,6-cyano-3-benzonitrile, ~~TCMTB~~ 2(thiocyanomethylthio)benzothiazole, thiones, ~~THPS, TKHPS~~ Tetrakish(hydroxymethyl)phosphonium sulfate, ~~TTPC~~ Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, ~~bromides,~~ and super oxides.

2.    (Previously Amended) The synthetic urine solution of claim 1, further including urea dissolved within said solution.

3.    (Previously Cancelled)

4.    (Original)    The synthetic urine solution of claim 1, wherein said at least one ionic compound is selected from the group consisting of carbonate salts, halide salts, hydroxide salts and bromides.

5.    (Previously Cancelled)

6.    (Original)    The synthetic urine solution of claim 4, further including urea dissolved within said solution.

7.    (Presently Amended)   A method of manufacturing a synthetic urine solution comprising:

providing water;

dissolving creatinine and biocide into said water to form a solution exhibiting a specific gravity level, said creatinine and biocide being selected in relative concentrations to minimize sepsis, wherein said biocide is selected from the group consisting of ~~BHAP~~ 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, ~~DBNPA~~ 2-2-Dibromo-3-nitrilopropionamide, ~~DTEA, DTEA II~~ 2-(Decylthio)ethanamine, guanides, ~~biguanides~~, glutaraldehydes, isothiazolines, ~~MBT~~ Methylene bis(thiocyanate), polyquat, ~~ADBAC~~ Alkyldimethylbenzylammonium chloride, sulfones, ~~TBTO~~ Bis(tributyltin) oxide, tertbuthylazines, ~~TCCBN~~ Tetrachloro-2, 4,6-cyano-3-benzonitrile, ~~TCMTB~~ 2(thiocyanomethylthio)benzothiazole, thiones, ~~THPS, TKHPS~~ Tetrakish(hydroxymethyl)phosphonium sulfate, ~~TTPC~~ Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, ~~bromides~~, and super oxides; and

adjusting said specific gravity level of said solution to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$.

8.    (Original)    The method of claim 7 further comprising sealing said synthetic urine solution within a container so as to further minimize sepsis of said synthetic urine solution.

9.    (Previously Cancelled)

10.    (Presently Amended)   The method of claim   8 further comprising adding urea to said synthetic urine solution.

11.    (Presently Cancelled)   ~~The method of claim 7 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.~~

12.    (Original)    The method of claim 7 further comprising adding urea to said synthetic urine solution.

13.    (Presently Amended)   A method of manufacturing a synthetic urine solution comprising:

providing water having a pH between 3 and 10;

dissolving creatinine and at least one dissociating ionic compound in the water to form a

solution exhibiting a specific gravity, said creatinine and at least one dissociating ionic compound selected in relative concentrations to adjust said specific gravity to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$; adding a biocide into said solution, said biocide is selected from the group consisting of ~~BHAP~~ 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, ~~DBNPA~~ 2-2-Dibromo-3-nitrilopropionamide, ~~DTEA, DTEA II~~ 2-(Decylthio)ethanamine, guanides, ~~biguanides~~, glutaraldehydes, isothiazolines, ~~MBT~~ Methylene bis(thiocyanate), polyquat, ~~ADBAC~~ Alkyldimethylbenzylammonium chloride, sulfones, ~~TBTO~~ Bis(tributyltin) oxide, tertbuthylazines, ~~TCCBN~~ Tetrachloro-2, 4,6-cyano-3-benzonitrile, ~~TCMTB~~ 2(thiocyanomethylthio)benzothiazole, thiones, ~~THPS,    TKHPS~~ Tetrakish(hydroxymethyl)phosphonium sulfate, ~~TTPC~~ Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, ~~bromides~~, and super oxides; and
removing bacteria from said solution.

14.    (Original)    The method of claim 13 wherein the step of dissolving creatinine and at least one dissociating ionic compound also includes dissolving urea in the water, said urea selected in a concentration relative to that of said creatinine and at least one dissociating ionic compound so as to maintain the specific gravity of the solution between 1.005 g/cm$^3$ and 1.025 g/cm$^3$.

15.    (Previously Cancelled)

16.    (Previously Cancelled)

17.    (Previously Cancelled)

18.    (Previously Cancelled)

19.    (Original)    The method of claim 13, further comprising the step of sealing said synthetic urine solution within a container.

20.    (Original)    The method of claim 14, further comprising the step of sealing said synthetic urine solution within a container.

21.    (Presently Amended)    The ~~matter~~ method of ~~Claim~~ claim 7, further comprising the step of adjusting the pH level of the solution between 3 and 10.

## REMARKS

These remarks are presented in response to the June 7, 2006 Office Action.

### Objections

Applicant has amended claims 1, 7, 13, and 21 to resolve the Examiner's objections. The amendments made to claims 1, 7, 13, and 21 in no way limit, or are meant to limit, the scope of those claims or and claims dependent therefrom.

### 35 U.S.C. §112

Applicant has cancelled claim 11 to overcome the Examiner's § 112 rejection. The cancellation of claim 11 does not limit or is meant to limit the scope of any of the pending claims.

### 35 U.S.C. §103

Applicant traverses the rejections of claims 1-2, 4, 6-8, 10-14, and 19-21 as obvious over (1) US 2004/0077106 to Haddad; and (2) Haddad in view of U.S. Patent No. 6,716,632 to Dorn, as those references alone or in combination with one another fail to teach or disclose the addition of biocides in synthetic urine. In an effort to obtain allowance, however, Applicant has amended independent claims 1, 7, and 13 so that they do not recite "bromides" or "biguanides." Applicant reserves the right to file one or more continuing applications to seek other claim coverage.

Reconsideration and allowance of the claims is hereby requested.

Respectfully submitted,

David B. Cupar, Esq.
Reg. No. 47510
McDonald Hopkins Co. LPA
600 Superior Ave., E.
Cleveland, OH 44114
216.348.5400 - telephone
216.348.5474 - facsimile

Date 9/14/06

PTO/SB/22 (07-06)
Approved for use through 09/30/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a)**

**FY 2005**

*(Fees pursuant to the Consolidated Appropriations Act, 2005 (H.R. 4818).)*

| | |
|---|---|
| Docket Number (Optional) | |
| 25692-00003 | |

| Application Number | 10/766,165 | Filed | January 28, 2004 |
|---|---|---|---|

| For | SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME |
|---|---|

| Art Unit | 1743 | Examiner | Maureen Wallenhorst |
|---|---|---|---|

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

| | | Fee | Small Entity Fee | |
|---|---|---|---|---|
| [X] | One month (37 CFR 1.17(a)(1)) | $120 | $60 | $ 60.00 |
| [ ] | Two months (37 CFR 1.17(a)(2)) | $450 | $225 | $_____ |
| [ ] | Three months (37 CFR 1.17(a)(3)) | $1020 | $510 | $_____ |
| [ ] | Four months (37 CFR 1.17(a)(4)) | $1590 | $795 | $_____ |
| [ ] | Five months (37 CFR 1.17(a)(5)) | $2160 | $1080 | $_____ |

[ ] Applicant claims small entity status. See 37 CFR 1.27.

[X] A check in the amount of the fee is enclosed.

[ ] Payment by credit card. Form PTO-2038 is attached.

[ ] The Director has already been authorized to charge fees in this application to a Deposit Account.

[X] The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to Deposit Account Number ____13-0265____. I have enclosed a duplicate copy of this sheet.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

[ ] applicant/inventor.

[ ] assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) is enclosed (Form PTO/SB/96).

[X] attorney or agent of record. Registration Number ____47,510____

[ ] attorney or agent under 37 CFR 1.34.
Registration number if acting under 37 CFR 1.34 _____

| | |
|---|---|
| *(signature)* | September 14, 2006 |
| Signature | Date |
| David B. Cupar | 216-430-2036 |
| Typed or printed name | Telephone Number |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.136(a). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

EXHIBIT 1 PAGE 26



*If w/*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |
| Title: | SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## CERTIFICATE OF MAILING UNDER 37 C.F.R. 1.8

Dear Sir:

I hereby certify that these papers are being deposited with the United States Postal Service with sufficient postage as first class mail on the date below and in an envelope addressed to: Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

_September 14, 2006_
Date of Deposit

_Jacqueline K. Bozick_
(Typed or Printed Name)

_Jacqueline K. Bozick_
Signature

Documents Enclosed:
1. Amendment and Response (5 pages)
2. Petition for Extension of Time (1 page)
3. Check in the amount of $60.00
4. Return Receipt Postcard

{1002947:}

EXHIBIT 1 PAGE 27

# PATENT APPLICATION FEE DETERMINATION RECORD
## Effective October 1, 2003

Application or Docket Number

25892 - 00003

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 20 | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 20 minus 20= | 0 |
| INDEPENDENT CLAIMS | 3 minus 3 = | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| BASIC FEE | 385.00 | OR | BASIC FEE | 770.00 |
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | ÷290= | |
| TOTAL | 385. | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

9.18.0 ## CLAIMS AS AMENDED - PART II

| AMENDMENT A | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|---|
| | Total | • 13 | Minus | ** 20 | = 0 |
| | Independent | • 3 | Minus | *** 3 | = 0 |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | ÷290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT B | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|---|
| | Total | • | Minus | ** | = |
| | Independent | • | Minus | *** | = |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| XS 9= | | OR | X18= | |
| X43= | | OR | X86= | |
| +145= | | OR | ÷290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT C | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|---|
| | Total | • | Minus | ** | = |
| | Independent | • | Minus | *** | = |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | ÷290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875  (Rev 10/03)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

EXHIBIT 1 PAGE 28



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

33772          7590          06/07/2006

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

| EXAMINER |
|---|
| WALLENHORST, MAUREEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | |

DATE MAILED: 06/07/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

EXHIBIT 1 PAGE 29

PTO-90C (Rev. 10/03)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/766,165 | STEPHENS, JAMES MATTHEW |
| | Examiner | Art Unit |
| | Maureen M. Wallenhorst | 1743 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>17 April 2006</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _1,2,4,6-8,10-14 and 19-21_ is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _1,2,4,6-8,10-14 and 19-21_ is/are rejected.
7) ☒ Claim(s) _1-2, 4, 6-8, 10-14, 19-21_ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some *  c)☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

1.      Claims 1-2, 4, 6-8, 10-14 and 19-21 are objected to because of the following

informalities:  In independent claims 1, 7 and 13, the full meanings for the abbreviations "BHAP,

DBNPA, DTEA, DTEA II, MBT, ADBAC, TBTO, TCCBN, TCMTB, THPS, TKHPS and

TTPC should be recited.  In claim 21, the preamble "The matter of claim 7" should be changed

to –The method of claim 7—since independent claim 7 recites a method.  Appropriate correction

is required.

2.      Claim 11 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

       Claim 11 is indefinite since it is broader in scope than independent claim 7 from which it

depends.  In particular, the recited types of biocides recited in claim 11 are broader in scope than

the particular biocides recited in independent claim 7.  It is suggested to cancel claim 11 since

claim 7 has now been amended to recite certain particular biocides.

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

4.      The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148 USPQ 459

(1966), that are applied for establishing a background for determining obviousness under 35

U.S.C. 103(a) are summarized as follows:

1.      Determining the scope and contents of the prior art.
2.      Ascertaining the differences between the prior art and the claims at issue.
3.      Resolving the level of ordinary skill in the pertinent art.

EXHIBIT 1 PAGE 31

    4.    Considering objective evidence present in the application indicating obviousness or nonobviousness.

5.    Claims 1-2, 4, 6-8, 10-14 and 19-21 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haddad (US 2004/0077106).

    Haddad teaches of a synthetic urine and a method for making it. The synthetic urine comprises appropriate amounts of individual components of human urine such that the sample appears to be a genuine human urine. The synthetic urine comprises creatinine in normal levels, salts such as chlorides, phosphates and sulfates, and water to dilute the formulation. The synthetic urine has a specific gravity between about 1.00 and 1.035 g/cm$^3$, and a pH between about 4 and 9. The urine can also include urea therein, and optionally a buffer to establish or maintain a pH of 4 to 9. Haddad teaches that a preservative can also be included in the artificial urine composition. The urine composition is preferably packaged in a sealed container such as a sealed pouch or airtight container. To form the urine composition, creatinine and salts are dissolved in water, and the resulting solution is stirred, shaken or mixed. Optional components of urea, a buffer and a preservative are also dissolved in the water. See paragraphs nos. 0012-0020 and 0024-0031 in Haddad. Haddad also teaches that a heat activator such as lithium bromide can be included in the synthetic urine composition. See paragraph no. 0033 in Haddad. While Haddad teaches that this material may be added to the composition for the purpose of being a heat activator, it also would inherently act as a biocide similar to the "bromides" recited in the instant claims that perform this function. Haddad fails to teach that the water used to make the synthetic urine has a pH between 3 and 10, and fails to teach that the preservative is present at a concentration that minimizes sepsis or bacterial growth in the synthetic urine.

EXHIBIT 1 PAGE 32

However, it would have been obvious to one of ordinary skill in the art at the time of the

instant invention to use the preservative in the synthetic urine composition taught by Haddad in a

concentration that minimizes sepsis or bacterial growth since Haddad teaches that the synthetic

urine is for the purpose of testing instrumentation used to analyze patient urine samples, and

therefore, it must remain stable and free of bacterial growth and sepsis for a prolonged time

period of time. It also would have been obvious to one of ordinary skill in the art to use water

having a pH between 3-10 to make the synthetic urine taught by Haddad since Haddad teaches

that the synthetic urine should have a pH between these values, and the use of water already

having a pH in this range avoids the use of a buffer to establish the required pH level.

6.      Claims 1-2, 4, 6-8, 10-14 and 19-21 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Haddad in view of Dorn (US patent no. 6,716,632). For a teaching of Haddad,

see previous paragraphs in this Office action. Haddad fails to teach of one of the biocides as

specifically recited in the instant claims being included in the synthetic urine composition other

than a bromide. Haddad also fails to teach that the water used to make the synthetic urine has a

pH between 3 and 10.

Dorn teaches of a composition for preserving and transporting body fluids such as urine

samples. The composition includes therein a biguanide biocide such as chlorhexidine. See lines

25-33 in column 4, lines 62-65 in column 9, lines 51-54 in column 15 and lines 54-57 in column

23 of Dorn that teach of the preservation of urine samples with a formulation that includes a

biguanide biocide.

Based upon the combination of Haddad and Dorn, it would have been obvious to one of

ordinary skill in the art at the time of the instant invention to include a biocide such as the

EXHIBIT 1 PAGE 33

biguanide biocide taught by Dorn in the synthetic urine composition taught by Haddad since the synthetic urine composition of Haddad includes a preservative therein that typically acts to prevent the growth of microorganisms, and Dorn teaches that urine compositions should include a biocide such as a biguanide therein in order to prevent the growth of microorganisms. It also would have been obvious to one of ordinary skill in the art to use water having a pH between 3-10 to make the synthetic urine taught by Haddad since Haddad teaches that the synthetic urine should have a pH between these values, and the use of water already having a pH in this range avoids the use of a buffer to establish the required pH level.

7.      The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Please make note of: Lynch et al who teach of a synthetic urine composition containing a bromide therein, i.e. potassium bromide. See Table III in column 5 of Lynch et al.

EXHIBIT 1 PAGE 34

8.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Jill Warden, can be reached on 571-272-1267. The fax phone number for the

organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published applications

may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

                                              Maureen M. Wallenhorst
                                              Primary Examiner
                                              Art Unit 1743

mmw

June 1, 2006

Maureen M. Wallenhorst

**MAUREEN M. WALLENHORST**
**PRIMARY EXAMINER**
**GROUP 1700**

EXHIBIT 1 PAGE 35

## Notice of References Cited

| | | | | |
|---|---|---|---|---|
| **Notice of References Cited** | Application/Control No. 10/766,165 | Applicant(s)/Patent Under Reexamination STEPHENS, JAMES MATTHEW | | |
| | Examiner Maureen M. Wallenhorst | Art Unit 1743 | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-4,714,564 | 12-1987 | Lynch et al. | 510/402 |
| * | B | US-6,716,632 | 04-2004 | Dorn, Gordon L. | 436/18 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

### Search Notes



| Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|
| 10/766,165 | STEPHENS, JAMES MATTHEW |
| **Examiner** | **Art Unit** | |
| Maureen M. Wallenhorst | 1743 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 436 | 8,18,98 | 6/1/2006 | MW |
| 252 | 408.1 | | |
| 424 | 545 | ↓ | ↓ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| search updated--see EAST, WEST, and STN printouts | 6/1/2006 | MW |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |

| | Index of Claims | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|
| | | 10/766,165 | STEPHENS, JAMES MATTHEW |
| | | Examiner | Art Unit | |
| | | Maureen M. Wallenhorst | 1743 | |

| √ | Rejected | – | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| Final | Original | Date 1-9-0-6 | | | | | | | | | | Final | Original | Date | | | | | | | | | | Final | Original | Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | (1) | √ | | | | | | | | | | | 51 | | | | | | | | | | | | 101 | | | | | | | | | |
| | 2 | √ | | | | | | | | | | | 52 | | | | | | | | | | | | 102 | | | | | | | | | |
| | 3 | | | | | | | | | | | | 53 | | | | | | | | | | | | 103 | | | | | | | | | |
| | 4 | √ | | | | | | | | | | | 54 | | | | | | | | | | | | 104 | | | | | | | | | |
| | 5 | | | | | | | | | | | | 55 | | | | | | | | | | | | 105 | | | | | | | | | |
| | 6 | √ | | | | | | | | | | | 56 | | | | | | | | | | | | 106 | | | | | | | | | |
| | (7) | √ | | | | | | | | | | | 57 | | | | | | | | | | | | 107 | | | | | | | | | |
| | 8 | √ | | | | | | | | | | | 58 | | | | | | | | | | | | 108 | | | | | | | | | |
| | 9 | | | | | | | | | | | | 59 | | | | | | | | | | | | 109 | | | | | | | | | |
| | 10 | √ | | | | | | | | | | | 60 | | | | | | | | | | | | 110 | | | | | | | | | |
| | 11 | √ | | | | | | | | | | | 61 | | | | | | | | | | | | 111 | | | | | | | | | |
| | 12 | √ | | | | | | | | | | | 62 | | | | | | | | | | | | 112 | | | | | | | | | |
| | (13) | √ | | | | | | | | | | | 63 | | | | | | | | | | | | 113 | | | | | | | | | |
| | 14 | √ | | | | | | | | | | | 64 | | | | | | | | | | | | 114 | | | | | | | | | |
| | 15 | | | | | | | | | | | | 65 | | | | | | | | | | | | 115 | | | | | | | | | |
| | 16 | | | | | | | | | | | | 66 | | | | | | | | | | | | 116 | | | | | | | | | |
| | 17 | | | | | | | | | | | | 67 | | | | | | | | | | | | 117 | | | | | | | | | |
| | 18 | | | | | | | | | | | | 68 | | | | | | | | | | | | 118 | | | | | | | | | |
| | 19 | √ | | | | | | | | | | | 69 | | | | | | | | | | | | 119 | | | | | | | | | |
| | 20 | √ | | | | | | | | | | | 70 | | | | | | | | | | | | 120 | | | | | | | | | |
| | 21 | √ | | | | | | | | | | | 71 | | | | | | | | | | | | 121 | | | | | | | | | |
| | 22 | | | | | | | | | | | | 72 | | | | | | | | | | | | 122 | | | | | | | | | |
| | 23 | | | | | | | | | | | | 73 | | | | | | | | | | | | 123 | | | | | | | | | |
| | 24 | | | | | | | | | | | | 74 | | | | | | | | | | | | 124 | | | | | | | | | |
| | 25 | | | | | | | | | | | | 75 | | | | | | | | | | | | 125 | | | | | | | | | |
| | 26 | | | | | | | | | | | | 76 | | | | | | | | | | | | 126 | | | | | | | | | |
| | 27 | | | | | | | | | | | | 77 | | | | | | | | | | | | 127 | | | | | | | | | |
| | 28 | | | | | | | | | | | | 78 | | | | | | | | | | | | 128 | | | | | | | | | |
| | 29 | | | | | | | | | | | | 79 | | | | | | | | | | | | 129 | | | | | | | | | |
| | 30 | | | | | | | | | | | | 80 | | | | | | | | | | | | 130 | | | | | | | | | |
| | 31 | | | | | | | | | | | | 81 | | | | | | | | | | | | 131 | | | | | | | | | |
| | 32 | | | | | | | | | | | | 82 | | | | | | | | | | | | 132 | | | | | | | | | |
| | 33 | | | | | | | | | | | | 83 | | | | | | | | | | | | 133 | | | | | | | | | |
| | 34 | | | | | | | | | | | | 84 | | | | | | | | | | | | 134 | | | | | | | | | |
| | 35 | | | | | | | | | | | | 85 | | | | | | | | | | | | 135 | | | | | | | | | |
| | 36 | | | | | | | | | | | | 86 | | | | | | | | | | | | 136 | | | | | | | | | |
| | 37 | | | | | | | | | | | | 87 | | | | | | | | | | | | 137 | | | | | | | | | |
| | 38 | | | | | | | | | | | | 88 | | | | | | | | | | | | 138 | | | | | | | | | |
| | 39 | | | | | | | | | | | | 89 | | | | | | | | | | | | 139 | | | | | | | | | |
| | 40 | | | | | | | | | | | | 90 | | | | | | | | | | | | 140 | | | | | | | | | |
| | 41 | | | | | | | | | | | | 91 | | | | | | | | | | | | 141 | | | | | | | | | |
| | 42 | | | | | | | | | | | | 92 | | | | | | | | | | | | 142 | | | | | | | | | |
| | 43 | | | | | | | | | | | | 93 | | | | | | | | | | | | 143 | | | | | | | | | |
| | 44 | | | | | | | | | | | | 94 | | | | | | | | | | | | 144 | | | | | | | | | |
| | 45 | | | | | | | | | | | | 95 | | | | | | | | | | | | 145 | | | | | | | | | |
| | 46 | | | | | | | | | | | | 96 | | | | | | | | | | | | 146 | | | | | | | | | |
| | 47 | | | | | | | | | | | | 97 | | | | | | | | | | | | 147 | | | | | | | | | |
| | 48 | | | | | | | | | | | | 98 | | | | | | | | | | | | 148 | | | | | | | | | |
| | 49 | | | | | | | | | | | | 99 | | | | | | | | | | | | 149 | | | | | | | | | |
| | 50 | | | | | | | | | | | | 100 | | | | | | | | | | | | 150 | | | | | | | | | |



