Gary L. Eastman, Esq. (SBN 182518)
GARY L. EASTMAN, APLC
401 West A. Street, Ste. 1785
San Diego, CA 92101
Telephone: 619-230-1144
Facsimile: 619-230-1194

Attorney for Plaintiff Dr. Greens, Inc.
And Matthew Green

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>Defendants.<br><br>AND RELATED CROSS ACTION | Case No.: 11cv0638 JAH (KSC)<br><br>**DR. GREENS, INC. AND MATTHEW GREEN'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**<br><br>FILED: MARCH 29, 2011<br><br>Courtroom: Hon. John A. Houston |

## I. INTRODUCTION

Dr. Greens has urged this Court to narrow the claim construction in this case to the specific Carbamates identified in the Specification of the '776 patent. While Plaintiff Dr. Greens has proposed this narrow construction, it is also obvious that Defendant's have intentionally misled Plaintiffs, and this Court, throughout the claim construction process by refusing to identify the specific biocides it contends are included in Plaintiff's products until the 11th hour. As a result of this attempt to mislead Plaintiffs and this Court, Plaintiffs are struggling to identify the

specific biocides of issue, and thus request that this Court construe all biocides listed in the '776 patent.

Defendants had originally asserted that Dr. Greens' products infringe the '776 patent based on a weak founded on the "presumption" afforded by 35 U.S.C. §295.  Plaintiffs had previously requested, through discovery, all instances of infringement.  Defendants, however, refused to provide this evidence and instead claimed that the evidence alleging infringement is protected by a privilege of confidentiality or work product, despite their failure to provide a privilege log to the contrary.

### III. LEGAL ANALYSIS

**A. The Claims of the '776 Patent limitation of "A BIOCIDE"**

Defendants attempt to mislead the Court into a ruling that the limitation of "a biocide" is not intended to limit the product to a single biocide.  Simply put, the specification of the '776 patent fails to include a delineation of "one or more" biocides, and instead includes a more limited definition.  Indeed, the claims specifically identify a single biocide as being used in the product disclosed in the Defendants' product.  (See Claim 1 of Defendants '776 patent)

> 1. A synthetic urine solution comprising: water having a pH between 3 and 10; creatinine **and a biocide**, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 g/cm.sup.3 and 1.025 g/cm.sup.3; and wherein said biocide is selected from the group consisting of 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, 2-2-Dibromo-3-nitrilopropionamide, 2-(Decylthio)ethanamine, glutaraldehydes, isothiazolines, Methylene bis(thiocyanate), polyquat, Alkyldimethylbenzylammonium chloride, sulfones, Bis(tributyltin) oxide, tertbuthylazines, Tetrachloro-2, 4,6-cyano-3-benzonitrile, 2(thiocyanomethylthio)benzothiazole, thiones, Tetrakish(hydroxymethyl)phosphonium sulfate, Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, and super oxides..
> 10. A method of manufacturing a synthetic urine solution comprising: providing water having a pH between 3 and 10; dissolving creatinine and at least one dissociating ionic compound in the water to form a solution exhibiting a specific gravity, said creatinine and at least one dissociating

ionic compound selected in relative concentrations to adjust said specific gravity to between 1.005 g/cm.sup.3 and 1.025 g/cm.sup.3; adding **a biocide into said solution, said biocide is selected from the group consisting** of 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, 2-2-Dibromo-3-nitrilopropionamide, 2-(Decylthio)ethanamine, glutaraldehydes, isothiazolines, Methylene bis(thiocyanate), polyquat, Alkyldimethylbenzylamnionium chloride, sulfones, Bis(tributyltin) oxide, tertbuthylazines, Tetrachloro-2, 4,6-cyano-3-benzonitrile, 2(thiocyanomethylthio)benzothiazole, thiones, Tetrakish(hydroxymethyl)phosphonium sulfate, Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, and super oxides; and removing bacteria from said solution.

**B.  The Absence of Expansive Language  Broadening of "A BIOCIDE"**

Nowhere in the Specification or Claims of the '776 patent does Defendant expand the scope of the claims of the '776 patent to include multiple biocides, or a combination of biocides and preservatives.  The Claims of the '776 speak for themselves.  A single biocide is presented and claimed, an nowhere in the Specification does Defendant claim multiple Biocides.

**V.  CONCLUSION**

Plaintiff Dr. Greens, Inc. and Matt Green respectfully request that the Court find that the claims are to be construed as presented in Plaintiff's original Brief, and that Defendants cannot now expand the coverage to serve their needs.

DATED: March 18, 2013                           GARY L. EASTMAN, APLC

By:  */s/ Gary L. Eastman*
       Gary L. Eastman, Esq.
       Attorney for Plaintiffs and Cross-
       Defendants, DR. GREENS, INC., a
       California corporation and Matt Green

# PROOF OF SERVICE

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

**DR. GREENS, INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

in the following manner:  (check one)

1. \_\_\_\_    By personally delivering copies to the person served.

2. \_\_\_\_    By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3. \_\_\_\_    By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4. \_\_\_\_    By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at _____ on _____, 2010.

5. \_XX\_    By ECF Filing Service by filing the above-identified documents with the Court via ECF electronic filing to attorneys of record in the case.

David B. Cupar
McDonald Hopkins, LLP
600 Superior Avenue East
Cleveland, OH 44114

Matthew J. Cavanagh
McDonald Hopkins, LLP
600 Superior Avenue East
Cleveland, OH 44114

Executed on March 18, 2013, 2011 at San Diego, California.

/s/  *Gary L. Eastman*_____

Gary L. Eastman