UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, <br><br> Defendants. <br><br> Related Counterclaims. | Civil No. 11cv638 JAH (KSC) <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM** <br> **[DOC. #80]** |

## INTRODUCTION

Before this Court is defendant Spectrum Laboratories, LLC's ("defendant") motion for leave to file a first amended counterclaim. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS defendant's motion.

## BACKGROUND

On March 29, 2011, plaintiff Dr. Greens, Inc. ("plaintiff) filed a complaint seeking a declaratory judgment of non-infringement and invalidity of defendant's '776 patent. See Doc. # 1. Plaintiff also asserts claims for patent misuse, federal statutory unfair competition, common law unfair competition, interference with business relations, and interference with prospective economic advantage. Id. On August 15, 2011, defendant

filed an answer to the complaint, along with counterclaims for patent infringement and for violations of the Lanham Act, 15 U.S.C. § 1124 (a)(1)(B); Ohio's Deceptive Trade Practices Act; California's Unfair Competition Law; and malicious litigation under Ohio common law. See Doc. # 8. On April 19, 2012, plaintiff filed an amended complaint seeking a declaratory judgment that it does not directly infringe, induce infringement, or contribute to infringement of defendant's '776 patent. See Doc. # 54 at 24. Plaintiff also modifies its original claim for "common law" unfair competition to unfair competition under California Business & Professions Code § 17200. See Doc. # 1 at 11; Doc. # 54 at 41. Defendant, on May 7, 2012, filed an answer to the amended complaint opposing plaintiff's claims. See Doc. # 55 at 20-21.

Thereafter, on February 28, 2013, defendant filed an unopposed motion for leave to amend its preliminary infringement contentions, which this Court granted on July 11, 2013. See Doc. # 72; Doc. # 91. Then, on April 4, 2013, defendant filed the instant motion to amend its counterclaims by adding a claim for contributory infringement under 35 U.S.C. § 271 (c). See Doc. # 80. Plaintiff filed an opposition on May 20, 2013 and defendant filed a reply on May 28, 2013. See Doc. # 86; Doc # 88. This Court subsequently took the motion under submission without oral argument. See CivLR 7.1 (d.1); see also Doc. # 89.

## DISCUSSION

1.  **Legal Standard**

The filing of an amended counterclaim after a responsive pleading has been filed may be allowed by leave of court. Fed.R.Civ. Pr. 15 (a). Rule 15 (a) provides in pertinent part that leave to amend should be "freely given when justice so requires." Fed.R.Civ. Pr. 15 (a)(2). The Ninth Circuit construes this rule broadly, requiring that leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n

1  of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir.
2  1985). This discretion must be guided by the strong federal policy favoring the disposition
3  of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.
4  1987). Because Rule 15 (a) favors a liberal policy, the nonmoving party bears the burden
5  of demonstrating why leave to amend should not be granted. Genetech. Inc. v. Abbott
6  Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

7  However, even though leave to amend is generally granted freely, it is not granted
8  automatically. See Zivkovicv. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.
9  2002). Four factors are considered when a court determines whether to allow amendment
10 of a pleading. These include prejudice to the opposing party, undue delay, bad faith, and
11 futility. See Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs,
12 833 F.2d at 186; see also Foman v. Davis, 371 U.S. 178, 182 (1962).

13 These factors are not equally weighted; the possibility of delay alone, for instance,
14 cannot justify denial of leave to amend. DCD Programs, 833 F.2d at 186; Morongo Band
15 of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most
16 important factor is whether prejudice would result to the nonmovant as a consequence of
17 the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668
18 F.2d 1014, 1053 (9th Cir. 1981). A motion to amend may also be denied if the new cause
19 of action would be futile. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).
20 A proposed amendment is futile only if no set of facts can be proved under the
21 amendment that would constitute a valid claim. Millerv. Rykoff-Sexton. Inc., 845 F.2d
22 209, 214 (9th Cir. 1988).

23 **2.    Analysis**

24 Defendant seeks leave to amend its counterclaims so it may assert contributory
25 infringement under 35 U.S.C. § 271 (c). See Doc. # 80 at 1. Plaintiff contends that:
26 (1) defendant unduly delayed in seeking amendment; (2) plaintiff will be prejudiced if the
27 amendment is allowed; and (3) defendant's proposed amendment is "incomplete" and, as
28 //

such, fails to plead a claim upon which relief can be granted.[1]  See Doc. # 86 at 3-8.

