1 | Gary L. Eastman, Esq. (SBN 182518)
GARY L. EASTMAN, APLC
2 | 401 West A. Street, Ste. 1785
San Diego, CA 92101
3 | Telephone: 619-230-1144
Facsimile: 619-230-1194
4
Attorney for Plaintiff Dr. Greens, Inc.
5
6
7
8 |                    UNITED STATES DISTRICT COURT
9 |               FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11 | DR. GREENS, INC. a California          Case No.: 11cv0638 JAH (KSC)
corporation,
12 |                                        **DR. GREENS, INC. AND MATT**
13 |              Plaintiff,                **GREEN'S JOINT ANSWER TO FIRST**
                                           **AMENDED COUNTERCLAIM OF**
14 | vs.                                    **SPECTRUM LABORATORIES, LLC's**
15 | JAMES MATTHEW STEPHENS, an
individual, and SPECTRUM
16 | LABORATORIES, LLC, an Ohio
limited liability company,
17
              Defendants.
18
19 | AND RELATED COUNTERCLAIMS
20
21
22 |        Plaintiff and Counter-Defendant Dr. Greens, Inc. ("Dr. Greens") and Counter-
23 | Defendant Matt Greens (collectively, "Defendants") submits their Joint Answer to the
24 | First Amended Counterclaim ("FAC") of Spectrum Laboratories, LLC ("Spectrum") as
25 | follows:
26 |                                  **Parties**
27 |     1.  Defendants lack sufficient knowledge or information to form a belief as to the truth
28 | of the allegations of Paragraph 1 of the FAC and on this basis deny the same.

---

2.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the FAC and on this basis deny the same.

3.  Defendants admit the allegations in paragraph 3 of the FAC.

4.  Defendants admit the allegations in paragraph 4 of the FAC.

<u>**Jurisdiction**</u>

5.  Defendants admit the allegations in paragraph 5 of the FAC.

6.  Defendants admit the allegations in paragraph 6 of the FAC.

<u>**Facts**</u>

**I.  <u>The '776 Patent</u>**

7.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the FAC and on this basis deny the same.

8.  Defendants admit that the '776 patent claims a synthetic urine solution two methods of manufacturing synthetic urine.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 8 of the FAC.

9.  Defendants deny the allegations of Paragraph 9 of the FAC.

10. Defendants deny the allegations of Paragraph 10 of the FAC.

11. Defendants admit that Exhibit 1 purportedly reflects a document filed with the USPTO by Stephen's personal attorney David Cupar.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 11 of the FAC.

**II. <u>Spectrum's Business</u>**

12. Defendants admit that Spectrum Laboratories, LLC markets and sells a synthetic urine product called "Quick Fix."  Except as so admitted, Defendants deny the remaining allegations of Paragraph 12 of the FAC.

13. Defendants admit that Quick Fix was offered for sale in 2001 by someone operating under the name Spectrum Laboratories.  Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the FAC and on this basis deny the same.

---

1    14. Defendants admit that Spectrum Laboratories, LLC markets and sells a synthetic

2    urine product called "Quick Fix."  Except as so admitted, Defendants deny the remaining

3    allegations of Paragraph 14 of the FAC.

4    15. Defendants admit the allegations in paragraph 15 of the FAC.

5    16. Defendants lack sufficient knowledge or information to form a belief as to the truth

6    of the allegations of Paragraph 16 of the FAC and on this basis deny the same.

7    **III.    Dr. Greens' Business Relationship With Spectrum**

8    17. Defendants admit that they regularly purchased Quick Fix from STEPHENS

9    operating under the name Spectrum Laboratories and/or Spectrum Laboratories, Inc.

10   operating under the name Spectrum Laboratories.  Except as so admitted, Defendants lack

11   sufficient knowledge or information to form a belief as to the truth of the allegations of

12   paragraph 17 of the FAC and on this basis deny the same.

13   18. Defendants admit the allegations in paragraph 18 of the FAC.

14   19. Defendants admit that at the outset of its relationship with Spectrum Laboratories,

15   Inc. and STEPHENS, DR. GREENS was the exclusive distributor for an entity operating

16   under the name Spectrum Laboratories.  Except as so admitted, Defendants lack sufficient

17   knowledge or information to form a belief as to the truth of the allegations of paragraph

18   19 of the FAC and on this basis deny the same.

