Gary L. Eastman, Esq. (CSB #182518)
Matthew C. McCartney, Esq. (CSB #226687)
Gary L. Eastman, APLC
401 West A Street, Suite 1785
San Diego, CA 92101
(619) 230-1144

Attorneys for Plaintiff and Counterclaim-Defendant
DR. GREENS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| DR. GREENS, INC. California corporation, Plaintiff and Counterclaim-Defendant, vs. JAMES MATTHEW STEPHENS, an individual, SPECTRUM LABORATORIES, LLC, an Ohio limited liability company, Defendants and Counterclaim-Plaintiffs. | Case No. 3:11-cv-00638-JAH-KSC<br><br>**DECLARATION OF MATTHEW GREEN IN RESPONSE TO ORDER FOLLOWING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |
|---|---|

I, Matthew Green, hereby declare as follows:

1. I am the founder and majority shareholder of Dr. Greens, Inc. ("Dr. Greens"). I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I have reviewed Spectrum Laboratories, LLC's ("Spectrum") fifth set of requests for production and third set of interrogatories to Dr. Greens. I have

1 made a good-faith, reasonable and diligent search of Dr. Greens' business records
2 in an attempt to produce the requested documents.

3    3. Dr. Greens uses the accounting software QuickBooks. This is the
4 only accounting software used by Dr. Greens.

5    4. In response to Request Nos. 29 and 35, I performed an electronic
6 search on QuickBooks for all financial statements of Dr. Greens, including sales
7 reports by item summary for all synthetic urine products sold by Dr. Greens since
8 2005, accounts payable reports, accounts receivable reports, balance statements,
9 etc. Dr. Greens agrees to produce all responsive documents within its possession,
10 custody, and control.

11    5. In response to Request No. 30, I diligently searched Dr. Greens'
12 business records for federal income tax returns since 2005. Despite my best faith
13 efforts, no responsive documents were found. I contacted Dr. Greens' tax
14 attorney, Stuart Hurwitz, and requested all federal income tax returns since 2005.
15 Mr. Hurwitz provided to me Dr. Greens' federal income tax returns for 2006
16 through 2012. Dr. Greens agrees to produce all responsive documents within its
17 possession, custody, and control.

18    6. In response to Request No. 38, I performed an electronic search on
19 QuickBooks for all sales reports for all synthetic urine products sold by Dr.
20 Greens since 2005. Sales reports contained in QuickBooks represent all sales by
21 Dr. Greens, other than online sales through Dr. Greens' website. All sales reports
22 contained in QuickBooks for synthetic urine products sold by Dr. Greens from
23 2005 through 2011 have been produced. Dr. Greens agrees to produce all sales
24 reports contained in QuickBooks for synthetic urine products sold by Dr. Greens
25 from 2012 to the present.

26 As mentioned above, online sales are not recorded in QuickBooks. From
27 the time Dr. Greens first started selling products on its website until 2014, Dr.
28 Greens used Americart, an e-commerce shopping cart software. In 2014, Dr.

1 Greens switched from Americart to OpenCart, a similar e-commerce platform. All invoices for Dr. Greens' online sales are generated by the third-party e-commerce service provider and subsequently sent to Dr. Greens. Dr. Greens agrees to produce all invoices generated by Americart and OpenCart for Dr. Greens' online sales that are within its possession, custody, and control.

7. In response to Request Nos. 41 and 42, I performed an electronic search on QuickBooks for all cost reports for all synthetic urine products sold by Dr. Greens since 2005. To the best of my knowledge, information, and belief formed after a reasonable inquiry, all cost reports contained in QuickBooks for synthetic urine products sold by Dr. Greens since 2005 have been produced. Further, I searched Dr. Greens' business records for all invoices for Dr. Greens' purchase of synthetic powder, bottles, heating packs, temperature strips, water, bladder bags, belts, and packaging materials since 2005. To the best of my knowledge, information, and belief formed after a reasonable inquiry, all invoices related to Dr. Greens' purchase of synthetic powder that are within the possession, custody, and control of Dr. Greens have been produced. Invoices for bottles, water, and packaging have also been produced. Dr. Greens agrees to produce all additional responsive documents concerning costs components of all synthetic urine products sold by Dr. Greens since 2005 that are within its possession, custody, and control.

8. In response to Request No. 47, I diligently searched Dr. Greens' business records for purchase records of Quick Fix since 2005. Despite my reasonable and diligent search efforts, no documents concerning Dr. Greens' purchase of Quick Fix from any person/entity other than Spectrum exist. This is because said purchases are based on an oral agreement between Dr. Greens and the third-party vendors. To the best of my knowledge, information, and belief formed after a reasonable inquiry, no responsive documents or written communications exist. To the extent that responsive documents are discovered in

the future based on Dr. Greens' ongoing reasonable and diligent search efforts, Dr. Greens agrees to timely produce said documents in a supplemental document production.

9. In 2012, a shareholder dispute began between me and Joseph Nahay. At that time, I was a 51% owner of Dr. Greens and Mr. Nahay was a 49% owner. Mr. Nahay believed that the corporate funds were not being disbursed fairly, specifically, that he was not getting paid enough. This dispute lasted for several months, and ultimately, Mr. Nahay sued me and Dr. Greens, claiming that we owed him money, Case No. 37-2012-00088020-CU-NP-CTL, filed in the San Diego Superior Court on December 17, 2012. The case ultimately settled out of court. I have not had a personal or business relationship with Mr. Nahay since he left Dr. Greens in 2012. It is possible that Mr. Nahay destroyed and/or removed financial and commercial documents of Dr. Greens when he left Dr. Greens in 2012 as an act of revenge or spite. I have no personal knowledge of whether Mr. Nahay tampered with Dr. Greens' business records.

10. Before leaving Dr. Greens in 2012, Mr. Nahay was the CEO of Dr. Greens. As the CEO, Mr. Nahay was in charge of managing the company funds. In this role, Mr. Nahay was in charge of overseeing the accounts payable and accounts receivable, making payments, writing checks, sales, purchases, costs, and any other commercial/financial business activities of Dr. Greens. Mr. Nahay used his own personal e-mail account to communicate with vendors and clients of Dr. Greens. As a result of the shareholder dispute, any and all documents and correspondence authored and/or received by Mr. Nahay via his personal e-mail account cannot be obtained or accessed by Dr. Greens and therefore, for purposes of discovery, are not within the possession, custody, or control of Dr. Greens.

11. To the best of my knowledge, information, and belief formed after a reasonable inquiry, Dr. Greens' supplemental responses to the contested discovery requests are complete and correct.

DECLARATION OF MATTHEW GREEN IN SUPPORT OF JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE

Case No.: 3:11-cv-00638-JAH-KSC

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 6, 2014, in San Diego, California.

_____
Matthew Green

# CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West "A" Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On June 6, 2014 at my place of business in San Diego, California, I served the following document:

## DECLARATION OF MATTHEW GREEN IN RESPONSE TO ORDER FOLLOWING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Via the CM/ECF FILING SYSTEM. The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) noted below:

David B. Cupar
Matthew J. Cavanagh
McDonald Hopkins, LLP
600 Superior Avenue East
Cleveland, OH 44114
Attorney for Defendant and Counterclaim-Plaintiff
Spectrum Laboratories, LLC

I certify and declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 6, 2014 in San Diego, California.

By:     /s/ Gary L. Eastman
        Gary. L. Eastman, Esq.