GARY L. EASTMAN (182518)
EASTMAN & MCCARTNEY LLP
401 West A Street, Suite 1785
San Diego, CA 92101
Telephone: (619) 230-1144
Facsimile: (619) 230-1194
gary@eastmanmccartney.com

Attorneys for Plaintiff and Counterclaim-Defendant
DR. GREENS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>Defendant.<br><br>AND RELATED CROSS ACTION | No. 11cv0638 JAH (KSC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S (UNOPPOSED) EX PARTE APPLICATION TO CONTINUE HEARING DATE FOR SPECTRUM LABORATORIES, LLC'S RENEWED MOTION FOR SUMMARY JUDGMENT BY 30 DAYS**<br><br>Judge: Hon. John A. Houston |

Plaintiff Dr. Greens, Inc. ("Dr. Greens") hereby makes this Ex Parte Application for an Order continuing the hearing date for Spectrum's Renewed Motion for Summary Judgment (Doc. No. 130), currently set for November 17, 2014 at 2:30 p.m., by 30 days, or such other date and time as the Court deems appropriate. Defendants James Matthew Stephens and Spectrum Laboratories, LLC do not oppose this Ex Parte Application, and therefore, pursuant to Local Rule 7.2, no hearing date is required and this Ex Parte Application has been designated as "Joint.

Good cause exists to continue the hearing date for Spectrum's Renewed Motion for Summary Judgment (Doc. No. 130) by 30 days. On September 15, 2014, a few

days after Spectrum filed its motion, counsel for Dr. Greens contacted Spectrum's counsel to give notice that Dr. Greens intends to depose Shri Thanedar in connection with its anticipated opposition to Spectrum's Motion and would like to set the deposition of Mr. Thanedar for some time during the second half of October. Later that same day on September 15, 2014, counsel for Spectrum responded, stating that the second half of October would not work because he and Mr. Cupar have a patent infringement trial beginning on October 20, 2014 in Denver, Colorado and that said trial is scheduled for three weeks. Counsel for Spectrum proposed the week of November 10, 2014 as an alternative time for the deposition of Mr. Thanedar.

Spectrum's proposed November 10, 2014 timeframe is unacceptable because Dr. Greens' deadline to file a response in opposition to Spectrum's motion is November 3, 2014—a week beforehand. The primary purpose and reason for deposing Mr. Thanedar is directly connected to Dr. Greens' anticipated response in opposition to Spectrum's motion. The majority of Spectrum's argument in support of its motion is based upon the opinion testimony of Mr. Thanedar as set forth in his supporting declaration. (See. Doc. No. 130-3.) Thus, deposing Mr. Thanedar after the deadline for Dr. Greens' to file its response in opposition to Spectrum's motion has already expired defeats the primary purpose of the deposition itself.

Prior to filing this Application, counsel for Dr. Greens' contacted Spectrum's counsel explaining why Spectrum's proposed November 10, 2014 timeframe would not work. Spectrum's counsel agreed that it would not oppose a motion by Dr. Greens to continue the hearing date for Spectrum's Renewed Motion for Summary Judgment (Doc. No. 130) by 30 days.

Good cause exists to continue the hearing date for Spectrum's Renewed Motion for Summary Judgment (Doc. No. 130) by 30 days in light of counsel for Spectrum's scheduling conflict and the significance of Mr. Thanedar's opinion testimony with regard to Spectrum's motion. Allowing Dr. Greens the opportunity to depose Mr. Thanedar is critical to Dr. Greens' anticipated response in opposition to Spectrum's motion. Absent the Court's issuance of the requested continuance, Dr. Greens will be prevented from deposing Mr. Thanedar prior to the deadline to file its opposition

paperwork and therefore severely handicapped in its ability to present a full and complete response in opposition to Spectrum's motion.

As demonstrated above, granting the requested relief is reasonable and necessary and the parties agree that the requested continuance will not cause undue delay or prejudice. Thus, for good cause showing, Dr. Greens respectfully requests that the Court enter the proposed order and continue the hearing date for Spectrum's Renewed Motion for Summary Judgment (Doc. No. 130) by 30 days.

Dated: September 19, 2014

EASTMAN & MCCARTNEY LLP

By _*/s/ Gary L. Eastman*_________
Gary L. Eastman, Esq.
Attorneys for Plaintiff and Counterclaim-Defendant DR. GREENS, INC.

# CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On September 19, 2014, at my place of business in San Diego, California, I served the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S (UNOPPOSED) EX PARTE APPLICATION TO CONTINUE HEARING DATE FOR SPECTRUM LABORATORIES, LLC'S RENEWED MOTION FOR SUMMARY JUDGMENT BY 30 DAYS**

Via the CM/ECF FILING SYSTEM. The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) noted below:

J. CHRISTOPHER JACZKO (149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street Suite 2200
San Diego, CA 92101
Telephone: (619) 906-5748
Facsimile: (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
Telephone: (216)348-5730
Facsimile: (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

ATTORNEYS FOR DEFENDANTS

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on September 19, 2014, in San Diego, California.

By: /s/ Gary L. Eastman

Gary L. Eastman