# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., *a California corporation*,<br><br>                                  Plaintiff,<br><br>vs.<br><br>JAMES MATTHEW STEPHENS, *an individual*, and SPECTRUM LABORATORIES, *an Ohio limited liability company*,<br><br>                                  Defendant. | CASE NO. 11cv0638-JAH(KSC)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE** |

On September 26, 2014, this Court held a second telephonic Case Management Conference. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED:**

1. **Advice of Counsel.** Not later than 30 days from this Order, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason must:

   a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived;

b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with this requirement will not be permitted to rely on an advice of counsel for any purpose, absent a stipulation of all parties or by order of the Court, which will be entered only upon showing of good cause.

2. **Expert Witnesses**. On or before **November 7, 2014,** all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **November 28, 2014,** any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

3. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **February 25, 2015**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as otherwise provided, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(c) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **March 25, 2015**.

5. **Discovery**. All fact discovery shall be completed on or before **January 28, 2015**. All expert discovery shall be completed on or before **April 22, 2015**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court, as dictated by this Court's Chambers Rules.

6. **Motions**. All motions, other than motions to amend or join parties, or motions in limine shall be **FILED** on or before **May 6, 2015.**

7. **Settlement Conferences**. The first Mandatory Settlement Conference is not scheduled at this time, due to the pending dispositive motions before the District Court. The parties are directed to telephonically contact the Chambers of Magistrate Judge Crawford within three Court days of receiving a ruling on the pending Motion for Summary Judgment and any other dispositive motions. At that time, the first Mandatory Settlement Conference will be set, if necessary. The Mandatory Settlement Conference shall be conducted in the chambers of Magistrate Judge Karen S. Crawford. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than one week before the Conference. A second Mandatory Settlement Conference shall be conducted **August 4, 2015**, at **2:30 p.m.** Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **July 28, 2015**. The court may schedule additional settlement conference(s) at the parties' request. **All**

1  **parties are ordered to read and to fully comply with the Court's Chambers Rules.**
2  Any variation from these Rules or special arrangement desired in cases must be
3  proposed to the settlement judge no later than twenty-one (21) days in advance of the
4  settlement conference.

5        8.    Counsel shall comply with the pre-trial disclosure requirements of Federal
6  Rule of Civil Procedure 26(a)(3) on or before **August 17, 2015**. Failure to comply with
7  these disclosure requirements could result in evidence preclusion or other sanctions
8  under Federal Rule of Civil Procedure 37.

9        9.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4)
10 on or before **August 24, 2015**. At this meeting, counsel shall discuss and attempt to
11 enter into stipulations and agreements resulting in simplification of the triable issues.
12 Counsel shall exchange copies and/or display all exhibits other than those to be used
13 for impeachment. The exhibits shall be prepared in accordance with Local
14 Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties'
15 Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall
16 cooperate in the preparation of the proposed pretrial conference order.

17       10.    Counsel for plaintiff will be responsible for preparing the pretrial order
18 and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or
19 before **August 31, 2015**, plaintiff's counsel must provide opposing counsel with the
20 proposed pretrial order for review and approval. Opposing counsel must communicate
21 promptly with plaintiff's attorney concerning any objections to form or content of the
22 pretrial order, and both parties shall attempt promptly to resolve their differences if
23 any, concerning the order.

24       11.    The Proposed Final Pretrial Conference Order, including objections to any
25 other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and
26 lodged with the clerk of the court on or before **September 7, 2015,** and shall be in the
27 form prescribed in and in compliance with Local Rule 16.1(f)(6).
28 //

12. The final Pretrial Conference is scheduled on the calendar of **Judge Houston** on **September 14, 2015,** at **2:30 p.m.**

13. The Court directs the parties to review the Chambers Rules for the assigned District Judge and Magistrate Judge.

14. The dates and times set forth in this Order will not be modified except for good cause shown.

15. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Court Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Court Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Date: _Sept. 30_, 2014

KAREN S. CRAWFORD
United States Magistrate Judge