1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10   DR. GREENS, INC.,                  )   Civil No. 3:11-cv-638-JAH (CAB)
                                        )
11              Plaintiff,              )   ORDER DENYING DEFENDANT
     v.                                 )   SPECTRUM'S MOTION TO
12                                      )   STRIKE PLAINTIFF'S INVALIDITY
     JAMES MATTHEW STEPHENS, an         )   EXPERT DR. CHATFIELD'S
13   individual, and SPECTRUM           )   REPORT IN ITS ENTIRETY [Doc.
     LABORATORIES, LLC,                 )   158] AND GRANTING
14                                      )   DEFENDANT'S MOTION TO
                Defendants.             )   STRIKE ROBERT TAYLOR'S
15   _____  )   EXPERT REPORT [Doc. 163]
                                        )
16   Related Counterclaims.             )
     _____  )
17

18                                    ORDER

19        In   this   patent   infringement   suit,   counsel   for   Defendants   and
20
     Counterclaimants James Stephens and Spectrum Laboratories, LLC
21
     ("Spectrum") move to strike the invalidity report prepared by Dr. Green's
22
     ("Plaintiff") expert, Dr. Dale Chatfield ("Dr. Chatfield").   Doc. 158.
23
     Additionally, Spectrum moves to strike the report of Plaintiff's damages
24
     expert, Robert Taylor, and to stay Spectrum expert discovery deadlines while
25
     the Court resolves these motions.[1]  Docs. 159, 163.  Plaintiff opposes both
26

27   _____
28        [1] Due to the magistrate judge's order vacating the previously scheduled discovery deadlines
     on August 10, 2015, the Court deems Spectrum's motion to stay expert deadlines MOOT.

motions.[2]  Docs. 159, 166.  The Court took the matter under submission without oral argument.

Having considered the arguments and evidence presented, the Court DENIES Spectrum's motion to strike Dr. Chatfield's expert report and GRANTS Spectrum's motion to strike Robert Taylor's expert report.

BACKGROUND

On December 4, 2012, the Honorable Karen Crawford, United States Magistrate Judge, ordered the parties to complete all discovery to be used in the Claim Construction Hearing by February 18, 2013.  Doc. 70.  On October 2, 2014, the magistrate judge filed a scheduling order, wherein the parties were required to designate and exchange a list of all expert witnesses expected to be called at trial by November 7, 2014.  Doc. 137.  The order also provided that any party may supplement their expert witness designations by November 28, 2014, so long as the party had not previously retained an expert to testify on the subject.  Id.  The party-designated expert was required to prepare a written report to be provided to all other parties pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) by February 25, 2015.  Id. Parties were authorized to supplement their expert reports through their designated experts to contradict or rebut evidence by opposing experts on the same subject matter by March 25, 2015.  Id.  All expert discovery was required to be completed by April 22, 2015.  Id.

Plaintiff relied on invalidity material from Frayne[3] in the Joint Claim Construction Worksheet filed on January 22, 2013, before the claim construction discovery period closed on February 18, 2013.  Spectrum filed amended infringement contentions on February 22, 2013.  See Doc. 71.  On

---

[2] The Court grants Spectrum's motion for leave to file its reply brief [Doc. 160].

[3] Colin Frayne, *Cooling Water Treatment: Principles and Practice*, 214-223 (1999); Colin Frayne, *The Selection and Application of Nonoxidizing Biocides for Cooling Water Systems*, The Analyst: The Voice of the Water Treatment Industry, Spring 2001, 1-14.

November 19, 2014, during the deposition of Spectrum's chemical expert, Plaintiff presented the expert with a copy of Frayne's article, "Cooling Water Treatment Principles and Practice" to which Spectrum's counsel objected. Doc. 159 at 7-8.

On November 28, 2014, prior to the expert designation deadline, plaintiff identified Dr. Neil Spingran as its chemical expert. See Doc. 158-5. On December 10, 2014, Spectrum objected to Dr. Neil Spingarn due to a conflict and potential violation of a stipulated protective order in this case. See Doc. 158-6. The parties agreed that Plaintiff would withdraw Dr. Spingarn as an expert witness and designate a new expert witness by December 24, 2014. Id. On January 28, 2015, Plaintiff designated Dr. Dale Chatfield as its invalidity and infringement rebuttal expert. See Doc. 158-7. On February 25, 2015, Dr. Chatfield's expert report ("the report") was timely submitted to Spectrum offering two invalidity opinions: invalidity based on obviousness and failure to disclose material information. See Doc. 158-8.

