J. CHRISTOPHER JACZKO (149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone:  (619) 906-5748
Facsimile:   (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone:  (216)348-5730
Facsimile:   (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant SPECTRUM LABORATORIES, LLC AND Defendant JAMES MATTHEW STEPHENS

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>          Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>          Defendants.<br><br>AND RELATED CROSS ACTION | No. 11cv0638 JAH (KSC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO CONTINUE APRIL 5 SETTLEMENT CONFERENCE TO COINCIDE WITH DEPOSITION OF PLAINTIFF'S TECHNICAL EXPERT OR, IN THE ALTERNATIVE, TO ALLOW JAMES MATTHEW STEPHENS TO ATTEND BY TELEPHONE**<br><br>Judge:   Hon. John A. Houston<br>Mag. Judge:   Hon. Karen Crawford<br>Filed:    March 29, 2011<br>Trial:    None Set |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

To save cost and time, defendants James Matthew Stephens and Spectrum Laboratories, LLC, apply ex parte to have this Court vacate the April 5, 2016, settlement conference and to convert the April 5 conference into a telephonic scheduling conference so that the Court and parties can reschedule the settlement conference to coincide with Spectrum's deposition of Greens' technical expert, Dr. Dale Chatfield, in San Diego, California. In the alternative, Spectrum and Mr. Stephens ask that Mr. Stephens (a named defendant and corporate representative for Spectrum) be allowed to attend the settlement conference by telephone.

The good cause for this request is saving cost and time. To attend the settlement conference in person with his Cleveland-based counsel, Mr. Stephens and his Spectrum business will lose at least two full business days and incur over $7,000 in travel costs and legal fees. Consolidating the two San Diego events into one trip, or allowing Mr. Stephens to appear telephonically for the settlement conference with his San Diego counsel appearing in person, will minimize time and expense.

## II. BACKGROUND

On February 5, 2016, this Court held a Telephonic Status Conference at which the Court asked counsel for Dr. Greens, Inc. ("Greens") what tasks Greens would need to complete based on different potential outcomes on then-pending motions to strike expert reports by Spectrum. (Cavanagh Decl. ¶ 5, filed herewith.) Greens' counsel did not mention that Greens intended to serve a "supplemental" non-infringement report by its putative technical expert, Dale Chatfield, based on secret testing that Chatfield had allegedly conducted a year ago, in April 2015. (*Id.*)

After the Court granted, in part, Spectrum's motions, this Court entered a scheduling order based on that ruling and what was discussed at the status conference. (ECF # 180.) The Court's order required, among other things, that Spectrum depose Chatfield by February 29, 2016, expert discovery close by April 4,

2016, and the parties and counsel appear for a settlement conference on the next day, April 5.

Afterhours, on February 23, Greens surprised Spectrum's counsel with a "supplemental" non-infringement report by Chatfield. (Cavanagh Decl. ¶ 6.) Spectrum applied ex parte to have that report stricken as untimely, to vacate and reset the February 29 deadline to depose Chatfield (ECF # 182), and then jointly moved the Court to vacate and reset Spectrum's rebuttal expert report deadline based on the pending application to strike the supplemental report (ECF # 184). Spectrum's ex parte application and the joint motion remain pending.

While the expert discovery issues were occurring, Mr. Stephens reached out directly to Greens' owner, Matt Green, to try and negotiate a settlement. On February 10, 2016, Matt Stephens emailed a settlement proposal to Mr. Green. (Cavanagh Decl. ¶ 7.) Green never accepted, rejected, countered, or otherwise responded to Stephens' settlement offer. (*Id.* ¶ 8.) The Court has held two prior settlement conferences between the parties that were not successful, and the parties have remained very far apart because Greens (despite being the accused infringer) has refused to pay any money and, instead, has maintained that the patent owner, Spectrum, should pay him money. (*Id.* ¶ 9.)

On March 29, 2016, counsel for Spectrum spoke with counsel for Greens and asked whether he would join in a motion to move the settlement conference to coincide with the deposition of Dale Chatfield. He declined by email on March 30, predicting that the conference "would likely lead to a resolution of the case." (Cavanagh Decl. ¶ 11 and Ex. A.) While he makes that bold prediction, neither he nor Greens have given any indication that Greens would offer money to settle the case, as would be needed for any chance of settlement. (Cavanagh Decl. ¶ 8.) This bold prediction echoes Greens' attorneys' incorrect prediction from eight months ago that there was a "high likelihood" of settlement at the August 4, 2015, settlement

conference, despite Greens demanding (instead of offering) money for settlement at that conference. (Cavanagh Decl. ¶ 12.)

### III. LAW AND ARGUMENT

The Federal Civil Rules' prime directive is that cases be administered to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. Civ. R. 1. This purpose is captured by recent amendments to Federal Rule 26 that now define the scope of permissible discovery based on the "proportional" relationship between the need for something versus the burden or expense of obtaining it. *See* Fed. R. Civ. P. 26(b)(1).

Here, requiring Mr. Stephens and his Cleveland-based attorney travel to San Diego for a third settlement conference will cost both Mr. Stephens and his attorney two full business days and will cost Mr. Stephens and Spectrum over $7,000 in airline tickets, hotels, and legal fees. (Cavanagh Decl. ¶ 13.) Meanwhile, the plaintiff and his attorney—who chose a forum that was convenient for them and inconvenient for Spectrum and Mr. Stephens—are local to San Diego. So they do not face those expenses and loss of time due to travelling, and did not face expenses and time losses when they appeared for the two prior settlement conferences.

The expense, burden, and time that Spectrum and its counsel will spend on the settlement conference would be lessened if the Court grants this application and postpones the settlement conference until the later date when Spectrum deposes Dr. Chatfield in San Diego or, alternatively, allows Mr. Stephens to appear at the settlement conference by telephone. This is especially appropriate given that Mr. Stephens has traveled from Cincinnati to attend two prior settlement conferences in person in San Diego.

### IV. CONCLUSION

For the foregoing reasons, and consistent with Federal Civil Rule 1's directive to minimize expenses, the Court should grant this request and set a telephonic

scheduling conference either at the time set for the settlement conference (April 5, 2016, at 2:30pm) or at another date and time convenient for the Court.

Dated: March 29, 2016

MCDONALD HOPKINS LLC

By: /s/ Matthew J. Cavanagh
Matthew J. Cavanagh
Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC
and Defendant JAMES MATTHEW STEPHENS