J. CHRISTOPHER JACZKO (149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 906-5748
Facsimile: (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: (216)348-5730
Facsimile: (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant SPECTRUM LABORATORIES, LLC AND Defendant JAMES MATTHEW STEPHENS

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>Defendant.<br><br>AND RELATED CROSS ACTION | No. 11cv0638 JAH (KSC)<br><br>**JAMES MATTHEW STEPHENS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS II-VI OF AMENDED COMPLAINT**<br><br>Date: May 15, 2017<br>Time: 2:30 p.m.<br>Courtroom: 13B (Annex)<br><br>Judge: Hon. John A. Houston<br>Filed: March 29, 2011<br>Trial: None Set |

## I. REASONS FOR GRANTING SUMMARY JUDGMENT TO STEPHENS

Although this case is a dispute between registered businesses, Dr. Greens, Inc. ("Greens") tries to make it personal by suing Spectrum Laboratories, LLC's managing member, James Matthew Stephens as an individual. Greens seeks money damages against Mr. Stephens under Counts II-VI of Greens' amended complaint. Each of those counts seek money damages from Mr. Stephens and Spectrum Laboratories, LLC for patent misuse (Count II), false advertising under § 43(a) of the Lanham Act (Count III), unfair competition under California Business & Profession Code § 17200 (Count IV), interference with business relations (Count V), and interference with prospective economic advantage (Count VI).

Each of those counts are premised on a 2009 notice that Spectrum sent to retailers that warned about potential infringement of Spectrum's U.S. Patent No. 7,192,776.

Spectrum has moved for summary judgment on each of those counts because Greens failed to prove by clear and convincing evidence that the notice was sent in bad faith. Spectrum needed to prove both objective and subjective bad faith because infringement notices, like the one that Spectrum sent, enjoy a qualified privilege under the Patent Act. That is because the Patent Act specifically encourages patent owners to send notices of potential infringement as early as possible so that potential infringers have an opportunity to modify their conduct. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) ("A patentee has the right to inform a potential infringer of the existence of the patent, whereby the recipient of the information may adjust its activities, perhaps seek a license, or otherwise act to protect itself.").

Mr. Stephens now joins in Spectrum's motion; he incorporates by reference the Amended Memorandum of Points and Authorities ("MPA") that Spectrum filed (ECF # 203-1); he incorporates all evidence that Spectrum filed with its MPA; and

he asks this Court to grant summary judgment to him on Counts II-VI of the Amended Complaint for the reasons explained in section IV.B of Spectrum's MPA.

Additionally, Mr. Stephens seeks summary judgment on all counts against him on another ground: Greens has not proven that Mr. Stephens was personally involved in any wrongful conduct relating to the notice. A member of a limited liability company—such as Mr. Stephens—has no personal liability for the alleged torts of the company that he serves. The only exception to that rule is when a member meaningfully participates in an intentional tort, fraud, or tortiously causes personal injury. *See United States Liab. Ins. Co. v. Haldinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970). A member of a limited liability company that allegedly causes pecuniary harm by negligence or nonfeasance cannot be personally liable. *Lord Abbett Municipal Income Fund, Inc. v. Asami*, 653 Fed. App'x 553, 555 (9th Cir. 2016), citing *Haldinger-Hayes*, 463 P.2d at 775.

Because Greens has no evidence that Mr. Stephens did anything wrongful in connection with the 2009 notice (which was sent by Spectrum under its "Spectrum Labs" tradename) that could cause personal liability to attach to Mr. Stephens, the Court should grant summary judgment to Mr. Stephens on all claims.

## II. CONCLUSION

For all the foregoing reasons and for all of the reasons offered in Spectrum's MPA, the Court should grant summary judgment on Counts II-VI in favor of James Matthew Stephens.

DATED: March 10, 2017	MCDONALD HOPKINS LLC

By:	/s/ Matthew J. Cavanagh
Matthew J. Cavanagh
Attorneys for Defendant
JAMES MATTHEW STEPHENS