Gary L. Eastman, Esq. (CSB #182518)
Eastman & McCartney LLP
401 West A Street, Suite 1785
San Diego, CA 92101
(619) 230-1144

Attorneys for Plaintiff and Counterclaim-Defendant
DR. GREENS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC.  California corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>JAMES MATTHEW STEPHENS, an individual, SPECTRUM LABORATORIES, LLC, an Ohio limited liability company ,<br><br>Defendants and Counterclaim-Plaintiffs. | Case # 3:11-cv-00638-JAH-CAB<br><br>**DR. GREENS, INC.'S OPPOSITION TO SPECTRUM LABORATORIES, LLC'S EX PARTE APPLICATION TO CONSOLIDATE HEARINGS ON ALL PRETRIAL MOTIONS FOR MAY 15, 2017**<br><br>Judge:  Hon. John A. Houston<br>Magistrate Judge: Hon. Karen Crawford<br>Filed:  March 29, 2011<br>Trial:  TBD |

DR. GREENS, INC.'S OPPOSITION TO SPECTRUM LABORATORIES, LLC'S EX PARTE APPLICATION TO CONSOLIDATE HEARINGS ON ALL PRETRIAL MOTIONS FOR MAY 15, 2017
Case #: 3:11-cv-00638-JAH-CAB

1

## INTRODUCTION

In its ex parte application, Spectrum Laboratories, LLC ("Spectrum") asks this Court to consolidate the hearing dates scheduled for April 24, 2017 and May 15, 2017 into a single hearing date on May 15, 2017. The basis for Spectrum's motion is a belief that consolidating at a later date would be more efficient and give Spectrum more time to respond to Dr. Greens, Inc. "(Dr. Greens") pretrial motions.

Dr. Greens believes it is in the best interest of the parties to keep the dates separate. However, as Dr. Greens has already informed Spectrum, Dr. Greens believes that if the hearing dates are to be consolidated, the hearing should occur on April 24, 2017, the earlier date. A majority of the motions pending before the court are dispositive, and have the potential to drastically alter the scope of the trial and in turn, the expenses in preparing for trial. It is Dr. Greens' firm belief that giving the court as much time as possible to consider and rule on the motions would be the most efficient course of action.

## BACKGROUND

At the time of the filing of this opposition, the present case is now six years old; many of the deadlines have been set and reset over the years, and there has been significant fact discovery and motion work throughout its history.

The current scheduling order issued on January 5, 2017, set a pretrial motion deadline for March 10, 2017 and ordered counsel to obtain a motion hearing date from chambers. (Docket No. 198, ¶2.) Counsel for Dr. Greens requested and obtained a hearing date for April 24, 2017 for its pretrial motions to be heard before the Court. (Decl. of Eastman at ¶3.)

Spectrum also contacted the Court prior to filing their pretrial motions and received a May 15, 2017 hearing date. (See Docket No. 220-1, 2:13-14.) Spectrum filed two motions for summary judgment. (Docket Nos. 203, 217.)

**DR. GREENS, INC.'S OPPOSITION TO SPECTRUM LABORATORIES, LLC'S EX PARTE APPLICATION TO CONSOLIDATE HEARINGS ON ALL PRETRIAL MOTIONS FOR MAY 15, 2017**
Case #: 3:11-cv-00638-JAH-CAB

2

1  On March 21, 2017, eleven days after all pretrial motions were filed, Matthew Cavanagh, counsel for Spectrum, contacted counsel for Dr. Greens to request that the two hearing dates be consolidated. (Decl. Eastman at ¶5.) Gary Eastman, counsel for Dr. Greens agreed, as a compromise, to consolidate to a single hearing on the earlier date, April 24, 2017. (See Exhibit C to Decl. Cavanagh, Docket No. 220-3, email exchange.)

Mr. Cavanagh declined this compromise and filed Spectrum's ex parte application to consolidate the hearing dates into one hearing on May 15, 2017. (Decl. Eastman at ¶6.)

## ARGUMENT

### I.  Local Rules Set Twenty-eight (28) Day Rule

According to Local Rule 7.1(e), "[u]nless the court shortens time and except as otherwise specified in Civil Local Rule 7.1.e.6, any notice of motion, application or notice of other matter requiring the court's ruling, plus all necessary supporting documents, will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." CivLR 7.1(e).

