J. CHRISTOPHER JACZKO (CSB #149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 906-5748
Facsimile: (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (admitted *Pro Hac Vice*)
MATTHEW J. CAVANAGH (admitted *Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5730
Facsimile: (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendant and Counterclaimant Spectrum Laboratories, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM LABORATORIES, LLC, <br><br> Defendant. <br><br> AND RELATED CROSS-ACTION | Case No. 11cv0638 JAH (KSC) <br><br> **SPECTRUM'S OPPOSITION TO GREENS' PROPOSED VERDICT FORM** <br><br> Judge: Hon. John A. Houston <br> Mag. Judge: Hon. Karen Crawford <br> Filed: March 29, 2011 <br> Hearing: February 9, 2018 @ 9:30 a.m. <br> Trial: February 13, 2018 @ 9:00a.m. |

Dr. Greens and Matt Green ("Greens") propose to submit special interrogatories to the jury. (ECF 306) None are needed. More, Greens' proposed verdict form leaves out certain of Spectrum's claims, manufactures defenses that do not exist and are not supported by the jury instructions submitted by either side, and misrepresents the elements of and burden of proof for the claims and defenses that

are asserted. The special interrogatories also are confusing, because they do not make clear which questions must be answered and which need not. All of these issues are issues for Greens to make in closing argument. The jury then need only render a general verdict on infringement, vicarious liability, willfulness, and damages.

If the Court is inclined to allow special interrogatories to be presented to the jury, the following errors and omissions are present in Greens' proposal and must be excluded or modified:

*As to Dr. Greens*:

1. Dr. Greens Question No. 5 asks if Spectrum has proved Dr. Greens induced infringement. There is no inducement claim against Dr. Greens. (See [proposed] Pretrial Order, ECF 292, at PageID 6670-6671.

2. Dr. Greens fails to present any question as to whether Spectrum has proved Dr. Greens engaged in contributory infringement. (See id.)

3. It is not clear that Questions 7-9 relate only to willfulness.

4. Dr. Greens' Questions No. 8 and 9 are redundant. One asks if Dr. Greens reasonably believed the patent was invalid for obviousness. The other asks if Dr. Greens reasonably believed the patent was invalid due to prior art.

5. Question No. 10 finds no support in the jury instructions or law. Greens cannot ask the jury to find no willfulness by reason of a reasonable belief the patent was unenforceable for inequitable conduct.

6. Question 11 misstates the law. Willfulness need only be proven by a preponderance of the evidence. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933-34 (2016); see also Spectrum's Proposed Jury Instructions, ECF 290, at PageID 6647 (model

instruction states "more likely than not" is the standard). Greens did not and cannot challenge that the model instruction correctly states the law.

*As to Matt Green*:

1. Question No. 1 does not follow the elements of active inducement as set forth in the jury instructions. It also adds an element: that the jury must find Matt Green did not have a good faith belief that the '776 patent was not infringed or was invalid.

2. There is no question directed at Spectrum's alternate theory of recovery for vicarious liability against Matt Green.

3. Questions No. 2-5 are parallel to Questions No. 6-9 for Dr. Greens and are problematic for the same reasons.

4. Question No. 6, like Question No. 10 for Dr. Greens, improperly asks the jury to find no willfulness if Mr. Green reasonably believed the patent was unenforceable due to inequitable conduct.

5. Question No. 7 – parallel to Question No. 11 for Dr. Greens – improperly states the standard for willful infringement is the clear and convincing standard. It is not. *Halo*, 136 S.Ct. at 1933-34.

/////

Dated: February 8, 2018

Respectfully submitted,

McDONALD HOPKINS LLC

by:   s/ *David B. Cupar*
David B. Cupar

*Attorneys for*
Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on this 8th day of February, 2018, with a copy of these documents via the Court's CM/ECF system.

By: *s/ David B. Cupar*
David B. Cupar

*Attorneys for*
Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC