Gary L. Eastman (CSB #182518)
Matthew C. McCartney (CSB #226687)
EASTMAN & MCCARTNEY LLP
401 West "A" Street, Suite 1785
San Diego, CA 92101
Telephone: (619) 230-1144
Facsimile: (619) 230-1194

Attorneys for Plaintiff and Counterclaim-Defendants
DR. GREENS, INC. and MATT GREEN

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. GREENS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM LABORATORIES, LLC, <br><br> Defendant. <br><br> AND RELATED CROSS-ACTION | Case No. 11cv0638 JAH (KSC) <br><br> **DR. GREENS INC.s and MATTHEW GREEN'S OBJECTIONS TO SPECTRUM'S VERDICT FORM** <br><br> Judge: Hon. John A. Houston <br> Mag. Judge: Hon. Karen Crawford <br> Filed: March 29, 2011 <br> Trial: February 13, 2018 <br> @ 9:00a.m. |

The proposed verdict form presented by Spectrum fails to provide a proper framework from which the Jury can apply the facts to the law, and come with a proper conclusion. Spectrum over-simplifies the task before the jury to simply a yes or no related to an overall infringement decision, while failing to account for the different theories of liability presented by Spectrum.

The general verdict form presented by Spectrum must include the standard with which the jury must apply to the evidence to render the verdict.  Specifically, Spectrum's proposed instructions suffer from the following shortcomings:

Proposed instruction No. 1 fails to provide the jury with the standard to be applied to the issue of infringement that Spectrum must prove by a preponderance of the evidence that Dr. Greens's accused products included each element of claim 1 of the '776 Patent.  Failure to provide this guidance will improperly lead the jury to the conclusion that the simple presence of a biocide – the key issue in the case – will be sufficient for a finding of infringement.  This instruction confuses the jury by over-simplifying the question.

Proposed instruction No. 2 fails to properly guide the jury through the analysis necessary to find Matthew Green liable for infringement.  There are separate bases presented by Spectrum, each having separate requirements for Matthew Green to be found liable that are different than those for Dr. Greens, and as a result, further clarification is required to avoid juror confusion.

Proposed instruction No. 3 fails to set forth the separate basis for determination of the absence of willfulness.  The jury will likely view this question as an automatic conclusion absent clarification as to the specific findings required for willful infringement.

Proposed instruction No. 4 suffers from the same problem as No. 3 in that it fails to distinguish the requirements for finding willfulness against Dr. Greens as compared to Matthew Green.

The proposed instructions by Spectrum fail to track the jury instructions, as a result of this failure, leave too much ambiguity with the jury, and as a result, will lead to confusion and misapplication of the rules to the verdict form. More specificity is needed.

Dated: February 9, 2018            Respectfully submitted,

                                   Eastman & McCartney LLP

                                   By:    s/ *Gary L. Eastman*
                                          Gary L. Eastman

                                   *Attorneys for*
                                   Plaintiff and Counterdefendant
                                   Dr. Greens, Inc., and Matthew Green

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on this February 9, 2018, with a copy of these documents via the Court's CM/ECF system.

          Eastman & McCartney LLP

          By:   s/ *Gary L. Eastman*
                  Gary L. Eastman

          *Attorneys for*
          Plaintiff and Counterdefendant
          Dr. Greens, Inc., and Matthew Green