J. CHRISTOPHER JACZKO (CSB #149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone:  (619) 906-5748
Facsimile:   (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (admitted *Pro Hac Vice*)
MATTHEW J. CAVANAGH (admitted *Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5730
Facsimile:   (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendant and Counterclaimant Spectrum Laboratories, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC,<br><br>  Defendant.<br><br>AND RELATED CROSS-ACTION | Case No. 11cv0638 JAH (KSC)<br><br>**SPECTRUM'S SUPPLEMENTAL BRIEF ON GREENS' PROPOSED JURY INSTRUCTIONS**<br><br>Judge:        Hon. John A. Houston<br>Mag. Judge: Hon. Karen Crawford<br>Filed:         March 29, 2011<br>Trial:         February 13, 2018<br>              @ 9:00a.m. |

In accordance with the Court's request during trial on Thursday February 15, 2018, Spectrum Laboratories, LLC (Spectrum) submits this supplemental brief on Dr. Greens' and Matt Green's (collectively, Greens') proposed jury instructions relating to willful blindness and reasonable royalty.

## I. Willful Blindness

Spectrum asserts a claim against Matt Green for active inducement of infringement. The theory of willful blindness permits Spectrum to prevail on its inducement claim if it proves that Matt Green knew Dr. Greens was directly infringing **or** if Matt Green remained willfully blind to whether Dr. Greens infringed.[1]

Mr. Green's proposed jury instruction on active inducement incorporates only a portion of the model jury instruction as it relates to this theory of willful blindness and therefore misstates the law and is confusing.

The instruction to the jury should follow Federal Circuit Bar Association Model Patent Jury Instruction B.3 (Infringement) 3.2 (Indirect Infringement – Active Inducement). That instruction provides:

> Spectrum alleges that Matt Green is liable for infringement by actively inducing Dr. Greens to directly infringe the '776 patent. As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis.
>
> Matt Green is liable for active inducement of a claim only if Spectrum proves by a preponderance of the evidence:
>
> (1) that the acts are actually carried out by Dr. Greens and directly infringe that claim;
>
> (2) that Matt Green took action during the time the '776 patent was in force intending to cause the infringing acts by Dr. Greens; and
>
> (3) that Matt Green was aware of the '776 patent and knew that the acts, if taken, would constitute infringement of that

---

[1] There are two theories of willful blindness: (1) blindness as to the existence of the patent, and (2) blindness as to infringement of the patent. (*See* ECF #300-3 at PageID 7024-5 (model instruction B.3, 3.2).) The evidence admitted at trial dictates that the only theory of willful blindness applicable here is willful blindness as to whether or not Dr. Greens directly infringed claim 1 of the '776 patent. In his testimony at trial, Matt Green admitted he has known of the '776 patent since it issued. (*See* Trial Transcript, Feb. 14, 2018, p.237, ll.23-25 (ECF #313 at PageID 7435).) Therefore, he should not be permitted to submit the first theory of willful blindness – that concerning the existence of the asserted patent – to the jury. He can only proceed under the theory that he was willfully blind as to whether or not Dr. Greens directly infringed claim 1 of the '776 patent.

> patent *or that Matt Green believed there was a high probability that the acts by Dr. Greens infringed the '776 patent and took deliberate steps to avoid learning of that infringement*.
>
> If you find that Matt Green was aware of the patent, but believed that the acts it encouraged did not infringe that patent, Matt Green cannot be liable for inducement.
>
> In order to establish active inducement of infringement, it is not sufficient that Dr. Greens itself directly infringes the claim. Nor is it sufficient that Matt Green was aware of the act(s) by Dr. Greens that allegedly constitute the direct infringement. Rather, in order to find active inducement of infringement, you must find either that Matt Green specifically intended Dr. Greens to infringe the '776 patent or that Matt Green believed there was a high probability that Dr. Greens would infringe the '776 patent, but deliberately avoided learning the infringing nature of Dr. Green's acts. The mere fact, if true, that Matt Green knew or should have known that there was a substantial risk that Dr. Green's acts would infringe the '776 patent would not be sufficient for active inducement of infringement.

(*See* ECF #300-3 at PageID 7024-5 (model instruction B.3, 3.2).)

The emphasis in the above instruction is the portion from the model instruction that Greens omitted in its proposal. (*See* ECF #300-3 at PageID 7024.) This language must be included in the instruction given to the jury. Otherwise the instruction will be incomplete and will misstate the law. The emphasized language makes it clear to the jury that Spectrum can prove element (3) of its active inducement claim if it proves by a preponderance of the evidence that Matt Green knew Dr. Greens was directly infringing **or** if Matt Green remained willfully blind to whether Dr. Greens infringed. This critical language was omitted from Greens' proposed instruction.

## II.     Reasonable Royalty

As noted on the record at trial on February 15, Spectrum has previously briefed the issue of the reasonable royalty jury instruction. (ECF #300 at PageID 6940-1 (Spectrum's Brief on Greens' Proposed Jury Instructions). In sum, it is Spectrum's position that the *Georgia Pacific* factors are not mandatory and, therefore, should not be included in the jury instruction. (ECF #300-3 at PageID

7031.) The Federal Circuit has stated that *Georgia-Pacific* does not set forth a legal test for determining a reasonable royalty; it only identifies a list of admissible factors that may inform a damages expert's analysis. (*Id.* at PageID 7031-2.)

If the Court is inclined to instruct the jury on the *Georgia-Pacific* factors, it should instruct the jury on only those factors for which there is evidentiary support so as to not mislead the jury. (*Id.*, citing *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014) ("the district court erred by instructing the jury on multiple *Georgia-Pacific* factors that are not relevant, or are misleading, on the record before it").) And, the *Georgia-Pacific* factors, if used, should be in addition to the factors identified in the model instruction that are relevant, not in lieu of them, as Greens proposed.

Spectrum submits the following proposed instruction including the factors supported by trial evidence admitted thus far and that which Spectrum anticipates its damages expert David Haas will rely on in his trial testimony:

> In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:
>
> the value that the claimed invention contributes to the accused Agent X products;
>
> <u>Spectrum's established policy and marketing program to maintain its patent monopoly by not licensing others to use the invention;</u>
>
> <u>the commercial relationship between Spectrum and Dr. Greens, such as whether they are competitors in the same territory in the same line of business;</u>
>
> <u>the duration of the patent and the term of the required license;</u>
>
> <u>the established profitability of Spectrum's patented Quick Fix, its commercial success, and its current popularity;</u>
>
> <u>the utility and advantages of the patented Quick Fix over the old modes or devices that had been used for working out similar results;</u>

<u>the nature of Spectrum's patented invention, the character of the commercial embodiment of it as owned and produced by Spectrum, and the benefits to those who have used the invention;</u>

<u>the extent to which Dr. Greens and Matt Green have made use of the invention and any evidence probative of the value of that use;</u>

<u>the portion of the realizable profits that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer;</u>

<u>the opinion and testimony of qualified experts; and</u>

<u>the amount a patentee and infringer would have agreed upon at the time the infringement began if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.</u>

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the alleged infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.

(emphasis added to indicate addition from Spectrum's originally proposed instruction).

/////

Dated: February 16, 2018                    Respectfully submitted,

McDONALD HOPKINS LLC

by:   s/ *David B. Cupar*
David B. Cupar

*Attorneys for*
Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on this 16th day of February, 2018, with a copy of these documents via the Court's CM/ECF system.

By: _s/ David B. Cupar_
David B. Cupar

*Attorneys for*
Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC