J. CHRISTOPHER JACZKO (149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street Suite 2200
San Diego, CA 92101
Telephone: (619) 906-5748
Facsimile: (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
Telephone:  (216)348-5730
Facsimile:   (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant SPECTRUM LABORATORIES, LLC and Defendant JAMES MATTHEW STEPHENS

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>　　　　Defendant.<br><br>AND RELATED CROSS ACTION | No.   11cv0638 JAH (KSC)<br><br>**SPECTRUM LABORATORIES, LLC'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT AND TO SET AMOUNT OF ATTORNEYS' FEES**<br>**[ECF # 344]**<br><br>Judge: HON. JOHN A. HOUSTON<br>Filed: March 29, 2011<br>Trial: held February 13, 2018 |

**I.     Introduction and Summary of Argument**

Defendants Dr. Greens, Inc. and Matt Green (collectively, "Greens") oppose Spectrum's Motion for Entry of Final Judgment and to Set Amount of Attorneys' Fees ("Motion for Final Judgment") (ECF #344) by urging the Court to reconsider and reverse its March 22, 2019 Order awarding attorneys' fees to Spectrum (ECF #340). According to Greens, Rule 54 required Spectrum to state the amount of fees sought in its original Motion for Enhanced Damages, Attorneys' Fees, and

Prejudgment Interest (ECF #336) (the "Fee Motion"), which this Court granted. According to Greens, because the Fee Motion did not contain a fee number, this Court should not have granted that motion, and no fees should have been awarded.

This tardy, strictly-procedural challenge fails for at least three reasons.

First, Greens waived this argument by not raising it in its June 5, 2018 opposition to Spectrum's Fee Motion (ECF #337). If, as Greens now says, Rule 54 required a statement of fees in Spectrum's Fee Motion, then Greens needed to raise that argument in opposition to Spectrum's Fee Motion. Greens did not raise it and instead argued the merits of whether fees should be imposed. Now, after the Court decided that fees should be imposed, Greens is raising an 11th hour challenge out of desperation and because it cannot meaningfully challenge the reasonableness of the fees that Spectrum seeks. Waiver bars this tactic.

Second, despite relying on Rule 54, Greens ignores the part of Rule 54 that empowers the Court to do exactly what it did here: decide liability first before requiring the movant to state the amount of fees sought. Rule 54 states: "The court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). Bifurcating makes good sense in a patent case because fees are not automatically awarded to a prevailing party and dissecting the fees incurred in a complex, multi-year case can be difficult and time-consuming. So it was logical to hold off on submitting fee numbers and related arguments until the Court decided the threshold question of whether fees should be awarded.

Third, a final, appealable judgment was never entered in this case. The March 29, 2019 CLERK'S JUDGMENT that Greens says started a 14-day clock was not an appealable order because: (a) it was not signed by the District Judge, and (b) it did not resolve all of the issues in the case at least because the Court had previously awarded fees but had not yet set the amount of fees (*see infra* at p. __.) Thus, even if Rule 54 did not expressly grant this Court discretion to bifurcate attorney fee liability and damages (which it does), and even if Greens had not waived its argument that

1  Spectrum's original Fee Motion needed to state the amount of fees sought (which
2  Greens did waive), there still has been no Rule 54 deadline missed because the 14
3  days do not begin to count until "after the entry of judgment," which has not
4  happened yet. *See* Fed. R. Civ. P. 54(d)(B)(i).

5       Turning to the merits, Greens argues that if this Court maintains its prior Order
6  awarding fees, then it should reduce the fees sought by Spectrum by over $180,000
7  because Spectrum dropped its ancillary state-law counterclaims against an
8  admittedly false advertisement by Greens. Those legal claims, however, were simple.
9  They took minimal effort to prosecute. Greens falsely advertised that it "invented
10 detox." It took one transcript page of questioning to have Matt Green—testifying as
11 Dr. Greens, Inc.'s Rule 30(b)(6) designee at deposition—admit that he did not invent
12 detox. Spectrum dropped the claims after that admission because Greens admitted
13 the statement was false, stopped making the false statement, and it was not
14 worthwhile to spend money to prove damages. By dropping those claims, Spectrum
15 saved cost and incurred less than $7,000 in total fees related to those claims. Because
16 Spectrum has already deducted over $100,000 from the fees incurred, the scant fees
17 incurred for the state law claims have already been deducted. There's no good reason
18 to reduce Spectrum's fee request any further. Greens makes no other challenge to
19 Spectrum's fee request.

