J. CHRISTOPHER JACZKO (149317)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street Suite 2200
San Diego, CA 92101
Telephone:   (619) 906-5748
Facsimile:   (619) 744-5418
chris.jaczko@procopio.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
Telephone:   (216)348-5730
Facsimile:   (216)348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant SPECTRUM LABORATORIES, LLC and Defendant JAMES MATTHEW STEPHENS

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. GREENS, INC., a California corporation,<br><br>             Plaintiff,<br><br>v.<br><br>JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>             Defendant.<br><br>AND RELATED CROSS ACTION | No.   11cv0638 JAH (KSC)<br><br>**SPECTRUM LABORATORIES, LLC'S MOTION FOR AN ORDER TO SHOW CAUSE AGAINST COUNTERCLAIM DEFENDANTS AND GARY EASTMAN**<br><br>Hearing Date:   March 2, 2020<br>Time:                2:30 p.m.<br>Dept:                13B<br><br>Judge: HON. JOHN A. HOUSTON<br>Filed:   March 29, 2011<br>Trial:   held February 13, 2018 |

## I.   Introduction

Counterclaim Plaintiff Spectrum Laboratories, LLC ("Spectrum") hereby

{8553522:5}                                                          1                                              11cv0638 JAH (KSC)

moves this Court for an order requiring: (i) Counterclaim-Defendant Dr. Greens, Inc. ("Dr. Greens"), (ii) Counterclaim-Defendant Matthew Robert Green, ("Mr. Green"), and their trial counsel Gary Eastman to show cause as to why they should not all be held in contempt for violating the Court's February 23, 2018 order barring Dr. Greens and Mr. Green from "transferring any monies from any accounts held … by Dr. Greens … outside of ordinary, routine business expenses that [Mr. Green has] been paying to keep [his] business going … until further order of the Court." (ECF #334, at 8-9). Spectrum has discovered that Dr. Greens and Mr. Green, with the active participation and assistance of counsel, have violated the Court's order by moving Dr. Greens' assets in at least two different ways: (i) moving the Dr. Greens business and its related assets out-of-state, and (ii) transferring Dr. Greens' business assets into a company called "AR Acquisitions, LLC" that was apparently formed by Mr. Eastman and which holds certain Dr. Greens' assets for the benefit of Mr. Eastman (Mr. Eastman appears to have completed the transfer of assets to AR Acquisitions within hours of the jury verdict and the Court's order that Dr. Greens' assets not be transferred). The Court should order Dr. Greens, Mr. Green, and Mr. Eastman to show cause why they should not be held in contempt.

**II.    Background**

On February 23, 2018, the jury unanimously found for Spectrum on 11 out of 11 counts. (ECF #334). After the reading of the verdict, Spectrum, concerned that Dr. Greens and Mr. Green may attempt to move assets or monies to avoid judgment collection, moved for an order preventing such an action. (*Id*. at 8). The Court agreed and prohibited Mr. Green or Dr. Greens from

> transferring any monies from any accounts held, whether personal accounts, business accounts, other entities controlled or owned by Dr. Greens or [Mr. Green], outside of ordinary, routine business expenses that [Mr. Green has] been paying to keep [his] business going between [February 28, 2018] and until further order of the Court.

{8553522:5}   2   11cv0638 JAH (KSC)

**MEMORANDUM IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT SPECTRUM LABORATORIES, LLC AND DEFENDANT JAMES MATTHEW STEPHENS' MOTION FOR ORDER TO SHOW CAUSE**

(*Id*. at 8-9) (the "Order").  The Court adjourned at 2:03 p.m.  (*Id*.)

In January, 2020, counsel for Spectrum learned that, contrary to the Court's direct order, Mr. Green and Dr. Greens had, at a minimum, been moving their business and assets out of state.  (Gordon-Seifert Decl. at ¶¶ 5-9).  Specifically, Dr. Greens posted on its website on or about January 4, 2020, that it was unable to take online orders because it was "in the process of relocating our corporate office over the holidays." (Gordon-Seifert Decl. at ¶ 5; Exhibit A, attached).  To confirm that this was the case, and once the website was back online, on January 7, 2020, an order was placed with Dr. Greens.  (Gordon-Seifert Decl. at ¶ 6).  On January 9, 2020, the United Parcel Service ("UPS") sent notification that product had left its point of origin and further provided a tracking number, 1Z7R94A40343396701.  (Gordon-Seifert Decl. at ¶ 7; Exhibit B).  Shipping details associated with the tracking number revealed that the product shipped had originated in Vancouver, Washington.  (Gordon-Seifert Decl. at ¶ 8; Exhibit C). According to Dr. Greens' website, however, all orders should originate in California, which is demonstrably false.  (Gordon-Seifert Decl. at ¶ 9; Exhibit D).

To see if it was missing something, counsel for Spectrum emailed counsel for Dr. Greens' counsel, Gary Eastman, on January 2, 2020.  (Cupar Decl. at ¶ 6, Exhibit E).  After waiting two weeks, counsel for Spectrum again emailed Mr. Eastman and provided a deadline of January 16, 2020 to respond.  (Cupar Decl. at ¶ 7, Exhibit F).  That same day, Mr. Eastman responded and informed counsel that he would "respond more fully" the next day.  (Cupar Decl. at ¶ 7, Exhibit F).

