UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California Corporation,<br><br>                              Plaintiff,<br>v.<br>SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br>                              Defendant. | Case No.:  11cv638-JAH (KSC)<br><br>**ORDER GRANTING IN PART ATTORNEY GARY EASTMAN'S EX PARTE APPLICATION (Doc. No. 368).** |
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br>                            Counter-Plaintiff,<br>v.<br>DR. GREENS, INC., a California Corporation,<br>                              Counter-Defendant. | |

//

//

//

On January 21, 2020, Counter-Plaintiff Spectrum Laboratories, LLC, ("Spectrum") filed a motion requesting the Court issue an Order to Show Cause against Counter-Defendants Dr. Greens, Inc., Matthew Robert Green (collectively, "Counter-Defendants"), and their trial counsel, Gary Eastman. Doc. No. 366. The motion was granted on January 29, 2020. Doc. No. 367. The Parties were Ordered to appear before the Court on February 7, 2020, and file a pleading addressing the assertions that the Parties violated the Court's February 23, 2018, Order barring Dr. Greens and Matthew Green "from transferring any accounts held by Dr. Greens… [other than] routine business expenses that [Mr. Green] has been paying to keep [his] business going… until further Order of the Court." Doc. Nos. 334, at 8-9; 367. Additionally, the Court Ordered Counter-Defendants and attorney Gary Eastman, "their agents and assigns, [to] preserve all assets, excluding identified assets needed for day to day operational expenses, in which [the Parties] hold an interest, directly or indirectly, including but not limited to all personal investment accounts and personal bank accounts, all business investment accounts, business bank accounts. . . until further Order of this Court." Doc. No. 367, at 2-3.

On January 30, 2020, counsel for attorney Gary Eastman filed an *ex parte* application requesting the Court vacate the order to show cause and reinstate Spectrum's motion for briefing and hearing in due course. Doc. No. 368, at 5. Alternatively, the *ex parte* application requests a modification of the hearing and briefing schedule set forth in the Order to Show Cause in order to allow for attorney Gary Eastman and his new counsel additional time, arguing that a failure to provide additional time would result in substantial prejudice "if put to the task of mounting an expedited defense in a matter of days." *Id.* Specifically, the application asserts that "[they] cannot assimilate the facts; gather and compile the relevant documents and evidence; complete its legal research; and draft a meaningful and complete written opposition to either the Motion or the OSC" in the time allotted by the Court. *Id.* at 3. As such, the application asserts that due process considerations entitles Mr. Eastman adequate notice and a meaningful opportunity to respond. *Id.* at 3 (*citing Int'l Union v. Bagwell*, 512 U.S. 821, 927 (1994)).

Spectrum filed an opposition to the *ex parte* application on January 31, 2020. Doc. No. 369. Therein, Spectrum argues granting of the application would result in prejudice, as "Spectrum is very concerned about what could happen to the assets with another delay." *Id*. at 4-5. Additionally, Spectrum asserts that attorney Gary Eastman will not be suffer any violations of his due process rights, since the Court is providing both adequate notice and an opportunity to be heard. *Id.* at 3. Spectrum also asserts that in anticipation of the February 7, 2020, hearing date, "counsel for Spectrum. . . have prioritized preparations for responding to briefing and the hearing, including booking nonrefundable flights and prepaid hotels, totaling over one thousand dollars. Any delays would prejudice Spectrum and its counsel and cost significant money to Spectrum." *Id.* at 5.

While all requisite due process considerations—specifically notice and an opportunity to be heard—are satisfied by the current schedule set out in the Order to Show Cause, after careful consideration of the Parties' pleadings, the Court finds it appropriate to alter the briefing schedule and reset the Order to Show Cause hearing. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) ("[C]ivil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.). Despite attorney Gary Eastman's representations that that "Spectrum's charges… are factually and legally infirm[,]" the allegations are particularly troubling, therefore, *the ex parte* application by attorney Gary Eastman is only **GRANTED in part** to allow the Parties additional time to submit their responses to the allegations in Spectrum's pleading and the Court's Order.

Therefore, IT IS HEREBY ORDERED:

1. The Order to Show Cause scheduled for February 7, 2020, at 11:30 am, and related briefing schedule, is **VACATED.**
2. Counter-Defendants and attorney Gary Eastman are to file a Response to the Order to Show Cause by **February 14, 2020.**
3. If Spectrum wishes to reply to the Response, they must do so by **February 18, 2020.**

3

11cv638-JAH (KSC)

4. The Order to Show Cause hearing is rescheduled for **February 20, 2020, at 10:30 a.m.**
5. The Court's Order to Show Cause, (doc. no. 367), shall, in all other respects, remain the same, specifically including the order to preserve all assets.

**IT IS SO ORDERED.**

DATED: January 31, 2020

_____
JOHN A. HOUSTON
United States District Judge