UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC, an Ohio limited liability company<br><br>Defendant.<br><br>AND RELATED CROSS ACTION | Case No.: 11cv638-JAH (KSC)<br><br>**ORDER:**<br><br>**(1) RESETTING TELEPHONIC HEARING;**<br><br>**(2) AMENDING THE ORDER TO SHOW CAUSE** |

On January 21, 2020, Defendant/Counterclaimant Spectrum Laboratories, LLC (Spectrum) moved this Court to issue an Order To Show Cause why Defendants should not be held in contempt for violating the Court's February 23, 2018, Order entered on the record after the jury returned a verdict in favor of Spectrum in this case. *See* Doc. No. 334, at 8-9.

Plaintiff seeks relief in its motion to hold "Gary Eastman, (personally and his law firm), AR Acquisitions, Pacific Inventory Services, LLC, and any other entity to which Mr. Eastman, Mr. Green, or Dr. Greens have transferred assets, liable for the entire judgment amount awarded by the jury and attorneys' fees awarded by the Court in this case." *See*

Doc. 366 at 6. The relief sought by Plaintiff is civil in nature—to preserve Defendants' assets to ensure they are available to satisfy the jury's verdict and final judgement. As such, any relief resulting from a finding of contempt will be civil in nature. See *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003) ("If its purpose is to punish a past violation of a court order the contempt is criminal. If its purpose is remedial, i.e. to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order, the contempt order is civil.")

In its pleadings, Spectrum cited to the February 23, 2018 Order. The OSC was issued specifically as to that Order. Also, in its pleadings and during oral argument at the February 20, 2020, hearing, Plaintiff directed the Court's attention to another incident on February 26, 2018, occurring during a post-verdict telephonic status conference, during which Mr. Eastman made a representation to Plaintiff's counsel and this Court. These representations made during this incident are more than relevant in light of the facts and circumstances occurring up to and after the return of the jury's verdict.

Having considered the record, the pleadings, arguments of counsel, and the Court's statutory and inherent authority to ensure the proper administration of justice, this Court finds it appropriate to amend the OSC as follows:

> 1. Counter-Defendants and attorney Gary Eastman shall Show Cause why Dr. Greens, Matthew Green, and/or attorney Gary Eastman should not be held in contempt for violating the Court's February 23, 2018, Order barring Dr. Greens and Matthew Green "from transferring any accounts held by Dr. Greens... [other than] routine business expenses that [Mr. Green] has been paying to keep [his] business going... until further Order of the Court." *See* Doc. No. 334, at 8-9.

2. Counter-Defendants and attorney Gary Eastman shall Show Cause why Dr. Greens, Matthew Green, and/or attorney Gary Eastman should not be held in contempt:

    a. For making the following representation, within the context of the matter discussed, to opposing counsel and the Court: "*I don't think that the Court's concern about, you know, wholesale transmissions of large sums of money or assets from one group to another is needed*, *to the extent they exist. But with regard to a limited stay on bulk transfers, I – we have no challenge to that.*" See Doc. No. 335 at 9 (emphasis added); and

    b. For acting deliberately and with knowledge that the statement or representation was untrue when made and the statement or representation was material to the activities and decisions of opposing counsel and/or the Court, that is, it had a natural tendency to influence or was capable of influencing opposing counsel's actions and decisions and/or the Court's actions relating to the issue of restraining assets, thereby causing opposing counsel to forego arguments to strengthen its motion for pre-judgement restraints and precluding the Court from expounding upon or clarifying its initial order of restraint.

Based on the above, IT IS HEREBY ORDERED:

1. The hearing set for Thursday, May 14, 2020, is **VACATED.**

2. Plaintiff/Counterclaim-Defendants Dr. Greens and Matthew Green shall respond to the additional allegation no later than **May 18, 2020, at 2:00 p.m.**

3. Attorney Gary Eastman shall respond to the additional allegation no later than **May 18, 2020, at 2:00 p.m.**

4. Defendant/Counterclaimant Spectrum Laboratories may reply by **May 22, 2020, 6:00 p.m.**

5. A telephonic hearing will be held on **May 29, 2020, at 10:00 a.m.,** to determine whether or to what extent discovery should be ordered and/or to set an evidentiary hearing date.

6. Chambers' staff will contact the parties prior to the hearing date with further instructions relating to the telephone conference.

7. The *ex parte* motion to continue the hearing, doc. no. 389, 392, is DENIED as MOOT.

**IT IS SO ORDERED.**

DATED:    May 12, 2020

_____
JOHN A. HOUSTON
United States District Judge