UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GREENS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC, an Ohio limited liability company<br><br>Defendant.<br><br>AND RELATED CROSS ACTION | Case No.: 11cv638-JAH (KSC)<br><br>**ORDER GRANTING PHILIP H. DYSON'S MOTION TO WITHDRAW (See Doc. No. 406)** |

On August 12, 2020, at 10:00 a.m., the Court held a motion hearing on attorney Philip H. Dyson's ("Dyson") pending Motion to Withdraw as counsel of record for the Green Parties. *See* Doc. No. 406. For the reasons set forth during the hearing, IT IS HEREBY ORDERED:

1. Philip H. Dyson's ("Dyson") Motion to Withdraw, upon notice to and no objection presented by the Green Parties, is **GRANTED** conditioned upon Dyson satisfying the following:
    a. Dyson shall advise Matthew Green ("Mr. Green") that he shall either: (1) file a response in opposition to Spectrum Laboratories,

LLC ("Spectrum") oral Motion to Compel written discovery as presented in its opposition to its motion to withdraw by **August 20, 2020**; or (2) respond to Spectrum's written discovery requests by **August 20, 2020.** Dyson shall advise that in the event Mr. Green files a response or opposition to the oral motion to dismiss, the Court may consider a response file by Mr. Green and any reply filed by Spectrum without a hearing and oral argument. As such, it will be imperative for Mr. Green to fully respond in writing to the motion to compel.

b. Dyson shall advise Mr. Green that he shall appear and sit for a deposition by Spectrum that is noticed pursuant to the applicable federal rules of procedure no later than **September 16, 2020**, and in the event the Court determines Spectrum has not received from attorney Eastman written discovery propounded upon Eastman and/or other entities identified in the Court's Order to Show Cause, or other entities related to the allegations contained in the Order to Show Cause hearing in a timely manner that allows Spectrum to review said materials in preparation of Mr. Greens' deposition, the Court may grant leave to Spectrum to continue Mr. Green's deposition to a later time to examine him on matters raised by the discovery sought and/or obtained from Eastman.

c. Dyson shall advise Mr. Green that if he fails to meet the conditions set out in sections a and b above, the Court will consider, on motion from Spectrum, its options for failure by Mr. Green to respond to the propounded discovery, to file a response in opposition to the Motion to Compel, or to fail to appear and sit for his deposition, including but not limited to, sanctions or other negative disposition

        related to the pending Order to Show Cause as provided for in the rules of procedure or caselaw.

    d. In addition to the Court's order on the record, Dyson shall advise Mr. Green that upon Dyson's satisfaction of the conditions contained in this order, Dyson shall be relieved as counsel of record and Mr. Green shall thereafter be proceeding Pro Se in these proceedings under federal law and the Local Rules of this Court, that is, he will be representing himself with full responsibility to solely represent himself and abide by all court orders, pleading requirements and deadlines required by the federal and the local rules or as otherwise ordered by this Court during the pendency of this case, unless and until an attorney licensed to practice law files a general appearance on his behalf. *See* Local Rule 83.11 a. and the Federal Rules of Civil Procedure.

    e. Dyson shall advise Mr. Green that the Local Rule 83.11 also requires a party appearing Pro Se not to delegate his duty to represent himself to any other person or any other party, and that he shall to keep the court and opposing parties advised as to his current address and, in addition, Local Rule 83.1 provides that failure of any party to comply with the Local Rules, with the Federal Rules of Civil Procedure or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherit power of the court, including without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs and other lesser sanctions.

    f.  Dyson shall also advise Mr. Green that he is ordered to appear for a Status Conference in this Court on **September 18, 2020 at 11:30 a.m.**

    g. Dyson shall also advise Dr. Greens, Inc., as a corporation, is not allowed by law to represent itself. The Court grants Dr. Greens until **September 11, 2020**, to obtain new counsel of record to represent it. A failure to do so may impact the Court's ruling on the pending Order to Show Cause and/or result in other sanctions and remedies permitted by Local Rules and the Federal Rules of Civil Procedure referred to herein.

2. Spectrum shall advise the Court in the event Mr. Green or Dr. Greens fails to comply with the order and pursue any remedy provided for by law.

**IT IS SO ORDERED.**

DATED: August 14, 2020

                                                            JOHN A. HOUSTON
United States District Judge