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## *BIBDATASHEET*

Bib Data Sheet

**CONFIRMATION NO. 3396**

| SERIAL NUMBER 10/766,165 | FILING DATE 01/28/2004 RULE | CLASS 436 | GROUP ART UNIT 1743 | ATTORNEY DOCKET NO. 25692-00003 |
|---|---|---|---|---|

**APPLICANTS**

James Matthew Stephens, Cincinnati, OH;

** CONTINUING DATA ***********************
√mW

** FOREIGN APPLICATIONS ******************
√mW

IF REQUIRED, FOREIGN FILING LICENSE GRANTED
** 04/03/2004

** SMALL ENTITY **

| Foreign Priority claimed ☐ yes ☒ no | STATE OR | SHEETS | TOTAL | INDEPENDENT |
| 35 USC 119 (a-d) conditions met ☐ yes ☒ no ☐ Met after Allowance | COUNTRY | DRAWING | CLAIMS | CLAIMS |
| Verified and Acknowledged mW  Examiner's Signature    Initials | OH | | 20 | 3 |

ADDRESS
33772
MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND , OH
44114-2653

TITLE
Synthetic urine and method of manufacturing same

| FILING FEE RECEIVED 450 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other |
| | | ☐ Credit |

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | "20040077106".pn. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:42 |
| L2 | 1 | l1 and preservative$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:42 |
| L3 | 349 | preservative$1 near5 (peroxide$1 or bromide$1 or hypochlorite$1 or superoxide$1 or (super adj oxide$1)) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:46 |
| L4 | 0 | l3 same urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:43 |
| L5 | 24 | l3 and urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:43 |
| L6 | 111 | preservative$1 near5 bromide$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:46 |
| L7 | 1 | l6 and urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:46 |
| L8 | 0 | preservative$1 near5 (lithium adj bromide$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:47 |
| L9 | 13 | preservative$1 same (lithium adj bromide$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:48 |
| L10 | 70 | preservative near5 bronopol$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:48 |
| L11 | 0 | l10 same urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:48 |
| L12 | 409 | urine same preservative$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:48 |
| L13 | 0 | l12 same (bhap or bronopol$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:48 |
| L14 | 0 | l12 same (carbamate$1 or chlorothioether$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:49 |
| L15 | 0 | l12 same (dbnpa or dtea) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:49 |
| L16 | 3 | l12 same (guanide$1 or biguanide$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 14:49 |

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 214395 | @pd>"20051220" | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:23 |
| L2 | 4254 | urine same (synthetic$4 or artificial$2 or man-made or (mad adj made) or manmade) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L3 | 16 | l1 and 436/8.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L4 | 0 | l3 and l2 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L5 | 4 | l1 and 436/18.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L6 | 0 | l5 and l2 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L7 | 1 | l1 and 436/98.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L8 | 0 | l7 and l2 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L9 | 2 | l1 and 252/408.1.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:25 |
| L10 | 0 | l9 and l2 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:26 |
| L11 | 2 | l1 and 424/545.ccls. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:26 |
| L12 | 0 | l11 and l2 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:26 |
| L13 | 211 | l1 and l2 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:26 |
| L14 | 1 | l13 and biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:29 |
| L15 | 1 | "20040077106".pn. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:29 |
| L16 | 0 | l15 and peroxide$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:29 |
| L17 | 0 | l15 and hypochlorite$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:29 |
| L18 | 1 | l15 and bromide$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:31 |
| L19 | 0 | l15 and (superoxide$1 or (super adj oxide$1)) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:31 |
| L20 | 0 | l15 and carbamate$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:31 |

# EAST Search History

| | | | | | | |
|---|---|---|---|---|---|---|
| L21 | 0 | I15 and sulfone$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:32 |
| L22 | 0 | I15 and thione$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:32 |
| L23 | 1503 | (artificial$2 or synthetic$4) near5 urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:32 |
| L24 | 5 | I23 same (bronopol$1 or carbamate$1 or chlorothioether$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:35 |
| L25 | 7 | I23 same (guanide$1 or biguanide$1 or glutaraldehyde$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:37 |
| L26 | 0 | I23 same (isothiazoline$1 or polyquat or sulfone$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:38 |
| L27 | 0 | I23 same (tertbuthylazine$1 or thione$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:38 |
| L28 | 11 | I23 same (peroxide$1 or hypochlorite$1 or bromide$1 or superoxide$1 or (super adj oxide$1)) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:55 |
| L29 | 1 | I23 same (bhap or dbnpa or dtea or mbt or adbac or tbto) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 09:56 |
| L30 | 0 | I23 same (tccbn or tcmtb or thps or tkhps or ttpc) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 10:05 |
| L31 | 4 | I23 same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 10:06 |
| L32 | 21 | I23 same antimicrob$3 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:21 |
| L33 | 1 | "5100807".pn. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:21 |
| L34 | 1 | "4825851".pn. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:22 |
| L35 | 1 | "4024256".pn. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:23 |
| L36 | 1 | "4590800".pn. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:23 |
| L37 | 83 | biocide$1 same (bronopol$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:23 |
| L38 | 4 | I37 same (dbnpa or dtea or mbt or adbac) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:25 |
| L39 | 1 | I38 and urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:25 |
| L40 | 3 | I37 same (tbto or tccbn or tcmtb or thps or tkhps or ttpc) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:26 |
| L41 | 12 | I37 same (carbamate$1 or chlorothioether$1 or guanide$1 or biguanide$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:32 |

# EAST Search History

| L42 | 1 | l41 and urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:27 |
|-----|---|---------------|-----------------|-----|------|------------------|
| L43 | 11 | l41 not l42 | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:27 |
| L44 | 12 | l37 same (glutaraldehyde$1 or isothiazoline$1 or polyquat) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:33 |
| L45 | 1 | l44 and urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:33 |
| L46 | 4 | l37 same (sulfone$1 or tertbuthylazine$1 or thione$1) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:34 |
| L47 | 1 | l46 and urine | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:33 |
| L48 | 2 | l37 same (peroxide$1 or hypoclorite$1 or bromide$1 or superoxide$1 or (super adj oxide$1)) | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:34 |
| L49 | 6 | stephens-james-matthew-.in. | US-PGPUB; USPAT | OR | OFF | 2006/06/01 13:34 |

# WEST Search History

[ Hide Items ] [ Restore ] [ Clear ] [ Cancel ]

DATE: Thursday, June 01, 2006

| Hide? | Set Name | Query | Hit Count |
|-------|----------|-------|-----------|
| | | *DB=EPAB,JPAB,DWPI,TDBD; PLUR=YES; OP=ADJ* | |
| ☐ | L34 | l4 and antimicrob$3 | 16 |
| ☐ | L33 | l4 and (preservative$1) | 2 |
| ☐ | L32 | l4 and (super adj oxide$1) | 0 |
| ☐ | L31 | l4 and superoxide$1 | 0 |
| ☐ | L30 | l4 and bromide$1 | 3 |
| ☐ | L29 | l4 and hypochlorite$1 | 0 |
| ☐ | L28 | l4 and peroxide$1 | 6 |
| ☐ | L27 | l4 and ttpc | 0 |
| ☐ | L26 | l4 and tkhps | 0 |
| ☐ | L25 | l4 and thps | 0 |
| ☐ | L24 | l4 and thione$1 | 0 |
| ☐ | L23 | l4 and tcmtb | 0 |
| ☐ | L22 | l4 and tccbn | 0 |
| ☐ | L21 | l4 and tertbuthylazine$1 | 0 |
| ☐ | L20 | l4 and tbto | 0 |
| ☐ | L19 | l4 and sulfone$1 | 1 |
| ☐ | L18 | l4 and adbac | 0 |
| ☐ | L17 | l4 and polyquat | 0 |
| ☐ | L16 | l4 and mbt | 0 |
| ☐ | L15 | l4 and isothiazoline$1 | 0 |
| ☐ | L14 | l4 and glutaraldehyde$1 | 1 |
| ☐ | L13 | l4 and biguanide$1 | 2 |
| ☐ | L12 | l4 and guanide$1 | 1 |
| ☐ | L11 | l4 and dtea | 0 |
| ☐ | L10 | l4 and dbnpa | 0 |
| ☐ | L9 | l4 and chlorothioether$1 | 0 |
| ☐ | L8 | l4 and carbamate$1 | 3 |
| ☐ | L7 | l4 and bronopol$1 | 0 |
| ☐ | L6 | l4 and bhap | 0 |
| ☐ | L5 | L4 and biocide$1 | 1 |

EXHIBIT 1 PAGE 44

| | | | |
|---|---|---|---|
| ☐ | L4 | urine and (artificial$2 or synthetic$4 or manmade or man-made or (man adj made)) | 846 |
| ☐ | L3 | stephens-james-m-$.in. | 0 |
| ☐ | L2 | stephens-james-matthew-$.in. | 0 |
| ☐ | L1 | stephens-james-matthew-.in. | 0 |

END OF SEARCH HISTORY

EXHIBIT 1 PAGE 45

```
=> d his

        (FILE 'HOME' ENTERED AT 14:15:44 ON 01 JUN 2006)

        FILE 'CAPLUS, CAOLD, MEDLINE, BIOSIS' ENTERED AT 14:20:00 ON 01 JUN 2006
                  E STEPHENS JAMES MATTHEW/AU
L1          6 S E2-E3
L2          5 DUP REMOV L1 (1 DUPLICATE REMOVED)
L3        843 S ARTIFICIAL URINE OR SYNTHETIC URINE OR MANMADE URINE OR MAN M
L4          5 S L3 AND BIOCIDE?
L5          3 DUP REMOV L4 (2 DUPLICATES REMOVED)
L6          0 S L3 AND BHAP
L7          0 S L3 AND BRONOPOL?
L8          1 S L3 AND CARBAMATE?
L9          0 S L3 AND CHLOROTHIOETHER?
L10         0 S L3 AND DBNPA
L11         0 S L3 AND DTEA
L12         0 S L3 AND GUANIDE?
L13         1 S L3 AND BIGUANIDE
L14         3 S L3 AND GLUTARALDEHYDE?
L15         0 S L3 AND ISOTHIAZOLINE?
L16         0 S L3 AND MBT
L17         0 S L3 AND POLYQUAT
L18         0 S L3 AND ADBAC
L19         3 S L3 AND SULFONE?
L20         0 S L3 AND TBTO
L21         0 S L3 AND TERTBUTHYLAZINE?
L22         0 S L3 AND TCCBN
L23         0 S L3 AND TCMTB
L24         0 S L3 AND THIONE?
L25         0 S L3 AND THPS
L26         0 S L3 AND TKHPS
L27         8 S L3 AND PEROXIDE?
L28         8 DUP REMOV L27 (0 DUPLICATES REMOVED)
L29         2 S L3 AND HYPOCHLORITE?
L30         7 S L3 AND BROMIDE?
L31         5 DUP REMOV L30 (2 DUPLICATES REMOVED)
L32         0 S L3 AND SUPER OXIDE?
L33         0 S L3 AND SUPEROXIDE?

=>
```

EXHIBIT 1 PAGE 46



PATENT APPLICATION

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |

Title:     SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## PRELIMINARY AMENDMENT

Dear Sir:

In response to the December 20, 2005 Office Action, Applicant submits the following preliminary amendment with the accompanying RCE application. Applicant respectfully authorizes payment for extension of time be charged to Deposit Account No. 13-0265. Please amend the application as follows.

{879171:2}

EXHIBIT 1 PAGE 47

## Restated Claims

1.  (Presently Amended)  A synthetic urine solution ~~consisting essentially of~~ comprising:

water having a pH between 3 and 10;

creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; ~~and~~

at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$; and

wherein said biocide is selected from the group consisting of BHAP, bronopols, carbamates, chlorothioethers, DBNPA, DTEA, DTEA II, guanides, biguanides, glutaraldehydes, isothiazolines, MBT, polyquat, ADBAC, sulfones, TBTO, tertbuthylazines, TCCBN, TCMTB, thiones, THPS, TKHPS, TTPC, peroxides, hypochlorites, bromides, and super oxides.


2.  (Presently Amended)  The synthetic urine solution of claim 1, ~~also~~ further including urea dissolved within said solution.


3.  (Presently Cancelled)  ~~The synthetic urine solution of claim 1, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.~~


4.  (Original)     The synthetic urine solution of claim 1, wherein said at least one ionic compound is selected from the group consisting of carbonate salts, halide salts, hydroxide salts and bromides.

5.      (Presently Cancelled) ~~The synthetic urine solution of claim 4, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in-situ agent.~~

6.      (Original)      The synthetic urine solution of claim 4, further including urea dissolved within said solution.

7.      (Presently Amended)  A method of manufacturing a synthetic urine solution comprising:

      providing water;

      dissolving creatinine and biocide into said water to form a solution exhibiting a specific gravity level, said creatinine and biocide being selected in relative concentrations to minimize sepsis, <u>wherein said biocide is selected from the group consisting of BHAP, bronopols, carbamates, chlorothioethers, DBNPA, DTEA, DTEA II, guanides, biguanides, glutaraldehydes, isothiazolines, MBT, polyquat, ADBAC, sulfones, TBTO, tertbuthylazines, TCCBN, TCMTB, thiones, THPS, TKHPS, TTPC, peroxides, hypochlorites, bromides, and super oxides;</u> and

      adjusting said specific gravity level of said solution to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$~~, and if necessary, adjusting the pH level of the solution to between 3 and 10~~.

8.      (Original)      The method of claim 7 further comprising sealing said synthetic urine solution within a container so as to further minimize sepsis of said synthetic urine solution.

9.      (Presently Cancelled) ~~The method of claim 8 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.~~

10.     (Presently Amended) The method of claim ~~9~~ 8 further comprising adding urea to said synthetic urine solution.

11.     (Original)     The method of claim 7 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

12.     (Original)     The method of claim 7 further comprising adding urea to said synthetic urine solution.

13.     (Presently Amended)  A method of manufacturing a synthetic urine solution comprising:

        providing water having a pH between 3 and 10;

        dissolving creatinine and at least one dissociating ionic compound in the water to form a solution exhibiting a specific gravity, said creatinine and at least one dissociating ionic compound selected in relative concentrations to adjust said specific gravity to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$; adding a biocide into said solution, said biocide selected from the group consisting of BHAP, bronopols, carbamates, chlorothioethers, DBNPA, DTEA, DTEA II, guanides, biguanides, glutaraldehydes, isothiazolines, MBT, polyquat, ADBAC, sulfones, TBTO, tertbuthylazines, TCCBN, TCMTB, thiones, THPS, TKHPS, TTPC, peroxides, hypochlorites, bromides, and super oxides; and

        removing bacteria from said solution.

14.  (Original)  The method of claim 13 wherein the step of dissolving creatinine and at least one dissociating ionic compound also includes dissolving urea in the water, said urea selected in a concentration relative to that of said creatinine and at least one dissociating ionic compound so as to maintain the specific gravity of the solution between 1.005 $g/cm^3$ and 1.025 $g/cm^3$.

15.  (Presently Cancelled)  ~~The method of claim 14 further comprising the step of adding a biocide to said synthetic urine solution.~~

16.  (Presently Cancelled)  ~~The method of claim 15 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.~~

17.  (Presently Cancelled)  ~~The method of claim 13 further comprising the steps of adding a biocide to the synthetic urine solution.~~

18.  (Presently Cancelled)  ~~The method of claim 17 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.~~

19.  (Original)  The method of claim 13, further comprising the step of sealing said synthetic urine solution within a container.

20.  (Original)  The method of claim 14, further comprising the step of sealing said synthetic urine solution within a container.

21.    (New)  The matter of Claim 7, further comprising the step of adjusting the pH level of the solution between 3 and 10.

## Remarks

These remarks are presented in response to the December 20, 2005 Office Action. As an initial matter, Applicant thanks the Examiner for her time during the February 7, 2006 Examiner's Interview and thanks the Examiner for the preparation of the Substance of Interview summary mailed on February 13, 2006.

The present preliminary amendment is attached to Applicant's RCE application. Applicant believes that the amendments made herein places the present application in condition for allowance. If the Examiner has any issues or concerns, she is encouraged to contact the undersigned.

Reconsideration and allowance of the claims is hereby requested.

Respectfully submitted,

David B. Cupar
Reg. No. 47510
McDonald Hopkins Co. LPA
600 Superior Ave., E.
Cleveland, OH 44114
216.348.5400 - telephone
216.348.5474 - facsimile

Date _4/4/06_

PTO/SB/22 (12-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless if displays a valid OMB control number.

OIPE · IAP25
APR 17 2006
PATENT & TRADEMARK OFFICE

R CE

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) FY 2005 (Fees pursuant to the Consolidated Appropriations Act, 2005 (H.R. 4818).) | Docket Number (Optional) 25692-00003 |
|---|---|
| Application Number  10/766,165 | Filed   January 28, 2004 |

| For   SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME |||
|---|---|---|
| Art Unit   1743 || Examiner   M. Wallenhorst |

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

|  | | Fee | Small Entity Fee | |
|---|---|---|---|---|
| X | One month (37 CFR 1.17(a)(1)) | $120 | $60 | $   60.00 |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $450 | $225 | $ |
| ☐ | Three months (37 CFR 1.17(a)(3)) | $1020 | $510 | $ |
| ☐ | Four months (37 CFR 1.17(a)(4)) | $1590 | $795 | $ |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $2160 | $1080 | $ |

[X] Applicant claims small entity status. See 37 CFR 1.27.

[X] A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

[X] The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to Deposit Account Number   13-0265   . I have enclosed a duplicate copy of this sheet.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ applicant/inventor.

☐ assignee of record of the entire interest. See 37 CFR 3.71.
    Statement under 37 CFR 3.73(b) is enclosed (Form PTO/SB/96).

[X] attorney or agent of record. Registration Number   47,510

☐ attorney or agent under 37 CFR 1.34.
    Registration number if acting under 37 CFR 1.34   _____

Signature                                        April 11, 2006
                                                      Date

David B. Cupar                               _____
Typed or printed name                        Telephone Number

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below.