**a. Undue Delay**

Defendant argues it did not unduly delay in bringing its request to add a counterclaim for contributory infringement. See Doc. # 80-1 at 5. In opposition, plaintiff contends defendant unduly delayed because it knew about the facts and circumstances surrounding the proposed counterclaim since 2009, well before the complaint was even filed in 2011, and thus should have sought leave to amend sooner. See Doc. # 86 at 5-6. Defendant, in reply, explains that the proposed counterclaim was omitted by inadvertence and points out that "delay, by itself, is insufficient to justify denial of leave to amend." See Doc. # 88 at 4 (citing to DCD Programs Ltd., 833 F.2d at 186). Because plaintiff does not suggest that the omission was done in bad faith or for another impermissible purpose, defendant concludes that plaintiff fails to establish improper delay. Id.

This Court's review of the record reflects defendant did not unduly delay in seeking to add the new counterclaim. Although defendant appears to have known of the facts and circumstances surrounding the proposed counterclaim, the Court is not convinced that defendant's failure to amend at an earlier date was a tactical decision. Moreover, fact discovery is still open in this case and the parties have not engaged in any other motion practice that would render an amendment inappropriate at this time. Therefore, the Court finds that this factor weighs in defendant's favor.

**b. Prejudice**

Defendant contends that plaintiff will not suffer undue prejudice if the proposed amendment is allowed. See Doc. # 80-1 at 4. Defendant explains that its amended claim for contributory infringement is already at issue in the case because plaintiff's amended complaint seeks a judicial declaration that it does not contributorily infringe. Id. at 4.

---

[1] Plaintiff does not present, in opposition, arguments concerning defendant's diligence under the good cause standard of Rule 16(b), and does not oppose defendant's motion on grounds of bad faith and futility. This Court, after careful consideration of the record and the arguments presented by defendant on these issues, finds that defendant has demonstrated diligence and, thus, good cause for seeking an amendment. This Court further finds no showing defendant acted in bad faith or that defendant's proposed amendment is futile. Accordingly, this Court discusses only the remaining factors.

Defendant also asserts that the contributory infringement claim would address the same products already at issue under its existing counterclaim for "indirect" infringement. Id. Defendant further asserts that despite the 2011 filing date of the complaint, this case is still at a relatively early procedural stage because fact discovery is ongoing, no fact discovery deadline has been set, no claim construction hearing date has been set, no summary judgment motions have been filed, and expert discovery and depositions have yet to be conducted. Id. at 4-5. Thus, defendant concludes that the proposed amendment would "merely conform the pleadings to the issues already being litigated by the parties." Id. at 5.

In opposition, plaintiff contends that it will be unduly prejudiced if the proposed amendment is allowed. See Doc. # 86 at 6. Plaintiff explains that the amendment seeks to add "a new claim based on new operative facts separate and distinct from those already alleged," thereby forcing it to incur substantial litigation costs and to delay trial. Id. at 7. Moreover, plaintiff argues that adding the proposed counterclaim may create evidentiary prejudice because "there is a good chance" plaintiff will be unable to locate the most knowledgeable witnesses and the majority of relevant documents, insofar as the case dates back to 2009. Id. Consequently, plaintiff moves this Court to deny defendant's proposed amendment.

Defendant, in reply, restates its earlier arguments. See Doc. # 88 at 2-4. Defendant then distinguishes this case from the authority plaintiff cites by pointing out that the courts in those cases denied amendments to counterclaims because the courts would have been required to reopen discovery, whereas discovery is ongoing here. Id. at 3. Defendant further points out that whatever litigation expenses plaintiff incurs as a result of the amendment cannot constitute prejudice, especially since plaintiff fails to show that its attorney's fees would have been less had defendant included the proposed amendment in its original counterclaim. Id. Defendant also argues that there is no risk of evidentiary prejudice because the relevant documents that inform its proposed counterclaim have already been produced by plaintiff. Id. at 4. Moreover, since plaintiff continues to sell the

product at issue, there is "no real concern" regarding the unavailability of knowledgeable witnesses. Id. As such, defendant concludes that plaintiff will not be prejudiced by the amendment sought. Id. at 4.

This Court is not convinced that allowing the proposed counterclaim would so significantly expand the scope of discovery that it would create additional unnecessary expense and delay trial. This Court is also unpersuaded that allowing the amendment would create an evidentiary burden for plaintiff that effectively prevents it from retrieving the majority of relevant documents and from locating knowledgeable witnesses. This Court observes that plaintiff's asserted hardship appears to be significantly mitigated by the fact that it has already produced the relevant documents relating to defendant's proposed counterclaim, and it continues to sell the product at issue, thereby addressing concerns over faded memories of potential witnesses. Moreover, the Court notes that the proposed counterclaim is already at issue in this case because plaintiff's amended complaint seeks a judicial declaration that it does not contributorily infringe, thereby justifying defendant's motion to add a counterclaim for contributory infringement. The Court further notes that plaintiff fails to provide any evidence to support its speculative and conclusory claims. The Court therefore finds that this factor also weighs in favor of amendment.