19   20. Defendants admit the allegations in paragraph 20 of the FAC.

20   21. Defendants deny the allegations in paragraph 21 of the FAC.

21   22. Defendants deny the allegations of Paragraph 22 of the FAC.

22   23. Defendants deny the allegations of Paragraph 23 of the FAC.

23   24. Defendants admit that Matt Green makes some litigation decisions and business

24   decisions of Dr. Greens.  Except as so admitted, Defendants deny the remaining

25   allegations of Paragraph 24 of the FAC.

26   25. Defendants admit that Dr. Greens served its Rule 26(a)(1) Initial Disclosures on

27   October 26, 2011.  Except as so admitted, Defendants deny the remaining allegations of

28   Paragraph 25 of the FAC.

26. Defendants admit that Dr. Greens served its Rule 26(a)(1) Initial Disclosure that included the assertion that Matt Green had knowledge regarding "Mr. Green's personal experiences as a sales representative of Defendant Stephens, and his sales of defendant Stephen's products, including Quick Fix, prior to and including 2001…"  Except as so admitted, Defendants deny the remaining allegations of Paragraph 26 of the FAC.

27. Defendants admit that Matt Green has obtained personal knowledge about some characteristics of Quick Fix and other synthetic urine products from 2002 to the present. Except as so admitted, Defendants deny the remaining allegations of Paragraph 27 of the FAC.

28. Defendants admit that Matt Green testified in a declaration that he has "known James Matthew Stephens and his company Spectrum Laboratories for more than a decade."  Except as so admitted, Defendants deny the remaining allegations of Paragraph 28 of the FAC.

29. Defendants admit that at times Matt Green received complaints about Quick Fix, including complaints that there were "floaties" in certain batches of Quick Fix.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 29 of the FAC.

30. Defendants admit that at times Matt Green participated in resolving complaints about Quick Fix, including complaints that there were "floaties" in certain batches of Quick Fix.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 30 of the FAC.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the FAC and on this basis deny the same.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the FAC and on this basis deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 of the FAC and on this basis deny the same.

34. Defendants deny the allegations of Paragraph 34 of the FAC.

35. Defendants deny the allegations of Paragraph 35 of the FAC.

1    36. Defendants deny the allegations of Paragraph 36 of the FAC.

2    37. Defendants admit that the '776 patent claims a closed list of biocides.  Except as so

3    admitted, Defendants deny the remaining allegations of Paragraph 37 of the FAC.

4    **IV. Spectrum's Investigation Of Dr. Greens' Agent X Product**

5    38. Defendants admit that Dr. Greens has sold its own privately-labeled synthetic urine

6    products under the brand names "Agent X," "Super Hero," and "Field Kit".  Except as so

7    admitted, Defendants deny the remaining allegations of paragraph 38 of the FAC.

8    39. The identity of any Dr. Greens' supplier is a closely guarded trade secret subject to

9    protection under an existing protective order.

10    40. The method of manufacture of any synthetic urine sold by Dr. Greens is a closely

11    guarded trade secret subject to protection under an existing protective order.

12    41. Defendants admit that Dr. Greens sells a powder version of Agent X.  Except as so

13    admitted, Defendants deny the remaining allegations of paragraph 41 of the FAC.

14    42. Defendants admit that Dr. Greens sells Super Hero and Field Kit in a liquid form.

15    Except as so admitted, Defendants deny the remaining allegations of paragraph 42 of the

16    FAC.

17    43. Defendants deny the allegations of paragraph 43 of the FAC.

18    44. Defendants admit that David Cupar wrote a letter on July 22, 2009 to numerous

19    synthetic suppliers, including Dr. Greens, and demanding Dr. Greens to provide "any

20    basis for which you do not believe that you infringe."  Except as so admitted, Defendants

21    deny the remaining allegations of Paragraph 44 of the FAC.