On May 20, 2013, Spectrum notified Plaintiff that Spectrum had retained David Haas as its damages expert. Doc. 163 at 2. On October 2, 2014, the magistrate judge issued a scheduling order requiring the parties to include within each expert designation the expert's contact information, "a brief statement identifying the subject areas as to which the expert is expected to testify," and "the normal rates the expert charges for deposition and trial testimony." See Doc. 137. The scheduling order warned each party that failure to make disclosures, absent substantial justification, would preclude the parties from using undisclosed evidence or testimony at any hearing or at the time of trial. Doc. 137 at 2. Plaintiff did not identify a damages expert prior to the deadlines of November 7, 2014 or November 28, 2014 as required by the October 2, 2014 scheduling order. Doc. 163 at 3.

On February 25, 2015, Spectrum served Plaintiff with an expert report regarding damages by David Haas.  Id.  On March 25, 2015, Plaintiff served Spectrum with an expert report by Robert Taylor regarding damages which included Mr. Taylor's opinion of what the reasonable royalty rate should be in this case in the event Spectrum proves infringement.  Id.

## DISCUSSION

Under Rule 26(a)(2), parties must disclose the identity of expert witnesses, as well as the expert's report at least 90 days before trial.  In its discretion, a district court may impose sanctions under Fed. R. Civ. P 37 when a party fails to designate an expert.  See Harris v. U.S., 132 Fed.Appx. 183 (9th Cir. 2005).  The district courts have wide latitude in imposing sanctions under Rule 37(c)(1).  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001) (affirmed excluding defendant's only damages expert as a sanction for failing to provide his expert report until almost two years after the close of discovery and 28 days prior to trial).

Pretrial proceedings in this case are also governed by the Patent Local Rules for the Southern District of California.[4]  The patent rules are designed "to provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." DCG Sys. v. Checkpoint Techs., LLC, 2012 WL 1309161, at *2 (N.D. Cal. April 16, 2012) (internal citation and quotation omitted).  The invalidity contention disclosure requirements exist "to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  Fresenius Med. Care Holdings, Inc. v. Baxter Intern., Inc., 2006 WL 1329997 at *4 (N.D. Ca;. 2006) (citations omitted).  Accordingly, the rules "require parties to

---

[4] The Patent Local Rules for the Southern District of California have been recently revised. The Patent Local Rules discussed herein were the rules in effect when the magistrate judge set the claim construction discovery schedule on December 4, 2012.

crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." <u>O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006).

Local Patent Rule 3.3 requires detailed disclosures of a party's invalidity contentions. These include, in relevant part, the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, an explanation of why the prior art renders the asserted claim obvious (including an identification of any combinations of prior art showing obviousness), and a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including the identity of the material(s) in each item of prior art that performs the claimed function. Under Patent Local Rule 3.6(b), as a matter of right, a party opposing a patent infringement claim may serve "Amended Invalidity Contentions" until the completion of claim construction discovery. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may amend its invalidity contentions if a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the amended infringement contentions require a response.[5]

## ANALYSIS

A. Motion to Strike Dr. Chatfield's Invalidity Expert Report

Spectrum argues that Plaintiff attempts to use an expert report to introduce new invalidity theories not disclosed in Plaintiff's invalidity contentions. Specifically, Spectrum contends that the report introduces untimely invalidity contentions regarding Spectrum's alleged failure to

---

[5] Patent Local Rule 3.6 does not relieve any party from its obligations under Fed. R. Civ. P. 26 to timely supplement disclosures and discovery responses.

disclose Frayne's prior art[6] in the application for Spectrum's U.S. Patent No. 7,192,776 ("the '776 patent"). Spectrum argues that the contentions within the report prejudice Spectrum in that more money and time must be spent to rebut the report and, according to the Local Patent Rules, should not be allowed.

Plaintiff first responds that its amended preliminary invalidity contentions based on 35 U.S.C. § 103 (obviousness) and a failure to disclose were timely served on January 30, 2013 via US mail. Plaintiff also contends that it has consistently outlined throughout the litigation that Spectrum inappropriately utilized Frayne's published materials in its '776 patent application. Plaintiff disputes that using the report will result in prejudice to Spectrum.