Spectrum desires more time to respond to Plaintiff's motions. (See Docket No. 220-1, 3:16-19.) However, despite the minimum twenty-eight (28) day cycle, the Court graciously gave the parties an additional 2 weeks by setting the pretrial motion hearing for April 24, 2017. According to CivLR 7.1(e) had until April 10, 2017 to file its opposition. Accordingly, Spectrum had an entire month to respond to all pretrial motions.

In setting the hearing for April 24, 2017, the Court provided ample time for Spectrum to respond in opposition to Dr. Greens' motions.

///
///
///

## II. An Earlier Hearing Date for Dr. Greens' Dispositive Motions will give the Court more time to consider motions prior to trial

As Spectrum stated in their ex parte motion, the purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The current amended scheduling order requires that the parties comply with pretrial disclosure requirements by June 23, 2017. (Docket No. 198 at ¶ 4.) Meaning, all pretrial disclosures for trial, as required by Fed. R. Civ. P. 26(a)(3), are due approximately two (2) months after the scheduled April 24, 2017 hearing date.

Most of Dr. Greens' motions are dispositive, and have the potential to greatly change the adjudication of the present case by narrowing the scope of triable issues. Dr. Greens believes that based on the current pretrial schedule set forth in the amended scheduling order (Docket No. 198), the earliest possible hearing date would be more efficient, giving the Court as much time as possible to decide whether or not to grant Dr. Greens' pretrial motions prior to trial. (Decl. Eastman at ¶6.)

After countless discovery requests, motions, and delays, Spectrum would have the Court hear seven motions weeks before pretrial disclosures are due; requiring Dr. Greens and Spectrum to spend time and money preparing for a trial that may have been limited by the Court's order on the dispositive motions.

A hearing has already been set for April 24, 2017. While there are no guarantees that the Court would rule on the motions prior to trial, delaying the hearing would only delay any order.

///

///

///

///

### III. Spectrum Mischaracterizes Dr. Greens Position Regarding the Consolidation of Hearing Dates

In its ex parte application, Spectrum states that "[Dr.] Greens agrees that consolidation should occur." (Docket 220-1, 2: 24-25.) This is simply not true.

#### A. Dr. Greens Does Not Believe The Hearing Dates Should Be Consolidated

Dr. Greens does not believe consolidation should occur for the following reasons:

First, as indicated in Section II, Dr. Greens believes that based on the current pretrial schedule set forth in the amended scheduling order (Docket No. 198), the earliest possible hearing date would be more efficient. Given the dispositive nature of Dr. Greens' motions, a ruling on the pretrial motions currently before the Court would dictate how the parties prepare for trial and pretrial disclosure requirements; potentially saving enormous litigation costs depending on how the Court rules on the pending motions. Dr. Greens would like to give the Court as much time as possible to rule on the pending motions prior to trial.

Second, given that there are seven (7) pending motions before the Court, Dr. Greens believes that these motions should be considered in two parts (i.e. two separate hearings) based on the subject matter considered.

Spectrum erroneously states in its ex parte motion to consolidate that there are common issues of fact and law among the parties' opposing motions. (Docket No. 220-1, 3:5-7.) This statement is not correct.

Dr. Greens' pretrial motions are based on the alleged patent infringement. Specifically, the pre-trial motions filed by Plaintiff, center around Spectrum's mystery sample, the testing of said mystery sample, Spectrum's failure to disclose

DR. GREENS, INC.'S OPPOSITION TO SPECTRUM LABORATORIES, LLC'S EX PARTE APPLICATION TO CONSOLIDATE HEARINGS ON ALL PRETRIAL MOTIONS FOR MAY 15, 2017
Case #: 3:11-cv-00638-JAH-CAB

5

1  all testing, Spectrum's failure to provide Dr. Greens with a portion of the sample,
2  and the various ineptitudes of Spectrum's chemical expert, Dr. Thanedar.
3        In contrast, the summary judgment motions filed by Spectrum focus on
4  Counts II-VI, as well as Count I.B regarding invalidity. Counts II-VI relate to a
5  Legal Action Notification Letter and subsequent claims by Plaintiff against
6  Defendant for patent misuse (Count II), false advertising under § 43(a) of the
7  Lanham Act (Count III), unfair competition under California Business and
8  Profession Code § 17200 (Count IV), interference with business relations (Count
9  V), and interference with prospective economic advantage (Count VI).
10       Therefore, because there are seven total motions and there is essentially no
11 overlapping subject matter on Dr. Greens' and Spectrum's motions, it is Dr.
12 Greens' position that there is little benefit to consolidation and the hearing dates
13 should remain separate.