20 **II.**    **Arguments in Reply**

21     **A.**    **There are three Spectrum arguments that Greens does not dispute.**

22      Spectrum's motion cited that Dr. Greens, Inc. had changed the name of its
23 company to "Dr. Greens, Enterprises, Inc." in 2017. (ECF #344-1 at p. 3.) On that
24 basis, Spectrum asked that the Court's final judgment impose joint and several
25 liability on Dr. Greens, Inc., Dr. Greens Enterprises, Inc., and Matthew R. Green.
26 (*Id.*) Greens' opposition brief does not address, oppose, or dispute this argument.
27 Therefore, the request is unopposed and should be granted by the Court.
28

Spectrum's Motion for Final Judgment sought $233,679.48 in litigation related expenses as part of the 35 U.S.C. § 285 award and under this Court's inherent authority. (ECF #344-1 at pp. 19-22.) Greens' opposition does not oppose that request. Thus, the Court should include that award in its final judgment.

In an August 12, 2019 Supplemental Declaration, Spectrum's undersigned counsel, Matthew J. Cavanagh, testified that Spectrum reasonably incurred an additional $13,527.00 in legal fees since May 10, 2019, that should be awarded, and he provided the actual law firm invoices detailing the lawyer time and tasks underlying those fees. (ECF #354.) Greens' opposition does not address nor dispute that supplemental declaration or the fees to which Mr. Cavanagh testifies. Therefore, the Court should include the additional $13,527.00 in legal fees in its final judgment.

**B.     The Court should not reconsider its decision to award fees.**

Greens urges this Court to reconsider its prior decision to award fees on the argument that Rule 54 required Spectrum to state the amount of fees sought in its Fee Motion. The Court should reject this argument for three reasons.

### 1.     <u>First Reason</u>: Greens waived this argument.

Greens waived this argument by not raising in its opposition to Spectrum's Fee Motion. Greens says this Court erred by awarding attorneys' fees because Rule 54 required Spectrum's Fee Motion to "state the amount sought or provide a fair estimate of it." (ECF #355 at p.2 (quoting Fed. R. Civ. P. 54(d)(B)(iii).)

Although Greens is incorrect, as explained more below, it needed to raise this argument in opposition to Spectrum's Fee Motion. Because Greens did not raise it then, it is waived. *See Eberhart v. United States*, 546 U.S. 12 (2005) (procedural arguments are waived or forfeited if not timely asserted, especially when District Court reaches the merits).

Two policy reasons for waiver support it here. First, objections must be timely so that, when there is an opportunity to cure the alleged error, it can be cured. Here, had Greens opposed Spectrum's Fee Motion for failure to state the amount,

Spectrum could have, and would have, told Greens the estimated fees and cured the alleged defect. That would have avoided this entire sideshow. *See Austin v. Lincoln Equip. Assocs., Inc.*, 888 F.2d 934, 939 (1st Cir. 1989) (objection must be timely so error can be cured where possible); *United States v. Martinez*, 974 F.2d 589, 592 (5th Cir. 1992) (waiver occurs where "counsel has had time to contemplate making the argument, has an opportunity to object and does not, and makes no post-trial effort to assert the right at a time when the error might be cured").

Greens, however, did not want a fee estimate, nor was it prejudiced by the lack of a fee estimate (or else it would have asked for one). It appears to have held back the objection to sandbag Spectrum later if Greens lost on its liability arguments. This is improper: "It is imperative to an efficient and fair administration of justice that a litigant may not withhold his objections, await the outcome, and then complain that he was denied his rights if he does not approve the resulting decision." *Brotherhood of Ry., Airline, & S.S. Clerks, Freight Handlers, Express & Station Employees v. St. Louis S.W. Ry.*, 676 F.2d 132, 136 (5th Cir.1982) (quoting *Brotherhood of R.R. Trainmen v. Chicago, Milwaukee, St. Paul & Pac. R.R.*, 380 F.2d 605, 608–09 (D.C.Cir.1967)). This is not the first time that Greens has held back objections to trigger procedural landmines later on. (*See* Opp. to Greens' Motion to Exclude Dr. Thaendar's Notes, ECF #225, at pp. 5-6 (Greens had Dr. Thanedar's lab notes at issue for over a year and did not object or seek follow up discovery and waited till eve of trial to object and seek exclusion of Thandar's notes).)