On January 18, 2020, Mr. Eastman provided explained that due to his client's "significant accounts receivable" with his firm, and following a hearing where he withdrew his motion to withdraw, he agreed to continue representation, but only after Dr. Greens agreed to a UCC security guarantee against Dr. Greens for the payment of fees.  (Cupar Decl. at ¶ 8, Exhibit G).  That UCC security guarantee was

filed in California on February 23, 2018 **at 3:07 p.m**, **around 1 hour after this Court had ordered Dr. Greens not to move any assets**. (Cupar Decl. at ¶ 10, Exhibit H, at 16 of 27). Mr. Eastman did not disclose his intention to do so at the hearing an hour before, nor did he inform the Court of this security guarantee after it had been filed. It appears that Mr. Eastman sat quietly about the state of Dr. Greens' assets because he wanted to avoid Spectrum and the Court learning about the "AR Acquisition" scheme and wanted to hinder Spectrum's collection efforts.

After verdict, when "it became apparent that Dr. Greens and Matt Green were either unwilling or unable to pay their outstanding bill," Mr. Eastman explained that the account receivable was assigned to AR Acquisitions, a California Limited Liability Company specially formed to enforce the collection matter and the terms of the UCC agreement. (Cupar Decl. at ¶ 8, Exhibit G). On June 21, 2018, AR Acquisitions initiated a lawsuit against Matt Greens and Dr. Greens to collect the outstanding legal fees. (Cupar Decl. at ¶ 9, Exhibits G and H (complaint)). According to Mr. Eastman, through the "deposition of Matt Green and pursuant to the UCC security agreement, AR Acquisition obtained possession of all UCC secured assets of Dr. Greens, Inc." (Cupar Decl. at ¶ 11, Exhibit G).

The reason for the move of Dr. Greens to Washington, Mr. Eastman explained, was because on January 1, 2020, California's Assembly Bill No. 851 came into effect and banned the distribution, delivery, or sale of synthetic urine in California. (Cupar Decl. at ¶ 12, Exhibit G). Thus, AR Acquisitions relocated its operations to Washington State as "Pacific Inventory Services, LLC." (Cupar Decl. at ¶ 12, Exhibit G). At no point did Mr. Green, Dr. Green, or Mr. Eastman inform the court of any of this activity prior to January 18, 2020. (Cupar Decl. at ¶ 13). And all of these actions of moving assets between different entities and then out-of-state is a clear violation of the Court's order.

{8553522:5}   4   11cv0638 JAH (KSC)

**MEMORANDUM IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT SPECTRUM LABORATORIES, LLC AND DEFENDANT JAMES MATTHEW STEPHENS' MOTION FOR ORDER TO SHOW CAUSE**

### III. Argument

Federal courts have both inherent and statutory authority to compel compliance with their orders. *International Union, UMWA v. Bagwell* 512 US 821, 831-833(1994); 18 USC §§ 401-402. If the purpose of the relief is to "coerce compliance with a court order, or to compensate the petitioner for the refusal," the contempt proceeding is civil in nature. *Am. Registry of Radiologic Technologists v. Moultry*, No. 3:16-CV-1322-JAH-KSC, 2018 WL 1108730, at *2 (S.D. Cal. Mar. 1, 2018) (citing *Bagwell*, 512 U.S. at 827-828); *see also F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137–38 (9th Cir. 2001) (noting that civil penalties must either compensate the complainant or designed to coerce the contemnor into compliance).

To hold a party in contempt, a court must find by clear and convincing evidence that the party violated a specific and definite order and that it had sufficient notice of its terms and the fact that it would be sanctioned if it did not comply. *See In re Dyer*, 322 F.3d 1178, 1190–91 (9th Cir. 2003) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."). "In civil contempt proceedings [,] the contempt need not be willful." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949). *Verizon California Inc. v. OnlineNIC, Inc.*, 647 F. Supp. 2d 1110, 1115 (N.D. Cal. 2009).

In direct violation of this Court's Order, Dr. Greens, Mr. Green, and Mr. Eastman, have moved assets outside of "routine business expenses" as contemplated by this Court. There has been no "further order" regarding the movement of assets, therefore the Order is in effect. Mr. Eastman filed the UCC security guarantee (and perfected a transfer of assets) a mere hour after this Court ordered him and his clients not to move any assets, knowing full well that it violated the Order. Accordingly, by

{8553522:5}   5   11cv0638 JAH (KSC)

**MEMORANDUM IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT SPECTRUM LABORATORIES, LLC AND DEFENDANT JAMES MATTHEW STEPHENS' MOTION FOR ORDER TO SHOW CAUSE**

filing a UCC security guarantee transferring assets to Mr. Eastman, moving the business out of state, its inventory, and presumably all of its other assets, Dr. Greens, Mr. Green, Mr. Eastman have violated the Order and should be held in contempt of Court.

Further, this Court should use its inherent authority to: (i) void the transaction, (ii) preserve the assets for judgment, and (iii) order that Gary Eastman (personally and his law firm), AR Acquisitions, Pacific Inventory Services, LLC, and any other entity to which Mr. Eastman, Mr. Green, or Dr. Greens have transferred assets are all liable for the entire judgment entered in this case.

## IV.  Conclusion

For the foregoing reasons, Counterclaim Plaintiff Spectrum respectfully requests that this Court enter an Order requiring Counterclaim Defendant Dr. Greens, Counterclaim Defendant Mr. Green, and Mr. Eastman to appear and show cause why they should not be held in contempt of Court for failing to comply with the Court's February 28, 2018 Order, and providing such other relief as this Court deems just and proper.

DATED:  January 21, 2020                MCDONALD HOPKINS LLC

                                        By:  /s/ David Cupar
                                             David Cupar

                                             Attorneys for Defendant and Counterclaimant
                                             SPECTRUM LABORATORIES, LLC
                                             and
                                             Defendant JAMES MATTHEW STEPHENS