☐ Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.136(a). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

EXHIBIT 1 PAGE 54

04/18/2006 HVUDNG1 00000020 10766165    60.00 OP
01 FC:2251

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |
| Title: | SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME | | |

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## CERTIFICATE OF MAILING UNDER 37 C.F.R. 1.8

Dear Sir:

I hereby certify that these papers are being deposited with the United States Postal Service with sufficient postage as first class mail on the date below and in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

April 11, 2006
Date of Deposit

Natalie E. Holmok
(Typed or Printed Name)

Signature

Documents Enclosed:

1. Transmittal for Request for Continued Examination (1 page)
2. Amendments for Request for Continued Examination (7 pages)
3. Petition for Extension of Time Under 37 CFR 1.136(a) (1 page)
4. Checks in the amount of $395.00 (RCE) and $60.00 (Petition for Extension of Time)
5. Return Receipt Postcard

{891899:}

EXHIBIT 1 PAGE 55

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |
| Title: | SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME | | |

**Mail Stop RCE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

## TRANSMITTAL FOR REQUEST FOR CONTINUED EXAMINATION

Dear Sir:

Enclosed please find a Request for Continued Examination (RCE) under 37 CFR 1.114 for the above-identified application and an Amendment. Applicant requests that all amendments and arguments provided herein be entered and considered. Enclosed please find a check in the amount of $395.00 for the fee under 37 CFR 1.17 (e). In the event additional fees are deemed to be due, please charge our Deposit Account No. 13-0265.

Respectfully submitted,

Date: 4/11/06

David B. Cupar, Reg. No. 47,510
McDonald Hopkins, Co., LPA
600 Superior Avenue, E.
Suite 2100
Cleveland, OH 44114-2653
(216) 348-5740

Enclosures

04/18/2006 HVUONG1 00000020 10766165
02 FC:2801                    395.00 OP

10/766165

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 2003

Application or Docket Number

25792-00003

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | | | RATE | FEE | | RATE | FEE |
| TOTAL CLAIMS | 20 | | BASIC FEE | 385.00 | | BASIC FEE | 770.00 |
| FOR | NUMBER FILED | NUMBER EXTRA | | | | | |
| TOTAL CHARGEABLE CLAIMS | 20 minus 20= | 0 | XS 9= | | OR | XS18= | |
| INDEPENDENT CLAIMS | 3 minus 3= | 0 | X43= | | OR | X86= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ | +145= | | OR | +290= | |
| | | | TOTAL | 385 | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

1.0240

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| Total | 20 | Minus | 20 | = | XS 9= | | OR | XS18= | |
| Independent | 3 | Minus | 3 | = | X43= | | OR | X86= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | +145= | | OR | +290= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 20 | Minus | 20 | = | XS 9= | | OR | XS18= | |
| Independent | 3 | Minus | 3 | = | X43= | | OR | X86= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | +145= | | OR | +290= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

$17.00

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 14 | Minus | 20 | 0 | XS 9= | | OR | XS18= | |
| Independent | 3 | Minus | 3 | 0 | X43= | | OR | X86= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | +145= | | OR | +290= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 10/03)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

10/766165

EXHIBIT 1 PAGE 57



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

33772     7590     02/13/2006

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

| EXAMINER |
|---|
| WALLENHORST, MAUREEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | |

DATE MAILED: 02/13/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

EXHIBIT 1 PAGE 58

| **Interview Summary** | Application No. | Applicant(s) |
| | 10/766,165 | STEPHENS, JAMES MATTHEW |
| | Examiner | Art Unit | |
| | Maureen M. Wallenhorst | 1743 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Maureen M. Wallenhorst_.                    (3)_James Matthew Stephens (Applicant)_.

(2) _David Cupar (Appl. Rep.)_.                    (4)_____.

Date of Interview: _07 February 2006_.

Type:  a)☒ Telephonic   b)☐ Video Conference
   c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
   If Yes, brief description: _____.

Claim(s) discussed: _all of record_.

Identification of prior art discussed: _Haddad, Adamczyk et al, Bernardin, Melius et al_.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _See Continuation Sheet_.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

MAUREEN M. WALLENHORST
PRIMARY EXAMINER
GROUP 1700

_Maureen M. Wallenhorst_
Examiner's signature, if required

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**

A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2 Business to be transacted in writing.**

All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

EXHIBIT 1 PAGE 60

2

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Applicant's Representative indicated that an RCE would be filed with amended claims that all use the open language of "comprising" in order to overcome the previous rejection under 35 USC 112, second paragraph.  In addition, Applicant's Representative indicated that the claims would be amended to recite the specific biocides mentioned on pages 8-9 of the specification in order to overcome the rejection of the claims under 35 USC 103 using the references to Haddad, Adamczyk et al, Bernardin and Melius et al since these references only teach of sodium azide and Germall as biocides in synthetic urine.  Applicant's Representative also indicated that new claims may be submitted that recite the use of a specific type of biocide that excludes sodium azide and Germall. All amendments and arguments presented in the RCE will be considered.  .

EXHIBIT 1 PAGE 61

3



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

33772        7590        12/20/2005

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH  44114-2653

| EXAMINER |
|---|
| WALLENHORST, MAUREEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | |

DATE MAILED: 12/20/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

EXHIBIT 1 PAGE 62

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/766,165 | STEPHENS, JAMES MATTHEW |
|  | **Examiner** | **Art Unit** |  |
|  | Maureen M. Wallenhorst | 1743 |  |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>06 October 2005</u>.

2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-20* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-20* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are:  a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All  b) ☐ Some * c) ☐ None of:

    1. ☐ Certified copies of the priority documents have been received.

    2. ☐ Certified copies of the priority documents have been received in Application No. _____.

    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

1.      Claims 2 and 6 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

Claim 2 is indefinite since it uses the open language of "also including". However, claim

1, from which claim 2 depends, uses the partially closed language of "consisting essentially of".

It is not clear what components the composition of claim 1 excludes and what components it can

include as "nonessential" components.  It is not clear how "consisting essentially of" in claim 1

is being interpreted since claim 2 uses open language.  See this same problem in claim 6.  For the

purposes of examining claims 1 and 2, "consisting essentially of" will be considered open to the

inclusion of other components.

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

3.      The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459

(1966), that are applied for establishing a background for determining obviousness under 35

U.S.C. 103(a) are summarized as follows:

1.      Determining the scope and contents of the prior art.
2.      Ascertaining the differences between the prior art and the claims at issue.
3.      Resolving the level of ordinary skill in the pertinent art.
4.      Considering objective evidence present in the application indicating obviousness
        or nonobviousness.

4.      Claims 1-20 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haddad (US

2004/0077106) in view of any one of Adamczyk et al, Bernardin or Melius et al.

EXHIBIT 1 PAGE 64.

Haddad teaches of a synthetic urine and a method for making it. The synthetic urine comprises appropriate amounts of individual components of human urine such that the sample appears to be a genuine human urine. The synthetic urine comprises creatinine in normal levels, salts such as chlorides, phosphates and sulfates, and water to dilute the formulation. The synthetic urine has a specific gravity between about 1.00 and 1.035 $g/cm^3$, and a pH between about 4 and 9. The urine can also include urea therein, and optionally a buffer to establish or maintain a pH of 4 to 9. Haddad teaches that a preservative can also be included in the artificial urine composition. The urine composition is preferably packaged in a sealed container such as a sealed pouch or airtight container. To form the urine composition, creatinine and salts are dissolved in water, and the resulting solution is stirred, shaken or mixed. Optional components of urea, a buffer and a preservative are also dissolved in the water. See paragraphs nos. 0012-0020 and 0024-0031 in Haddad. Haddad fails to teach that the water used to make the synthetic urine has a pH between 3 and 10, and fails to teach that the preservative serves to minimize sepsis or bacterial growth in the synthetic urine.

Adamczyk et al teach of an artificial urine composition that contains therein urea, creatinine, water and the preservative sodium azide at a pH of 7.3-7.5. See lines 13-21 in column 6 of Adamczyk et al. Sodium azide is a known bacterial inhibitor.

Bernardin teaches of a synthetic urine that comprises urea and a sodium azide preservative. See lines 1-4 in column 8 of Bernardin.

Melius et al teach of a synthetic urine composition that comprises various different salts, urea, water and Germall 115 preservative. See lines 12-28 in column 6 of Melius et al. Germall

EXHIBIT 1 PAGE 65

preservatives are known anti-bacterial compounds that serve to kill bacteria and minimize sepsis

in a solution.

Based upon the combination of Haddad with any one of Adamczyk et al, Bernardin or

Melius et al, it would have been obvious to one of ordinary skill in the art at the time of the

instant invention to use any one of the anti-bacterial preservatives taught by Adamczyk et al,

Bernardin or Melius et al as the preservative in the synthetic urine composition taught by Haddad

since each of Adamczyk et al, Bernardin or Melius et al teach that it is known in the art to

include in synthetic urine compositions antibacterial preservatives or biocides that preserve the

urine by killing bacteria therein and preventing sepsis or bacterial growth. It also would have

been obvious to one of ordinary skill in the art to use water having a pH between 3-10 to make

the synthetic urine taught by Haddad since Haddad teaches that the synthetic urine should have a

pH between these values, and the use of water already having a pH in this range avoids the use of

a buffer to establish the required pH level.

5.      Applicant's arguments filed October 6, 2005 have been fully considered but they are not

persuasive.

Applicant argues the rejection of the claims made under 35 USC 112, second paragraph

in the previous Office action mailed on January 24, 2005 by stating that the closed language of

claim 1 already limits the depending claims, and the term "including" in claims 2 and 6 only

serves to indicate a single additional element. This argument is not found persuasive since if

claim 1 uses the closed language of "consisting essentially of", then the claim is not open to the

addition of any more essential components to the composition such as urea recited in claims 2

and 6. If urea is an essential component of the synthetic urine composition, then it should be

EXHIBIT 1 PAGE 66

recited in independent claim 1 using the closed language along with the other essential

components of the composition.

Applicant argues the rejection of the claims under 35 USC 103 as being obvious over

Haddad in view of any one of Adamczyk et al, Bernardin, Melius et al or Watanabe et al by

stating that Haddad fails to teach that the preservative in the synthetic urine composition is a

biocide that kills microorganisms. In response to this argument, it is noted that the primary

reference to Haddad does not teach that the preservative is a "biocide" as defined by Applicant.

However, when Haddad is taken in combination with any one of the secondary references that

teach of the inclusion of a known biocide into a synthetic urine composition, it would have been

obvious to one of ordinary skill in the art to use as the preservative in the composition taught by

Haddad any one of the known biocides taught by the secondary references since these secondary

references disclose that it is advantageous to include biocides in synthetic urine compositions in

order to kill any microorganisms therein and prevent the growth of microorganisms so that the

urine may remain stable for a long period of time.

Applicant argues that neither reference to Adamczyk et al or Bernardin teaches that

sodium azide is a biocide or a bacterial inhibitor. In addition, Applicant argues that it would not

have been obvious to add the sodium azide taught by Adamczyk et al or Bernardin to the

synthetic urine composition taught by Haddad since sodium azide is explosive when exposed to

heat, and the synthetic urine composition of Haddad includes a heat activator in order to warm

the sample. In response to these arguments, it is noted that sodium azide is a well-known

biocidal material that serves to kill various microorganisms such as bacteria in samples. As

evidence of this, please see the patent to McConnell et al (US Patent no. 3,880,646), which

EXHIBIT 1 PAGE 67

teaches that sodium azide kills, deactivates and regulates the growth of organisms. See the

abstract and lines 18-21 in column 1 of McConnell et al. Therefore, contrary to Applicant's

argument, the sodium azide taught by both Adamczyk et al and Bernardin is an inherent and

well-known biocide. With regards to Applicant's argument concerning the heat instability of

sodium azide, it is noted that the heat activator in the synthetic urine composition taught by

Haddad only serves to heat the sample up to a temperature that is equivalent to human body

temperature, i.e. about 37°C. The patent to McConnell et al teaches that sodium azide is stable at

all temperatures up to 300 °C. See lines 27-29 in column 1 of McConnell et al. Therefore, it

would not be expected that sodium azide at a temperature of 37°C, as used in the composition

taught by Haddad, would be explosive.

Applicant argues that the reference to Melius et al is nonanalogous art since Melius et al

teach of an adult incontinence device. In response to this argument, it is noted that the portion of

Melius et al relied upon in the rejection teaches of a synthetic urine composition, which is what

the claims as currently written recite. See lines 12-28 in column 6 of Melius et al. Therefore,

this portion of Melius et al is analogous art to the instant claims. Applicant also argues that

Melius et al fail to teach that the Germall preservative in the synthetic urine is a biocide. In

response to this argument, it is noted that Germall is a well-known and inherent biocide that

serves to kill organisms in samples, as evidenced by the patent to Keusch et al (US Patent no.

4,989,607). See lines 21-25 in column 11 of Keusch et al that teaches of common biocide

materials including Germall. Therefore, it would have been obvious to one of ordinary skill in

the art to use as the preservative in the composition taught by Haddad the Germall biocide taught

by Melius et al since Melius et al disclose that it is advantageous to include a known biocide in a

EXHIBIT 1 PAGE 68

synthetic urine composition in order to kill any microorganisms therein and prevent the growth

of microorganisms so that the urine may remain stable for a long period of time.

Applicant's arguments concerning the reference to Watanabe are persuasive, and

therefore, this reference is no longer relied upon in the 35 USC 103 rejections of the claims.

For all of the above reasons, Applicant's arguments are not found persuasive.

6.      **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

EXHIBIT 1 PAGE 69

7.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Maureen M. Wallenhorst whose telephone number is 571-272-

1266.  The examiner can normally be reached on Monday-Wednesday from 6:30 AM to 4:00

PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Jill Warden, can be reached on 571-272-1267.  The fax phone number for the

organization where this application or proceeding is assigned is 703-872-9306.

        Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).


                                        Maureen M. Wallenhorst
                                        Primary Examiner
                                        Art Unit 1743

mmw

December 13, 2005


                                *Maureen M. Wallenhorst*
                                MAUREEN M. WALLENHORST
                                PRIMARY EXAMINER
                                GROUP 1700

EXHIBIT 1 PAGE 70

## Notice of References Cited

| | |
|---|---|
| Application/Control No.<br>10/766,165 | Applicant(s)/Patent Under Reexamination<br>STEPHENS, JAMES MATTHEW |
| Examiner<br>Maureen M. Wallenhorst | Art Unit<br>1743     Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-3,880,646 | 04-1975 | Mc Connell et al. | 504/113 |
| * | B | US-4,989,607 | 02-1991 | Keusch et al. | 600/391 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

*Search Notes*

| Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|
| 10/766,165 | STEPHENS, JAMES MATTHEW |
| **Examiner** | **Art Unit** | |
| Maureen M. Wallenhorst | 1743 | |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 436 | 8, 18, 98 | 12/13/05 | mw |
| 252 | 408.1 | ↓ | ↓ |
| 424 | 545 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| search updated – see EAST printout | 12/13/05 | mw |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| | | | | |
|---|---|---|---|---|
| √ | Rejected | − | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| Claim | | Date |
|---|---|---|
| Final | Original | 12-13-08 |
| | 1 | √ |
| | 2 | |
| | 3 | |
| | 4 | |
| | 5 | |
| | 6 | |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | √ |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |
| | 26 | |
| | 27 | |
| | 28 | |
| | 29 | |
| | 30 | |
| | 31 | |
| | 32 | |
| | 33 | |
| | 34 | |
| | 35 | |
| | 36 | |
| | 37 | |
| | 38 | |
| | 39 | |
| | 40 | |
| | 41 | |
| | 42 | |
| | 43 | |
| | 44 | |
| | 45 | |
| | 46 | |
| | 47 | |
| | 48 | |
| | 49 | |
| | 50 | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | 51 | |
| | 52 | |
| | 53 | |
| | 54 | |
| | 55 | |
| | 56 | |
| | 57 | |
| | 58 | |
| | 59 | |
| | 60 | |
| | 61 | |
| | 62 | |
| | 63 | |
| | 64 | |
| | 65 | |
| | 66 | |
| | 67 | |
| | 68 | |
| | 69 | |
| | 70 | |
| | 71 | |
| | 72 | |
| | 73 | |
| | 74 | |
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | |
| | 79 | |
| | 80 | |
| | 81 | |
| | 82 | |
| | 83 | |
| | 84 | |
| | 85 | |
| | 86 | |
| | 87 | |
| | 88 | |
| | 89 | |
| | 90 | |
| | 91 | |
| | 92 | |
| | 93 | |
| | 94 | |
| | 95 | |
| | 96 | |
| | 97 | |
| | 98 | |
| | 99 | |
| | 100 | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | 101 | |
| | 102 | |
| | 103 | |
| | 104 | |
| | 105 | |
| | 106 | |
| | 107 | |
| | 108 | |
| | 109 | |
| | 110 | |
| | 111 | |
| | 112 | |
| | 113 | |
| | 114 | |
| | 115 | |
| | 116 | |
| | 117 | |
| | 118 | |
| | 119 | |
| | 120 | |
| | 121 | |
| | 122 | |
| | 123 | |
| | 124 | |
| | 125 | |
| | 126 | |
| | 127 | |
| | 128 | |
| | 129 | |
| | 130 | |
| | 131 | |
| | 132 | |
| | 133 | |
| | 134 | |
| | 135 | |
| | 136 | |
| | 137 | |
| | 138 | |
| | 139 | |
| | 140 | |
| | 141 | |
| | 142 | |
| | 143 | |
| | 144 | |
| | 145 | |
| | 146 | |
| | 147 | |
| | 148 | |
| | 149 | |
| | 150 | |

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# *BIBDATASHEET*

Bib Data Sheet

**CONFIRMATION NO. 3396**

| SERIAL NUMBER 10/766,165 | FILING DATE 01/28/2004 RULE | CLASS 436 | GROUP ART UNIT 1743 | ATTORNEY DOCKET NO. 25692-00003 |
|---|---|---|---|---|

**APPLICANTS**

James Matthew Stephens, Cincinnati, OH;

** CONTINUING DATA **************************
VmW

** FOREIGN APPLICATIONS ********************
VmW

IF REQUIRED, FOREIGN FILING LICENSE GRANTED
** 04/03/2004

** SMALL ENTITY **

| Foreign Priority claimed | ☐ yes ☒ no | STATE OR COUNTRY OH | SHEETS DRAWING | TOTAL CLAIMS 20 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met | ☐ yes ☒ no ☐ Met after Allowance | | | | |
| Verified and Acknowledged | mW Examiner's Signature    Initials | | | | |

**ADDRESS**
33772
MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND , OH
44114-2653

**TITLE**
Synthetic urine and method of manufacturing same

| FILING FEE RECEIVED 450 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | "20040077106".pn. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:17 |
| L2 | 1 | l1 and preservative$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:18 |
| L3 | 0 | l1 and biocide$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:18 |
| L4 | 0 | l1 and microorgansim$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:18 |
| L5 | 0 | l1 and antimicrobial | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:18 |
| L6 | 0 | l1 and anti-microbial | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:23 |
| L7 | 1 | l1 and (heat adj activator$1) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:42 |
| L8 | 22153 | sodium adj azide | US-PGPUB; USPAT | OR | OFF | 2005/12/13 08:42 |
| L9 | 20 | l8 same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:08 |
| L10 | 4 | germall same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:17 |
| L11 | 379 | germall adj "115" | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:08 |
| L12 | 18706 | biocide$1 or (kill adj microorganism$1) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:09 |
| L13 | 19980 | biocide$1 or (kill near5 microorganism$1) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:30 |
| L14 | 4 | l11 same l13 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:09 |
| L15 | 20742 | bactericide$1 or germicide$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:18 |
| L16 | 50 | l15 same (sodium adj azide) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:23 |
| L17 | 0 | l16 same germall | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:18 |
| L18 | 6 | l15 same germall | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:18 |
| L19 | 9375 | (kill$3 near5 (organism$1 or micro-organism$1 or microorganism$1)) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:24 |
| L20 | 16 | l19 same l8 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:24 |
| L21 | 21674 | biocide$1 or (kill near5 (microorganism$1 or micro-organism$1 or organism$1)) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:35 |

| L22 | 4 | l11 same l21 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:36 |
|-----|-----|-------------|-----------------|----|----|------------------|
| L23 | 9 | germall same l21 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:36 |
| L24 | 5 | l23 not l22 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:48 |
| L25 | 400926 | @pd>"20050124" | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:48 |
| L26 | 4039 | urine same (artificial$2 or synthetic$4 or man-made or (man adj made)) | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:49 |
| L27 | 2 | creatinine same biocide$1 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:50 |
| L28 | 42 | l25 and 436/8.ccls. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:50 |
| L29 | 2 | l28 and l26 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:52 |
| L30 | 1 | "6716632".pn. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:52 |
| L31 | 1 | l30 and urine | US-PGPUB; USPAT | OR | OFF | 2005/12/13 09:52 |
| L32 | 1 | l31 and azide | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:04 |
| L33 | 15 | l25 and 436/18.ccls. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:04 |
| L34 | 1 | l33 and l26 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:04 |
| L35 | 6 | l25 and 436/98.ccls. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:04 |
| L36 | 0 | l35 and l26 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:04 |
| L37 | 20 | l25 and 252/408.1.ccls. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:04 |
| L38 | 0 | l37 and l26 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:05 |
| L39 | 5 | l25 and 424/545.ccls. | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:05 |
| L40 | 2 | l39 and l26 | US-PGPUB; USPAT | OR | OFF | 2005/12/13 10:05 |

RECEIVED
CENTRAL FAX CENTER    ☑001

OCT 0 6 2005



McDonald Hopkins Co., LPA          P. 216.348.5400
2100 Bank One Center              F. 216.348.5474
600 Superior Avenue, E
Cleveland, Ohio 44114             mcdonaldhopkins.com

# Facsimile Transmittal Cover Sheet

**Date: October 6, 2005**

To:       USPTO                    From:  Mary Ann Lundblad

Company:                           Code/Matter No:  25692-00003

Phone No:                          Phone No:  **1-216-348-5748**

Fax No:  **571-273-8300**          *E-Mail: mlundblad@mcdonaldhopkins.com*

Total Pages (including Cover Page):  *10*

*Please call OFFICE SERVICES @ 216.348.5441,
if you do not receive all of these pages.*

*The original of this document will be sent by:*

☐ Ordinary Mail
☐ Certified Mail
☐ Messenger
☐ Overnight Delivery
☒ Facsimile Only

COMMENTS:

**Please return to:  Mary Ann Lundblad
Floor No:  22**

[761662:]THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.