**c. Incompleteness**

Plaintiff also opposes defendant's proposed amendment on "incompleteness" grounds, contending that defendant fails to allege sufficient facts that meet the standards of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) and, consequently, fails to plead a claim of contributory infringement upon which relief can be granted. See Doc. # 86 at 8. Specifically, plaintiff contends that, pursuant to 35 U.S.C. § 271 (c), defendant fails to plead: (1) the accused products constitute a material part of the methods or formulas covered by defendant's '776 patent; (2) plaintiff sold the accused products knowing they were especially adapted for use in the infringement of the '776 patent; (3) plaintiff's accused products do not constitute a staple

article suitable for substantial non-infringing use; and (4) plaintiff had knowledge of the '776 patent at the time of infringement. Id. As such, plaintiff concludes that the allegations defendant offers are "nothing more than naked assertions," and it asks the Court to order defendant to cure the deficiencies it has identified should the Court decide to allow the proposed amendment.[2] Id. at 9.

Under the pleading standard of Federal Rule of Civil Procedure 8 (a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). This requirement is met when a pleading "contain[s] sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. A facially plausible claim is one that offers "more than a sheer possibility" that the opposing party acted unlawfully, thereby allowing the court to draw a reasonable inference that the opposing party is liable for the misconduct alleged. Id. The pleading standard ensures that the moving party "give[s] fair notice and... enable[s] the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

To satisfy Rule 8 (a)(2) in the context of a claim for contributory infringement, the moving party must satisfy each of the required elements of 35 U.S.C. § 271 (c). Under 35 U.S.C. § 271 (c), the moving party must show that: (1) the alleged contributory infringer sold or offered to sell the third party a component of the patented invention; (2) the component constituted a material part of the invention; and (3) the alleged contributory infringer knew that the component was especially made or adapted for use in the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use. See 35 U.S.C. § 271(c); Aro Mfg. Co. v. Convertible Top

---

[2] Plaintiff suggests, should the Court allow the amendment, that plaintiff's prejudice would be reduced if the discovery deadline is extended and the trial date is continued. See Doc. # 86 at 9. Defendant, in its reply, does not directly address plaintiff's proposal. With respect to plaintiff's first request, the record reveals that no fact discovery deadline was set in this case. Thus, this Court assumes plaintiff refers to claim construction discovery, which has already been addressed by the magistrate judge. See Doc. # 70. Nevertheless, this Court finds it inappropriate to delve into the magistrate judge's province of discovery and directs plaintiff to present its request to the assigned magistrate judge in this case. With respect to plaintiff's second request, the record reveals that no trial date has been set for this case. Accordingly, this Court denies plaintiff's second request as moot.

1 Replacement Co., 377 U.S. 476, 489 (1964); In re Bill of Lading Transmission &
2 Processing Sys. Patent Litig., 681 F.3d 1323, 1337 (Fed. Cir. 2012).

3       Defendant challenges plaintiff's assertions, contending it should not be required to
4 provide a more definite statement of the proposed counterclaim if leave is granted because
5 it satisfies the pleading standard by setting forth "more than what is required to state a
6 plausible claim" for contributory infringement. See Doc. # 88 at 4. First, defendant
7 claims it satisfies the first element and, specifically, that "a component of a patented
8 composition" exists by alleging that plaintiff sells powdered synthetic urine that requires
9 customers to mix the powder with water, resulting in a by-product that is covered by and
10 infringes upon defendant's '776 patent. Id. at 5. Next, defendant contends that it
11 satisfies the "material part" of the second element by alleging that plaintiff's customers add
12 water to the powdered synthetic urine. Id. Moreover, defendant asserts that it satisfies
13 the "knowledge" requirement of the third element by alleging that plaintiff knew about
14 the '776 patent since at least July 22, 2009, and that plaintiff's infringement was wilful.
15 Id. Finally, as required by the third element, defendant submits it has adequately shown
16 that no "substantial non-infringing uses" exist for plaintiff's powdered product by alleging
17 that the product has no commercial use other than to be mixed with water to produce the
18 synthetic urine solution. Id.

19       This Court finds that defendant's proposed counterclaim, as it stands, provides the
20 requisite specificity concerning the relevant elements at issue and pleads nonconclusory
21 facts establishing a plausible claim of contributory infringement. As such, the Court finds
22 that it is unnecessary for defendant to provide a more definite statement of its proposed
23 counterclaim.

24 //
25 //
26 //
27 //
28 //

## CONCLUSION AND ORDER

For the reasons set forth above, this Court finds that the factors weigh in favor of allowing defendant to amend. Therefore, IT IS HEREBY ORDERED that defendant's motion for leave to file a first amended counterclaim is **GRANTED**. Defendant shall file and serve its amended counterclaim no later than **December 20, 2013**.

Dated: December 5, 2013

JOHN A. HOUSTON
United States District Judge