22    45. Defendants admit that they deny the baseless claims of infringement made against

23    it by Spectrum and its attorneys.  Defendants also admit that they have not provided the

24    entire formula for any synthetic urine sold by it to Spectrum, however, Defendants have

25    identified the biocide used in Dr. Greens' synthetic urine products to Spectrum.  Said

26    biocide is the only information necessary to determine that there is no possibility of

27    infringement of any claim of the '776 Patent by any synthetic urine sold by Dr. Greens.

28

1  Except as so admitted, Defendants deny the remaining allegations of Paragraph 45 of the

2  FAC.

3      46. Defendants admit that David Cupar has repeatedly demanded the formula of Dr.

4  Greens' synthetic urines.  Except as so admitted, Defendants deny the remaining

5  allegations of Paragraph 46 of the FAC.

6      47. Defendants admit that they have not provided the entire formula for any synthetic

7  urine sold by it to Spectrum, however, Defendants have identified the biocide used in Dr.

8  Greens' synthetic urine products to Spectrum.  Said biocide is the only information

9  necessary to determine that there is no possibility of infringement of any claim of the '776

10 Patent by any synthetic urine sold by Dr. Greens.  Except as so admitted, Defendants deny

11 the remaining allegations of Paragraph 47 of the FAC.

12     48. Defendants admit that on or about February 11, 2011, David Cupar sent Dr.

13 Greens' counsel, as well as counsel for numerous other synthetic urine suppliers, a letter

14 containing the language "please provide the formula and method used to manufacture that

15 product so we can test the accuracy of that contention in accordance with 35 U.S.C. §

16 295."  Except as so admitted, Defendants deny the remaining allegations of Paragraph 48

17 of the FAC.

18     **V. <u>Dr. Greens Files This Baseless Lawsuit Against Spectrum And Mr. Stephens</u>**

19     49. The identity of any Dr. Greens' supplier is a closely guarded trade secret subject to

20 protection under an existing protective order.   Defendants admit that they have not

21 provided the entire formula for any synthetic urine sold by it to Spectrum, however,

22 Defendants have identified the biocide used in Dr. Greens' synthetic urine products to

23 Spectrum.  Said biocide is the only information necessary to determine that there is no

24 possibility of infringement of any claim of the '776 Patent by any synthetic urine sold by

25 Dr. Greens.  Defendants also admit that Dr. Greens filed this lawsuit against Spectrum

26 Laboratories, LLC and James Matthew Stephens.  Except as so admitted, Defendants

27 deny the remaining allegations of Paragraph 49 of the FAC.

28

50. Defendants admit that Matt Green participated in the decision to file this lawsuit and to name James Matthew Stephens personally.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 50 of the FAC.

51. Defendants admit the amended complaint seeks a declaration that the '776 patent is invalid on multiple grounds, including based upon the allegation that "Defendants manufactured and sold product covered by one or more claims of the '776 Patent years before the filing date of the '776 Patent, and hence in violation of 35 U.S.C. § 102(b), resulting in any issued patent being invalid on its face."  Except as so admitted, Defendants deny the remaining allegations of Paragraph 51 of the FAC.

52. Defendants deny the allegations of Paragraph 52 of the FAC.

53. Defendants deny the allegations of Paragraph 53 of the FAC.

54. Defendants admit that James Matthew Stephens provided a verified discovery response claiming that Spectrum Laboratories, Inc.'s ("Spectrum Inc.") pre-2003 product was chemically distinct from present-day Quick Fix and the former lacked any of the biocides claimed in the '776 patent."   Except as so admitted, Defendants deny the remaining allegations of Paragraph 54 of the FAC.

55. Defendants deny the allegations of Paragraph 55 of the FAC.

56. Defendants admit the allegations of Paragraph 56 of the FAC.

57. Defendants deny the allegations of Paragraph 57 of the FAC.

58. The formula for all synthetic urine sold by Dr. Greens is subject to protection under an existing protective order.  Notwithstanding the protective order, Defendants have identified the biocide used in Dr. Greens' synthetic urine products to Spectrum.  Said biocide is the only information necessary to determine that there is no possibility of infringement of any claim of the '776 Patent by any synthetic urine sold by Dr. Greens.  Except as so admitted and subject to the protective order, Defendants deny the remaining allegations of Paragraph 58 of the FAC.