Spectrum counters, in its reply, that Plaintiff cannot prove that its amended preliminary invalidity contentions were served before claim construction discovery was complete because the attached service of process was incomplete.

Plaintiff enjoys a rebuttal presumption of service of its amended invalidity contentions. Seminiano v. Xyris Enterprise, Inc., 512 Fed.Appx. 735, 736 (9th Cir. 2013). While the proof of service does not reflect a date on which it was deposited in the mail, the Court notes that Plaintiff's preliminary invalidity contentions' proof of service form was presented to Spectrum with the same format (see Doc. 158-3 at 6), to which Spectrum does not claim a lack of receipt. In addition, the document reflects service on two attorneys for Spectrum, and not simply service upon the one Spectrum declarant in the pleadings. Id.

---

[6] Colin Frayne's article and book details a non-exhaustive list of oxidizing and non-oxidizing microbiocides that would be equally effective under a wide range of operating conditions and environmental demands for cooling water systems against the growth of algae, gram-negative aerobic slime formers, and other harmful biofilms.

11cv638

Even if Spectrum overcomes the presumption based upon its litigation-document-management system and the standard business practices associated therewith, Doc. 160-2 pp. 2-4, supporting its contention that the Amended Invalidity Contentions were not timely served, the Court finds that striking the Amended Validity Contentions is not the appropriate remedy under Rule 37.

A review of the record reveals that Spectrum was on notice of Plaintiff's amended invalidity and failure to disclose contentions in that Frayne's references were prominent claims and defenses in this case.  On January 22, 2013, pursuant to Rule 4.2 of the Patent Local Rules, the parties filed the Joint Claim Construction Worksheet ("the worksheet"), listing extrinsic evidence supporting each parties proposed construction.  See Doc. 159-1, Exh. 5.  Of note, within the 72-page worksheet, Plaintiff identifies the applicable Frayne's references on approximately 62 pages.[7]  Id.

The record also reflects Frayne's work was no stranger to Spectrum.  Spectrum's counsel and Plaintiff's counsel met by phone, regarding the worksheet and worked together on the worksheet by email before jointly filing it on January 22, 2013.  Doc. 160-2 at 4.  The only reasonable inference is that Spectrum was aware of Plaintiff's defenses at that time.  Additionally, Spectrum identifies Frayne's references on approximately 60 pages of the worksheet.  Id.  Plaintiff raised the issue of Frayne's references with Dr. Thanedar, Spectrum's expert, during Thanedar's deposition.  Doc. 159-1, Exh. 6.  Moreover, Plaintiff's right to amend its contentions expired on February 19, 2013, when the claim construction discovery period closed.  In any event, Plaintiff arguably had the right to amend its infringement contentions after Spectrum's February 22, 2013 amendment of its

---

[7] Plaintiff Bates cited Frayne's material in the Joint Claim Construction Worksheet using PLA code numbers 001305 - 001332.  (Doc. 159-1, Exh. 5 at 57-75, 80-98, 105-122.

1  infringement contentions.

2      For these reasons, the Court finds that even if the report was untimely,

3  the motion to strike is not an appropriate remedy.  Therefore, Spectrum's

4  motion to strike Dr. Chatfield's invalidity report is DENIED.  However,

5  Plaintiff shall bear the cost of the preparation of Spectrum's rebuttal report.[8]

6      B. Motion to Strike Robert Taylor's Damages Expert Report

7      Spectrum also seeks to strike the report of Robert Taylor, Plaintiff's

8  purported damages expert.  Spectrum argues that Plaintiff did not designate

9  Mr. Taylor as an expert before the expert designation deadlines set by the

10 Court expired.  See Doc. 163.  Spectrum also contends that Plaintiff violated

11 a protective order by providing Taylor with information intended for

12 "Attorneys' Eyes Only."  Id.  Plaintiff concedes that it failed to identify

13 Taylor prior to the deadline on November 28, 2014, but Plaintiff contends

14 that the oversight was inadvertent.  See Doc. 166.  Plaintiff argues that

15 Taylor's report was timely filed before the expert report cutoff date on March

16 25, 2015, and Taylor was required to execute the Acknowledgment

17 accompanying the protective order prior to receipt of any information

18 marked confidential or attorneys eyes only.  Id.  Spectrum rebuts Plaintiff's

19 inadvertence argument by noting, in its reply, that Plaintiff also concedes

20 that it chose not to designate a damages expert until after being served with

21 Spectrum's damages expert's report.  See Doc. 170.

22     The scheduling order states that, "Each expert witness designated by

23 a party shall prepare a written report" to be provided to all other parties no