### B. Should The Court Decide To Consolidate Hearing Dates, The New Hearing Date Should Be April 24, 2017

17       Despite Dr. Greens belief that the hearing dates should remain separate, Dr.
18 Greens nonetheless agreed to consolidate as a compromise to Spectrum;
19 understanding the time and expense imposed on Spectrum to attend two hearings
20 in San Diego. (Decl. Eastman, ¶5.) However, Dr. Greens believed postponing the
21 hearing to a later date would not be beneficial to the judicial efficiency of this
22 case. (Id. at ¶6.) As Mr. Eastman stated in his email to Matthew Cavanagh: "I am
23 agreeable to move your date forward to coincide with ours on April 24, but do not
24 want to delay our motion date. Trial is approaching and I would prefer to have the
25 hearing as soon as possible." (See Docket 220-3, page 2.)
26       According to its current motion, Spectrum believes it is "unfair for the
27 Greens' parties to have three more weeks than defendants to oppose their motions,
28 especially when defendants' filings are fewer and less voluminous than Greens,

DR. GREENS, INC.'S OPPOSITION TO SPECTRUM LABORATORIES, LLC'S EX PARTE APPLICATION TO CONSOLIDATE HEARINGS ON ALL PRETRIAL MOTIONS FOR MAY 15, 2017
Case #: 3:11-cv-00638-JAH-CAB

6

and especially when Greens would enjoy the added benefit of having defendants' opposition briefs in hand to study for weeks before its oppositions are due—a benefit that Spectrum would not have under the current briefing schedule." (See Docket No. 220-1, 3:9-14.)   This alleged "benefit" is simply non-existent given that the subject matter of Defendants' and Plaintiff's motions are wholly different and thus the related timing of the opposition briefs is irrelevant and confers no advantage to either party.

Moreover, if Spectrum would have agreed to Dr. Greens' proposed compromise, Dr. Greens would be giving up this "unfair" advantage and submitting its oppositions three weeks earlier than currently scheduled. So great is Dr. Greens' belief that an earlier hearing date is beneficial for this case that it is not only willing to forgo the faux "benefit" of added time to respond in opposition to Spectrum's motions, but is willing to do so despite lead counsel, Mr. Eastman, presenting an oral argument before the United States Court of Appeals for the Federal Circuit in Washington D.C. on April 5, 2017.

Furthermore, although Spectrum believes it is at a disadvantage given the "hundreds of pages of supporting materials," nothing submitted by Dr. Greens' is in any way new to Spectrum, and certainly doesn't warrant a change in the already generous briefing schedule scripted by the Court's April 24, 2017 hearing date. Instead of waiting eleven days to contact Dr. Greens and then waiting an additional week to file the present two-page ex parte motion, Spectrum should have perhaps been focusing its energies on complying with the Court's April 24, 2017 hearing date by preparing its opposition by April 10, 2017.

///
///
///

# CONCLUSION

Spectrum's ex parte application to consolidate hearings on all pretrial motions should be denied. However, if the Court believes it is in the best interest of the Court to consolidate, the Court should consolidate the hearings into a single hearing on April 24, 2017, in order to give the Court as much time as possible to rule on the pending motions before the parties must start their Rule 26 and trial preparation efforts.

Dated:  March 30, 2017          Eastman & McCartney LLP

                                By:     /s/  Gary L. Eastman
                                        Gary. L. Eastman, Esq.

                                        Attorney for Plaintiff and Counterclaim-Defendant
                                        DR. GREENS, INC.

**CERTIFICATE OF SERVICE**

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On March 30, 2017, at my place of business in San Diego, California, I served the following document:

**DR. GREENS, INC.'S OPPOSITION TO SPECTRUM LABORATORIES, LLC'S EX PARTE APPLICATION TO CONSOLIDATE HEARINGS ON ALL PRETRIAL MOTIONS FOR MAY 15, 2017**

Via the CM/ECF FILING SYSTEM. The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) noted below:

| | |
|---|---|
| David B. Cupar | J. Christopher Jaczko |
| Matthew J. Cavanagh | Procopio, Hargreaves, Cory & Savitch LLP |
| McDonald Hopkins, LLP | 12544 High Bluff Drive, Suite 300 |
| 600 Superior Avenue East | San Diego, CA 92130 |
| Cleveland, OH 44114 | |

I certify and declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 30, 2017 in San Diego, California

By:   /s/ Gary L. Eastman
            Gary L. Eastman