Second, procedural objections must be timely so that the Court does not waste its time analyzing the merits where there is a procedural defect. When, as here, a party does not raise a procedural objection and addresses the merits of an issue, the Court naturally proceeds to analyze and decide the merits. Here, Greens opposed Spectrum's Fee Motion on the merits: arguing that the case was not exceptional or fee-worthy. (*See* ECF #337.) Nowhere in its opposition brief did Greens argue that Spectrum's motion was defective or should be denied for not stating the amount of

fees sought. (*Id.*) The Court then issued a detailed opinion analyzing why fees should be awarded. (ECF #340.) If, as Greens incorrectly argues, Rule 54 required Spectrum to include a fee estimate in its original motion, then that objection was waived.

**2.  Second Reason: Rule 54 expressly allows the Court to decide liability for fees before receiving submissions on fee amounts.**

Rule 54 grants the Court discretion to decide whether to award fees before receiving fee estimates or evidence, which is what happened here. Specifically, Rule 54 states: "The court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). Green entirely ignores this decisive language. When the Court does so, a party need not include a fee estimate in its motion requesting that fees be awarded. *See* Fed. R. Civ. P. 54 Advisory Committee Notes, 1993 Amendments ("The court is explicitly authorized to make a determination of the liability for fees before receiving submissions by the parties bearing on the amount of an award."); *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, No. 3:13-cv-831 (GLS/DEP), 2018 WL 748871, at *2 (N.D.N.Y. Feb. 7, 2018) ("the court uses its discretion to dispense with Rule 54(d)(2)(B)(iii)'s requirement in order to proceed to the merits of defendants' motion"); *Allen v. Ghoulish Gallery*, No. 06cv371 NLS, 2008 WL 802980, at *1 (S.D. Cal. Mar. 24, 2008) (same).

Based on the February 26, 2018 teleconference with the Court (ECF #328), both parties understood that this Court would decide whether to award fees before deciding how much to award. This made perfect sense for a patent case, where this Court would have to look closely at the case to apply the *Octane Fitness* legal test. *See Octane Fitness, LLC v. ICON Healthy & Fitness, Inc.*, 134 S.Ct. 1749 (2014). By contrast, in FMLA and FCA cases, fees are automatically awarded to the prevailing party. *See* 29 U.S.C. § 2617(a)(3) (FMLA); 31 U.S.C. § 3730(d) (FCA). So it might make sense in those cases for the movant to state the fee amount it seeks in its fee motion and not bifurcate. Here it was unknown whether the Court would

award fees, so it made sense to decide liability for fees before submitting the amount of fees sought. It especially made sense to wait on fee submissions because Greens' exceptional litigation conduct dragged the case on for years and caused Spectrum to incur 418 pages of legal invoices. Before digging through the fee evidence, it made sense to wait until the Court decided whether Greens was liable for them.

### 3. Third Reason: Final Judgment has not yet been entered.

The Court should reject Greens' Rule 54 argument for a third, separate reason: final judgment has not yet been entered in this case. Thus, the 14-day rule on which Green relies has not yet begun to tick. According to Greens' faulty theory, Spectrum needed to file a motion containing a statement of fees "within 14 days after entry of judgment." Rule 54 defines "judgment" as "any order from which an appeal lies." Fed. R. Civ. P. 54(a).

Greens argues that judgment was entered on March 29, 2019, when the Clerk entered the "CLERK'S JUDGMENT." However, that was not a judgment from which an appeal lies because: (a) this Court never entered final judgment at least because it had not yet determined the amount of fees to award, and (b) the "CLERK'S JUDGMENT" was not signed by the District Judge, as required to qualify as a final, appealable order under Rule 58.

#### a. The CLERK'S JUDGMENT was not appealable because the amount of fees was still unresolved.

Unless an exception applies, a party may only appeal from a final decision by a district court. *See* 28 U.S.C. § 1295(a)(1); *see also Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 857 F.3d 1347, 1350 (Fed. Cir. 2017). "The Supreme Court has stated that a final decision 'generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Halo*, 857 F.3d at 1350 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Thus, when the "'case is not fully adjudicated as to all claims for all parties,' there is no 'final

decision' and therefore no jurisdiction" for an appeal. *Id.* (quoting *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003).)

When a district court awards attorneys' fees, but has not yet quantified the amount of fees awarded, there is no final decision to appeal. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1345 (Fed. Cir. 2001) ("a decision to award unquantified attorney fees in an exceptional case under 35 U.S.C. § 285 is not final.").

Here, the March 29 entry was not an order from which an appeal lies because the Court has not yet decided the amount of attorneys' fees to award. *See id.* at 1346. On that basis alone, the 14-days under Rule 54 have not yet begun to count.