EXHIBIT 1 PAGE 77

PTO/SB/21 (09-04)
Approved for use through 07/31/2005. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(To be used for all correspondence after initial filing)*

Total Number of Pages in This Submission

| | |
|---|---|
| Application Number | 10/766,165 |
| Filing Date | January 28, 2004 |
| First Named Inventor | Stephens |
| Art Unit | 1743 |
| Examiner Name | Wallenhorst |
| Attorney Docket Number | 25692-00003 |

RECEIVED
CENTRAL FAX CENTER

OCT 0 6 2005

## ENCLOSURES    *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [✓] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

Remarks

Customer #33772

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [ ] Other Enclosure(s) (please identify below):

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm Name | McDonald Hopkins Co., LPA |
|---|---|
| Signature | *[signature]* |
| Printed name | Robert C. Baraona |
| Date | October 6, 2005 |

Reg. No. 45,426

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below:

| Signature | *Mary Ann Lundblad* | | |
|---|---|---|---|
| Typed or printed name | Mary Ann Lundblad | Date | 10/6/05 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

EXHIBIT 1 PAGE 78

RECEIVED
CENTRAL FAX CENTER

OCT 0 6 2005

**CERTIFICATE OF TRANSMISSION**

I hereby certify that this correspondence is being transmitted via
facsimile to telephone number 571-273-8300, Art Unit 1743, the
United States Patent & Trademark Office, Mail Stop Amendment,
Commissioner for Patents P.O. Box 1450, Alexandria, VA 22313-
1450 on _10-6-_, 200_5_.

By: _Mary Ann Lundblad_

Dated: _Oct. 6_, 200_5_

Patent
Attorney Docket No.: 25692-00003

PATENT APPLICATION

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |

Title:     SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## AMENDMENT

Dear Sir:

Responsive to the communication of September 6, 2005, Applicant resubmits the
following amendment and remarks to address the examiner's assertion that the previous
amendment was non-compliant. The following amendment includes:

A restated version of the claims begins at page 3 of this paper; and

Remarks begin at page 7 of this paper.

[749653:]

1

EXHIBIT 1 PAGE 79

RECEIVED
CENTRAL FAX CENTER   ☑001

OCT 0 6 2005



McDonald Hopkins Co., LPA    P. 216.348.5400
2100 Bank One Center    F. 216.348.5474
600 Superior Avenue, E
Cleveland, Ohio 44114    mcdonaldhopkins.com

# Facsimile Transmittal Cover Sheet

**Date: October 6, 2005**

To:     USPTO

Company:

Phone No:

Fax No:    **571-273-8300**

From:   Mary Ann Lundblad

Code/Matter No:   25692-00003

Phone No:   **1-216-348-5748**

*E-Mail: mlundblad@mcdonaldhopkins.com*

Total Pages (including Cover Page): *10*

*Please call OFFICE SERVICES @ 216.348.5441,*
*if you do not receive all of these pages.*

*The original of this document will be sent by:*

☐ Ordinary Mail
☐ Certified Mail
☐ Messenger
☐ Overnight Delivery
☒ Facsimile Only

COMMENTS:

**Please return to: Mary Ann Lundblad**
**Floor No: 22**

[761662:]THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.

EXHIBIT 1 PAGE 80

PTO/SB/21 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 10/766,165 |
| Filing Date | January 28, 2004 |
| First Named Inventor | Stephens |
| Art Unit | 1743 |
| Examiner Name | Wallenhorst |
| Attorney Docket Number | 25692-00003 |

Total Number of Pages in This Submission

RECEIVED
CENTRAL FAX CENTER
OCT 0 6 2005

## ENCLOSURES   *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [✓] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [ ] Other Enclosure(s) (please identify below):

Remarks

Customer #33772

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm Name | McDonald Hopkins Co., LPA |
| Signature | *[signature]* |
| Printed name | Robert C. Baraona |
| Date | October 6, 2005 |
| Reg. No. | 45,426 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below:

| Signature | *[signature]* | | |
|---|---|---|---|
| Typed or printed name | Mary Ann Lundblad | Date | 10/6/05 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and1.14. This collection is estimated to 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PAGE 2/10 * RCVD AT 10/6/2005 4:12:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/28 * DNIS:2738300 * CSID:216 348 5474 * DURATION (mm-ss):02-46

EXHIBIT 1 PAGE 81

**RECEIVED**
**CENTRAL FAX CENTER**

**OCT 0 6 2005**

**CERTIFICATE OF TRANSMISSION**

I hereby certify that this correspondence is being transmitted via facsimile to telephone number 571-273-8300, Art Unit 1743, the United States Patent & Trademark Office, Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on _10-6-_, 200_5_.

*Mary Ann Lundblad*

By: _____

Dated: _Oct. 6_, 200_5_

**Patent**
Attorney Docket No.: 25692-00003

PATENT APPLICATION

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | Stephens | Group Art Unit: | 1743 |
| Serial No.: | 10/766,165 | Examiner: | Maureen Wallenhorst |
| Filing Date: | January 28, 2004 | Docket No.: | 25692-00003 |

Title: SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## AMENDMENT

Dear Sir:

Responsive to the communication of September 6, 2005, Applicant resubmits the following amendment and remarks to address the examiner's assertion that the previous amendment was non-compliant. The following amendment includes:

A restated version of the claims begins at page 3 of this paper; and

Remarks begin at page 7 of this paper.

{749653:}

1

EXHIBIT 1 PAGE 82

## Restated Claims

1.    (Original)    A synthetic urine solution consisting essentially of:

water having a pH between 3 and 10;

creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; and

at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$.

2.    (Original)    The synthetic urine solution of claim 1, also including urea dissolved within said solution.

3.    (Original)    The synthetic urine solution of claim 1, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

4.    (Original)    The synthetic urine solution of claim 1, wherein said at least one ionic compound is selected from the group consisting of carbonate salts, halide salts, hydroxide salts and bromides.

5.    (Original)    The synthetic urine solution of claim 4, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

[749653:]

2

PAGE 4/10 * RCVD AT 10/6/2005 4:12:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/28 * DNIS:2738300 * CSID:216 348 5474 * DURATION (mm-ss):02-46

EXHIBIT 1 PAGE 83

6.    (Original)    The synthetic urine solution of claim 4, further including urea dissolved within said solution.

7.    (Original)    A method of manufacturing a synthetic urine solution comprising:

        providing water;

        dissolving creatinine and biocide into said water to form a solution exhibiting a specific gravity level, said creatinine and biocide being selected in relative concentrations to minimize sepsis;

        adjusting said specific gravity level of said solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$, and if necessary, adjusting the pH level of the solution to between 3 and 10.

8.    (Original)    The method of claim 7 further comprising sealing said synthetic urine solution within a container so as to further minimize sepsis of said synthetic urine solution.

9.    (Original)    The method of claim 8 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

10.    (Original)    The method of claim 9 further comprising adding urea to said synthetic urine solution.

11.    (Original)    The method of claim 7 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

{749653:}

3

EXHIBIT 1 PAGE 84

12.    (Original)    The method of claim 7 further comprising adding urea to said synthetic urine solution.

13.    (Original)    A method of manufacturing a synthetic urine solution comprising:

providing water having a pH between 3 and 10;

dissolving creatinine and at least one dissociating ionic compound in the water to form a solution exhibiting a specific gravity, said creatinine and at least one dissociating ionic compound selected in relative concentrations to adjust said specific gravity to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$; and

removing bacteria from said solution.

14.    (Original)    The method of claim 13 wherein the step of dissolving creatinine and at least one dissociating ionic compound also includes dissolving urea in the water, said urea selected in a concentration relative to that of said creatinine and at least one dissociating ionic compound so as to maintain the specific gravity of the solution between 1.005 $g/cm^3$ and 1.025 $g/cm^3$.

15.    (Original)    The method of claim 14 further comprising the step of adding a biocide to said synthetic urine solution.

16.    (Original)    The method of claim 15 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

{749653:}

4

EXHIBIT 1 PAGE 85

17.     (Original)      The method of claim 13 further comprising the steps of adding a biocide to the synthetic urine solution.

18.     (Original)      The method of claim 17 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

19.     (Original)      The method of claim 13, further comprising the step of sealing said synthetic urine solution within a container.

20.     (Original)      The method of claim 14, further comprising the step of sealing said synthetic urine solution within a container.

[749653:]

5

PAGE 7/10 * RCVD AT 10/6/2005 4:12:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/28 * DNIS:2738300 * CSID:216 348 5474 * DURATION (mm-ss):02-46

EXHIBIT 1 PAGE 86

## Remarks

These remarks are presented in response to an Office Action dated January 24, 2005. In that action, the examiner rejected the application under 35 U.S.C. 112, second paragraph as being indefinite because dependent claims 2 and 6 contained open language whereas claim 1 uses partially closed language. The applicant submits that this rejection is misplaced because dependent claims are necessarily read in view of all of the limitations contained in the claim from which they depend. Consequently, the closed language of claim already limits these claims, whereas the term "including" only serves to indicate a single additional element. Accordingly, reconsideration of the examiner's rejection is requested.

Likewise, reconsideration of the examiner's rejection of claims 1-20 under 35 U.S.C. 103 is also requested. The examiner appropriately cites Haddad, but notes that Haddad merely teaches the use of a preservative, rather than a biocide. Applicant submits that distinction should not be overlooked. As seen in the present application, biocides are specifically enumerated compounds with distinct properties to kill micro-organisms that would otherwise grow within the synthetic urine sample. In contrast, Haddad fails to define the term preservative or otherwise give specific examples as to what compounds may qualify as such. The applicant respectfully submits that preservatives can be any type of compound intended to maintain or preserve certain desired qualities of the sample. In the absence of specific examples, it would be improper to presume that the biocides of the present application are necessarily encompassed by Haddad's use of the term.

Moreover, all of the examiner's purported examples of biocides in the prior art would not be considered in conjunction with the Haddad reference by one skilled in the art. Foremost, while the examiner asserts the sodium azide of the Adamczyk and Bernardin references is a

[749653:1]

6

PAGE 8/10 * RCVD AT 10/6/2005 4:12:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/28 * DNIS:2738300 * CSID:216 348 5474 * DURATION (mm-ss):02-46

EXHIBIT 1 PAGE 87

known bacterial inhibitor. However, neither of these references appear to make such a statement. More importantly, as recognized by those skilled in the art, sodium azide possesses explosive qualities when exposed to heat (in fact, this compound has been used to inflate air bags). Consequently, sodium azide would not be considered in the context of the Haddad application which specifically requires the addition of a heat activator in order to warm the sample.

Similarly, those skilled in the art would not refer to the Melius reference because it represents non-analogous art. The invention claimed in Melius appears to be directed toward an adult incontinence device. More importantly, Melius also refers to the Germall as a preservative only, and further discussion as to the purpose of adding this compound is not provided. As mentioned above, the distinction between a preservative and biocide, as intended and defined by the applicant, cannot be overlooked. Consequently, here again, one would not combine the references in the manner relied upon by the examiner.

Lastly, regarding the Watanabe reference, the examiner appears to have misread the context in which the use of bronopol is described. Column 12, lines 32-48 demonstrate that the use of bronopol is in the context of the dispensing device claimed in the patent, and it is not used in the preparation of the synthetic urine sample. In fact, careful examination of that solution (described in lines 3-21) demonstrates the inventors only intend bronopol to be used within the claimed device in order to deliver that biocide to the urine container itself, presumably to maintain sanitary conditions in the container (rather than the urine solution). Thus, the reference fails to teach or suggest combination of biocide within a synthetic urine solution. Here also, the actual device and subject matter of the Watanabe reference is quite distinct from the art field

PAGE 9/10 * RCVD AT 10/6/2005 4:12:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/28 * DNIS:2738300 * CSID:216 348 5474 * DURATION (mm-ss):02-46

EXHIBIT 1 PAGE 88

contemplated by either the present application or the Haddad reference.    In short, the

combination of these references is not proper.

    In view of the foregoing, reconsideration and allowance of the claims is hereby

requested.


                                        Respectfully submitted,


                                        Robert C. Baraona
                                        Reg. No. 45,426
                                        McDonald Hopkins Co. LPA
                                        600 Superior Ave., E.
                                        Cleveland, OH 44114
                                        216.348.5400 - telephone
                                        216.348.5474 - facsimile


Date  10 - 6 - 05

[749653:]

8

PAGE 10/10 * RCVD AT 10/6/2005 4:12:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/28 * DNIS:2738300 * CSID:216 348 5474 * DURATION (mm-ss):02-46

                                                                    EXHIBIT 1 PAGE 89

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 2003

**Application or Docket Number**

25792-00003

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 20 | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 20 minus 20 = | 0 |
| INDEPENDENT CLAIMS | 3 minus 3 = | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

\* If the difference in column 1 is less than zero, enter "0" in column 2

**SMALL ENTITY TYPE** ☐ **OR OTHER THAN SMALL ENTITY**

| RATE | FEE | | RATE | FEE |
|---|---|---|---|---|
| BASIC FEE | 385.00 | OR | BASIC FEE | 770.00 |
| XS 9= | | OR | X18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL | 385. | OR | TOTAL | |

## CLAIMS AS AMENDED - PART II

10.24.05

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | 20 | Minus | 20 | |
| Independent | 3 | Minus | 3 | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | |

**SMALL ENTITY OR OTHER THAN SMALL ENTITY**

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | 20 | Minus | 20 | |
| Independent | 3 | Minus | 3 | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| XS 9= | | OR | X18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | | Minus | | |
| Independent | | Minus | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| XS 9= | | OR | X18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875  (Rev 10/03)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

EXHIBIT 1 PAGE 90

10/766,165

# INDEX OF CLAIMS

| | |
|---|---|
| ✔ | Rejected |
| = | Allowed |
| – (Through numeral) | Canceled |
| ÷ | Restricted |

| | |
|---|---|
| N | Non-elected |
| I | Interference |
| A | Appeal |
| O | Objected |

| Im | | Date |
|---|---|---|
| Original | 1 | |
| | 2 | |
| | 3 | |
| | 4 | |
| | 5 | |
| | 6 | |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |
| | 26 | |
| | 27 | |
| | 28 | |
| | 29 | |
| | 30 | |
| | 31 | |
| | 32 | |
| | 33 | |
| | 34 | |
| | 35 | |
| | 36 | |
| | 37 | |
| | 38 | |
| | 39 | |
| | 40 | |
| | 41 | |
| | 42 | |
| | 43 | |
| | 44 | |
| | 45 | |
| | 46 | |
| | 47 | |
| | 48 | |
| | 49 | |
| | 50 | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | 51 | |
| | 52 | |
| | 53 | |
| | 54 | |
| | 55 | |
| | 56 | |
| | 57 | |
| | 58 | |
| | 59 | |
| | 60 | |
| | 61 | |
| | 62 | |
| | 63 | |
| | 64 | |
| | 65 | |
| | 66 | |
| | 67 | |
| | 68 | |
| | 69 | |
| | 70 | |
| | 71 | |
| | 72 | |
| | 73 | |
| | 74 | |
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | |
| | 79 | |
| | 80 | |
| | 81 | |
| | 82 | |
| | 83 | |
| | 84 | |
| | 85 | |
| | 86 | |
| | 87 | |
| | 88 | |
| | 89 | |
| | 90 | |
| | 91 | |
| | 92 | |
| | 93 | |
| | 94 | |
| | 95 | |
| | 96 | |
| | 97 | |
| | 98 | |
| | 99 | |
| | 100 | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | 101 | |
| | 102 | |
| | 103 | |
| | 104 | |
| | 105 | |
| | 106 | |
| | 107 | |
| | 108 | |
| | 109 | |
| | 110 | |
| | 111 | |
| | 112 | |
| | 113 | |
| | 114 | |
| | 115 | |
| | 116 | |
| | 117 | |
| | 118 | |
| | 119 | |
| | 120 | |
| | 121 | |
| | 122 | |
| | 123 | |
| | 124 | |
| | 125 | |
| | 126 | |
| | 127 | |
| | 128 | |
| | 129 | |
| | 130 | |
| | 131 | |
| | 132 | |
| | 133 | |
| | 134 | |
| | 135 | |
| | 136 | |
| | 137 | |
| | 138 | |
| | 139 | |
| | 140 | |
| | 141 | |
| | 142 | |
| | 143 | |
| | 144 | |
| | 145 | |
| | 146 | |
| | 147 | |
| | 148 | |
| | 149 | |
| | 150 | |

EXHIBIT 1 PAGE 91



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

33772       7590       09/06/2005

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH  44114-2653

| EXAMINER |
|---|
| WALLENHORST, MAUREEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | |

DATE MAILED: 09/06/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Notice of Non-Compliant Amendment (37 CFR 1.121)* | Application No. *101766065* | Applicant(s) |
| | Examiner | Art Unit |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

The amendment document filed on *10-31-05* is considered non-compliant because it has failed to meet the requirements of 37 CFR 1.121. In order for the amendment document to be compliant, correction of the following item(s) is required.