59. Defendants deny the allegations of Paragraph 59 of the FAC.

1       60. Defendants admit that Dr. Greens' claim for monetary damage include damages

2   sustained by Dr. Green resulting from the Legal Action Notification letter being widely

3   circulated by Spectrum and James Matthew Stephens.  Except as so admitted, Defendants

4   deny the remaining allegations of Paragraph 60 of the FAC.

5       61. Defendants admit that Paragraph 111 of the amended complaint alleges that

6   "Defendants have mischaracterized Plaintiff's products as an infringement of the '776

7   Patent in a deliberate effort to coerce Dr. Greens into disclosing the formula for its

8   synthetic urine."  Except as so admitted, Defendants deny the remaining allegations of

9   Paragraph 61 of the FAC.

10      62. Defendants deny the allegations of Paragraph 62 of the FAC.

11      63. Defendants admit that Dr. Greens alleged that Spectrum and James Matthew

12  Stephens widely circulated the Legal Action Notification Letter in bad faith.  Except as so

13  admitted, Defendants deny the remaining allegations of Paragraph 63 of the FAC.

14      64. Defendants admit that Dr. Greens alleged that James Matthew Stephens was

15  responsible for the creation and transmission of the Legal Action Notification.

16  Defendants admit that Dr. Greens alleged that James Matthew Stephens either personally

17  authored, or otherwise authorized as the president of Spectrum, Inc. or manager of

18  Spectrum, the Legal Action Notification letter.  Except as so admitted, Defendants deny

19  the remaining allegations of Paragraph 64 of the FAC.

20      65. Defendants admit that James Matthew Stephens provided a discovery response

21  stating "Stephens did not author the notice.  While Stephens thinks one or more persons in

22  Spectrum's Marketing Department created the notice, he does not know the specific

23  person or persons who authored it."  Except as so admitted, Defendants deny the

24  remaining allegations of Paragraph 65 of the FAC.

25      66. Defendants admit that it has asserted declaratory relief claims against James

26  Matthew Stephens.  Except as so admitted, Defendants deny the remaining allegations of

27  Paragraph 66 of the FAC.

28      67. Defendants deny the allegations of Paragraph 67 of the FAC.

1

2 **VI. Dr. Green's False Ad**

3 68. Defendants admit that Exhibit 2 is a copy of Dr. Greens' ad as published in

4 "Headquest Magazine."  Except as so admitted, Defendants deny the remaining

5 allegations of Paragraph 68 of the FAC.

6 69. Defendants admit the Ad claims that "we invented detox!"  Except as so admitted,

7 Defendants deny the remaining allegations of Paragraph 69 of the FAC.

8 70. Defendants admit the Ad states that Dr. Greens has been in business for "20 YRS."

9 Except as so admitted, Defendants deny the remaining allegations of Paragraph 70 of the

10 FAC.

11 71. Defendants admit that the Ad depicts crumpled boxes of Quick Fix, along with

12 crushed boxes of other Dr. Greens' competitor's products, beneath a box of Agent X.

13 Except as so admitted, Defendants deny the remaining allegations of Paragraph 71 of the

14 FAC.

15 72. Defendants admit that it did not seek permission from Spectrum to use an image of

16 Quick Fix boxes. Except as so admitted, Defendants deny the remaining allegations of

17 Paragraph 72 of the FAC.

18 **Count One**

19 *Patent Infringement Under the Patent Act, 35 U.S.C. § 271*

20 73. Defendants hereby repeat and incorporate herein their response to Paragraphs 1

21 through 72 as though set forth fully herein.

22 74. Defendants deny the allegations of Paragraph 74 of the FAC.

23 75. Defendants deny the allegations of Paragraph 75 of the FAC.

24 76. Defendants deny the allegations of Paragraph 76 of the FAC.

25 77. Defendants deny the allegations of Paragraph 77 of the FAC.

26 78. Defendants deny the allegations of Paragraph 78 of the FAC.

27 79. Defendants deny the allegations of Paragraph 79 of the FAC.

28 80. Defendants deny the allegations of Paragraph 80 of the FAC.