24 later than by February 25, 2015.  See Doc. 137.  Any party may supplement

25 any of its expert reports, regarding evidence intended solely to contradict or

26 rebut evidence on the same subject matter identified in an expert report

27 submitted by another party by March 25, 2015.  Id.  The scheduling order

28

---

[8] This sanction also takes into account Plaintiff's late designation of Dr. Chatfield as its expert.

warned each party that failure to make disclosures, absent substantial justification, would preclude the parties from using undisclosed evidence or testimony at any hearing or at the time of trial. Doc. 137 at 2.

The Court finds that Plaintiff's inconsistent explanations regarding its decision as to whether to designate a damages expert demonstrate that Plaintiff chose not to designate a damages expert after evaluating the merits of the case.[9] Plaintiff essentially is asking this Court to authorize its disregard of the scheduling order and to cover Plaintiff's bet. Plaintiff's counsel chose a risky, strategic course of action in anticipation of how Spectrum would litigate the case. The Court is not tasked with safeguarding a litigant's strategic choices even when that litigant elects a course of action that may later be to its detriment. Plaintiff did not move to leave for an extension of time to file its damages expert designation. Plaintiff does not reference any hardships or other factors amounting to a "substantial justification" for its failure to designate Mr. Taylor as its damages expert. Accordingly, Plaintiff's attempt to designate Robert Taylor through its eleventh hour submission of a rebuttal expert report is untimely.

The Court also recognizes that to allow Plaintiff's abuse of and disregard for the Court's orders to be essentially rewarded through the use of Taylor's damages report at trial would erode the force and effect of the pretrial orders and the Court's authority. The Court notes that Spectrum timely designated a damages expert, which put Plaintiff on notice of Spectrum's intentions on May 20, 2013, and Plaintiff failed to supplement its expert designation by November 28, 2014. The scheduling order restricts expert witnesses that can be used to "rebut evidence on the same subject matter identified in an expert report submitted by another party" to "any

---

[9] In fact, Plaintiff argues at the time Mr. Taylor submitted his expert report, there were no new issues, no new data, and nothing unexpected. See Doc. 166.

11cv638

1  expert designated." Doc. 137 at 2.  For these reasons, Robert Taylor can not
2  be used by Plaintiff to rebut Spectrum's damages expert because Taylor was
3  not designated to be Plaintiff's damages expert by the deadline in the
4  scheduling order.  As such, the Court finds that Plaintiff's failure to timely
5  designate Taylor as an expert violated the Court's order and the federal rules.

6       Plaintiff goes on to argue that no practical prejudice resulted due to its
7  failure to identify Robert Taylor because Spectrum would have the same
8  deadline (until April 22, 2015) in which to complete its expert discovery.
9  See Doc. No. 166.  However, Rule 37(c)(1) places the burden of proving
10 harmlessness on the party facing sanctions.   Yeti, 259 F.3d at 1107.  The
11 Court finds that Plaintiff has not proved harmlessness here.

12      For the reasons stated herein, the Court finds that striking Taylor's
13 damages report is an appropriate remedy under Rule 37.   Therefore,
14 Spectrum's Motion to Strike the Expert Report of Robert Taylor is
15 GRANTED.

16                           CONCLUSION

17      1.  Spectrum's Motion to Strike Plaintiff's Invalidity Expert Report
18 prepared by Dr. Chatfield [Doc. 158] is DENIED.

19      2.  Spectrum's Motion to Strike the Expert Report of Robert Taylor is
20 GRANTED.

21      3.  The Magistrate Judge shall schedule a case management conference
22 to reset pre-trial proceedings, including discovery, as deemed appropriate.

23

24
   Dated: February 5, 2016
25                                              _____
26                                              JOHN A. HOUSTON
                                                United States District Judge
27

28