### b. The CLERK'S JUDGMENT was not appealable because it was not signed by the District Judge.

Even after a final decision has been made, a party cannot appeal until judgment is entered on a "separate document" as required by Rule 58." *Orr v. Plumb*, 884 F.3d 923, 931 (9th Cir. 2018). In *Orr*, for example, the Ninth Circuit Court of Appeals dismissed an appeal as premature where—like here—a CLERK'S JUDGMENT was entered but not signed by the District Judge. In *Orr*, as here, the jury returned a "special verdict" with answers to multiple written questions (ECF #326). Thus, Rule 58 required a separate document judgment that <u>must</u> be signed by the District Judge. *See id.*; Fed. R. Civ. P. 58(b)(2).

Because the District Judge did not sign the CLERK'S JUDGMENT here, it was not an "order from which an appeal lies" under Rule 54(a) and, thus, the 14-days never began to count for that separate and independent reason.

### 4. Greens' caselaw is distinguishable.

The *IPXL* and *Multimedia* cases cited by Greens are distinguishable. In *IPXL*, the district court had entered a final judgment that completely resolved all issues in the case in a separate document as required by Rule 58. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). The prevailing defendant did not file *any* motion for fees within 14 days of the final judgment entry. In

contrast, here there has been no final judgment, and Spectrum filed its Fee Motion by the May 22, 2018 deadline set by this Court. (*See* ECF #328, 336.)

In *Multimedia*, there was—unlike here—a final judgment and the district court expressly decided <u>not</u> to bifurcate liability from the fee amount, likely because the Court decided that the case was not exceptional or fee worthy. *Multimedia Patent Trust v. LG Electronics, Inc.*, No. 12-CV-2731-H (KSC), 2013 WL 12073797, at *8-9 (S.D. Cal. Oct. 1, 2013). Also, unlike Greens, the losing plaintiff did not waive the fee amount argument, but raised it timely in opposition to defendant's original fee motion. *Id.* Moreover, because liability for fees was denied, the district court's statements about the fee amount requirement were mere dicta in an unpublished, non-binding district court ruling. It does not, and should not, affect this case.

### C.  The minimal fees spent on Spectrum's state law counterclaims have already been deducted.

Greens ends by seeking to reduce Spectrum's Phase I-IV fees by an additional 30%, or $180,978.88 because Spectrum dropped its four state-law counterclaims. (ECF #355 at pp. 8-10.) No evidence supports Greens' theory that $180,000 in fees were incurred to prosecute those trivial claims.

Greens' theory ignores how simple these claims were. Count Five was a malicious prosecution claim that never went anywhere beyond the pleading stage. No work was done on it, other than asserting it in the pleading. Counts Two, Three, and Four were directed to the same, simple wrong: Greens' publishing an advertisement in which it made the false claim to have "invented detox." (Am. Countercl. ¶¶ 38-54, ECF #8; Am. Countercl. ¶¶ 87-106.) It was one advertisement, which was attached as an exhibit to Spectrum's counterclaim. (ECF #95-2.). The claim was ridiculously simple: Greens did not invent detox, so it was false advertising and unfair competition for Greens to say that it had. Spectrum needed only a few deposition questions to have Matt Green admit that he did not invent detox and prove the claim. (See Green Dep. pp. 274-75, att'd as Ex. A.)

1 Because Greens did not again advertise that it "invented detox," Spectrum had made its point, won the argument, and made the efficient decision to not spend time and money trying to prove money damages, and so it dropped the claims. Spectrum did very little on these claims: it asserted them in its pleading, asked about them at deposition, and answered a couple simple interrogatories about the claims. Spectrum incurred less than $7,000 to prosecute those four claims.[1]

Because, as Greens' opposition acknowledges, Spectrum seeks only 88.7% of its total fees incurred, the 11.3% reduction (equaling more than $100,000 in fees) more than accounts for any time spent on the state law claims. Thus, the Court should not reduce Spectrum's fee award any more than the 11.3% by which Spectrum has already discounted them.

### III. Conclusion

For the foregoing reasons, the Court should grant Spectrum's motion and enter the proposed final judgment previously provided to the Court, except that $13,527.00 in legal fees should be added to the $883,426.98 fee award, for a total attorneys' fee award of $896,953.98.

DATED: September 6, 2019

MCDONALD HOPKINS LLC

By: /s/ Matthew J. Cavanagh
Matthew J. Cavanagh

Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC
and
Defendant JAMES MATTHEW STEPHENS

---

[1] Attached as Exhibit B is a tabulation of all time entries from the McDonald Hopkins' invoices that could conceivably be attributable to the four ancillary state law counterclaims. That tabulation shows that, at most, Spectrum incurred $6,527.33 in fees related to these claims.