**THE FOLLOWING MARKED (X) ITEM(S) CAUSE THE AMENDMENT DOCUMENT TO BE NON-COMPLIANT:**

- ☐ 1. Amendments to the specification:
  - ☐ A. Amended paragraph(s) do not include markings.
  - ☐ B. New paragraph(s) should not be underlined.
  - ☐ C. Other _____.
- ☐ 2. Abstract:
  - ☐ A. Not presented on a separate sheet. 37 CFR 1.72.
  - ☐ B. Other _____.
- ☐ 3. Amendments to the drawings:
  - ☐ A. The drawings are not properly identified in the top margin as "Replacement Sheet," "New Sheet," or "Annotated Sheet" as required by 37 CFR 1.121(d).
  - ☐ B. The practice of submitting proposed drawing correction has been eliminated. Replacement drawings showing amended figures, without markings, in compliance with 37 CFR 1.84 are required.
  - ☐ C. Other _____.
- ☒ 4. Amendments to the claims:
  - ☐ A. A complete listing of all of the claims is not present.
  - ☐ B. The listing of claims does not include the text of all pending claims (including withdrawn claims)
  - ☒ C. Each claim has not been provided with the proper status identifier, and as such, the individual status of each claim cannot be identified. Note: the status of every claim must be indicated after its claim number by using one of the following status identifiers: (Original), (Currently amended), (Canceled), (Previously presented), (New), (Not entered), (Withdrawn) and (Withdrawn-currently amended).
  - ☐ D. The claims of this amendment paper have not been presented in ascending numerical order.
  - ☐ E. Other: _____.

For further explanation of the amendment format required by 37 CFR 1.121, see MPEP § 714 and the USPTO website at http://www.uspto.gov/web/offices/pac/dapp/opla/preognotice/officeflyer.pdf .

**TIME PERIODS FOR FILING A REPLY TO THIS NOTICE:**

1. Applicant is given **no new time period** if the non-compliant amendment is an after-final amendment or an amendment filed after allowance. If applicant wishes to resubmit the non-compliant after-final amendment with corrections, the **entire corrected amendment** must be resubmitted within the time period set forth in the final Office action.

2. Applicant is given **one month**, or thirty (30) days, whichever is longer, from the mail date of this notice to supply the **corrected section** of the non-compliant amendment in compliance with 37 CFR 1.121, if the non-compliant amendment is one of the following: a preliminary amendment, a non-final amendment (including a submission for a request for continued examination (RCE) under 37 CFR 1.114), a supplemental amendment filed within a suspension period under 37 CFR 1.103(a) or (c), and an amendment filed in response to a *Quayle* action.

   <u>Extensions of time</u> are available under 37 CFR 1.136(a) <u>only</u> if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action.

   <u>Failure to timely respond</u> to this notice will result in:
   Abandonment of the application if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action; or
   Non-entry of the amendment if the non-compliant amendment is a preliminary amendment or supplemental amendment.

| *Michele Lawrence* | *(571) 272-1025* |
| Legal Instruments Examiner (LIE) | Telephone No. |

# Index of Claims

| | |
|---|---|
| Application No. | 10/766,165 |
| Applicant(s) | STEPHENS, JAMES MATTHEW |
| Examiner | Maureen M. Wallenhorst |
| Art Unit | 1743 |

| | | | |
|---|---|---|---|
| √ | Rejected | − | (Through numeral) Cancelled |
| = | Allowed | + | Restricted |
| N | Non-Elected | A | Appeal |
| I | Interference | O | Objected |

| Claim | | Date | | | | | | | | | Claim | | Date | | | | | | | | | Claim | | Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 1-24-05 | | | | | | | | | Final | Original | | | | | | | | | | | Final | Original | | | | | | | | | |
| | (1) | √ | | | | | | | | | | 51 | | | | | | | | | | | | 101 | | | | | | | | | |
| | 2 | | | | | | | | | | | 52 | | | | | | | | | | | | 102 | | | | | | | | | |
| | 3 | | | | | | | | | | | 53 | | | | | | | | | | | | 103 | | | | | | | | | |
| | 4 | | | | | | | | | | | 54 | | | | | | | | | | | | 104 | | | | | | | | | |
| | 5 | | | | | | | | | | | 55 | | | | | | | | | | | | 105 | | | | | | | | | |
| | 6 | | | | | | | | | | | 56 | | | | | | | | | | | | 106 | | | | | | | | | |
| | (7) | | | | | | | | | | | 57 | | | | | | | | | | | | 107 | | | | | | | | | |
| | 8 | | | | | | | | | | | 58 | | | | | | | | | | | | 108 | | | | | | | | | |
| | 9 | | | | | | | | | | | 59 | | | | | | | | | | | | 109 | | | | | | | | | |
| | 10 | | | | | | | | | | | 60 | | | | | | | | | | | | 110 | | | | | | | | | |
| | 11 | | | | | | | | | | | 61 | | | | | | | | | | | | 111 | | | | | | | | | |
| | 12 | | | | | | | | | | | 62 | | | | | | | | | | | | 112 | | | | | | | | | |
| | (13) | | | | | | | | | | | 63 | | | | | | | | | | | | 113 | | | | | | | | | |
| | 14 | | | | | | | | | | | 64 | | | | | | | | | | | | 114 | | | | | | | | | |
| | 15 | | | | | | | | | | | 65 | | | | | | | | | | | | 115 | | | | | | | | | |
| | 16 | | | | | | | | | | | 66 | | | | | | | | | | | | 116 | | | | | | | | | |
| | 17 | | | | | | | | | | | 67 | | | | | | | | | | | | 117 | | | | | | | | | |
| | 18 | | | | | | | | | | | 68 | | | | | | | | | | | | 118 | | | | | | | | | |
| | 19 | | | | | | | | | | | 69 | | | | | | | | | | | | 119 | | | | | | | | | |
| | 20 | | | | | | | | | | | 70 | | | | | | | | | | | | 120 | | | | | | | | | |
| | 21 | | | | | | | | | | | 71 | | | | | | | | | | | | 121 | | | | | | | | | |
| | 22 | | | | | | | | | | | 72 | | | | | | | | | | | | 122 | | | | | | | | | |
| | 23 | | | | | | | | | | | 73 | | | | | | | | | | | | 123 | | | | | | | | | |
| | 24 | | | | | | | | | | | 74 | | | | | | | | | | | | 124 | | | | | | | | | |
| | 25 | | | | | | | | | | | 75 | | | | | | | | | | | | 125 | | | | | | | | | |
| | 26 | | | | | | | | | | | 76 | | | | | | | | | | | | 126 | | | | | | | | | |
| | 27 | | | | | | | | | | | 77 | | | | | | | | | | | | 127 | | | | | | | | | |
| | 28 | | | | | | | | | | | 78 | | | | | | | | | | | | 128 | | | | | | | | | |
| | 29 | | | | | | | | | | | 79 | | | | | | | | | | | | 129 | | | | | | | | | |
| | 30 | | | | | | | | | | | 80 | | | | | | | | | | | | 130 | | | | | | | | | |
| | 31 | | | | | | | | | | | 81 | | | | | | | | | | | | 131 | | | | | | | | | |
| | 32 | | | | | | | | | | | 82 | | | | | | | | | | | | 132 | | | | | | | | | |
| | 33 | | | | | | | | | | | 83 | | | | | | | | | | | | 133 | | | | | | | | | |
| | 34 | | | | | | | | | | | 84 | | | | | | | | | | | | 134 | | | | | | | | | |
| | 35 | | | | | | | | | | | 85 | | | | | | | | | | | | 135 | | | | | | | | | |
| | 36 | | | | | | | | | | | 86 | | | | | | | | | | | | 136 | | | | | | | | | |
| | 37 | | | | | | | | | | | 87 | | | | | | | | | | | | 137 | | | | | | | | | |
| | 38 | | | | | | | | | | | 88 | | | | | | | | | | | | 138 | | | | | | | | | |
| | 39 | | | | | | | | | | | 89 | | | | | | | | | | | | 139 | | | | | | | | | |
| | 40 | | | | | | | | | | | 90 | | | | | | | | | | | | 140 | | | | | | | | | |
| | 41 | | | | | | | | | | | 91 | | | | | | | | | | | | 141 | | | | | | | | | |
| | 42 | | | | | | | | | | | 92 | | | | | | | | | | | | 142 | | | | | | | | | |
| | 43 | | | | | | | | | | | 93 | | | | | | | | | | | | 143 | | | | | | | | | |
| | 44 | | | | | | | | | | | 94 | | | | | | | | | | | | 144 | | | | | | | | | |
| | 45 | | | | | | | | | | | 95 | | | | | | | | | | | | 145 | | | | | | | | | |
| | 46 | | | | | | | | | | | 96 | | | | | | | | | | | | 146 | | | | | | | | | |
| | 47 | | | | | | | | | | | 97 | | | | | | | | | | | | 147 | | | | | | | | | |
| | 48 | | | | | | | | | | | 98 | | | | | | | | | | | | 148 | | | | | | | | | |
| | 49 | | | | | | | | | | | 99 | | | | | | | | | | | | 149 | | | | | | | | | |
| | 50 | | | | | | | | | | | 100 | | | | | | | | | | | | 150 | | | | | | | | | |

EXHIBIT 1 PAGE 94

```
United States Patent and Trademark Office
            - Sales Receipt -

09/02/2005 NLAWRENC 00000003 130265    10766165

01 FC:2252        225.00 DA
```

EXHIBIT 1 PAGE 95

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 2003

Application or Docket Number

25792-00003

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 20 | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 20 minus 20= | 0 |
| INDEPENDENT CLAIMS | 3 minus 3 = | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

| SMALL ENTITY TYPE ☐ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|
| RATE | FEE | RATE | FEE |
| BASIC FEE 385.00 | OR | BASIC FEE 770.00 | |
| XS 9= | OR | XS18= | |
| X43= | OR | X86= | |
| +145= | OR | +290= | |
| TOTAL 385. | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

10/24/0

## CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | * 20 | Minus | ** 20 | = |
| Independent | * 3 | Minus | *** 3 | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|
| RATE | ADDI-TIONAL FEE | RATE | ADDI-TIONAL FEE |
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
  The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875  (Rev 10/03)    Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE

EXHIBIT 1 PAGE 96



**McDonald Hopkins** Co., LPA
Attorneys at Law

600 Superior Avenue, E.    *p*  216.348 5400
Suite 2100                 *f*  216.348.5474
Cleveland, Ohio 44114   |   mcdonaldhopkins.com

Cleveland | Columbus | West Palm Beach

# Facsimile Transmittal Cover Sheet

**Date:   June 24, 2005**

**To:**  USPTO                    **Company:**

**Fax:**  703-872-9306            **Phone:**

**From:** Natalie Holmok          **Client Code No:** 25692

**Matter Code No.:** 00003

Total Pages (including Cover Page): 11

*Please call OFFICE SERVICES @ 216.348.5441,*
*if you do not receive all of these pages.*

*The original of this document will be sent by:*

☐ Ordinary Mail
☐ Certified Mail
☐ Messenger
☐ Overnight Delivery
☐ Facsimile and Ordinary Mail
☒ Facsimile Only
☐ E-Mail

**COMMENTS:**

**Please return to:**
**Floor No.:  20**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT (OR A PERSON RESPONSIBLE FOR DELIVERING THIS TRANSMISSION TO THE INTENDED RECIPIENT), ANY DISCLOSURE, COPY, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND DESTROY THE ORIGINAL TRANSMISSION AND ALL COPIES.

EXHIBIT 1 PAGE 97

PTO/SB/21 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 10/766,165 |
| Filing Date | January 28, 2004 |
| First Named Inventor | Stephens |
| Art Unit | 1743 |
| Examiner Name | Wallenhorst |
| Total Number of Pages in This Submission   10 | Attorney Docket Number | 25692-00003 |

## ENCLOSURES   *(Check all that apply)*

| | | |
|---|---|---|
| ☐ Fee Transmittal Form | ☐ Drawing(s) | ☐ After Allowance Communication to TC |
| ☐ Fee Attached | ☐ Licensing-related Papers | ☐ Appeal Communication to Board of Appeals and Interferences |
| ☑ Amendment/Reply | ☐ Petition | ☐ Appeal Communication to TC (Appeal Notice, Brief, Reply Brief) |
| ☐ After Final | ☐ Petition to Convert to a Provisional Application | ☐ Proprietary Information |
| ☐ Affidavits/declaration(s) | ☐ Power of Attorney, Revocation Change of Correspondence Address | ☐ Status Letter |
| ☐ Extension of Time Request | ☐ Terminal Disclaimer | ☐ Other Enclosure(s) (please identify below): |
| ☐ Express Abandonment Request | ☐ Request for Refund | |
| ☐ Information Disclosure Statement | ☐ CD, Number of CD(s) _____ | |
| | ☐ Landscape Table on CD | |
| ☐ Certified Copy of Priority Document(s) | Remarks | |
| ☐ Reply to Missing Parts/ Incomplete Application | Customer #33772 | |
| ☐ Reply to Missing Parts under 37 CFR 1.62 or 1.53 | | |

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm Name | McDonald Hopkins Co., LPA |
| Signature | *[signature]* |
| Printed name | Robert C. Baraona |
| Date | 6-24-05 | Reg. No. | 45,426 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below:

| | |
|---|---|
| Signature | *[signature]* |
| Typed or printed name | Natalie Holmok | Date | 6-24-05 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**PAGE 2/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52**

EXHIBIT 1 PAGE 98

| CERTIFICATE OF TRANSMISSION | Patent |
|---|---|
| I hereby certify that this correspondence is being transmitted via facsimile to telephone number 703-872-9306, Art Unit 1743, the United States Patent & Trademark Office, Commissioner for Patents, P.O. Box 1450, Arlington, VA 22313-1450 on _6/24_, 200_5_. | Attorney Docket No.: 25692-00003 |

By: _[signature]_

Dated: _6/24_, 200_5_

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of :

STEPHENS : SYNTHETIC URINE

Filed: January 28, 2004 : AND METHOD OF

Serial No.: 10/766,165 : MANUFACTURING SAME

Art Unit: 1743 :

Examiner: Wallenhorst :

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450


## AMENDMENT AND PETITION FOR EXTENSION OF TIME

Sir:

Applicants hereby petition for a one month extension of time, pursuant to 37 CFR § 1.136(a), within which to respond to the Examiner's Office Action mailed **January 24, 2005**; that is, up to and including **June 24, 2005**. Please charge the small-entity fee of $225 for this extension, as required by 37 CFR § 1.17(a), to our Deposit Account No. 13-0265, as provided in the accompanying Transmittal.

In response to the Examiner's Office Action mailed **January 24, 2005**, please enter foregoing into the record for the above identified patent application as follows, and

{695197:}                              Page 1

EXHIBIT 1 PAGE 99

reconsideration and allowance of the application in view of these remarks is hereby requested.
In particular,

A restated version of the claims begins at page 3 of this paper; and

Remarks begin at page 7 of this paper.

PAGE 4/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52

EXHIBIT 1 PAGE 100

### Restated Claims

1.      A synthetic urine solution consisting essentially of:

water having a pH between 3 and 10;

creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; and

at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$.

2.      The synthetic urine solution of claim 1, also including urea dissolved within said solution.

3.      The synthetic urine solution of claim 1, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

4.      The synthetic urine solution of claim 1, wherein said at least one ionic compound is selected from the group consisting of carbonate salts, halide salts, hydroxide salts and bromides.

5.      The synthetic urine solution of claim 4, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

6.      The synthetic urine solution of claim 4, further including urea dissolved within said solution.

PAGE 5/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52

EXHIBIT 1 PAGE 101

7.    A method of manufacturing a synthetic urine solution comprising:

   providing water;

   dissolving creatinine and biocide into said water to form a solution exhibiting a

specific gravity level, said creatinine and biocide being selected in relative concentrations to

minimize sepsis;

   adjusting said specific gravity level of said solution to between $1.005$ g/cm$^3$ and

$1.025$ g/cm$^3$, and if necessary, adjusting the pH level of the solution to between 3 and 10.


8.    The method of claim 7 further comprising sealing said synthetic urine solution within a

container so as to further minimize sepsis of said synthetic urine solution.


9.    The method of claim 8 wherein said biocide is selected from the group consisting of an

oxidizing biocide, an organic biocide and an in situ agent.


10.    The method of claim 9 further comprising adding urea to said synthetic urine solution.


11.    The method of claim 7 wherein said biocide is selected from the group consisting of an

oxidizing biocide, an organic biocide and an in situ agent.


12.    The method of claim 7 further comprising adding urea to said synthetic urine solution.


13.    A method of manufacturing a synthetic urine solution comprising:

EXHIBIT 1 PAGE 102

providing water having a pH between 3 and 10;

dissolving creatinine and at least one dissociating ionic compound in the water to form a solution exhibiting a specific gravity, said creatinine and at least one dissociating ionic compound selected in relative concentrations to adjust said specific gravity to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$; and

removing bacteria from said solution.

14.    The method of claim 13 wherein the step of dissolving creatinine and at least one dissociating ionic compound also includes dissolving urea in the water, said urea selected in a concentration relative to that of said creatinine and at least one dissociating ionic compound so as to maintain the specific gravity of the solution between 1.005 $g/cm^3$ and 1.025 $g/cm^3$.

15.    The method of claim 14 further comprising the step of adding a biocide to said synthetic urine solution.

16.    The method of claim 15 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

17.    The method of claim 13 further comprising the steps of adding a biocide to the synthetic urine solution.

18.    The method of claim 17 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

PAGE 7/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52

EXHIBIT 1 PAGE 103

19.    The method of claim 13, further comprising the step of sealing said synthetic urine solution within a container.


20.    The method of claim 14, further comprising the step of sealing said synthetic urine solution within a container.

PAGE 8/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52

EXHIBIT 1 PAGE 104

## Remarks

These remarks are presented in response to an Office Action dated January 24, 2005. In that action, the examiner rejected the application under 35 U.S.C. 112, second paragraph as being indefinite because dependent claims 2 and 6 contained open language whereas claim 1 uses partially closed language. The applicant submits that this rejection is misplaced because dependent claims are necessarily read in view of all of the limitations contained in the claim from which they depend. Consequently, the closed language of claim already limits these claims, whereas the term "including" only serves to indicate a single additional element. Accordingly, reconsideration of the examiner's rejection is requested.

Likewise, reconsideration of the examiner's rejection of claims 1-20 under 35 U.S.C. 103 is also requested. The examiner appropriately cites Haddad, but notes that Haddad merely teaches the use of a preservative, rather than a biocide. Applicant submits that distinction should not be overlooked. As seen in the present application, biocides are specifically enumerated compounds with distinct properties to kill micro-organisms that would otherwise grow within the synthetic urine sample. In contrast, Haddad fails to define the term preservative or otherwise give specific examples as to what compounds may qualify as such. The applicant respectfully submits that preservatives can be any type of compound intended to maintain or preserve certain desired qualities of the sample. In the absence of specific examples, it would be improper to presume that the biocides of the present application are necessarily encompassed by Haddad's use of the term.

Moreover, all of the examiner's purported examples of biocides in the prior art would not be considered in conjunction with the Haddad reference by one skilled in the art. Foremost, while the examiner asserts the sodium azide of the Adamczyk and Bernardin references is a

PAGE 9/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52

EXHIBIT 1 PAGE 105

known bacterial inhibitor. However, neither of these references appear to make such a statement. More importantly, as recognized by those skilled in the art, sodium azide possesses explosive qualities when exposed to heat (in fact, this compound has been used to inflate air bags). Consequently, sodium azide would not be considered in the context of the Haddad application which specifically requires the addition of a heat activator in order to warm the sample.

Similarly, those skilled in the art would not refer to the Melius reference because it represents non-analogous art. The invention claimed in Melius appears to be directed toward an adult incontinence device. More importantly, Melius also refers to the Germall as a preservative only, and further discussion as to the purpose of adding this compound is not provided. As mentioned above, the distinction between a preservative and biocide, as intended and defined by the applicant, cannot be overlooked. Consequently, here again, one would not combine the references in the manner relied upon by the examiner.

Lastly, regarding the Watanabe reference, the examiner appears to have misread the context in which the use of bronopol is described. Column 12, lines 32-48 demonstrate that the use of bronopol is in the context of the dispensing device claimed in the patent, and it is not used in the preparation of the synthetic urine sample. In fact, careful examination of that solution (described in lines 3-21) demonstrates the inventors only intend bronopol to be used within the claimed device in order to deliver that biocide to the urine container itself, presumably to maintain sanitary conditions in the container (rather than the urine solution). Thus, the reference fails to teach or suggest combination of biocide within a synthetic urine solution. Here also, the actual device and subject matter of the Watanabe reference is quite distinct from the art field

EXHIBIT 1 PAGE 106

contemplated by either the present application or the Haddad reference. In short, the combination of these references is not proper.

In view of the foregoing, reconsideration and allowance of the claims is hereby requested.