81. Defendants deny the allegations of Paragraph 81 of the FAC.

82. Defendants deny the allegations of Paragraph 82 of the FAC.

83. Defendants deny the allegations of Paragraph 83 of the FAC.

84. Defendants deny the allegations of Paragraph 84 of the FAC.

85. Defendants deny the allegations of Paragraph 85 of the FAC.

86. Defendants deny the allegations of Paragraph 86 of the FAC.

## Count Two

*False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)*

87. Defendants hereby repeat and incorporate herein their response to Paragraphs 1 through 86 as though set forth fully herein.

88. Defendants admit the allegations of Paragraph 88 of the FAC.

89. Defendants admit the allegations of Paragraph 89 of the FAC.

90. Defendants deny the allegations of Paragraph 90 of the FAC.

91. Defendants deny the allegations of Paragraph 91 of the FAC.

92. Defendants deny the allegations of Paragraph 92 of the FAC.

93. Defendants deny the allegations of Paragraph 93 of the FAC.

94. Defendants deny the allegations of Paragraph 94 of the FAC.

95. Defendants deny the allegations of Paragraph 95 of the FAC.

96. Defendants deny the allegations of Paragraph 96 of the FAC.

## Count Three

*Violations of Ohio's Deceptive Trade Practices Act,*

*Ohio Rev. Code §4165.01-04*

97. Defendants hereby repeat and incorporate herein their response to Paragraphs 1 through 96 as though set forth fully herein.

98. Defendants deny the allegations of Paragraph 98 of the FAC.

99. Defendants deny the allegations of Paragraph 99 of the FAC.

100.     Defendants deny the allegations of Paragraph 100 of the FAC.

JOINT ANSWER TO FIRST AMENDED COUNTERCLAIM OF SPECTRUM

11cv0638 JAH (KSC)

1

**Count Four**

*Violations of California's Unfair Competition Law,*

*Cal. Bus. & Profs. Code § 17200*

101.    Defendants hereby repeat and incorporate herein their response to Paragraphs 1 through 100 as though set forth fully herein.

102.    Defendants deny the allegations of Paragraph 102 of the FAC.

103.    Defendants deny the allegations of Paragraph 103 of the FAC.

104.    Defendants deny the allegations of Paragraph 104 of the FAC.

105.    Defendants deny the allegations of Paragraph 105 of the FAC.

106.    Defendants deny the allegations of Paragraph 106 of the FAC.

**Count Five**

*Unfair Competition under Ohio Common Law*

107.    Defendants hereby repeat and incorporate herein their response to Paragraphs 1 through 106 as though set forth fully herein.

108.    Defendants deny the allegations of Paragraph 108 of the FAC.

109.    Defendants deny the allegations of Paragraph 109 of the FAC.

110.    Defendants deny the allegations of Paragraph 110 of the FAC.

111.    Defendants deny the allegations of Paragraph 111 of the FAC.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The FAC fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Spectrum lacks sufficient right, title, or interest in the '776 Patent to maintain this suit.

**THIRD AFFIRMATIVE DEFENSE**

Defendants not infringe, and have not infringed (either directly, contributorily, by inducement, jointly, literally, or under the doctrine of equivalents) any valid and/or enforceable claim of the '776 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

One of more claims of the '776 Patent is invalid or void for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and 112.

**FIFTH AFFIRMATIVE DEFENSE**

Spectrum's claims for relief are barred, in whole or in part, by failure of Spectrum and/or its licensees to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

The relief sought by Spectrum is barred in whole or in part by prosecution history estoppels and/or under the doctrine of laches, including without limitations laches during prosecution of the '776 Patent in the U.S. Patent and Trademark Office.

**SEVENTH AFFIRMATIVE DEFENSE**

Spectrum's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286, 287. Spectrum's recovery of costs is limited under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

Spectrum's claims for relief, including its assertion of the '776 Patent against Defendants are each barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Upon information and belief, the relief sought by Spectrum is barred in whole or in part pursuant to an express and/or implied license.

**TENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Spectrum is barred in whole or in part by the doctrines of patent exhaustion, patent misuse, and/or the first sale doctrine from enforcing the '776 Patent against Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The relief sought by Spectrum is barred in whole or in part by the active engagement of fraud on the Patent Office by intentionally failing to disclose known prior art during the prosecution of the patent application for the '776 Patent in the U.S. Patent and Trademark Office.