Respectfully submitted,

Robert C. Baraona
Reg. No. 45,426

Date _6/24/05_

{695197:}                                Page 9

PAGE 11/11 * RCVD AT 6/24/2005 4:21:01 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:216 348 5474 * DURATION (mm-ss):02-52

EXHIBIT 1 PAGE 107



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 | 3396 |

33772      7590      01/24/2005

MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

| EXAMINER |
|---|
| WALLENHORST, MAUREEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | |

DATE MAILED: 01/24/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

EXHIBIT 1 PAGE 108

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☐ Responsive to communication(s) filed on _____.

2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
   closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) *1-20* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-20* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
   application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

## Attachment(s)

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
   Paper No(s)/Mail Date *7/6/04*.

4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____.

1.        Claims 2 and 6 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

Claim 2 is indefinite since it uses the open language of "also including". However, claim

1, from which claim 2 depends, uses the partially closed language of "consisting essentially of".

It is not clear what components the composition of claim 1 excludes and what components it can

include as "nonessential" components. It is not clear how "consisting essentially of" in claim 1

is being interpreted since claim 2 uses open language. See this same problem in claim 6. For the

purposes of examining claims 1 and 2, "consisting essentially of" will be considered open to the

inclusion of other components.

2.        The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

3.        The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459

(1966), that are applied for establishing a background for determining obviousness under 35

U.S.C. 103(a) are summarized as follows:

1.   Determining the scope and contents of the prior art.
2.   Ascertaining the differences between the prior art and the claims at issue.
3.   Resolving the level of ordinary skill in the pertinent art.
4.   Considering objective evidence present in the application indicating obviousness
     or nonobviousness.

EXHIBIT 1 PAGE 110

4.      Claims 1-20 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haddad (US 2004/0077106) in view of any one of Adamczyk et al, Bernardin, Melius et al or Watanabe et al (submitted in the Information Disclosure Statement filed on July 6, 2004).

Haddad teaches of a synthetic urine and a method for making it. The synthetic urine comprises appropriate amounts of individual components of human urine such that the sample appears to be a genuine human urine. The synthetic urine comprises creatinine in normal levels, salts such as chlorides, phosphates and sulfates, and water to dilute the formulation. The synthetic urine has a specific gravity between about 1.00 and 1.035 g/cm$^3$, and a pH between about 4 and 9. The urine can also include urea therein, and optionally a buffer to establish or maintain a pH of 4 to 9. Haddad teaches that a preservative can also be included in the artificial urine composition. The urine composition is preferably packaged in a sealed container such as a sealed pouch or airtight container. To form the urine composition, creatinine and salts are dissolved in water, and the resulting solution is stirred, shaken or mixed. Optional components of urea, a buffer and a preservative are also dissolved in the water. See paragraphs nos. 0012-0020 and 0024-0031 in Haddad. Haddad fails to teach that the water used to make the synthetic urine has a pH between 3 and 10, and fails to teach that the preservative serves to minimize sepsis or bacterial growth in the synthetic urine.

Adamczyk et al teach of an artificial urine composition that contains therein urea, creatinine, water and the preservative sodium azide at a pH of 7.3-7.5. See lines 13-21 in column 6 of Adamczyk et al. Sodium azide is a known bacterial inhibitor.

Bernardin teaches of a synthetic urine that comprises urea and a sodium azide preservative. See lines 1-4 in column 8 of Bernardin.

EXHIBIT 1 PAGE 111

Melius et al teach of a synthetic urine composition that comprises various different salts, urea, water and Germall 115 preservative. See lines 12-28 in column 6 of Melius et al. Germall preservatives are known anti-bacterial compounds that serve to kill bacteria and minimize sepsis in a solution.

Watanabe et al teach of a synthetic urine composition held within a container that is mixed with a biocide such as bronopol in order to render the composition free of bacteria. See lines 21-48 in column 12 of Watanabe et al.

Based upon the combination of Haddad with any one of Adamczyk et al, Bernardin, Melius et al or Watanabe et al, it would have been obvious to one of ordinary skill in the art at the time of the instant invention to use any one of the anti-bacterial preservatives taught by Adamczyk et al, Bernardin, Melius et al or Watanabe et al as the preservative in the synthetic urine composition taught by Haddad since each of Adamczyk et al, Bernardin, Melius et al or Watanabe et al teach that it is known in the art to include in synthetic urine compositions antibacterial preservatives or biocides that preserve the urine by killing bacteria therein and preventing sepsis or bacterial growth. It also would have been obvious to one of ordinary skill in the art to use water having a pH between 3-10 to make the synthetic urine taught by Haddad since Haddad teaches that the synthetic urine should have a pH between these values, and the use of water already having a pH in this range avoids the use of a buffer to establish the required pH level.

5.      The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

EXHIBIT 1 PAGE 112

Please make note of: Fawkes et al who teach of a synthetic urine composition (see lines 56-64 in column 6), and Cocks et al who also teach of a synthetic urine (see lines 30-49 in column 3).

6.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to Maureen M. Wallenhorst whose telephone number is 571-272-1266. The examiner can normally be reached on Monday-Wednesday from 6:30 AM to 4:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jill Warden, can be reached on 571-272-1267. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

                                        Maureen M. Wallenhorst
                                        Primary Examiner
                                        Art Unit 1743

mmw

January 24, 2005

                                        Maureen M. Wallenhorst
                                        MAUREEN M. WALLENHORST
                                        PRIMARY EXAMINER
                                        GROUP 1700

EXHIBIT 1 PAGE 113

PTO/SB/08A (02-03)
Approved for use through 04/30/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

OIPE

JUL 0 6 2004

Substitute for form 1449A

# INFORMATION DISCLOSURE
# STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |
|---|---|---|---|

**Complete if Known**

| Application Number | 10/766,165 |
|---|---|
| Filing Date | Jan. 28, 2004 |
| First Named Inventor | James M. Stephens |
| Art Unit | ~~Not yet assigned~~ 1743 |
| Examiner Name | ~~Not yet assigned~~ Wallerhorst |
| Attorney Docket Number | 25692-00003 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| mW | | US- 4,146,644 | 3/79 | Griffith | |
| mW | | US- 5,036,013 | 7/91 | Wood, et al. | |
| mW | | US- 5,328,954 | 7/94 | Sarangapani | |
| mW | | US- 5,489,281 | 2/96 | Watanabe, et al. | |
| mW | | US- 6,306,422 | 10/01 | Batich, et al. | |
| mW | | US- 2002/016807 | 8/02 | Novinski, et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | *Maureen Wallerhorst* | Date Considered | 1-18-05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

EXHIBIT 1 PAGE 114

# Notice of References Cited

| | |
|---|---|
| Application/Control No.<br><br>10/766,165 | Applicant(s)/Patent Under Reexamination<br>STEPHENS, JAMES MATTHEW |
| Examiner<br><br>Maureen M. Wallenhorst | Art Unit<br><br>1743 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-4,825,851 | 05-1989 | Cocks et al. | 601/4 |
| | B | US-5,105,007 | 04-1992 | Adamczyk et al. | 562/450 |
| | C | US-5,176,668 | 01-1993 | Bernardin, Leo J. | 604/368 |
| | D | US-5,651,778 | 07-1997 | Melius et al. | 604/385.19 |
| | E | US-5,993,840 | 11-1999 | Fawkes et al. | 424/404 |
| | F | US-2004/0077106 | 04-2004 | Haddad, Laith | 436/536 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

***Search Notes***

| Application No. | Applicant(s) |
|---|---|
| 10/766,165 | STEPHENS, JAMES MATTHEW |
| **Examiner** | **Art Unit** |
| Maureen M. Wallenhorst | 1743 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 436 | 8, 18, 98 | 1/18/05 | mw |
| 252 | 408.1 | ↓ | ↓ |
| 424 | 545 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| EAST/ uspat, PGpub search | 1/18/05 | mw |
| WEST/ EPO, JPO, derwent search | ↓ | ↓ |
| STN/ Caplus, caold, medline, biosis search | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# *BIBDATASHEET*

Bib Data Sheet

**CONFIRMATION NO. 3396**

| SERIAL NUMBER 10/766,165 | FILING DATE 01/28/2004 RULE | CLASS 436 | GROUP ART UNIT 1743 | ATTORNEY DOCKET NO. 25692-00003 |
|---|---|---|---|---|

APPLICANTS

James Matthew Stephens, Cincinnati, OH;

** CONTINUING DATA ************************
∨mω

** FOREIGN APPLICATIONS *****************
∨mω

IF REQUIRED, FOREIGN FILING LICENSE GRANTED    ** SMALL ENTITY **
** 04/03/2004

| Foreign Priority claimed | ☐ yes ☒ no | STATE OR | SHEETS | TOTAL | INDEPENDENT |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met | ☐ yes ☒ no ☐ Met after Allowance | | | | |
| Verified and Acknowledged    Examiner's Signature    Initials mω | | COUNTRY OH | DRAWING | CLAIMS 20 | CLAIMS 3 |

ADDRESS
33772
MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND , OH
44114-2653

TITLE
Synthetic urine and method of manufacturing same

| FILING FEE RECEIVED 450 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

EXHIBIT 1 PAGE 117    1/12/05

# Index of Claims

| Application No. | Applicant(s) |
|---|---|
| 10/766,165 | STEPHENS, JAMES MATTHEW |
| Examiner | Art Unit |
| Maureen M. Wallenhorst | 1743 |

| | | |
|---|---|---|
| √ | Rejected | |
| = | Allowed | |
| – | (Through numeral) Cancelled | |
| + | Restricted | |
| N | Non-Elected | |
| I | Interference | |
| A | Appeal | |
| O | Objected | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | (1) | |
| | 2 | |
| | 3 | |
| | 4 | |
| | 5 | |
| | 6 | |
| | (7) | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | (13) | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |
| | 26 | |
| | 27 | |
| | 28 | |
| | 29 | |
| | 30 | |
| | 31 | |
| | 32 | |
| | 33 | |
| | 34 | |
| | 35 | |
| | 36 | |
| | 37 | |
| | 38 | |
| | 39 | |
| | 40 | |
| | 41 | |
| | 42 | |
| | 43 | |
| | 44 | |
| | 45 | |
| | 46 | |
| | 47 | |
| | 48 | |
| | 49 | |
| | 50 | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | 51 | |
| | 52 | |
| | 53 | |
| | 54 | |
| | 55 | |
| | 56 | |
| | 57 | |
| | 58 | |
| | 59 | |
| | 60 | |
| | 61 | |
| | 62 | |
| | 63 | |
| | 64 | |
| | 65 | |
| | 66 | |
| | 67 | |
| | 68 | |
| | 69 | |
| | 70 | |
| | 71 | |
| | 72 | |
| | 73 | |
| | 74 | |
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | |
| | 79 | |
| | 80 | |
| | 81 | |
| | 82 | |
| | 83 | |
| | 84 | |
| | 85 | |
| | 86 | |
| | 87 | |
| | 88 | |
| | 89 | |
| | 90 | |
| | 91 | |
| | 92 | |
| | 93 | |
| | 94 | |
| | 95 | |
| | 96 | |
| | 97 | |
| | 98 | |
| | 99 | |
| | 100 | |

| Claim | | Date |
|---|---|---|
| Final | Original | |
| | 101 | |
| | 102 | |
| | 103 | |
| | 104 | |
| | 105 | |
| | 106 | |
| | 107 | |
| | 108 | |
| | 109 | |
| | 110 | |
| | 111 | |
| | 112 | |
| | 113 | |
| | 114 | |
| | 115 | |
| | 116 | |
| | 117 | |
| | 118 | |
| | 119 | |
| | 120 | |
| | 121 | |
| | 122 | |
| | 123 | |
| | 124 | |
| | 125 | |
| | 126 | |
| | 127 | |
| | 128 | |
| | 129 | |
| | 130 | |
| | 131 | |
| | 132 | |
| | 133 | |
| | 134 | |
| | 135 | |
| | 136 | |
| | 137 | |
| | 138 | |
| | 139 | |
| | 140 | |
| | 141 | |
| | 142 | |
| | 143 | |
| | 144 | |
| | 145 | |
| | 146 | |
| | 147 | |
| | 148 | |
| | 149 | |
| | 150 | |

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 3 | stephens-james-matthew-.in. | US-PGPUB; USPAT | OR | OFF | 2005/01/18 12:59 |
| L2 | 0 | stephens-james-matthew-$.in. | US-PGPUB; USPAT | OR | OFF | 2005/01/18 12:59 |
| L3 | 1 | ((synthetic adj urine) or (artificial adj urine) or (manmade adj urine) or (man-made adj urine) or ((man adj made) adj urine)).ti. | US-PGPUB; USPAT | OR | OFF | 2005/01/18 13:07 |
| L4 | 1148 | (synthetic adj urine) or (artificial adj urine) or (manmade adj urine) or (man-made adj urine) or ((man adj made) adj urine) | US-PGPUB; USPAT | OR | OFF | 2005/01/18 13:08 |
| L5 | 48 | l4 same (preservative$1 or biocide$1 or antimicrobial$1 or anti-microbial$1 or antibiotic$1) | US-PGPUB; USPAT | OR | OFF | 2005/01/18 13:08 |
| L6 | 5 | l5 same bronopol | US-PGPUB; USPAT | OR | OFF | 2005/01/18 13:13 |
| L7 | 43 | l5 not l6 | US-PGPUB; USPAT | OR | OFF | 2005/01/18 13:24 |
| L8 | 16 | l4 same creatinine | US-PGPUB; USPAT | OR | OFF | 2005/01/18 13:56 |
| L9 | 18 | l4 same (specific adj gravity) | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:03 |
| L10 | 3623 | urine same (artificial$2 or synthetic$4 or manmade or man-made or (man adj made)) | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:04 |
| L11 | 40 | l10 same creatinine | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:04 |
| L12 | 2 | l11 same (preservative$1 or biocide$1 or antimicrobial$1 or anti-microbial$1 or antibiotic$1 or azide or germall) | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:05 |
| L13 | 9 | l11 same ph | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:05 |
| L14 | 7 | l13 not l12 | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:06 |
| L15 | 9 | l11 same (water or aqueous) | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:07 |
| L16 | 4 | l15 not l13 | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:07 |
| L17 | 248 | (sodium adj azide) near10 bacteria$2 | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:08 |
| L18 | 0 | l17 same sepsis | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:08 |

| L19 | 14 | l17 same urine | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:11 |
|-----|-----|----------------|-----------------|-----|-----|------------------|
| L20 | 1 | germall near10 bacteria$2 | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:12 |
| L21 | 91 | germall same bacteria$2 | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:12 |
| L22 | 0 | l21 same urine | US-PGPUB; USPAT | OR | OFF | 2005/01/18 14:12 |

EXHIBIT 1 PAGE 120

# WEST Search History

| Hide Items | Restore | Clear | Cancel |

DATE: Tuesday, January 18, 2005

| Hide? | Set Name | Query | Hit Count |
|-------|----------|-------|-----------|
| | | *DB=EPAB,JPAB,DWPI,TDBD; PLUR=YES; OP=ADJ* | |
| ☐ | L17 | l13 and (specific adj gravity) | 3 |
| ☐ | L16 | l13 and (biocide$1 or antimicrobial$1 or anti-microbial$1 or antibiotic$1) | 25 |
| ☐ | L15 | L14 not l4 | 6 |
| ☐ | L14 | L13 and creatinine | 7 |
| ☐ | L13 | urine and (synthetic or artificial or man-made or manmade or (mad adj made)) | 750 |
| ☐ | L12 | l3 and (tbto or tbz or tccbn or tcmtb or thione$1 or thps or tkhps or ttpc) | 0 |
| ☐ | L11 | l3 and (glutaraldehyde$1 or isothiazoline$1 or mbt or polyquat or qaut$1 or adbac$1) | 0 |
| ☐ | L10 | l3 and (dbnpa or dtea or guanide$1 or guanidine or biguanide$1) | 1 |
| ☐ | L9 | l3 and (bronopol or bhap or carbamate$1 or chlorothioether$1) | 0 |
| ☐ | L8 | L7 and (water or aqueous) | 13 |
| ☐ | L7 | l3 and ph | 19 |
| ☐ | L6 | l3 and (specific adj gravity) | 0 |
| ☐ | L5 | l3 and (biocide$1 or antimicrobial$1 or anti-microbial$1 or antibiotic$1) | 3 |
| ☐ | L4 | L3 and creatinine | 1 |
| ☐ | L3 | (synthetic adj urine) or (artificial adj urine) or (man-made adj urine) or (manmade adj urine) or ((man adj made) adj urine) | 100 |
| ☐ | L2 | L1 and urine | 3 |
| ☐ | L1 | stephens-j-$.in. | 216 |

END OF SEARCH HISTORY

# WEST Search History

| Hide Items | Restore | Clear | Cancel |

DATE: Tuesday, January 18, 2005

| Hide? | Set Name | Query | Hit Count |
|-------|----------|-------|-----------|
| | | *DB=EPAB,JPAB,DWPI,TDBD; PLUR=YES; OP=ADJ* | |
| ☐ | L4 | L3 and preservative$1 | 2 |
| ☐ | L3 | urine and (synthetic$4 or artificial$2 or manmade or man-made or (man adj made)) | 779 |
| ☐ | L2 | L1 and preservative$1 | 0 |
| ☐ | L1 | (synthetic adj urine) or (artificial adj urine) or (manmade adj urine) or (man-made adj urine) or ((man adj made) adj urine) | 100 |

END OF SEARCH HISTORY

d his

(FILE 'HOME' ENTERED AT 10:36:27 ON 18 JAN 2005)

FILE 'CAPLUS, CAOLD, MEDLINE, BIOSIS' ENTERED AT 10:43:40 ON 18 JAN 2005
                E STEPHENS JAMES MATTHEW/AU

```
L1          4 S E2-E3
L2          3 DUP REMOV L1 (1 DUPLICATE REMOVED)
L3       9923 S URINE AND (SYNTHETIC OR ARTIFICIAL OR MAN-MADE OR MANMADE OR
L4        630 S L3 AND CREATININE
L5         59 S L4 AND WATER
L6         61 S L4 AND (WATER OR AQUEOUS)
L7          9 S L6 AND PH
L8          8 DUP REMOV L7 (1 DUPLICATE REMOVED)
L9          0 S L4 AND BIOCIDE?
L10         0 S L4 AND (ANTIMICROBIAL? OR ANITOBIOTIC? OR ANTI-MICROBIAL?)
L11        19 S L4 AND BACTERIA?
L12        15 DUP REMOV L11 (4 DUPLICATES REMOVED)
L13         4 S L12 AND ANTIBIOTIC?
L14        11 S L12 NOT L13
L15       770 S SYNTHETIC URINE OR ARTIFICIAL URINE OR MAN-MADE URINE OR MANM
L16        25 S L15 AND CREATININE
L17        17 DUP REMOV L16 (8 DUPLICATES REMOVED)
L18        22 S L15 AND (BIOCIDE? OR ANTIMICROBIAL? OR ANTI-MICROBIAL OR ANTI
L19        12 DUP REMOV L18 (10 DUPLICATES REMOVED)
L20        12 S L19 NOT L17
L21         1 S L15 AND (BHAP OR BRONOPOL OR CARBAMATE? OR·CHLOROTHIOETHER)
L22         1 S L15 AND (DBNPA OR DTEA OR GUANIDE? OR GUANIDINE OR BIGUANIDE?
L23         5 S L15 AND (GLUTARALDEHYDE OR ISOTHIAZOLINE? OR POLYQUAT OR QUAT
L24         4 DUP REMOV L23 (1 DUPLICATE REMOVED)
L25         0 S L15 AND (TBTO OR TBZ OR TERTBUTHYLAZINE OR TCCBN OR THIONE OR
L26         1 S L15 AND SPECIFIC GRAVITY
L27         0 S L4 AND SPECIFIC GRAVITY
L28       199 S L15 AND PH
L29        69 S L28 AND 3
L30        20 S L29 AND 10
```

=>

EXHIBIT 1 PAGE 123

d his

(FILE 'HOME' ENTERED AT 12:01:44 ON 18 JAN 2005)