## TWELFTH AFFIRMATIVE DEFENSE

Spectrum is barred in whole or in part by the doctrines of estoppels, acquiescence, and wavier from enforcing the '776 Patent against Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

The relief sought by Spectrum is barred in whole or in part by the Spectrum's and/or Defendant Stephens' own prior sale of products embodying one or more claims of the '776 Patent more than one year prior to the earliest priority date for the '776 Patent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Spectrum's claims are barred, in whole or in part, because it has not suffered detriment, injury or damage.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Spectrum has suffered any injury or damage, then it failed to mitigate those damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Spectrum failed to comply with the requirements of Rule 11 in the United States Code of Civil Procedure, which require a person who sues a party under the patent laws to conduct a reasonable pre-filing investigation prior to bringing suit against another party. Spectrum failed to perform such investigation and is therefore in violation of Rule 11.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Spectrum's claims are barred because the allegedly false, defamatory or disparaging statement or statements set forth in the complaint are statements of opinion.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Spectrum's claims are barred because the allegedly defamatory or disparaging statement or statements are true.

## NINETEENTH AFFIRMATIVE DEFENSE

Spectrum's claims are barred because the allegedly false, defamatory or disparaging statement or statements are statements of opinion, which Defendants believed, as a matter of opinion, to be true.

## TWENTIETH AFFIRMATIVE DEFENSE

1
2
3

Spectrum's claims are barred because the allegedly false, defamatory or disparaging statement or statements set forth in the complaint are rhetorical hyperbole or puffery.

4

## <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

5
6

Some or all of Spectrum's claims are barred by the First Amendment and the state and federal constitutional protections afforded free speech.

7

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

8
9
10
11

Spectrum's claims are barred because Spectrum has suffered no harm, to its reputation, its business or otherwise, as a result of the alleged false, defamatory or disparaging statement or statements set forth in the complaint or as a result of any other conduct set forth in the complaint.

12
13
14
15

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

16

////

17

////

18

////

19
20
21
22
23
24
25
26
27
28

1

## PRAYER FOR RELIEF

2   WHEREFORE, Defendants pray for relief as follows:

3   1.   Judgment that neither Dr. Greens nor Matt Green has infringed any valid claim of

4        the '776 Patent;

5   2.   Judgment that the asserted claims of the '776 Patent are not valid;

6   3.   Judgment that the asserted claims of the '776 Patent are not enforceable;

7   4.   Judgment that Spectrum takes nothing by this action;

8   5.   Judgment that this action be declared an exceptional case under 35 U.S.C. § 285,

9        and that Defendants be awarded their costs, including reasonable attorney's fees;

10       and

11  6.   For such other relief as the Court deems just and proper.

12

13  Dated:  January 6, 2014                    Gary L. Eastman, APLC

14
                                       By   _/s/ Gary L. Eastman_____
15                                          Gary L. Eastman, Esq.
                                            Attorney for Plaintiff
16                                          and Counterclaim-Defendant
                                            DR. GREENS, INC.
17                                          and Counterclaim-Defendant
                                            MATT GREEN
18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served SPECTRUM LABORATORIES, LLC and JAMES MATTHEW STEPHENS the following documents:

**DR. GREENS, INC. AND MATT GREEN'S JOINT ANSWER TO FIRST AMENDED COUNTERCLAIM OF SPECTRUM LABORATORIES, LLC's**

in the following manner:  (check one)

1. ____        By personally delivering copies to the person served.

2. ____        By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3. ____        By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4. ____        By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at 401 West A Street, Suite 1785, San Diego, CA 92101 on December 22, 2011.

5. __X__        By ECF Filing Service by filing the above-identified documents with the Court via ECF electronic filing to attorneys of record in the case.

| | |
|---|---|
| David B. Cupar | J. Christopher Jaczko |
| Matthew J. Cavanagh | Jaczko Goddard LLP |
| McDonald Hopkins, LLP | 4401 Eastgate Mall |
| 600 Superior Avenue East | San Diego, CA 92121 |
| Cleveland, OH 44114 | |

Executed on January 6, 2014, at San Diego, California.

_/s/ Gary L. Eastman_____
Gary L. Eastman, Esq.

PROOF OF SERVICE

i