FILE 'CAPLUS, CAOLD, MEDLINE, BIOSIS' ENTERED AT 12:01:57 ON 18 JAN 2005
L1          770 S ARTIFICIAL URINE OR SYNTHETIC URINE OR MANMADE URINE OR MAN-M
L2            1 S L1 AND PRESERVATIVE?
L3        10410 S URINE AND (SYNTHETIC? OR ARTIFICIAL? OR MAN-MADE OR MANMADE O
L4           11 S L3 AND PRESERVATIVE?
L5           10 DUP REMOV L4 (1 DUPLICATE REMOVED)

EXHIBIT 1 PAGE 124

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 20 | ("3471019"\|"3806424"\|"4167875"<br>\|"4299920"\|"4304865"\|"4317726"<br>\|"4404006"\|"4493815"\|"4526690"<br>\|"4734192"\|"4902481"\|"4948442"<br>\|"5047215"\|"5108704"\|"5223133"<br>\|"5326533"\|"5679310"\|"5846493"<br>\|"5885499"\|"6309605").PN. | US-PGPUB;<br>USPAT | OR | OFF | 2005/01/18 15:29 |
| L2 | 3 | ("5141718"\|"5650323"\|"5972694"<br>).PN. | US-PGPUB;<br>USPAT | OR | OFF | 2005/01/18 15:30 |
| L3 | 1 | "5906796".pn. | US-PGPUB;<br>USPAT | OR | OFF | 2005/01/18 15:34 |
| L4 | 4 | olivier-stephane-.in. | US-PGPUB;<br>USPAT | OR | OFF | 2005/01/18 15:34 |

# CLAIMS ONLY

Application Number: 10/766165

Filing Date:

Applicant(s):

* May be used for additional claims or amendments

| CLAIMS | AS FILED | | AFTER FIRST AMENDMENT | | AFTER SECOND AMENDMENT | | | * | | * | | * | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Indep | Depend | Indep | Depend | Indep | Depend | | Indep | Depend | Indep | Depend | Indep | Depend |
| 1 | ∕ | | | | | | 51 | | | | | | |
| 2 | | ∕ | | | | | 52 | | | | | | |
| 3 | | ∕ | | | | | 53 | | | | | | |
| 4 | | ∕ | | | | | 54 | | | | | | |
| 5 | | ∕ | | | | | 55 | | | | | | |
| 6 | | ∕ | | | | | 56 | | | | | | |
| 7 | ∕ | | | | | | 57 | | | | | | |
| 8 | | ∕ | | | | | 58 | | | | | | |
| 9 | | ∕ | | | | | 59 | | | | | | |
| 10 | | ∕ | | | | | 60 | | | | | | |
| 11 | | ∕ | | | | | 61 | | | | | | |
| 12 | | ∕ | | | | | 62 | | | | | | |
| 13 | ∕ | | | | | | 63 | | | | | | |
| 14 | | ∕ | | | | | 64 | | | | | | |
| 15 | | ∕ | | | | | 65 | | | | | | |
| 16 | | ∕ | | | | | 66 | | | | | | |
| 17 | | ∕ | | | | | 67 | | | | | | |
| 18 | | ∕ | | | | | 68 | | | | | | |
| 19 | | ∕ | | | | | 69 | | | | | | |
| 20 | | ∕ | | | | | 70 | | | | | | |
| 21 | | | | | | | 71 | | | | | | |
| 22 | | | | | | | 72 | | | | | | |
| 23 | | | | | | | 73 | | | | | | |
| 24 | | | | | | | 74 | | | | | | |
| 25 | | | | | | | 75 | | | | | | |
| 26 | | | | | | | 76 | | | | | | |
| 27 | | | | | | | 77 | | | | | | |
| 28 | | | | | | | 78 | | | | | | |
| 29 | | | | | | | 79 | | | | | | |
| 30 | | | | | | | 80 | | | | | | |
| 31 | | | | | | | 81 | | | | | | |
| 32 | | | | | | | 82 | | | | | | |
| 33 | | | | | | | 83 | | | | | | |
| 34 | | | | | | | 84 | | | | | | |
| 35 | | | | | | | 85 | | | | | | |
| 36 | | | | | | | 86 | | | | | | |
| 37 | | | | | | | 87 | | | | | | |
| 38 | | | | | | | 88 | | | | | | |
| 39 | | | | | | | 89 | | | | | | |
| 40 | | | | | | | 90 | | | | | | |
| 41 | | | | | | | 91 | | | | | | |
| 42 | | | | | | | 92 | | | | | | |
| 43 | | | | | | | 93 | | | | | | |
| 44 | | | | | | | 94 | | | | | | |
| 45 | | | | | | | 95 | | | | | | |
| 46 | | | | | | | 96 | | | | | | |
| 47 | | | | | | | 97 | | | | | | |
| 48 | | | | | | | 98 | | | | | | |
| 49 | | | | | | | 99 | | | | | | |
| 50 | | | | | | | 100 | | | | | | |
| Total Indep | 3 | | | | | | Total Indep | | | | | | |
| Total Depend | 17 | | | | | | Total Depend | | | | | | |
| Total Claims | 20 | | | | | | Total Claims | | | | | | |

EXHIBIT 1 PAGE 126



**CERTIFICATE OF MAILING**

I hereby certify that this **INFORMATION DISCLOSURE STATEMENT** is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

By: _Pat Simpson_

**PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application: | James M. Stephens | Group Art Unit: | Not yet assigned |
| Serial No.: | 10/766,165 | Examiner: | Not yet assigned |
| Filing Date: | Jan. 28, 2004 | Docket No.: | 25692-00003 |
| Title: | SYNTHETIC URINE AND METHOD OF MANUACTURING SAME | | |

## INFORMATION DISCLOSURE STATEMENT

Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In accordance with 37 C.F.R. §§ 1.56, 1.97, 1.98 and MPEP 609, applicant(s) submit(s) the following Disclosure Statement concerning art of which the applicant(s) is(are) aware. This Disclosure Statement shall not be construed as a representation that a search has been made. Further, this Disclosure Statement shall not be construed to be an admission that the information cited in the Disclosure Statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56(b). A copy of PTO-1449 is enclosed herewith.

{525508:}

EXHIBIT 1 PAGE 127

**BEFORE FIRST OFFICE ACTION**

Under Rule 97(b)(3), this information disclosure statement is being filed before the mailing date of a first Office Action on the merits and accordingly no fee is necessary.

Respectfully submitted,

McDonald Hopkins Co., LPA

Date: ___6/30/0V___

Robert C. Baraona
Reg. No. 445,426
600 Superior Ave., E.
Cleveland, Ohio 44113
Tel.: (216) 348-5400
Fax: (216) 248-5474

{525508:}

EXHIBIT 1 PAGE 128

PTO/SB/08A (02-03)
Approved for use through 04/30/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449 PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |

| **Complete if Known** | |
|---|---|
| Application Number | 10/766,165 |
| Filing Date | Jan. 28, 2004 |
| First Named Inventor | James M. Stephens |
| Art Unit | Not yet assigned |
| Examiner Name | Not yet assigned |
| Attorney Docket Number | 25692-00003 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 4,146,644 | 3/79 | Griffith | |
| | | US- 5,036,013 | 7/91 | Wood, et al. | |
| | | US- 5,328,954 | 7/94 | Sarangapani | |
| | | US- 5,489,281 | 2/96 | Watanabe, et al. | |
| | | US- 6,306,422 | 10/01 | Batich, et al. | |
| | | US- 2002/016807 | 8/02 | Novinski, et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3] -Number[4] -Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

EXHIBIT 1 PAGE 129



QIPE JCSF
JUN 0 7 2004
PATENT & TRADEMARK OFFICE

# DECLARATION AND POWER OF ATTORNEY

As a below named inventor, I/We hereby declare that:

My/Our residence, post office address, and citizenship are as stated below next to my/our name.

I/We believe I/We am/are the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below of the subject matter that is claimed and for which a patent is sought on the invention entitled:

## SYNETHETIC URINE AND METHOD OF MANUFACTURING SAME

the specification of which (check one)

_____ is attached hereto

OR

_____ was filed on <u>January 28, 2004</u> as United States Application Number <u>10/7 56,165</u> and was amended on _____(if applicable).

I/We hereby state that I/We have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment specifically referred to above.

I/We acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me to be material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I/We hereby claim foreign priority benefits under 35 U.S.C. Section 119(a)-(d) or (f), or Section 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certficate(s), or Section 365(a) of any PCT international application which designated at least one country other than the United Stats of America, listed below and have also identified below, any foreign application for patent, inventor's or plant breeder's rights certificate s), or any PCT international application having a filing date before that of the application on which priority is claimed:

(515229:)

EXHIBIT 1 PAGE 130

OIPE JCSF
JUN 0 7 2004
PATENT & TRADEMARK OFFICE

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? YES | NO |
|---|---|---|---|---|---|
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |

I/We hereby claim the benefit under 35 U.S.C. Section 119(e) of any United States provisional application(s) listed below:

_____          _____
(Application Serial No.)                              (Filing Date)

I/We hereby claim the benefit under 35 U.S.C. Section 120 of any United States application(s), or Section 365(c) of any PCT International application designating the United States, listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States or PCT International application in the manner provided by the first paragraph of 35 U.S.C. Section 112, I/We acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me to be material to patentability as defined in Title 37, C.F.R., Section 1.56 which became available between the filing date of the prior application and the national or PCT International filing date of this application.

_____       _____       _____
(Application Serial No.)              (Filing Date)                    (Status)(patented pending, abandoned)

_____       _____       _____
(Application Serial No.)              (Filing Date)                    (Status)(patented pending, abandoned)

_____       _____       _____
(Application Serial No.)              (Filing Date)                    (Status)(patented pending, abandoned)

I/We hereby declare that all statements made herein of my/our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so

(515229:)

EXHIBIT 1 PAGE 131

OIPE
JUN 07 2004
PATENT & TRADEMARK OFFICE

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I/We hereby appoint Ronald D. Gutt (Reg. No. 43,650), Robert H. Earl. III (Reg. No. 41,004), Robert C. Baraona (Reg. No. 45,426), David B. Cupar (Reg. No. 47,51 )) and Todd A. Benni, Reg. No. 42,313 as my attorneys or agents to prosecute the application identified above, and to transact all business in the USPTO connected therewith.

I/We request that correspondence in connection with this application be directed to:

Robert C. Baraona
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, OH 44114-2653
(216) 348-5400

| | |
|---|---|
| Inventor's Full Name: | **JAMES MATTHEW STEPHENS** |
| Inventor's Signature: | _James Matthew Stephens_  6/1/04 |
| | Date |
| Citizenship: | United States of America |
| Post Office Address: | 550 Wards Corner Road, Unit 102 |
| | Cincinnati, OH 45140 |
| Residence Address: | 550 Wards Corner Road, Unit 102 |
| | Cincinnati, OH 45140 |

{515229:}

EXHIBIT 1 PAGE 132

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 10/766,165 | 01/28/2004 | James Matthew Stephens | 25692-00003 |

33772
MCDONALD HOPKINS CO., LPA
2100 BANK ONE CENTER
600 SUPERIOR AVENUE, E.
CLEVELAND, OH 44114-2653

**CONFIRMATION NO. 3396**
**FORMALITIES LETTER**

*OC00000012285297*

Date Mailed: 04/06/2004

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is unsigned.
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $65 for a small entity in compliance with 37 CFR 1.27, must be submitted with the missing items identified in this letter.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is $65 for a Small Entity

- $65 Late oath or declaration Surcharge.

Replies should be mailed to:     Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

---

*A copy of this notice **MUST** be returned with the reply.*

EXHIBIT 1 PAGE 133

Meazo. W

Customer Service Center
Initial Patent Examination Division (703) 308-1202

PART 3 - OFFICE COPY

EXHIBIT 1 PAGE 134

PTO/SB/05 (01-04)
Approved for use through 07/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | 25692-00003 |
| First Inventor | James Matthew Stephens |
| Title | Synthetic Urine and Method.... |
| Express Mail Label No. | EV 311569825US |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

ADDRESS TO:
Mail Stop Patent Application
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

1. [X] Fee Transmittal Form (e.g., PTO/SB/17)
   *(Submit an original and a duplicate for fee processing)*
2. [X] Applicant claims small entity status.
   See 37 CFR 1.27.
3. [X] Specification    *[Total Pages_____]*    16
   *(preferred arrangement set forth below)*
   - Descriptive title of the invention
   - Cross Reference to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Reference to sequence listing, a table,
     or a computer program listing appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings *(if filed)*
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure

4. [ ] Drawing(s) (35 U.S.C. 113)    *[Total Sheets_____]*

5. Oath or Declaration    *[Total Sheets_____]*
   a. [X] Newly executed (original or copy)
   b. [ ] Copy from a prior application (37 CFR 1.63(d))
        *(for continuation/divisional with Box 18 completed)*
      i. [ ] DELETION OF INVENTOR(S)
         Signed statement attached deleting inventor(s)
         name in the prior application, see 37 CFR
         1.63(d)(2) and 1.33(b).

6. [ ] Application Data Sheet. See 37 CFR 1.76

7. [ ] CD-ROM or CD-R in duplicate, large table or
       Computer Program *(Appendix)*
8. [ ] Nucleotide and/or Amino Acid Sequence Submission
       *(if applicable, all necessary)*
   a. [ ] Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

### ACCOMPANYING APPLICATION PARTS

9. [ ] Assignment Papers (cover sheet & document(s))
10. [ ] 37 CFR 3.73(b) Statement    [ ] Power of Attorney
        *(when there is an assignee)*
11. [ ] English Translation Document *(if applicable)*
12. [ ] Information Disclosure    [ ] Copies of IDS
        Statement (IDS)/PTO-1449    Citations
13. [ ] Preliminary Amendment
14. [X] Return Receipt Postcard (MPEP 503)
        *(Should be specifically itemized)*
15. [ ] Certified Copy of Priority Document(s)
        *(if foreign priority is claimed)*
16. [ ] Nonpublication Request under 35 U.S.C. 122
        (b)(2)(B)(i). Applicant must attach form PTO/SB/35
        or its equivalent.
17. [ ] Other: ................................................
        ................................................

18. If a CONTINUING APPLICATION, *check appropriate box, and supply the requisite information below and in the first sentence of the specification following the title, or in an Application Data Sheet under 37 CFR 1.76:*

[ ] Continuation    [ ] Divisional    [ ] Continuation-in-part (CIP)    of prior application No.: .................................

*Prior application information:*    Examiner _____    Art Unit: _____

For CONTINUATION OR DIVISIONAL APPS only; The entire disclosure of the prior application, from which an oath or declaration is supplied under Box 5b, is considered a part of the disclosure of the accompanying continuation or divisional application and is hereby incorporated by reference. The incorporation <u>can only</u> be relied upon when a portion has been inadvertently omitted from the submitted application parts.

## 19. CORRESPONDENCE ADDRESS

[ ] Customer Number: _____    ]  OR  [ ] Correspondence address below

33772
PATENT TRADEMARK OFFICE

| | |
|---|---|
| Name | |
| Address | |
| City | |
| Country | |

| | | |
|---|---|---|
| | Telephone | Fax |
| | Zip Code | |

| Name (Print/Type) | Robert C. Baraona | Registration No. (Attorney/Agent) | 45,426 |
|---|---|---|---|
| Signature | *[signature]* | Date | 1/28/04 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop Patent Application, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

EXHIBIT 1 PAGE 135

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor:    James Matthew Stephens

Serial No.    Not yet assigned

Filing Date:   Herewith –January 28, 2004

Docket No.:  25692-00003

Title:       SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME

Mail Stop: New Patent Application
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## CERTIFICATE OF EXPRESS MAIL UNDER 37 C.F.R. 1.10

Dear Sir:

I hereby certify that the foregoing documents are being deposited with the United States Postal Service as "Express Mail Post Office To Addressee" with sufficient postage on the date indicated below and is addressed to Mail Stop: Provisional Patent Application, Commissioner for Patents, P. O. Box 1450, Alexandria, Virginia 22313-1450

EV 311569825US
Express Mail Label Number

January 28, 2004
Date of Deposit

*Pat Simpson*
Signature of Person Mailing Papers

*PAT SIMPSON*
Name of Person Signing Certificate

Documents Enclosed:
1.    2 page transmittal of utility patent
2.    11 pages of specification, 4 pages of claims, 1 page abstract
3.    3 page copy of Declaration for Utility or Design Patent Application
4.    check for $385.00

TITLE

**SYNTHETIC URINE AND METHOD OF MANUFACTURING SAME**

BACKGROUND OF THE INVENTION

[0001]    This invention relates to a composition and method of manufacturing synthetic urine.

[0002]    The kidneys remove unwanted substances circulating in the blood by way of producing urine, which is excreted from the body. Consequently, diverse waste substances and other substances unwanted by the body find their way into urine for subsequent removal from the body. Urinalysis is the testing of the composition and amounts of waste substances in urine, and provides a tremendously powerful diagnostic tool for the medical profession. In particular, many of these substances are indicative of certain medical conditions or other substances which have been metabolized by a person's kidneys.

[0003]    Using current urinalysis techniques, unwanted substances in a urine sample can mask existing medical conditions, while still some others can masquerade as non-existent medical conditions. In each instance, these unwanted substance undermine the usefulness of urinalysis as a medical diagnostic tool. Some of the unwanted substances that find their way into a urine sample are drugs (both legal and illegal) and metabolites thereof, along with other chemical residues or contaminants that may be present or otherwise contacted during the handling procedures. These substances can disturb the sensitive tests, making the actual state of the body difficult or impossible to determine.

[0004]    For example, insulin levels, para-aminohippuric acid, phenol sulfonphthalein, phosphate, arylsulfatase-A, lysosome, urine amylase, total urine estrogens, specific estrogens, progestins,

aldosterone, catecholamines, 5-hydroxyindoleacetic acid, cortisol, homovanillic acid, human chorionic gonadotrophin, creatine, urea, uric acid, bilirubin, hemoglobin, hydroxyproline, melanin, porphorins, total protein, acid mucopolysaccharide, copper, glucose oxidase and urine ketone can all influence the results of most standard urinalysis testing methods in unintended or unpredictable ways.

[0005]    Essentially, these testing methods include a variety of immunoassays or assays by other techniques, such as isolation followed by gas or liquid chromatography followed by mass spectrometry. These tests make urinalysis a powerful diagnostic tool for identifying a whole range of conditions. For example, substance abuse and other indicia of disease or bodily state can easily be detected by urinalysis. However, in order to accurately establish standards of comparison for such tests, reliable urine samples are needed which are entirely free from any of the aforementioned substances. Thus, the development of a suitable, synthetic urine substitute would improve testing methods by providing researchers, potential urine donors and testing technicians with an accurate baseline reading for "clean" urine samples to compare against other suspect samples.

[0006]    To illustrate, a method for detecting this compound is described in U.S. Patent No. 5,036,013, issued to El Sohly et al., where various deuterated cannabinoids are synthesized to help determine the quantitative amount of tetrahydrocannabinol in a urine sample. One method in particular involves spiking a clean urine sample with known amount of deuterated tetrahydrocannabinol and analyzing the resultant sample with gas chromatography/mass spectrometry in order to establish set standards of comparison. However, a failure to possess a truly clean sample could substantially influence and negatively affect the results of these methods.

{472939:}

EXHIBIT 1 PAGE 138

[0007]    Another example of the problems created by interfering chemicals in urine is exemplified by the case of ibuprophan. Ibuprophan is a prostaglandin synthetase inhibitor that may be taken in large doses to relive pain and inflammation characteristic of arthritis. When a patient taking these massive doses is subjected to urinalysis, it may mask other drugs being taken by the donor, or may even be mistaken for tetrahydrocannabinol (a metabolite which many testing technicians classify as being indicative of marijuana use).

[0008]    Any misidentification of controlled substance use/abuse, personal information (pregnancy, use of cigarettes, etc.) or any of the numerous medical conditions that can be determined using urinalysis can have devastating personal consequences for the urine donor. Thus, some companies sell inexpensive home testing kits in order to provide some level or reassurance to potential urine donors whether they may have such a misidentification. However, given the potential liability for a misidentified or positive test, many lay persons feel intimidated by testing procedures, and these persons would welcome the ability to utilize a known sample, free from unwanted or unknown substances, for the sake of comparison.

[0009]    In response to the need for a reliable source of relatively inexpensive, "clean" urine samples which are free from any unwanted or unknown substances, numerous attempts to formulate synthetic urine have been made. For example, U.S. Patents 6,306,422 to Batich et al. (table 3, col. 16, line 50 et seq.), 5,328,954 to Sarangapani (table 1, col. 9, line 29 et seq.), 5,489,281 to Watanabe et al. (col. 12, example 6) and 4,146,644 to Griffith et al. (table 1, col. 10). However, none of these references appears to address a simple composition which can be manufactured in an inexpensive manner.

[0010]    Additionally, all of these references require the use of creatinine or other compounds which can be consumed by bacteria present in the sample. Accordingly, all of these samples will

{472939:}

EXHIBIT 1 PAGE 139

undergo sepsis unless they are immediately used, thereby making these compounds as unattractive candidates for mass production and/or consumer sales.

## SUMMARY OF THE INVENTION

[0011]     It is an object of this invention to provide a reliable source of synthetic urine, along with a method for its manufacture, which is free from any and all unwanted or unknown substances.

[0012]     It is a further object of this invention to provide a synthetic urine, along with a method for its manufacture, which is capable of retaining its viability and utility for extended periods of time.

[0013]     Still further uses for such a synthetic urine can and will be devised by a prospective user based upon her or her own personal disposition, interests and privacy concerns.

[0014]     Accordingly, a composition of synthetic urine is claimed. This composition includes water, having a pH between 3 and 10 with creatinine and biocide dissolved therein. The composition further includes any compound which dissolves and dissociates in a water solution in a manner which insures that the specific gravity of the resulting solution mixture is between 1.005 $g/cm^3$ and 1.025 $g/cm^3$. Urea can be added as another possible element of the invention, and those skilled in the art will readily identify appropriate specific types of biocide oxiders, organics or in situ agents, along with a host of carbonates, halide salts, hydroxide salts and other chemicals which could serve as ideal ionic compounds within the meaning of the invention.

[0015]     A method for manufacturing synthetic urine is also disclosed. The method involves providing water, dissolving creatinine and biocide in the water, adjusting the resulting solution's specific gravity to be between 1.005 and 1.025 and, if necessary, the pH level of the solution. In another aspect, the method contemplates providing water with a pH between 3 and 10, mixing

{472939:}

EXHIBIT 1 PAGE 140

creatinine and at least one dissociating ionic compound to adjust the specific gravity of the resulting solution to be between 1.005 g/cm$^3$ and 1.025 g/cm$^3$ and removing bacteria from the solution so as to avoid sepsis of the creatinine. In each of these embodiments the same types of biocides and ionic compounds can be used as were identified in the composition embodiment above.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

[0016] While human urine may at varying times reflect a wide range of chemical compounds, almost all current urinalysis rely upon observation of three basic traits: pH level, specific gravity and the presence of creatinine. Consequently, it was discovered that an effective, yet cost efficient, synthetic urine solution having a final specific gravity between 1.005 g/cm$^3$ and 1.025 g/cm$^3$ needed only to contain three basic components: water with a pH between 3 and 10; creatinine; and some means for controlling or eliminating the unwanted sepsis of the creatinine. With respect to this final element, this bacteria control/elimination is most readily accomplished through the use of a biocide.

[0017] Examining each of these three traits separately, the need for a water-based solution should be apparent. However, it is significant to note that human urine displays a wide range in terms of pH variation—anywhere from 3 to 10. This variation can be attributed to any number of factors regarding regional water quality, metabolic idiosyncrasies displayed by each individual and the like. Thus, the water supplied for the composition and method may need to have its pH adjusted accordingly. Significantly, while use of distilled, deionized water will produce the most reliable synthetic urine solutions in terms of elimination of unwanted substances, the invention may be practiced with equal efficacy using distilled water, deionized water or even regular tap

{472939:}

EXHIBIT 1 PAGE 141

water (drawn from any fresh water source having an appropriately low specific gravity—discussed below). Unless specifically noted to the contrary, use of the term "water" throughout this specification and appended claims is intended to embrace the broadest array of appropriate water sources available.

[0018]     The final synthetic urine solution must also have a specific gravity between 1.005 $g/cm^3$ and 1.025 $g/cm^3$. Insofar as specific gravity is a measure of relative ionic content of a solution, it should be a apparent to those familiar with body chemistry or kidney functioning that certain ions and compounds will be commonly found in human urine, especially those commonly encountered in food and water sources (for example, sodium, potassium, chloride, etc.). In contrast, other elements will be inherently unwise choices at anything beyond a trace level (for example Lanthanoid and Actinoid series ions). The precise amount of the particular compound or compounds selected to adjust the specific gravity will depend directly on the concentration of compound (if in solution), the molecular weight of its constituents, water temperature, relative volume of water solvent being used and other similar factors. With respect to the water used to manufacture the synthetic urine of the present invention, it is anticipated that significant increases will need to be made to the specific gravity, as distilled, deionized water has a specific gravity of 1.000 $g/cm^3$ and tap water, while likely to vary by region, has a specific gravity around 1.003 $g/cm^3$.

[0019]     In terms of the best compounds to utilize in adjusting the specific gravity, the single most important trait is that the compound must dissociate when dissolved in water. Additionally, it is preferred to find an inexpensive, widely available compound so as to minimize production costs. To that end, it is believed that carbonate salts, halide salts, hydroxide salts and certain bromides will have particular applicability. By way of illustration rather than limitation, these salts might

{472939:}

EXHIBIT 1 PAGE 142

include sodium bicarbonate, sodium, potassium, magnesium or calcium chlorides; sodium, potassium, or calcium hydroxides; and other similarly inexpensive and widely available salts.

[0020] Creatinine is a protein created in connection with muscular activity. As such, medical science recognizes creatinine as an important constituent in the human bloodstream and, to the extent that the kidneys cleanse and purify the bloodstream, in the waste stream expelled from the kidneys in the form of urine. Significantly, because creatinine is a protein, it is the subject of sepsis and decomposition. Thus, creatinine serves as an excellent indicator in urinalysis because it is indicative of human origin and, by virtue of its septic disposition, creatinine also provides a natural measure to determine whether or not a sample was, in fact, recently produced.

[0021] In order to insure stable creatinine levels in synthetic urine, it is therefore essential to remove or control the presence of sepsis-causing bacteria. However, whatever method of control is applied must also not interfere with the processes underpinning most urinalysis techniques. Thus, the use of an appropriate biocide is absolutely critical to the proper practice of the present invention. To the extent that human urine is sterile when excreted (under normal body conditions), the use of biocide represents a distinct departure from previous approaches to the manufacture of synthetic urine which relied solely on mimicking the compounds in actual urine without any regard for the long term shelf life of the synthetic solution. Moreover, it further demonstrates the need to select a biocide which is biologically active, yet does not interfere overtly with the chemistry of the synthetic urine solution itself (either through its chemical signature or by virtue of an abnormally large amount being detectable in the solution).

[0022] Biocide can be generically defined as substances used to control or eliminate microbial populations in a sample. Three general classes have been identified as having particular applicability when used in connection with the present invention: oxidizing biocides, organic

{472939:}

EXHIBIT 1 PAGE 143

biocides and a somewhat more generalized category referred to as in situ agents. Each will be discussed briefly below, although it should be understood that biocides are a term of art, known to those familiar with water chemistry processes.

[0023]    Oxidizing biocides are generally self explanatory. This class includes any biologically effective agent which relies upon an oxidation process, including but not limited to various peroxides, hypochlorites, bromides and super oxides. Organic biocides encompass an expansive list of proteins and cyclical compounds known to those skilled in the art. In situ agents can be chemical compounds or actual physical processes designed to kill bacteria in a manner which is either self-generating or effective enough to prevent future degradation of the urine. Generic examples of such in situ agents include ozone, chlorine dioxide (or other dioxides), and ultraviolet radiation or irradiation processes followed by hermetic sealing of the sample.

[0024]    Specific examples of various biocides contemplated above include: **BHAP** (such as 2-Bromo-4-hydroxyacetophenone, an organo-bromine group); **Bronopol** (such as 2-Bromo-2-nitropropane-1,3 diol, an organo-bromine group); **Carbamates** (such as a mix of sodium dimethyldithiocarbamate (DIBAM) and disodium ethylene bisdithiocarbamate (NIBAM), or single product, such as potassium n-hydroxymethyl-n-methyldithiocarbamate, an organo-sulfur group); **Chlorothioether** (such as 2,2 Dihydroxy-5,5-dichlorodiphenyl monosulfide, a chlorinated phenolic thioether); **DBNPA** (such as 2-2-Dibromo-3-nitrilopropionamide, an organo-bromine group); **DTEA, DTEA II** (such as 2-(Decylthio)ethanamine, an alkylthioamine group); **Guanides (including Guanidine and Biguanides)** (such as dodecylguanidine hydrochloride and acetate, also polyhexamethylene biguanide hydrochloride, and tetradecylguanidine, all aliphatic guanadines); **Glutaraldehyde** (such as Pentane-1, 5-dial., an aldehyde group); **Isothiazolines** (such as Alkyl isothiazolin-3-ones, an organo-sulfur group);

{472939:}

EXHIBIT 1 PAGE 144

MBT (such as Methylene bis(thiocyanate), an organo-sulfur group); **Polyquat** (such as broad-spectrum, cationic polymers of low molecular weight); **Quats (ADBACs)** (such as Alkyldimethylbenzylammonium chloride (also known as alkylbenzyldimethyl ammonium chloride or benzalkonium chloride), a quaternary ammonium compound group); **Sulfone** (such as Bis(trichloromethyl) sulfone, an organo-sulfur group); **TBTO** (such as Bis(tributyltin) oxide, an organo-tin group); **TBZ (Tertbuthylazine)** (such as 2-(tert-butylamino)-4-chloro-6-(ethylamino)-s-triazine, a Triazine group); **TCCBN** (such as Tetrachloro-2, 4,6-cyano-3-benzonitrile, TCCBN functions similarly to the chlorophenols); **TCMTB** (such as 2(thiocyanomethylthio)benzothiazole); **Thione** (such as Tetrahydro-3,5,dimethyl-2H-1,3,5-thiadiazine-2-thione, an organo-sulfur group); **THPS (TKHPS)** (such as Tetrakish(hydroxymethyl)phosphonium sulfate, an alkyl phosphonium group); and **TTPC** (such as Tributyltetradecylphosphonium chloride, an alkylphosphonium group). Additionally, with respect to more commonly understood items, such as peroxides, hypochlorites and the like, it should be understood that this specification encompasses all forms of such compounds (for example, hydrogen peroxide, sodium peroxide, sodium hypochlorite, potassium hypochlorite, etc.). Other examples of biocides may exist and are expressly encompassed within the purvey of this specification.

[0025]   Notably, as embraced by this specification, oxidizing biocides—and hypochlorite in particular—should not be confused with the agents that are employed to oxidize metabolites in urine samples. Such metabolite oxidizers are often referred to as "adulterants" within the urinalysis industry. Adulterants are substances deliberately added to actual urine samples to chemically alter the metabolites indicative of certain conditions so as to render these metabolites undetectable by standard urinalysis techniques.

{472939:}

EXHIBIT 1 PAGE 145

[0026]    Even though some substances like hypochlorite may possess utility as both a biocide and as an adulterant, the intended use of that substance (as either a biocide or an metabolite oxidizer) will substantially influence the conditions, concentration and manner in which the substance is provided. In particular, use as a biocide requires smaller concentrations and little to no regard for when the biocide is added during the manufacturing process. To illustrate, an oxidizing biocide such as sodium hypochlorite can be added in amounts as small as 1 mL per 3.8 L of water. Similar concentrations of other oxidizing biocides will have equal efficacy, as recognized by those skilled in the art.

[0027]    In contrast, use of hypochlorite as an adulterant as taught, *inter alia*, in U.S. Patent Application Serial No. 2002/0106807 must occur at higher concentrations and in a specific manner so as to oxidize certain metabolites or compounds. Thus, hypochlorite (and other oxidizing biocides) found in the present solution prevents the unwanted growth of bacteria. Moreover, to the extent that adulterants are often added to actual urine samples, the composition of the resulting mixture is substantially more complex, in terms of the variety of chemical species present, than the simplified composition of the present invention.

[0028]    Another aspect of the present urine solution relates to the addition of urea in some form to the synthetic urine sample. While urea is not presently accounted for in most urinalysis techniques, its presence within a synthetic urine could add an additional level of realism for some applications. Notably, to the extent that urea is provided, it will need to be considered in the calculations of the amount of ionic dissociating compounds required to adjust the specific gravity and/or pH to the desired levels.

[0029]    Other functionally inconsequential additives or steps may also be included without departing from the principles of this invention. While these additives and steps expressly cover

{472939:}

EXHIBIT 1 PAGE 146

all foreseeable equivalents of the elements recited above, additional variations are possible. For example, it is possible to include a coloring agent and or olfactory substances to enhance the aesthetics or apparent authenticity of the synthetic urine produced according to this invention.

[0030]     The foregoing detailed description has been given for clearness of understanding only and no unnecessary limitations should be understood therefrom as some modifications will be obvious to those skilled in the art without departing from the scope and spirit of the appended claims.

EXHIBIT 1 PAGE 147

CLAIMS

I claim:

1.    A synthetic urine solution consisting essentially of:

   water having a pH between 3 and 10;

   creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; and

   at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 g/cm$^3$ and 1.025 g/cm$^3$.

2.    The synthetic urine solution of claim 1, also including urea dissolved within said solution.

3.    The synthetic urine solution of claim 1, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

4.    The synthetic urine solution of claim 1, wherein said at least one ionic compound is selected from the group consisting of carbonate salts, halide salts, hydroxide salts and bromides.

5.    The synthetic urine solution of claim 4, wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

{472939:}

EXHIBIT 1 PAGE 148

6.    The synthetic urine solution of claim 4, further including urea dissolved within said solution.

7.    A method of manufacturing a synthetic urine solution comprising:

    providing water;

    dissolving creatinine and biocide into said water to form a solution exhibiting a specific gravity level, said creatinine and biocide being selected in relative concentrations to minimize sepsis;

    adjusting said specific gravity level of said solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$, and if necessary, adjusting the pH level of the solution to between 3 and 10.

8.    The method of claim 7 further comprising sealing said synthetic urine solution within a container so as to further minimize sepsis of said synthetic urine solution.

9.    The method of claim 8 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

10.    The method of claim 9 further comprising adding urea to said synthetic urine solution.

11.    The method of claim 7 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

12.    The method of claim 7 further comprising adding urea to said synthetic urine solution.

{472939:}

EXHIBIT 1 PAGE 149

13.   A method of manufacturing a synthetic urine solution comprising:

providing water having a pH between 3 and 10;

dissolving creatinine and at least one dissociating ionic compound in the water to form a solution exhibiting a specific gravity, said creatinine and at least one dissociating ionic compound selected in relative concentrations to adjust said specific gravity to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$; and

removing bacteria from said solution.

14.   The method of claim 13 wherein the step of dissolving creatinine and at least one dissociating ionic compound also includes dissolving urea in the water, said urea selected in a concentration relative to that of said creatinine and at least one dissociating ionic compound so as to maintain the specific gravity of the solution between 1.005 $g/cm^3$ and 1.025 $g/cm^3$.

15.   The method of claim 14 further comprising the step of adding a biocide to said synthetic urine solution.

16.   The method of claim 15 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.

17.   The method of claim 13 further comprising the steps of adding a biocide to the synthetic urine solution.

{472939:}

EXHIBIT 1 PAGE 150

18.    The method of claim 17 wherein said biocide is selected from the group consisting of an oxidizing biocide, an organic biocide and an in situ agent.


19.    The method of claim 13, further comprising the step of sealing said synthetic urine solution within a container.


20.    The method of claim 14, further comprising the step of sealing said synthetic urine solution within a container.

EXHIBIT 1 PAGE 151

# ABSTRACT

*[0031]*    A synthetic urine solution and method of its manufacture are disclosed. The solution includes water having a pH between 3 and 10. The solution further includes creatinine and means for removing bacteria from the solution so as to control or eliminate sepsis of the urine solution, preferably through the use of biocide. The solution exhibits a specific gravity of from 1.005 g/cm$^3$ to 1.025 g/cm$^3$. Additional compounds may also be included to further enhance the aesthetics or apparent authenticity of the synthetic urine produced according to this invention.

{472939:}

EXHIBIT 1 PAGE 152

## DECLARATION AND POWER OF ATTORNEY

As a below named inventor, I/We hereby declare that:

My/Our residence, post office address, and citizenship are as stated below next to my/our name.

I/We believe I/We am/are the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter that is claimed and for which a patent is sought on the invention entitled:

## SYNETHIC URINE AND METHOD OF MANUFACTURING SAME

the specification of which (check one)

X_____ is attached hereto

OR

_____ was filed on (MM/DD/YYYY) _____ as United States Application Number 10/668,039 and was amended on (MM/DD/YYYY) _____(if applicable).

I/We hereby state that I/We have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment specifically referred to above.

I/We acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me to be material to patentability as defined in 37 CFR §1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I/We hereby claim foreign priority benefits under 35 U.S.C. Section 119(a)-(d) or (f), or Section 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certficate(s), or Section 365(a) of any PCT international application which designated at least one country other than the United Stats of America, listed below and have also identified below, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed:

{474763:}

EXHIBIT 1 PAGE 153

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? YES | NO |
|---|---|---|---|---|---|
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |

I/We hereby claim the benefit under 35 U.S.C. Section 119(e) of any United States provisional application(s) listed below:

_____        _____
(Application Serial No.)                                      (Filing Date)

_____        _____
(Application Serial No.)                                      (Filing Date)

_____        _____
(Application Serial No.)                                      (Filing Date)

I/We hereby claim the benefit under 35 U.S.C. Section 120 of any United States application(s), or Section 365(c) of any PCT International application designating the United States, listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States or PCT International application in the manner provided by the first paragraph of 35 U.S.C. Section 112, I/We acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me to be material to patentability as defined in Title 37, C.F.R., Section 1.56 which became available between the filing date of the prior application and the national or PCT International filing date of this application.

_____        _____        _____
(Application Serial No.)                   (Filing Date)                   (Status)(patented, pending, abandoned)

_____        _____        _____
(Application Serial No.)                   (Filing Date)                   (Status)(patented, pending, abandoned)

_____        _____        _____
(Application Serial No.)                   (Filing Date)                   (Status)(patented, pending, abandoned)

{474763:}

EXHIBIT 1 PAGE 154

I/We hereby declare that all statements made herein of my/our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I/We hereby appoint Ronald D. Gutt (Reg. No. 43,650), Robert H. Earp, III (Reg. No. 41,004), Robert C. Baraona (Reg. No. 45,426) and David B. Cupar (Reg. No. 47,510) as my attorneys or agents to prosecute the application identified above, and to transact all business in the USPTO connected therewith.

I/We request that correspondence in connection with this application be directed to:

Robert C. Baraona
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, OH 44114-2653
(216) 348-5400

| | |
|---|---|
| Inventor's Full Name: | James Matthew Stephens |
| Inventor's Signature: | _____ |
| | Date |
| Citizenship: | United States of America |
| Post Office Address: | 550 Wards Corner Road, Unit 102 |
| | Cincinnati, Ohio 45140 |
| Residence Address: | 550 Wards Corner Road, Unit 102 |
| | Cincinnati, Ohio 45140 |

{474763:}

EXHIBIT 1 PAGE 155

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

02/02/2004 WABRHAM1 00000041 10766165
01 FC:2001                385.00 OP

PTO-1556
 (5/87)

*U.S. Government Printing Office: 2001 — 481-697/59173

EXHIBIT 1 PAGE 156

# PATENT APPLICATION FEE DETERMINATION RECORD
## Effective October 1, 2003

**Application or Docket Number**

25892-00003

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 20 | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 20 minus 20= | * 0 |
| INDEPENDENT CLAIMS | 3 minus 3 = | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

\* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| BASIC FEE | 385.00 | OR | BASIC FEE | 770.00 |
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL | 385 | OR | TOTAL | |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| XS 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

EXHIBIT 1 PAGE 157

FORM PTO-875 (Rev 10/03)    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE